# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 17-cv-315-MJR |
| SALVADOR GODINEZ, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is, once again, before the Court for case management and for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. The action was originally filed on March 27, 2017 by 27 inmates that at one time were incarcerated at Menard Correctional Center ("Menard"). (Doc. 1). Despite the fact that this action has not yet received preliminary review, it has a long procedural history. Most important to this history for the purpose of this Order is that the Court entered a preliminary order in this matter on April 12, 2017. (Doc. 29). In it, each plaintiff, aside from the lead plaintiff David Bentz, was ordered to advise the Court in writing, no later than April 27, 2017, whether he wished to pursue his claims in group litigation. *Id.* Plaintiffs were also advised to ensure they submitted a signed Complaint in compliance with Rule 11 of the Federal Rules of Civil Procedure to avoid dismissal from the action. *Id.* Many of the plaintiffs have been dismissed from this action at their request, for failure to submit a signed complaint, for failure to pay the filing fee or submit a motion to proceed *in forma pauperis*, or for failure to comply with an order of the Court. Plaintiff Blaney requested to proceed in a separate action, so he was dismissed from this action and his claims were severed into a new one. Four of the original plaintiffs, Bentz, Fields, Elias Diaz, and Crenshaw, remain in this action

1

after taking the necessary steps per this Court's orders to be included. *See* (Docs. 13, 16, 25, 31, 76, 80, 81, 93, 102, 105, 116).

As an initial matter, the Court concludes that joinder is not appropriate. *See* FED. R. CIV. P. 20(a)-(b), 21; *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001). Therefore, each remaining plaintiff will be required to pursue his claims in a separate action. But before doing so, each remaining plaintiff, other than Plaintiff Bentz who will remain in this action and will not be granted leave to file an amended complaint at this time, must file an amended complaint in his separate case because the First Amended Complaint (Doc. 99) does not survive screening under 28 U.S.C. § 1915A.

## **Background**

The First Amended Complaint lists 27 individuals who were or are in custody at Menard as plaintiffs. (Doc. 99). Together, they set forth claims against over 100 defendants. (Doc. 99, pp. 1-3). In the First Amended Complaint, the plaintiffs seek to bring a plethora of claims for conditions of confinement, retaliation, deliberate indifference to health and safety, access to the courts, due process, and conspiracy under the First, Sixth, Eighth, and Fourteenth Amendments, as well as Illinois law. (Doc. 99). The plaintiffs seek monetary damages and injunctive relief addressing the plaintiffs' numerous grievances related to cell size, lockdowns, cell lighting, cell shelving, cell outlets, plumbing, exercise equipment, bedding, activity scheduling, cleaning supplies, state pay, out-of-cell time, soap, harassment, job assignments, recreational activities, educational and rehabilitation programs, food portions, staff unions, staff accountability, meal timing, food tray materials, and the law library. (Doc. 99, pp. 44-50).

The Court entered a preliminary order in this matter on April 12, 2017. (Doc. 29). There, the Court explained the difficulties associated with group litigation. *Id.* The Court warned the

2

plaintiffs of the risks and costs inherent in such proceedings. *Id.* Plaintiffs were then given an opportunity to withdraw from the group litigation, or be obligated to pay a filing fee. *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004).

Plaintiffs **Fields**, **Elias Diaz**, and **Crenshaw** took the necessary steps to remain together in this group litigation. Lead plaintiff **Bentz** was not required to respond in order to remain in this action. The rest of the plaintiffs in this action have previously been dismissed for various reasons. After conducting a preliminary review of the First Amended Complaint, the Court will discuss why group litigation of the remaining plaintiffs' claims is inappropriate.

## Merits Review Under 28 U.S.C. § 1915A

The First Amended Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the

*pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Pursuant to Federal Rule of Civil Procedure 8, in order to state a claim, a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Although a district court is "not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, . . . dismissal of a complaint on the ground that it is unintelligible is unexceptional. Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id.* (internal citations and quotation marks omitted).

Under Rule 8, Plaintiffs are also required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, vague references to a group of "defendants," without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (finding dismissal of named defendant proper where plaintiff failed to allege defendant's personal involvement in the alleged wrongdoings); *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996).

The First Amended Complaint is problematic under Rule 8 for its length (51 primarily typewritten pages and 259 pages of exhibits) and impractical number of defendants (over 100). *See* Exhibits at Doc. 1, considered by the Court per Order at Doc. 3. The First Amended Complaint also groups "defendants" together instead of associating specific defendants with certain actions, and fails to include allegations specific to any particular plaintiff, instead generally grouping the plaintiffs together in the same way it groups the defendants. (Doc. 99).

For these reasons, the First Amended Complaint does not survive preliminary review and shall be dismissed without prejudice. Plaintiffs Fields, Elias Diaz, and Crenshaw will be granted leave to file an amended complaint, according to the instructions and deadlines set forth in the disposition. The Court will not grant Bentz leave to file an amended complaint at this time, as he is instead under a deadline to respond to another order of this Court.

### Joinder of Parties

Before this matter proceeds, the Court must determine whether joinder of the parties is appropriate going forward. Pursuant to Rule 20, district courts can accept joint complaints filed by multiple plaintiffs if the criteria for permissive joinder are satisfied. *See* FED. R. CIV. P. 20; *Boriboune*, 391 F.3d at 855. Rule 20 authorizes individuals to join as plaintiffs in bringing a single action, if: (A) they "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1)(A)-(B) (emphasis added).

District courts are given "wide discretion . . . concerning the joinder of parties." *See Chavez*, 251 F.3d at 632 (citing *Intercon Research Assoc., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 56 (7th Cir. 1982)). The Seventh Circuit has held that "this discretion allows a trial court to

consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Chavez*, 251 F.3d at 632 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). And if joinder would create "prejudice, expense, or delay" the court may deny a request for joinder. *Id.* (citation omitted).

The Court finds that joinder of the parties in a single action going forward is not appropriate. How the alleged facts apply to each individual plaintiff is bound to differ, so each plaintiff's particular situation likely involves a unique "transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(1)(A). Without allegations regarding how the plaintiffs are specifically affected by the alleged conduct and conditions, there is no guarantee they suffered from them in the same way or were even exposed to each of the many alleged deprivations.

Even if Rule 20 is satisfied, the Court can still require the plaintiffs to proceed separately with their claims if joinder would cause "prejudice, expense, or delay." *See Chavez*, 251 F.3d at 632; FED. R. CIV. P. 20(b). Allowing the plaintiffs to proceed together will foreseeably delay, complicate, and increase the costs of litigating the various claims in this case, resulting in prejudice to the plaintiffs and defendants. At one point around the time this lawsuit was filed, the plaintiffs were all at Menard. Now, of the four plaintiffs, only Bentz and Crenshaw remain at Menard. Diaz is currently at Danville Correctional Center, and Fields is at Hill Correctional Center. As the plaintiffs are no longer housed under the same roof, their ability to communicate, make decisions regarding litigation, prepare group pleadings, and respond to deadlines is hindered. Such difficulties have already resulted in extreme delay in this case. Given these considerations, the Court finds that joinder is not appropriate going forward.

6

The Court looks to Rule 21 of the Federal Rules of Civil Procedure for guidance on how to proceed. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." FED. R. CIV. P. 21. Consistent with Rule 21, the Court shall enter an order in the disposition below that allows each remaining plaintiff to proceed in a separate action, as follows:

A. **David Robert Bentz**, who has been identified as the "lead plaintiff" in this case, shall proceed as the only plaintiff in this action going forward, and he shall be obligated to pay a filing fee for this action, or proceed *in forma pauperis* if his Motion for Leave to Proceed *in forma pauperis* (Doc. 16) is granted;

B. **Tuan Fields, Elias Diaz,** and **Michael Crenshaw** shall be terminated as plaintiffs in this action, and no filing fee for this action shall be assessed. New cases shall be opened for each of them. Each shall separately proceed in their newly-opened case, and each shall pay a filing fee in that case, or proceed *in forma pauperis* if their respective Motions for Leave to Proceed *in forma pauperis* are granted, whether or not they chooses to pursue their claims any further.

### **Pending Motions**

Plaintiff Bentz has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 16) and a Motion to Appoint Counsel (Doc. 22), which will be addressed in a separate order of the Court in *this* action.

Brett Sharp, who was previously dismissed from this action but remains obligated to pay the filing fee per the Order at Doc. 98, filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 6), which will be addressed in a separate order of the Court in *this* action.

Jeff Blaney, who was previously terminated from this action per his request, filed a Motion for Extension of Time (Doc. 129) to file an amended complaint in his severed case. This Motion is **DENIED** as moot. Blaney is no longer a party to this action, and he was granted his requested extension in his severed case, Case No. 17-cv-1099-DRH, at Doc. 5.

7

Plaintiff Tuan Fields has filed Motions for Leave to Proceed *in forma pauperis* (Docs. 13, 76) and a Motion for Recruitment of Counsel (Doc. 77), which will be addressed in a separate order of the Court in his respective case.

Plaintiff Elias Diaz has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 81), a Motion for Recruitment of Counsel (Doc. 82), and a Motion for Service of Process at Government Expense (Doc. 83), which will be addressed in a separate order of the Court in his respective case.

Plaintiff Michael Crenshaw has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 31) and a Motion for Recruitment of Counsel (Doc. 88), which will be addressed in a separate order of the Court in his respective case.

Because Plaintiff Nelson is no longer obligated to pay the filing fee in this action, his Motion for Leave to Proceed *In Forma Pauperis* is **DENIED** as moot.

## Disposition

**IT IS HEREBY ORDERED** that the following plaintiffs are, for the reasons set forth above, **TERMINATED** as parties in this action: **TUAN FIELDS**, **ELIAS DIAZ**, and **MICHAEL CRENSHAW**. The Clerk is **DIRECTED** to open a new case for each of these plaintiffs, captioning them as follows and filing the following documents in each case (and any others listed below): (1) this Order; (2) the First Amended Complaint (Doc. 99 for Fields, Doc. 102 for Crenshaw, and the Attachment to Doc. 116 for Diaz), with the Exhibits at Docs. 1-1, 1-2, 1-3, and 1-4 attached; and (3) the preliminary Order (Doc. 29):

    A. **TUAN C. FIELDS**, Plaintiff v. **SALVADOR GODINEZ, DONALD STOLWORTHY, GLADYSE TAYLOR, MICHAEL RANDLE, TY BATES, HENRY BAYER, JOHN R. BALDWIN, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, TODD BROOKS, ANTHONY WILLIAMS, JACQUELINE A. LASHBROOK, DOUG LYERLA, WILLIAM REES, BRAD THOMAS, TONY FERRANTO,**

KEVIN HIRSCH, RICHARD PAUTLER, JAMES R. BROWN, JOSPEH COWAN, CHAD E. HASEMEYER, PAGE, RICHARD D. MOORE, PAUL OLSON, BRIAN THOMAS, BILL WESTFALL, ROBERT DILDAY, EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, JAY ZIEGLER, JAMES BEST, LT. WHITELY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES A. HOPPENSTED, FRICKY, ROGER SHURTZ, JOSHUA BERNER, DANIEL DUNN, HARRIS, ANTHONY WILLS, SIMMONS, MCDANIELS, SPILLER, DONALD LINDENBERG, VERGIL SMITH, KARUSE, REBECCA CREASON, DR. BAIG, MISS GREATHOUSE, MISS WHITESIDE, DR. HILLERMAN, MISS DELONG, DR. KEWLKOWSK, SGT. GRAW, SGT. MCCLURE, GAIL WALLS, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, KELLIE S. ELLIS, RODNEY ROY, LAFONE, CARLA DRAVES, VERGIL SMITH, SUSAN HILL, MARK PHONIX, J. COWAN, K. ALLSUP, BETSY SPILLER, JEANETTE COWAN, LORI OAKLEY, LINDA CARTER, MARVIN BOCHANTIN, KELLY PIERCE, SHERRY BENTON, TERRI ANDERSON, SARA JOHNSON, JAMI WELBORN, HURST, RAKERS, MCNEW, M. PRANGE, BRINKLEY, SIMPSON, OBUCINA, FISCHER, B. SMITH, JEFF HUCHINSON, BRUCE RAUNER, MICHAEL MONJIE, J. WHITLEY, ELLIS, THE ILLINOIS DEPARTMENT OF CORRECTIONS, MENARD CORRECTIONAL CENTER, WEXFORD HEALTH SERVICES, INC., UNIDENTIFIED JOHN AND JANE DOES, and A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, Defendants;[1]

B. ELIAS DIAZ, Plaintiff v. SALVADOR GODINEZ, DONALD STOLWORTHY, GLADYSE TAYLOR, MICHAEL RANDLE, TY BATES, HENRY BAYER, JOHN R. BALDWIN, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, TODD BROOKS, ANTHONY WILLIAMS, JACQUELINE A. LASHBROOK, DOUG LYERLA, WILLIAM REES, BRAD THOMAS, TONY FERRANTO, KEVIN HIRSCH, RICHARD PAUTLER, JAMES R. BROWN, JOSPEH COWAN, CHAD E. HASEMEYER, PAGE, RICHARD D. MOORE, PAUL OLSON, BRIAN THOMAS, BILL WESTFALL, ROBERT DILDAY, EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, JAY ZIEGLER, JAMES BEST, LT. WHITELY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES A. HOPPENSTED, FRICKY, ROGER SHURTZ, JOSHUA BERNER, DANIEL DUNN, HARRIS, ANTHONY WILLS, SIMMONS, MCDANIELS, SPILLER, DONALD LINDENBERG, VERGIL SMITH, KARUSE, REBECCA CREASON, DR. BAIG, MISS GREATHOUSE, MISS WHITESIDE, DR. HILLERMAN, MISS DELONG, DR. KEWLKOWSK, SGT. GRAW, SGT. MCCLURE, GAIL WALLS, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY,

---

[1] In addition to those documents already listed, the Clerk is **DIRECTED** to file the following documents in this case: (1) IFP Motions (Docs. 13, 76) and (2) Counsel Motion (Doc. 77).

KELLIE S. ELLIS, RODNEY ROY, LAFONE, CARLA DRAVES, VERGIL SMITH, SUSAN HILL, MARK PHONIX, J. COWAN, K. ALLSUP, BETSY SPILLER, JEANETTE COWAN, LORI OAKLEY, LINDA CARTER, MARVIN BOCHANTIN, KELLY PIERCE, SHERRY BENTON, TERRI ANDERSON, SARA JOHNSON, JAMI WELBORN, HURST, RAKERS, MCNEW, M. PRANGE, BRINKLEY, SIMPSON, OBUCINA, FISCHER, B. SMITH, JEFF HUCHINSON, BRUCE RAUNER, MICHAEL MONJIE, J. WHITLEY, ELLIS, THE ILLINOIS DEPARTMENT OF CORRECTIONS, MENARD CORRECTIONAL CENTER, WEXFORD HEALTH SERVICES, INC., UNIDENTIFIED JOHN AND JANE DOES, and A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, Defendants;[2] and

C. MICHAEL CRENSHAW, Plaintiff v. SALVADOR GODINEZ, DONALD STOLWORTHY, GLADYSE TAYLOR, MICHAEL RANDLE, TY BATES, HENRY BAYER, JOHN R. BALDWIN, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, TODD BROOKS, ANTHONY WILLIAMS, JACQUELINE A. LASHBROOK, DOUG LYERLA, WILLIAM REES, BRAD THOMAS, TONY FERRANTO, KEVIN HIRSCH, RICHARD PAUTLER, JAMES R. BROWN, JOSPEH COWAN, CHAD E. HASEMEYER, PAGE, RICHARD D. MOORE, PAUL OLSON, BRIAN THOMAS, BILL WESTFALL, ROBERT DILDAY, EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, JAY ZIEGLER, JAMES BEST, LT. WHITELY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES A. HOPPENSTED, FRICKY, ROGER SHURTZ, JOSHUA BERNER, DANIEL DUNN, HARRIS, ANTHONY WILLS, SIMMONS, MCDANIELS, SPILLER, DONALD LINDENBERG, VERGIL SMITH, KARUSE, REBECCA CREASON, DR. BAIG, MISS GREATHOUSE, MISS WHITESIDE, DR. HILLERMAN, MISS DELONG, DR. KEWLKOWSK, SGT. GRAW, SGT. MCCLURE, GAIL WALLS, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, KELLIE S. ELLIS, RODNEY ROY, LAFONE, CARLA DRAVES, VERGIL SMITH, SUSAN HILL, MARK PHONIX, J. COWAN, K. ALLSUP, BETSY SPILLER, JEANETTE COWAN, LORI OAKLEY, LINDA CARTER, MARVIN BOCHANTIN, KELLY PIERCE, SHERRY BENTON, TERRI ANDERSON, SARA JOHNSON, JAMI WELBORN, HURST, RAKERS, MCNEW, M. PRANGE, BRINKLEY, SIMPSON, OBUCINA, FISCHER, B. SMITH, JEFF HUCHINSON, BRUCE RAUNER, MICHAEL MONJIE, J. WHITLEY, ELLIS, THE ILLINOIS DEPARTMENT OF CORRECTIONS, MENARD CORRECTIONAL CENTER, WEXFORD HEALTH SERVICES, INC., UNIDENTIFIED JOHN AND JANE DOES, and A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, Defendants.[3]

---

[2] In addition to those documents already listed, the Clerk is **DIRECTED** to file the following documents in this case: (1) IFP Motion (Doc. 81); (2) Counsel Motion (Doc. 82); and (3) Service Motion (Doc. 83).

[3] In addition to those documents already listed, the Clerk is **DIRECTED** to file the following documents in this case: (1) IFP Motion (Doc. 31) and (2) Counsel Motion (Doc. 88).

The Clerk is **DIRECTED** to change the caption of this case to remove all plaintiffs other than **DAVID ROBERT BENTZ**. Only Plaintiff Bentz will proceed in this action.

Each case shall be tracked so that it undergoes any further preliminary review under 28 U.S.C. § 1915A that is deemed necessary (including review of any amended complaints).

**IT IS FURTHER ORDERED** that the First Amended Complaint (Docs. 99, 102, 116)[4] is **DISMISSED without prejudice for failure to comply with Federal Rule of Civil Procedure 8** in this case and in each newly-severed case.

Plaintiffs **FIELDS**, **DIAZ**, and **CRENSHAW** are **GRANTED** leave to file a "Second Amended Complaint" in the cases opened in their respective names **on or before December 15, 2017.** Should a plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, his entire case shall be dismissed with prejudice and he may incur a "strike." FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The Second Amended Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A.

When each plaintiff prepares his Second Amended Complaint in his severed action, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for the action opened in his name. Only Plaintiff Bentz should use *this* case number going forward.

The pleading shall present each claim in a separate count, and each count shall specify, by name, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Each plaintiff should attempt to include the facts of his case

---

[4] The First Amended Complaint (Doc. 99) was signed by Plaintiff Crenshaw at Doc. 102 and Diaz at Doc. 116, so the Court is dismissing all three for the sake of clarity and directing the Clerk to file the version with the appropriate plaintiff's signature in each severed case.

in chronological order, inserting any defendant's name where necessary to identify the actors. Plaintiffs should refrain from filing unnecessary exhibits. Each plaintiff should include only related claims in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable each plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiffs Fields, Diaz, and Crenshaw a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and each plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Each plaintiff is further **ADVISED** that his obligation to pay the filing fee was incurred at the time this action was filed, thus the filing fee remains due and payable, regardless of whether the plaintiff elects to file an amended complaint in his severed case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff Bentz, Brett Sharp, Terry Morgan, and Cevin Stanford will be assessed a filing fee in this action. Plaintiffs Tuan Fields, Elias Diaz, and Michael Crenshaw will be assessed filing fees in their new cases.

Finally, each plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of the plaintiff's respective action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 17, 2017**

s/ MICHAEL J. REAGAN<br>United States Chief District Judge