IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

DAVID ROBERT BENTZ #S-03210, )
JESSE R. PEREZ #R-44289, )
MARKUS A. BARRY #K-83296, )
MUHAMMAD ABDULLAH #B-77435, )
KEITH NELSON #M-15347, )
BRETT SHARP #N-38007, )
DANIEL DIAZ #R-74875, )
TUAN C. FIELDS SR. #R-16729, )
ROBERT HUNT #K-92642, )
TERRY MORGAN #B-88836, )
JOHN A. REED #B-63116, )
ANTELIETD JONES #R-20273, )
JAMES BARNWELL #A-15031, )
CHRIS ALEXANDER #B-80710, )
JEFF BLANEY #B-80790, )
TERRENCE MILLER #K-61958, )
EDDIE BROTHERS #R-14711, )
ELIAS' DIAZ #M-02281, )
BRANDON HARRIS #R-21038, )
EDDIE HILL #B-42796, )
KWAYURA K. JACKSON #K-91891, )
ADALBERTO ANAYA #M-48201, )
PEDRO TERRAZAS #M-33374, )
TONY WALSH #B-59087, )
ANTHONY WIGGINS #N-20558, )
MICHAEL CRENSHAW #R-06537, )
GEVIN STRAWFORD #R-20946, )
    Plaintiffs. )
)
-vs- )
)
SALVADOR GODINEZ, )
DONALD STOLWORTHY, )
GLADYSE TAYLOR, )
MICHAEL RANDLE, )
TY BATES, )
HENRY BAYER, )
JOHN R. BALDWIN, )
KIMBERLY BUTLER, )
RICK HARRINGTON, )
MICHAL ATCHINSON, )
SHANNIS STOCK, )
ALEX JONES, )
TODD BROOKS, )

DOCKET NO: 17-CV-00315-MJR

JURY DEMANDED

SCANNED AT MENARD and E-mailed
4-10-17 by RV   51 pages
date   initials   No.

FILED
AUG 14 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

ANTHONY WILLIAMS,                    )
JACQUELINE A. LASHBROOK,             )
DOUG LYERLA,                         )
WILLIAM REES,                        )
BRAD THOMAS,                         )
TONY FERRARIO,                       )
GAVIN HIRSCH,                        )
RICHARD PAUTLER,                     )
JAMES R. BROLI,                      )
JOSEPH CLANN,                        )
CHAD E. HASEMEYER,                   )
PAGE,                                )
RICHARD D. MOORE,                    )
PAUL OLSON,                          )
BRIAN THOMAS,                        )
BILL WESTFALL,                       )
ROBERT DILDAY,                       )
RINALDI,                             )
ROBERT HUGHS,                        )
RAYMOND ALLEN,                       )
JAY ZIEGLER,                         )
JAMES BEST,                          )
LT. WHITELY,                         )
CLINT HAYER,                         )
KENT BROOKMAN,                       )
MICHAEL SAMUEL,                      )
ORVILLE,                             )
WILLIAM QUALLS,                      )
JAMES A. HOPPENSTED,                 )
RICKY,                               )
ROGER SHURTZ,                        )
JOSHUA BERNER,                       )
DANIEL DUNN,                         )
HARRIS,                              )
ANTHONY WILLS,                       )
STEVENS,                             )
McDANIELS,                           )
SPILLER,                             )
DONALD LINDENBERG,                   )
VIRGIL SMITH,                        )
KARUSE,                              )
REBECCA CREASON,                     )
DR. BAIG,                            )
MISS. GREATHOUSE,                    )
MISS. WHITESIDE,                     )
DR. HILLERMAN,                       )
MISS. DELONG,                        )
DR. KOWALKOWSK,                      )
SGT. GRAW,
SGT. McCLURE,

GAIL WALLS,                                          )
TONYA KRUSE,                                         )
BRAD BRAMLET,                                        )
MESS. REA,                                           )
SHANE GREESON,                                       )
JENNIFER CLENDENIN,                                  )
MORGAN DEAS,                                         )
DIA RODELY,                                          )
WILLIE S. ELLIS,                                     )
RODNEY ROY,                                          )
LaPONE,                                              )
*CARLA DRAVES*                                       )
VERGIL SMITH,                                        )
SUSAN HILL,                                          )
MARK PHONIX,                                         )
J. COWAN,                                            )
K. ALLSUP,                                           )
BETSY SPILLER,                                       )
JEANNETTE COWAN,                                     )
LORI OAKLEY,                                         )
LINDA CARTER,                                        )
MARVIN BOCHANTIN,                                    )
BILLY PIERCE,                                        )
SHERRY BENTON,                                       )
TERRI ANDERSON,                                      )
SARA JOHNSON,                                        )
JAMIE WILSON,                                        )
HURST,                                              )
RAKERS,                                             )
COHEN,                                             )
M. PRANGE,                                           )
BRINKLEY,                                           )
SIMPSON,                                           )
ORUCINA,                                           )
FISCHER,                                           )
B. SMITH,                                           )
JEFF THOMPSON,                                       )
*BRUCE RAUNER,*                                      )
*MICHAEL MONJIE,*                                    )
*J. WHITLEY,*                                        )
*ELLIS (LAW LIB),*                                   )
THE ILLINOIS DEPARTMENT OF CORRECTIONS,             )
MENARD CORRECTIONAL CENTER,                         )
WEXFORD HEALTH SERVICES INC.,                       )
UNIDENTIFIED JOHN AND JANE DOE'S, ET AL.,           )
*A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS*  )
    *DEFENDANTS.*                                    )

## CLASS CERTIFICATION ALLEGATIONS

A.    DAVID BENTZ, MARKUS BARRY, MUHAMMAD ABDULLAH, KEITH NELSON, BRETT SHARP, DANIEL DIAZ, TUAN FIELDS SR., ROBERT HUNT, TERRY MORGAN, JOHN REED, ANTELETO JONES, JAMES BARNWELL, CHRIS ALEXANDER, JEFF BLANEY, TERRENCE MILLER, EDDIE BROTHERS, ELIAS' DIAZ, BRANDON HARRIS, EDDIE HILL, KWAYURA JACKSON, ADALBERTO ANAYA, PEDRO TERRAZAS, TONY WALSH, ANTHONY WIGGINS,                    GORDON VANDERARK, MICHAEL CRENSHAW, HEREIN AND THROUGHOUT THIS COMPLAINT REFERED TO AS "PLAINTIFFS" SEEKING CERTIFICATION OF A CLASS UNDER THE FEDERAL RULE OF CIVIL PROCEDURE ("RULE" OR RULES") 23.

B.    **DEFINITION OF THE CLASS:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM BEING DEPRIVED OF EXERCISE BY BEING EXCESSIVELY CONFINED TO THEIR TINY CELL AS DESCRIBED WITHIN CLAIM #1 AND #2, TO CONDITIONS THAT GIVE RISE TO SERIOUS HEALTH PROBLEMS, AND WHO WERE DENIED OF THE MINIMAL CIVILIZED MEASURES OF LIFE'S NECESSITIES, WHO SUFFERED AND EMINENTLY WILL SUFFER BOTH PHYSICAL AND PSYCHOLOGICAL INJURIES AS A DIRECT OR PROXIMATE CAUSE OF THE ACTIONS OF INACTIONS (AS DESCRIBED WITHIN CLAIM #1 OF THIS COMPLAINT) AND MISCONDUCT OF WEXFORD, AND/OR WEXFORD'S STAFF MEMBERS; AND THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR ITS EMPLOYEES; AND DEFENDANTS' AS DESCRIBED WITHIN CLAIM #1 OF THIS COMPLAINT.

C.    **DEFINITION OF SUB-CLASS #1:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER ANY OF THE FOLLOWING; PHYSICAL AND MENTAL INJURIES, DISTRESS, AGNY, MUSCLE CRAMPING, EXTREME HUNGER, WEIGHT LOSS, HEADACHES, IN SOMNIA, CHRONIC DEPRESSION, INCREASING LACK OF CONCENTRATION AND/OR FOCUS, DECREASED MOTIVATION, WORSENING BACK AND JOINT PAIN, DEPLEATING/ATROPHIED MUSCLES, ANXIETY, PANIC ATTACKS, DISASSOCIATION AND INSTANCES OF VERTIGO, SEVERE STRESS, PARANOIA, A INCREASING FEAR OF LEAVING THEIR/THESE SMALL, TINY CELLS AFTER LONG BOUTS OF ISOLATION WITH AN INTENSIFIED FEAR OF NEVER GETTING OUT OF THE SMALL, TINY CELL, AND OTHER INJURIES AS A RESULT OF THE MISCONDUCT OF WEXFORD, AND/OR WEXFORD STAFF MEMBERS; AND THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND/OR ITS EMPLOYEES; AND DEFENDANTS' AS DESCRIBED WITHIN CLAIM #2 OF THIS COMPLAINT SUBJECTING THEM (CLASS MEMBERS) TO CRUEL AND UNUSUAL PUNISHMENT BY BEING CONFINED TO THEIR UNCONSTITUTIONAL, INADEQUATE TINY PRISON CELLS 24 HOURS SEVEN DAYS A WEEK WHILE ON LOCKDOWN, AND BEING CONFINED FOR AT LEAST 163 HOURS SEVEN DAYS A WEEK WHILE OFF OF LOCKDOWN WITHIN A TINY SINGLE MAN CELL WITH TWO MEN AS DESCRIBED WITHIN CLAIM #2 OF THIS COMPLAINT.

D.    **DEFINITION OF SUB-CLASS #2:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM SERIOUS MEDICAL CONDITIONS, AND/OR INJURIES, AND CONSTITUTIONAL RIGHTS VIOLATIONS AND STATE LAWS AS A RESULT OF THE

4

Case 3:17-cv-00315-MJR    Document 99    Filed 04/10/17    Page 5 of 51    Page ID #813

CONSPIRACY OF WEXFORD, AND/OR ITS EMPLOYEES; AND THE DEFENDANTS' AS DESCRIBED WITHIN CLAIM #2 OF THIS COMPLAINT WHO CONSPIRED AGAINST THEM FOR ALL CONDITIONS AND/OR CLAIMS WITHIN THIS ACTION, AND/OR AS DESCRIBED WITHIN CLAIM #3 OF THIS COMPLAINT.

E.    **DEFINITION OF SUB-CLASS #3:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4 OF THIS COMPLAINT, AS A RESULT OF WEXFORD, AND/OR WEXFORDS STAFF MEMBERS; AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND/OR ITS EMPLOYEES; AND DEFENDANTS' AS DESCRIBED WITHIN CLAIM #4 OF THIS COMPLAINT WHO HAD PERSONAL KNOWLEDGE AND/OR INVOLVEMENT OF UNCONSTITUTIONAL CONDITIONS AS DESCRIBED WITHIN CLAIM #4 OF THIS COMPLAINT.

F.    **DEFINITION OF SUB-CLASS #4:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM THE OVERCROWDING OF THE ILLINOIS DEPARTMENT OF CORRECTIONS ADULT FACILITIES AS DESCRIBED WITHIN CLAIM #5 OF THIS COMPLAINT, AS A RESULT OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND/OR ITS EMPLOYEES; AND THE DEFENDANTS AS DESCRIBED WITHIN CLAIM #5 OF THIS COMPLAINT.

G.    **DEFINITION OF SUB-CLASS #5:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM MENTAL HEALTH AND/OR MENTAL ILLNESSES AS A RESULT OF EXTENSIVE LENGTHY CONFINEMENT WITHIN SMALL, TINY CELLS, AND OTHER ISSUES AS DESCRIBED WITHIN CLAIM #6 OF THIS COMPLAINT, AS A DIRECT RESULT OF WEXFORD, AND/OR WEXFORD STAFF MEMBERS, AND DEFENDANTS AS DESCRIBED WITHIN CLAIM #6 OF THIS COMPLAINT.

H.    **DEFINITION OF SUB-CLASS #6:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM THE USE OF LEGITIMATE SECURITY MEASURES IN A MANNER TO HARASS, AND ILLEGAL CONFISCATION OF UNASIGNED STATE PAY OF $10.00 PER MONTH WITHOUT DUE PROCESS, AND/OR BANGING ON CELL BARS, AND LOCKDOWNS AS DESCRIBED WITHIN CLAIM #7 OF THIS COMPLAINT, AS A RESULT OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND/OR ITS EMPLOYEES; AND THE DEFENDANTS AS DESCRIBED WITHIN CLAIM #7 OF THIS COMPLAINT.

I.    **DEFINITION OF SUB-CLASS #7:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN THIS COMPLAINT, AS A RESULT OF THE SUPPERVISORY LIABILITY OF THE DEFENDANTS AS DESCRIBED WITHIN CLAIM #8 OF THIS COMPLAINT.

J.    **DEFINITION OF SUB-CLASS #9:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:

ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM INADEQUAT ACCESS TO LAW LIBRARY, AN UNCONSTITUTIONALY RAN LAW LIBRARY, OR MEANINGFUL ACCESS TO THE COURTS, CONTACT LEGAL VISITS, AND OTHER ISSUES AS DESCRIBED WITHIN CLAIM #9 OF THIS COMPLAINT RELATED TO ACCESS TO THE COURTS AND/OR AS A RESULT OF LAW LIBRARY ISSUES, AS A RESULT OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, MENARD CORRECTIONAL CENTER, AND THE DEFENDANTS AS DESCRIBED WITHIN CLAIM #9 OF THIS COMPLAINT.

K.    **NUMEROSITY:** THE EXACT NUMBERS OF THE MEMBERS OF THE CLASS IS UNKNOWN AND IS NOT AVALABLE TO THE PLAINTIFFS', WHERE IT IS CLEAR THAT INDIVIDUAL JOINDER IS IMPRACTICABLE, THE ILLINOIS DEPARTMENT OF CORRECTIONS FACILITIES HOUSE HOUNDEREDS, IF NOT THOUSANDS OF INMATES SUFFERING FROM ONGOING UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS A DIRECT RESULT OF OVERCROWDING AND OTHER ISSUES AS DESCRIBED WITHIN THIS COMPLAINT, ALL OF WHOM, UPON INFORMATION AND BELIEF, WHO SUFFER PHYSICAL INJURIES, AND VIOLATION OF FEDERAL AND STATE CONSTITUTIONAL RIGHTS AND ILLINOIS STATE LAWS AS DESCRIBED WITHIN THIS COMPLAINT. THE CLASS MEMBERS CAN EASILY BE IDENTIFIED THROUGH THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR PRISON/FACILITY[S] RECORDS THAT ARE AVAILABLE TO THE DEFENDANTS.

L.    **COMMONLITY:** THERE ARE COMMON QUESTIONS OF FACT[S] AND LAW[S] THAT EXIST TO ALL MEMBERS OF THE CLASS AND PREDOMINATE OVER THE QUESTIONS AFFECTING ONLY INDIVIDUAL MEMBERS. WITHIN THIS ACTION THE DEFENDANTS HAD, AND CONTINUE TO HAVE, POLICIES AND PRACTICES OF FAILING TO PROVIDE INMATES WITH CONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN THIS COMPLAINT, WHO SUFFER FROM SAID UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED IN THIS ACTION, AND OTHER COMMON QUESTIONS OF LAW AND FACTS.

M.    **TYPICALITY:** THE PLAINTIFFS' CLAIMS ARE TYPICAL OF THE CLAIMS OF THE OTHER MEMBERS OF THE CLASS, AS THE PLAINTIFFS' SUSTAINED DAMAGES ARISING OUT OF THE SAME WRONGFUL/MISCONDUCT OF THE DEFENDANTS. THE DEFENDANTS' VIOLATED THE PLAINTIFFS' CONSTITUTIONAL RIGHTS AS DESCRIBED WITHIN THIS COMPLAINT. SIMILARLY, THE DEFENDANTS' DISREGARDED THE CLASS MEMBERS' CONSTITUTIONAL RIGHTS, AND STATE LAW RIGHTS AS DESCRIBED WITHIN THIS COMPLAINT. (i.e. OVERCROWDING, CELL SIZE, ECT...).

N.    **ADEQUATE REPRESENTATION:** THE PLAINTIFFS' WILL FAIRLY AND ADEQUATELY REPRESENT AND PROTECT THE INTEREST OF THE CLASS MEMBERS BECAUSE THE PLAINTIFFS' POSSESS THE SAME INTRESTS AND SUFFERED THE SAME INJURIES AS THE CLASS MEMBERS. THE PLAINTIFF'S HAVE NO INTEREST ANTAGONISTIC TO THOSE OF THE CLASS, BUT THE PLAINTIFFS' ARE INADEQUATE FOR REPRESENTATION WITHOUT THE APPOINTMENT OF COUNSEL COMPETENT AND EXPERIENCED IN COMPLEX CLASS ACTIONS. FURTHERMORE, THE PLAINTIFFS' HAVE FILED A MOTION FOR APPOINTMENT OF COUNSEL WITHIN THIS ACTION.

O.   **RULE 23 (b)(1):** THERE IS A CLEAR LIKELIHOOD THAT ADJUDICATION OF THESE CLAIMS THROUGH SEPARATE SUITS WOULD SUBJECT MEMBERS OF DEFENDANT CLASS TO POTENTIALLY INCOMPATIBLE STANDARDS OF CONDUCT.

P.   **RULE 23 (b)(2):** THE PLAINTIFFS' SEEK RELIEF AND INJUNCTIVE RELIEF FOR PLAINTIFFS' AND ON BEHALF OF THE CLASS MEMBERS', THEREBY PROVIDING A VEHICLE TO REDRESS DEFENDANTS' CIVILRIGHTS VIOLATIONS ON A CLASS-WIDE BASIS (SEE:"REQUEST FOR RELIEF" WITHIN THIS COMPLAINT.

Q.   THE PLAINTIFFS' BRING ALL CLAIMS INDIVIDUALY AND AS A CLASS, AGAINST ALL DEFENDANTS AS DESCRIBED WITHIN THE CLAIMS.

## VERIFIED AND TITLED
## 42, SECTION 1983 U.S. CODE COMPLAINT

THIS IS A CIVIL RIGHTS ACTION FILED BY ABOVE PLAINTIFFS', PRO-SE, STATE OF ILLINOIS PRISONERS, REQUESTING CLASS CERTIFICATION, AND UNDER 42, SECTION 1983, ALLEGING A CIVIL CONSPIRACY IN CONJUNCTION WITH UNITED STATES CONSTITUTIONAL RIGHTS VIOLATIONS UNDER THE FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION. THE PLAINTIFFS' ALSO ALLEGE THE TORT OF NEGLIGENCE AND OTHER ILLINOIS STATE LAWS.

## JURISDICTION

1.   THIS COURT HAS JURISDICTION OVER THE PLAINTIFFS' CLAIMS OF VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 28 U.S.C. SECTION 1331 (1) AND 1343;

2.   THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFFS' STATE LAW TORT CLAIMS UNDER 28 U.S.C. SECTION 1357.

## PARTIES:

3.   THE PLAINTIFFS' AFOREMENTIONED ARE INMATES CURRENTLY BEING HOUSED WITHIN MENARD CORRECTIONAL CENTER.

4.   DEFENDANTS, SALVADOR GODINEZ, DONALD STOLWORTHY, GLADYSE TAYLOR, MICHAEL RANDLE, TY BATES, HENRY BAYER, JOHN R. BALDWIN, ARE AND/OR WERE ILLINOIS DEPARTMENT OF CORRECTIONS DIRECTORS, THEY ARE/WERE EMPLOYED WITH THE ILLINOIS DEPARTMENT OF CORRECTIONS. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

5.   DEFENDANTS, KIMBERLY BUTLER, RICK HARRINGTON, MICHAL ATCHINSON, SHANNIS STOCK, ALEX JONES, TODD BROOKS, ANTHONY WILLIAMS, JACQUELINE A. LASHBROOK, DOUG LYERLA, WILLIAM REES ARE/WERE THE WARDENS AT MENARD CORRECTIONAL CENTER. THEY ARE/WERE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

6.   DEFENDANT, BRAD THOMAS IS THE INTERNAL AFFAIRS CHIEF INVESTIGATOR, IS EMPLOYED WITH THE ILLINOIS DEPARTMENT OF CORRECTIONS. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

7.   DEFENDANTS, TONY FERRARO, AND KEVIN HIRSCH ARE/WERE UNION PRESIDENTS OF THE A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS OF THE ILLINOIS DEPARTMENT OF CORRECTIONS. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

8.   DEFENDANT, RICHARD PAUTLER, IS THE BUISNESS OFFICE SUPERVISOR AND/OR ADMINISTRATOR, IS EMPLOYED AT MENARD CORRECTIONAL CENTER. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

9.   DEFENDANTS, JAMES R. BROWN, JOSEPH COWAN, CHAD E. HASEMEYER, PAGE, RICHARD D. MOORE, PAUL ELSON, BRIAN THOMAS, BILL WESTFALL, ROBERT GILDAY, EDVALDI, ROBERT HUGHS, RAYMOND ALLEN, AND OTHER UNIDENTIFIED JOH AND JANE DOE'S, ET AL., ARE LOCKDOWN COORDINATORS AND/OR MAJORS AT MENARD CORRECTIONAL CENTER, AND EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

10. DEFENDANTS, JAY ZIEGLER, JAMES BEST, WHITELY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES A. HOPPENSTED, FRICKY, ARE LIEUTENANTS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

11. DEFENDANTS, ROGER SHURTZ, JOSHUA BERNER, DANIEL DUNN, HARRIS, ANTHONY WILLS, SIMMONS, McDANILES, SPILLER, DONALD LINDENBERG, VERGIL SMITH, KARUSE, BERNER, ARE SERGEANTS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

12. DEFENDANTS, REBECCA CREASON, DR. BAIG, MISS. GREATHOUSE, MISS. WHITESIDE, DR. HILLERMAN, MISS. DELONG, DR. KEWALKOWSK, ARE HEALTH CARE DEPARTMENT PROFESSIONALS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

13. DEFENDANT, GAIL WALLS, IS THE HEALTHCARE ADMINISTRATOR AT MENARD CORRECTIONAL CENTER, IS EMPLOYED AT MENARD CORRECTIONAL CENTER. SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

14. DEFENDANTS, TONYA KNUST, BRAD BRAMLET, MISS. NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, KELLIE S. ELLIS, AND UNIDENTIFIED JOHN AND JANE DOE'S ET. AL., ARE LAW LIBRARY/LIBRARY STAFF AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

15. DEFENDANTS, RODNEY ROY, LaFUNE, B. SMITH, AND UNIDENTIFIED JOHN AND JANE DOE'S AND VERGIL SMITH ARE PROPERTY AND/OR LEGAL EXCHANGE OFFICERS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

16. DEFENDANTS, SUSAN HILL, MARK PHONIX, J. COWAN, K. ALLSUP, BETSY SPILLER, ARE COUNSELORS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

17. DEFENDANTS, JEANNETTE COWAN, LORI OAKLEY, LINDA CARTER, MARVIN DOCHANTIN, KELLY PIERCE, ARE GRIEVANCE/STAFF OFFICERS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

18. DEFENDANTS, SHERRY BENTON, TERRI ANDERSON, SASA JOHNSON ARE INMATE ISSUES OFFICERS, ARE EMPLOYED AT/WITH THE ILLINOIS DEPARTMENT OF CORRECTION. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

19. DEFENDANTS, JAMIE WELBORN, HURST, RAKERS, MCNEW, M. PRANGE, BRINKLEY, CARLA DRAVES, SIMPSON, OBUCINA, FISCHER, AND UNIDENTIFIED JOHN AND JANE DOE'S ET AL., ARE TRUST FUND OFFICERS AT MENARD CORRECTIONAL CENTER, THEY ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

19-A. DEFENDANT, JEFF HUTCHINSON IS A WARDEN AT MENARD CORRECTIONAL CENTER, IS EMPLOYED AT MENARD CORRECTIONAL CENTER. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

19-B. DEFENDANT, JOHN BALDWIN IS A DIRECTOR OF I.D.O.C., IS EMPLOYED WITH THE ILLINOIS DEPARTMENT OF CORRECTIONS. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

19-C. DEFENDANT, MICHAEL MOULTE IS A MAJOR AT MENARD CORRECTIONAL CENTER, IS EMPLOYED AT MENARD CORRECTIONAL CENTER. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

19-D. DEFENDANT, ELLIS, IS A LAW LIBRARIAN AT MENARD CORRECTIONAL CENTER, IS EMPLOYED AT MENARD CORRECTIONAL CENTER. HE/SHE IS SUED IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY.

19-E. DEFENDANT, J. SUTLEY, IS A LAW LIBRARIAN AT MENARD CORRECTIONAL CENTER, SHE IS EMPLOYED AT MENARD CORRECTIONAL CENTER. SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

19-F. DEFENDANT, I.D.O.C. IS, AND AT ALL TIMES RELEVANT TO THIS ACTION WAS, A GOVERNMENT AGENCY IN CHARGE OF THE ADMINISTRATION OF ALL ILLINOIS STATE PRISONS.

19-G. DEFENDANT, WEXFORD HEALTH SOURCES, INC. ("WEXFORD") IS A FLORIDA CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN THE STATE OF PENNSYLVANIA. WEXFORD HAS BEEN QUALIFIED TO DO BUSINESS IN THE STATE OF ILLINOIS SINCE JULY 27, 1992. ON INFORMATION AND BELIEF AT ALL TIMES RELEVANT TO THIS/THESE ALLEGATIONS IN THIS COMPLAINT, WEXFORD HAS A CONTRACT WITH THE STATE OF ILLINOIS TO PROVIDE HEALTH CARE SERVICES TO INMATES IN I.D.O.C..

19-H. DEFENDANT, MENARD CORRECTIONAL CENTER IS, AND AT ALL TIMES RELEVANT TO THIS ACTION WAS, A FACILITY WITHIN I.D.O.C. IN CHARGE OF HOUSING INMATES WITHIN MENARD

19-I. DEFENDANT, BRUCE RAUNER, IS THE GOVENOR OF ILLINOIS, IS EMPLOYED BY THE STATE OF ILLINOIS.

19-J. DEFENDANT, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, IS THE UNION FOR I.D.O.C. EMPLOYEES AND IS UNDER CONTRACT WITH I.D.O.C.

19-K. DEFENDANTS, SGT. GRAW, AND SGT. MCCLURE, ARE SERGEANTS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER, THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

10

## COLOR OF STATE LAW / JOINDER

20. ALL DEFENDANTS HAVE ACTED AND/OR CONTINUE TO ACT UNDER COLOR OF LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT. THIS MULTI-CLAIM MULTI-DEFENDANT COMPLAINT IS PROPERLY JOINED WHERE THE CLAIMS DID ARISE FROM THE SAME FACTUAL SITUATION, WHERE THE CLAIMS AGAINST DEFENDANTS DID ALSO ARISE OUT OF THE SAME TRANSACTION, OCCURRENCE, OR SERIES OF TRANSACTIONS OR OCCURRENCES, AND WHERE A COMMON QUESTION OF LAW OR FACT DOES EXIST BETWEEN THE DEFENDANTS.(PLAINTIFF'S BELIEVE ALL CLAIMS ARE A DIRECT RESULT OF THE OVERCROWDING CLAIM).

## PREVIOUS LAW SUITS

21. THE PLAINTIFF, DAVID BENTZ CURRENTLY HAS A CIVIL ACTION IN FEDERAL COURT RELATING TO PLAINTIFF (BENTZ'S) IMPRISONMENT AS FOLLOWED:

    A. BENTZ (v) FISCHER, et al., U.S.D.C./C.D.ILL. #11-CV-03403
    B. BENTZ (v) PALMER, et al., U.S.D.C./N.D"ILL. #12-CV-1753
    C. BENTZ (v) GISH, et al., U.S.D.C./C.D.ILL. #12-CV-01436
    D. BENTZ (v) HARDY, et al., U.S.D.C./N.D.ILL. #12-C-10426
    E. BENTZ (v) BLEDSOE, et al., U.S.D.C./S.D.ILL. #13-CV-00573
    F. BENTZ (v) HOWELL, et al., U.S.D.C./S.D.ILL. # 13-CV-01259
    G. BENTZ (v) HUGHS, et al., U.S.D.C./S.D.ILL. #13-CV-01280
    H. BENTZ (v) SMITH, et al., APP. 7TH CIR. #14-2437
    I. BENTZ (v) MAUE, et al., U.S.D.C./S.D.ILL. #14-CV-562
    J. BENTZ (v) BUTLER, et al., U.S.D.C./S.D.ILL. #14-996
    K. BENTZ (v) ATCHINSON, et al., U.S.D.C./S.D.ILL. #14-CV-1132
    L. BENTZ (v) LINDENBERG, et al., U.S.D.C./S.D.ILL. #15-CV-121

22. THE PLAINTIFF, BRETT SHARP, CURRENTLY HAS A CIVIL ACTION IN FEDERAL COURT RELATED TO PLAINTIFF (SHARP'S) IMPRISONMENT AS FOLLOWS:

    A. SHARP (v) EOVALDI, et al., U.S.D.C./S.D.ILL. # 13-CV-291

23. THE PLAINTIFF" JESSE PEREZ CURRENTLY HAS A CIVIL ACTION IN FEDERAL COURT RELATING TO PLAINTIFF (PEREZ'S) IMPRISONMENT AS FOLLOWS:

    A. PEREZ (v) PARKER, et. al., U.S.D.C./S.D.ILL. #14-CV-4286

24. THE PLAINTIFF DANIEL DIAZ CURRENTLY HAS A CIVIL ACTION IN FEDERAL COURT RELATING TO PLAINTIFF (DIAZ'S) IMPRISONMENT AS FOLLOWS:

    A. DIAZ (v) BEST, et al., U.S.D.C./ N.D"ILL. #14-CV-7207

11

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

**25.** ALL PLAINTIFFS' HAVE EXHAUSTED ALL THEIR AVAILABL ADMINISTRATIVE REMEDIES AS TO THE EXTENT THAT THEY WERE MADE AVAILABLE WITH RESPECT TO ALL CLAIMS AND ALL DEFENDANTS' IN THIS ACTION.

## STATEMENT OF CLAIMS

**26.** THIS IS A CIVIL RIGHTS COMPLAINT FILED BY ABOVE PLAINTIFFS', PRO-SE, STATE OF ILLINOIS PRISONERS, UNDER 42 U.S.C. SECTION 1983, ALLEGING A CIVIL CONSPIRACY IN CONJUNCTION WITH UNITED STATES CONSTITUTIONAL RIGHTS VIOLATIONS UNDER THE FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION PLAINTIFFS' INVOKE THE SUPPLEMENTAL / PENDENT JURISDICTION OF THIS COURT.

**27.** THE PLAINTIFFS' ARE LONG TERM GENERAL POPULATION PRISONERS CURRENTLY BEING HOUSED AT MENARD CORRECTIONAL CENTER, A MAXIMUM SECURITY FACILITY, AND/OR WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS.

**28.** THE GRAVAMEN OF THIS MULTI-CLAIM COMPLAINT IS THAT PLAINTIFFS' HAVE BEEN CONSPICUOUSLY DENIED RIGHTS AND PRIVLEGES, SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT (AND OTHER SUCH CONSTITUTIONAL AND STATE LAW DEPRIVATIONS) DUE TO DEFENDANTS DISREGARD FOR PLAINTIFFS' HEALTH, AND SAFETY, AND IN RETALIATION FOR FILING LAW SUITS AND/OR IN REGARDS TO THEIR CRIMES, AND DUE TO THE OBVIOUS DELIBERATE INDIFFERENCE TO PLAINTIFFS' HEALTH AND SAFETY SUBSEQUENT TO THE DEFENDANTS' CREATING UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT.

**29.** THE PLAINTIFFS' IN THIS ACTION BRING THIS CASE SEEKING CERTIFICATION OF CLASS, AND PRELIMINARY INJUNCTIVE, RELIEF, AND INJUNCTIVE RELIEF FOR THE PLAINTIFFS' AND CLASS MEMBERS' WITH REGARDS TO UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT, AND A PROXIMATE AND POTENTIAL RISK OF SERIOUS PHYSICAL INJURIES.

**30.** THE FIRST AMENDMENT PROTECTS PRISONERS' RIGHTS TO, INTER ALIA, THE FREEDOM OF EXPRESSION AND COMMUNICATION.

**30-A.** THE EIGHT AMENDMENT, WHICH FORBIDS "CRUEL AND UNUSUAL PUNISHMENT", GOVERNS THE TREATMENT OF CONVICTED PRISONERS. DELIBERATE INDIFFERENCE TO THE HEALTH AND SAFETY AND SHELTER CREATING UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT TO PRISONERS FOR REASONS NOT PENOLOGICALY JUSTIFIED.

**30-B.** THE FOURTEENTH AMENDMENT FORBIDS THE STATE TO DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAW, AND DUE PROCESS RIGHTS.

**30-C.** THERE EXIST A PATTERN OF CONDUCT AMONGST CERTAIN DEFENDANTS' SHOWING A CIVIL CONSPIRACY TO DEPRIVE PRISONERS, HOUSED WITHIN MENARD CORRECTIONAL CENTER AND/OR WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS, TO INCLUDE PLAINTIFFS', OF ACCESS TO REASONABLE ADEQUATE TREATMENT AND/OR CONDITIONS OF CONFINEMENT AS DESCRIBED LATER WITHIN THIS COMPLAINT.

**30-D.** THE PERSONS NAMED IN THIS ACTION ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIED SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

12

CLAIM #1

31. THIS CLAIM REGARDS THE DEPRIVATION OF EXERCISE; STATE LAW VIOLATIONS; AND STATE AND FEDERAL CONSTITUTIONAL RIGHTS VIOLATIONS AGAINST DEFENDANTS, GODINEZ, STOLWORTHY, TAYLOR, RANDLE, BATES, BAYER, BUTLER, HARRINGTON, ATCHINSON, STOCK, JONES, FERRANTO, DUNN, HIRSCH, PAUTLER, BROWN, COWAN, HASEMEYER, LASHBROOK, LYERLA, MOORE, OLSON, REES, THOMAS, ZIEGLER, DILDAY, WESTFALL, A.F.S.C.M.E. UNION LOCAL 1175 COUNSL 31 MEMBERS AND MENARD AND/OR ILLINOIS DEPARTMENT OF CORRECTIONS STAFF AND EMPLOYEES AND ADMINISTRATORS JOHN AND JANE DOE'S (TO INCLUDE THOSE CONTRACTED FOR OR BY THE ILLINOIS DEPARTMENT OF CORRECTIONS WHO, IN THEIR PROFESSIONAL, INDIVIDUAL OR OFFICIAL CAPACITIES DO PROMULGATE, AUTHORIZE, TRAIN, COLLUDE, ACQUIESCE OR OTHERWISE DIRECT INMATES TO BE DEPRIVED OF OUT OF CELL EXERCISE FOR EXTENDED PERIODS OF TIME FOR ALLEGED INSTITUTIONAL EMERGENCY LOCKDOWNS (see: fn#1)

32. THIS CLAIM ARISES FROM THE DEFENDANTS' DEPRIVING THE PLAINTIFFS' AND CLASSMEMBERS OF EXERCISE BY EXCESSIVELY CONFINING THEM TO THEIR TINY CELLS (AS LATER DESCRIBED WITHIN THIS COMPLAINT) WHICH CONSTITUTES DELIBERATE INDIFFERENCE BY AFOREMENTIONED DEFENDANTS' TO CONDITIONS GIVING RISE TO SERIOUS HEALTH PROBLEMS. THE AFOREMENTIONED DEFENDANTS DENIED THE PLAINTIFFS' AND CLASSMEMBERS OF "THE MINIMAL CIVILIZED MEASURES OF LIFE'S NECESSITIES." FARMER (v) BRENNEN, 511 U.S. 825, 834 (1994). THE PLAINTIFFS' AND CLASSMEMBERS HAVE STANDING TO CHALLENGE THE VIOLATION OF OTHER SIMILARLY SITUATED INMATES' RIGHTS WHERE THE VIOLATION OF OTHER SIMILARLY SITUATED INMATES' RIGHTS CAN BE SHOWN TO CAUSE INJURY TO THE PLAINTIFFS'. HASSIN (v) JEFFES, 846 F.2D 169, 178 n.5 (3d. CIR. 1988). WHILE COURTS HAVE NOT REQUIRED AN ACTUAL SHOWING OF PHYSICAL INJURY WHEN EXERCISE IS DENIED FOR SIGNIFICANT PERIODS OF TIME, DELANEY (v) DETELLA, INFRA, THE PLAINTIFFS' AND CLASSMEMBERS HAVE SUFFERED AND IMMINENTLY WILL SUFFER BOTH PHYSICAL AND PSYCHOLOGICAL INJURIES AS A DIRECT OR PROXIMATE CAUSE OF THE ACTIONS OR IN ACTIONS OF AFOREMENTIONED DEFENDANTS' IN PERVASIVELY AND EXCESSIVELY CONFINING THE PLAINTIFFS' AND CLASSMEMBERS' TO THEIR TINY CELLS. IT IS IRRELEVANT THAT PRISONERS CAN ALLEGEDLY DO EXERCISE IN THEIR CELLS, PLAINTIFFS' AND CLASSMEMBERS ARE ENTITLED TO SOME FORM OF RELIEF FROM UNINTERRUPTED CELL CONFINEMENT. DELANEY (v) DETELLA, 256 F.3d 679, 683 (7TH CIR. 2001).

33. THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGES THE EXCESSIVE STAGNATING CONFINEMENT THAT PLAINTIFFS' AND CLASSMEMBERS' HAVE ENDURED, IS EGREGIOUS AND DELIBERATELY INDIFFERENT TO THEIR SERIOUS HEALTH AND SAFETY PROBLEMS, WHERE AFOREMENTIONED DEFENDANTS' KNEW OF THE SYSTEMATIC OBVIOUS DEPRIVATION OF EXERCISE STEMMING FROM THE EXCESSIVE CONFINEMENT OF PLAINTIFFS' AND CLASSMEMBERS' TO THEIR TINY CELLS, WHERE AFOREMENTIONED DEFENDANTS' KNEW THAT IT OBVIOUSLY DID CREATE, WAS CREATING AND HAD STRONG LIKELIHOOD OF CREATING SUBSTANTIAL AND PERVASIVE SERIOUS INJURIUS EFFECTS, WHERE AFOREMENTIONED DEFENDANTS' KNEW THAT IT WAS OFTEN UTILIZED FOR VAGUE MATTERS NOT REASONABLY RELATED TO ANY LEGITIMATE PENOLOGICAL INTEREST, AND WHERE AFOREMENTIONED DEFENDANTS' STILL YET KEPT PLAINTIFFS' AND CLASSMEMBERS, CONFINED TO THEIR TINY CELLS.

34. THE EMERGENCY LOCKDOWN PROCEDURE IS FREQUENTLY EXPLOITED BY AFOREMENTIONED DEFENDANTS' FOR MATTERS NOT REASONABLY RELATED TO ANY LEGITIMATE PENOLOGICAL INTREST. THIS PATTERN OF OFFICIALLY SANCTIONED BEHAVIOR IS EXPLOITED WITH SUFFICIENT FREQUENCY TO REASONABLY APPRISE AFOREMENTIONED DEFENDANTS' OF THE

13

ONGOING  PERVASIVE INJURIOUS EFFECTS ON THE PLAINTIFFS' AND CLASS MEMBERS'
HEALTH AND SAFETY FROM DEPRIVATION OF EXERCISE AND THE NEED FOR PROTECTIVE MEASURES.

35.  THE PRISON ADMINISTRATION, AFOREMENTIONED DEFENDANTS DECLARED (182) DAYS OF
LOCKDOWN IN 2006, AND (121) DAYS OF LOCKDOWN IN 2009, OVER (231) DAYS OF LOCKDOWN
WERE DECLARED IN 2010, AND ROUGHLY CLOSE TO THAT WAS DECLARED IN 2011, AND THE PATTER
STILL CONTINUES TO THIS DATE IN 2017. THESE PERIODS OF LOCKDOWNS WERE AND/OR ARE
IMPOSED MOSTLY FOR EXAGGERATED REASONS SUCH AS ONE-ON-ONE FIGHTS POTENTIAL RISK
OF A POSSIBLE FIGHT, AS PUNISHMENT FOR AN INMATE ON STAFF ASSAULT, AS PSYCHOLOGICAL
PUNISHMENT IN GENERAL, FOR HOLIDAYS, FOR STAFF SHORTAGE, OR FOR NO REASON AT ALL.(EX.6).

36.  UNDER STATE LAW, AND STATE AND FEDERAL CONSTITUTIONAL RIGHTS, EXERCISE IS NOT A
PRIVLAGE BUT A RIGHT. 730 ILCS 5/3-7-2(c), AND EIGHTH AMENDMENT. SEE: ALSO DELOANEY
(V) DETELLA, SUPRA. EXERCISE IS NOW REGARDED BY MANY AS AN INDESPENSIBLE COMPONENT
OF PREVENTIVE MEDICINE, ANDERSON (V) RAMERO, 72 F.3d 518 (7th CIR. 1995), AND IS
A NECESSARY REQUIREMENT FOR PHYSICAL AND MENTAL WELL BEING. DELANEY (V) DETELLA, SUPRA..

37.  THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT THE EXTENDED EXERCISE DEPRIVATIONS
ARE WITHOUT ANY "LEGITIMATE PENOLOGICAL" PURPOSE, TURNER (V) SAFELY, 482 U.S. 78,
89 (1987), THAT AFOREMENTIONED DEFENDANTS' IMPOSED AN "ATYPICAL AND SIGNIFICANT
HARDSHIP IN RETALIATION TO ORDINARY INCIDENTS OF PRISON LIFE", SANDIN (v) CONNER,
515 U.S. 472 (1995), THAT THEY ARE DONE IN VIOLATION OF PROCEDURAL DUE PROCESS PROTECTIONS
OF THE FOURTEENTH AMENDMENT, LABOTT (v) TWOMEY, 513 F.3d 641 (7TH CIR. 1975), THAT
THEY ARE DONE IN VIOLATION OF ARTICLE I, §§ 2 AND 12, AND ARTICLE XI, §2 OF THE
ILLINOIS CONSTITUTION, AND THAT THE EXCESSIVE CONFINEMENT IS ALSO IN VIOLATION OF
730 ILCS 5/3-7-2(c)(PRISONERS ARE TO BE AFFORDED ONE HOUR OF OUT OF CELL TIME PER
DAY) AND ILLINOIS ADMINISTRATIVE AND INSTITUTIONAL DIRECTIVE A.D. 05.01.301.(LOCKDOWN
POLICY).

38.  THE AFOREMENTIONED DEFENDANTS' ARE WELL AWARE OF THE ILL EFFECTS THAT DEPRIVATION
OF EXERCISE DOES IMPOSE UPON THE HUMAN BODY AND MIND, INDIVIDUALLY AND AS A CLASS
OF PRISONERS', BUT YET AFOREMENTIONED DEFENDANTS' CONTINUE TO TOLERATE OR EFFECTUATE
POLICY, PRACTICE OR PROCEDURE THAT STILL KEEPS THE PLAINTIFFS' AND CLASS MEMBERS'
EXCESSIVELY CONFINED TO THEIR TINY STAGNATING CELLS.

39.  AS A DIRECT AND PROXIMATE RESULT OF THE ACTIONS OR INACTIONS OF AFOREMENTIONED
DEFENDANTS' IN PROMULGATING, AUTHORIZING, TRAINING, COLLUDING, ACQUIESCING OR OTHERWISE
DIRECTING THE PLAINTIFF'S AND CLASS MEMBERS' TO BE EXCESSIVELY CONFINED TO THEIR
TINY CELLS BETWEEN 2002 TO THE PRESENT AND IN THE FUTURE, THUS DEPRIVING PLAINTIFFS'
AND CLASS MEMBERS' OF OUT OF CELL EXERCISE, THE PLAINTIFFS' AND CLASS MEMBERS' HAVE
SUSTAINED AND IMMINENTLY WILL CONTINUE TO SUSTAIN BOTH MENTAL AND PHYSICAL INJURIES
IN THE FORM OF MUSCULAR ATROPHY, WEIGHT LOSS, STIFFENING-PAINFULL JOINTS, DEPRESSION,
HIGH ANXIETY, CONSTANT STRESS, AND A REAL FEAR OF BEING UNDULY PHYSICALLY ASSAULTED
BY HOSTILE CORRECTIONAL OFFICERS WHO TOO FEEL THE INCREASED PRESSURE, STRESS AND
OPPORTUNITIES FOR VIOLENCE RESIDUAL FROM THE EXCESSIVE CONFINEMENT, STAGNATION AND
INACTIVITY OF THE PLAINTIFFS' AND CLASS MEMBERS' ARE BEING SUBJECTED TO. MOREOVER,
THE PLAINTIFFS' AND CLASS MEMBERS' HAVE BEEN SUBJECTED TO AND IMMINENTLY WILL CONTINUE
TO BE SUBJECTED TO BEING AROUND MENTALLY ILL PRISONERS' WHOSE MENTAL ILLNESSES ARE AND
WILL BE EXACERBATED THROUGH THIS EXCESSIVE CONFINEMENT. THE AFOREMENTIONED
DEFENDANTS' KNOW FULL WELL THAT MENTAL ILLNESS IS EXACERBATED THROUGH EXCESSIVE

14

CONFINEMENT AND OPPRESSIVE STAGNATING ISOLATION. IN MENARDS AND/OR I.D.O.C.'S SEGREGATION UNIT ALONE, MORE THAN HALF OF THE INMATES ARE TAKING PSYCHOTROPIC MEDICATIONS AND/OR BEING TREATED FOR MENTAL ILLNESS, BEING FORCED TO BE EXCESSIVELY CONFINED, AND IN WITH MENTALLY ILL PRISONERS' WHO ARE SYSTEMATICALLY ALSO BEING EXCESSIVELY CONFINED, HAS CONFINED, HAS CREATED A TINDER BOX OF INCREASED PRESSURE, STRESS AND OPPORTUNITIES FOR VIOLENCE AT MENARD CORRECTIONAL CENTER AND/OR I.D.O.C., A DEMORALIZING AND FRUSTRATING EFFECT ON THE PLAINTIFFS' AND CLASS MEMBERS' PSYCHE, AND HAS COMPROMISED THE SAFETY, STABILITY, AND WELFARE OF THE PLAINTIFFS' AND CLASS MEMBERS', THE STAFF, AFOREMENTIONED DEFENDANTS' AND THE PUBLIC AT LARGE.

40.   THE PERSONS NAMED IN THIS CLAIM ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

fn#1: later identified defendants, john baldwin, todd brooks, anthony williams, jeff hutchinson, eovaldi, robert hughs, raymond allen, michael monjie, james best, lt!! mr. whitley, clint mayer, kent brookman, michael samuel, torville, william qualls, james hoppensted, lt. Ericky, BRAD THOMAS, BRUCE RAUNER, HILL, PHONIX, J. COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, OAKLEY, L. CARTER, M. BOCHANTIN, K. PIERCE, S. BENTON, ANDERSON, S. JOHNSON, SGT. KARUSE, J. WHITLEY

15

Case 3:17-cv-00315-MJR   Document 99   Filed 04/10/17   Page 16 of 51   Page ID #824

## CLAIM #2

41.   THIS CLAIM REGARDS THE VIOLATION OF THE PLAINTIFFS' AND CLASS MEMBERS' EIGHT AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY SUBJECTING PLAINTIFFS' AND CLASS MEMBERS' TO THE UNCONSTITUTIONAL, INADEQUATE TINY PRISON CELLS 24 HOURS A DAY SEVEN (7) DAYS A WEEK WHILE ON LOCKDOWN, AND BEING CONFINED FOR AT LEAST 163 HOURS SEVEN (7) DAYS A WEEK WHILE OFF OF LOCKDOWN WITHIN THE TINY CELLS AS DESCRIBED THROUGHOUT THIS COMPLAINT. WITH TWO (2) MEN IN A SINGLE MAN CELL AND OTHER ISSUES, BY DEFENDANTS, ATCHINSON, HARRINGTON, STOCK, JONES, BUTLER, STOLWORTHY, TAYLOR, RANDLE, GODINEZ, BROWN, COWAN, HASEMEYER, DUNN, LASHBROOK, LYERLA, MOORE, OLSON, REES, BRIAN THOMAS, ZIEGLER, DILDAY, WESTFALL, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S, "PRISON EXPERTS" WHO ARE SOLELY RESPONSIBLE FOR THE SAFETY, SHELTER, AND WELL-BEING OF THE PLAINTIFFS' AND CLASS MEMBERS', WHO HAVE KNOWINGLY ALLOWED THE USE OF THE UNLAWFUL, INCREDIBLY SMALL, TINY, CELLS TO HOUSE TWO (2) MAXIMUM SECURITY PRISONERS WITHIN A CELL DESIGNED FOR ONE PRISONER. (see: fn#2)

42.   THE PLAINTIFFS' AND CLASS MEMBERS' CHALLENGE THE UNCONSTITUTIONALLY SMALL (TINY) CELLS THAT ARE ABOUT 43 SQUARE FEET WITHIN MENARD CORRECTIONAL CENTERS NORTH ONE, NORTH TWO, SOUTH, AND OTHER CELL HOUSES, AND/OR WITHIN I.D.O.C. WITH LESS THAN 13 SQUARE FEET OF UNENCUMBERED FLOOR SPACE AFTER THE PLAINTIFFS' AND CLASS MEMBERS' TWO (2) PERSONAL PROPERTY BOXES AND/OR TWO (2) LEGAL BOXES ARE PLACED WITHIN THE SMALL, TINY, CELL (1-PROPERTY BOX AND 1-LEGAL BOX PER INMATE) LEAVING ABOUT 10 SQUARE FEET OF UNENCUMBERED FLOOR SPACE FOR TWO (2) MAXIMUM SECURITY, SEGREGATION, MENTAL HEALTH, AND GENERAL POPULATION PLAINTIFFS' AND/OR CLASS MEMBERS' ARE CONFINED TO THEIR TINY CELLS ALMOST 24 HOURS A DAY SEVEN DAYS A WEEK. IT IS ABSOLUTELY IMPOSSIBLE TO BE MORE THAN THREE (3) FEET FROM A "CELLIE" AT ANY POINT IN TIME WITHIN THESE SMALL, TINY, CELLS, AND ALSO TO INCLUDE ALL OTHER CELLS WITHIN ALL OTHER CELL HOUSES.

43.   WHEN THE PLAINTIFFS' AND CLASS MEMBERS' ARE PLACED ON LOCKDOWN THE MENARDS AND/OR I.D.O.C.'S HOUSING UNITS NORTH ONE AND/OR NORTH TWO (SOME BEHIND SOLID CORE DOORS) AND/OR I.D.O.C. ARE SUBJECTED TO THE SAME CONSTRAINTS OF THE OTHER CELL HOUSES, WHERE ALL SEGREGATION, MENTAL HEALTH AND GENERAL POPULATION PLAINTIFFS' AND CLASS MEMBERS' (PRISONERS') ARE TRAPPED WITHIN THESE EXTREMELY SMALL, TINY CELLS FOR WEEKS OR MONTHS AT A TIME.

44.   THE SMALLEST PRISON CELLS IN USE BY THE ILLINOIS DEPARTMENT OF CORRECTIONS ARE MENARD CORRECTIONAL CENTERS NORTH ONE AND NORTH TWO HOUSING UNITS, WHERE THEY HAVE 10 SQUARE FEET OR LESS OF UNENCUMBERED FLOOR SPACE FOR TWO INMATES (ABOUT 40 SQUARE FEET PER CELL FOR TWO INMATES BEFORE, BEDS, SINK, TOILET, SHELVES, AND BOXES).

45.   THE BIGGEST CELLS WITHIN MENARD CORRECTIONAL CENTER ARE WITHIN THE EAST AND WEST HOUSES AND ARE NO MORE THAN 60 SQUARE FEET WITH ABOUT 40 SQUARE FEET (EXCLUDING 4 PROPERTY BOXES) OF UNENCUMBERED FLOOR SPACE FOR TWO INMATES, AND IS UNCONSTITUTIONAL.

Case 3:17-cv-00315-MJR   Document 99   Filed 04/10/17   Page 17 of 51   Page ID #825

46. THE PLAINTIFFS' AND CLASS MEMBERS' HAVE SUSTAINED PHYSICAL AND MENTAL INJURIES FROM BEING CONFINED WITHIN THESE SMALL, TINY CELLS AFOREMENTIONED, WHERE DURING THE SUMMER MONTHS THE AFOREMENTIONED SMALL, TINY CELLS RETAIN SUCH EXTREMELY HIGH TEMPERATURES OF EXCESSIVE HEAT THAT THEY HAVE A OVEN LIKE EFFECT CAUSING EXTREME DISTRESS AND AGONY UPON THE PLAINTIFFS' AND CLASS MEMBERS'. DUE TO THE PAUCITY OF SPACE WITHIN THE AFOREMENTIONED CELLS, WHERE INCREASED RATES FOR ASSAULTS, FIGHTS, MURDER, SUICIDE, HEAT RELATED DEATHS, STAFF-ON-INMATE ASSAULTS, AND INMATE-ON-INMATE ASSAULTS, AND OTHER ISSUES RUN VERY HIGH. THE PLAINTIFFS' AND CLASS MEMBERS' CONTINUE TO SUFFER FROM THE DETRIMENTAL EXTENT OF THESE PHYSICAL AND PSYCHOLOGICAL INJURIES, DUE TO BEING HOUSED WITHIN MENARDS AND/OR I.D.O.C.'S SMALL, TINY, CELLS FOR EXTENDED PERIODS OF RELENTLESS CONFINEMENT IS TORTUROUS, SLOWLY KILLING PLAINTIFFS' AND CLASS MEMBERS', AND STILL CONTINUE TO CAUSE, MUSCLE CRAMPING, EXTREME HUNGER AND WEIGHT LOSS, HEADACHES AND IN SOMNIA, CHRONIC DEPRESSION, INCREASING LACK OF CONCENTRATION AND/OR FOCUS, DECREASED MOTIVATION, WORSENING BACK AND JOINT PAIN, DEPLEATING/ ATROPHIED MUSCLES, ANXIETY, PANIC ATTACKS, DISASSOCIATION AND INSTANCES OF VERTIGO, SEVERE STRESS, PARANOIA, AND A INCREASING FEAR OF LEAVING THESE SMALL, TINY CELLS AFTER LONG BOUTS OF ISOLATION WITH AN INTENSIFIED FEAR OF NEVER GETTING OUT OF THE SMALL, TINY CELL.

47. THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT WHEN OFF OF LOCKDOWN EVERY CELL HOUSE IS ONLY ALLOWED TWO AND A HALF (2 1/2) HOURS OF OUT DOOR EXERCISE TWICE A WEEK ON OCCASION AND WITH ARBITRARY EXCEPTIONS THE CELL HOUSES WILL BE AFFORDED ONE (1) HOUR OF RECREATION (GYM) PERIOD PER WEEK, WHERE THE NORTH TWO (N-2) CELL HOUSE IS EXCLUDED FROM THE AFOREMENTIONED YARD, RECREATION PERIODS AS ALL OTHER CELL HOUSES, WHERE THE NORTH TWO (N-2) CELL HOUSE RECEIVES A COMPLETELY DIFFERENT YARD THAT IS VERY SMALL AND SEGREGATED AND A COMPLETELY DIFFERENT GYM THAN ALL AOTHER CELL HOUSES WITH NO RECREATION EQUIPMENT (i.g., WEIGHTS, ECT...) LIKE THE OTHER GYM. THE NORTH TWO GYM, "RANDOLPH HALL" ALSO SERVES AS THE NORTH TWO (N-2) CHOW HALL, WHERE PLAINTIFFS' AND CLASS MEMBERS' ARE REQUIRED TO EAT THEIR FOOD JUST YARDS AWAY FROM OPEN TOILETS AND BATH ROOM AREA, AND SOMETIMES FORCED TO EAT OFF OF THE FLOOR DUE TO THE LACK OF ENOUGH SEATS. THE CHOW HALL IS NEVER CLEANED AND VERY UNSANITARY. FURTHERMORE MENARD'S MENTAL HEALTH AND GENERAL POPULATION PRISONERS' (PLAINTIFFS' AND CLASS MEMBERS') WITHIN THE NORTH TWO (N-2) CELL HOUSE RECEIVES THE SAME OUT OF CELL TIME AS THE SEGREGATION PRISONERS' BELOW THE MINIMUM LAID OUT WITHIN THE ILLINOIS CODE OF CORRECTIONS, 730 I.L.C.S. 5/3-7-2(c)).

48. PLAINTIFFS' AND CLASS MEMBERS' ALSO ALLEGE THAT WHEN OFF OF LOCKDOWN THE EAST, WEST, AND NORTH TWO CELL HOUSES ARE PERMITTED TWO (2) SHOWERS A WEEK AND ONLY ONE WHEN ON LOCKDOWN, WHERE THE NORTH ONE AND SOUTH CELL HOUSES RECEIVE THREE SHOWERS A WEEK, FURTHERMORE UNLIKE ALL OTHER CELL HOUSES THE PLAINTIFFS' AND CLASS MEMBERS' WITHIN NORTH TWO RECEIVE INCONSISTENT LAW LIBRARY TIME PER WEEK AVERAGING ONE HOUR, TWO "CHOW" PERIODS WITHIN THE CHOW HALL ALMOST ALWAYS CUT SHORT OF THE HALF HOUR PER MEAL TO EQUAL ONE HOUR OUT OF CELL AS REQUIRED BY LAW, WHERE IT IS CUT TO 5-10 MINUTES PER MEAL, AND NORTH TWO CALL PASSES FOR MEDICAL, DENTAL, MENTAL HEALTH, BARBER SHOP, COMMISSARY,

17

LAW LIBRARY AND YARD USUALLY ALWAYS FALL ON THE SAME TIME FRAME, WHERE LEAVING THE PLAINTIFFS' AND CLASS MEMBERS' TO CHOOSE ONE AND LOOSE THE OTHERS, WHERE THEY ARE JUST OUT OF LUCK IF THEY ARE SCHEDULED FOR MORE THAN ONE OF THE AFOREMENTIONED CALL PASSES. PLAINTIFFS' AND CLASS MEMBERS' ARE LUCKY IF THEY SPEND LESS THAN 160 STRAIGHT HOURS A WEEK TRAPPED WITHIN THEIR SMALL, TINY CELLS DAY IN AND DAY OUT WITH NO REASONABLE OR MEANINGFUL EXERCISE ON MOST DAYS, WHERE THE AVAILABILITY IS ALMOST NON-EXISTENT.

49.   WHEN THE INCIDENTS CAUSING A LOCKDOWN AS DESCRIBED THROUGHOUT THIS COMPLAINT OCCUR ALL THE PLAINTIFFS' AND CLASS MEMBERS' ARE SUBJECTED TO THE SAME RAMIFICATIONS AND ARE SUBJECTED TO ISOLATION WITH THEIR CELLIES AND TRAPPED WITHIN THEIR SMALL, TINY CELLS 24/7 FOR WEEKS OR MONTHS ON END, WHERE PLAINTIFFS' AND CLASS MEMBERS' ARE LEFT TO FIND WAYS TO COPE WITH THE BAD HABITS (i.g., TERRIBLE HYGENE, MENTAL PROBLEMS, ILLNESSES, AROMA OF FECES, CRIMINAL/NEGATIVE MENTALITIES, AGGRESSIVE BEHAVIOR LEADING TO VIOLENCE OCCASSIONALLY, WITH NO ROOM TO MANEUVER AROUND EACHOTHER WITHIN SMALL TINY CELL, A COMPLETE AND UTTER LACK OF PERSONAL SPACE, PRIVACY, TO CARE FOR BODILY FUNCTIONS.

50.   THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT EXPERIENCING EXTREME DEORIVATIONS OF JUST ONE BASIC HUMAN NEED INCLUDING BUT NOT LIMITED TO SLEEP, SANITATION, MEANINGFUL SOCIAL/HUMAN CONTACT, SHELTER, EXERCISE, AND EVIROMENTAL STIMULATION, WHERE LONG TERM CONFINEMENT AFOREMENTIONED IS SERIOUSLY DETRIMENTIAL TO THE PLAINTIFFS' AND CLASS MEMBERS' PSYCHO EMOTIONAL STABILITY AND PHYSICAL HEALTH. THE PLAINTIFFS' AND CLASS MEMBERS' HUMANITY DETERIORATES LITTLE BY LITTLE OVER TIME WHEN AND/OR WHILE ANXIETY, TURMOIL, ANGUISH, AND DESPAIR EATS THEM UP AND DESTROYS THEM.

51.   THE PLAINTIFFS' AND CLASS MEMBERS' HAVE SUSTAINED SEVERAL PHYSICAL AND PSYCHOLOGICAL INJURIES, AND CHRONIC DEPRESSION FROM BEING CONFINED WITHIN THEIR SMALL, TINY CELLS FOR THE AFOREMENTIONED RELENTLESSLY INCESSANT TORTUROUS HOURS, WHERE PLAINTIFFS' AND CLASS MEMBERS' EMOTIONAL STABILITY AND WELL BEING IS FORCIBLY SACRIFICED DUE TO AFOREMENTIONED DEPRIVATIONS. REGARDLESS THE EXTENT OF THE AGONY THIS TORTURE FOES ON WITH NO REASONABLE REPRIEVE, THE AFFLICTION OF THESE PHYSIOLOGICAL, AND OTHER INJURIES ARE SUSTAINED BY THE EXTENSIVE CONFINEMENT TO THE SMALL, TINY CELLS THAT RESULT IN DESOLATION AND DESPAIR, WHERE THEY ARE ALL TO AFFORD THE AFOREMENTIONED DEFENDANTS' WITH THE OPPORTUNITY TO CAPITALIZE ON THE AFFLUENCE THAT HAS BECOME AVAILABLE AS A RESULT OF THEIR PERVERSE POLITICS. THROUGH THEIR PROPAGANDA AND HARRASSMENT, THE MENARD CORRECTIONAL STAFF INCITE INCIDENTS BY PUTTING MENARD ON LOCKDOWN FOR THE MOST PART FOR REASONS NOT PENOLOGICALLY JUSTIFIED DESPITE THE KNOWN DAMAGES IT CREATES.

52.   THE PERSONS NAMED IN THIS CLAIM ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTIUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

An#2: defendants later identified: john baldwin, todd brooks, anthony willimas, jeff hutchinson, eovaldi, robert hughs, raymond allen, michael monjie, james best, lt. mr. whitley, clint maver, kent brookman, michael samuel, torville, SGT. GRAW, william qualls, james hoppensted, lt. fricky, BRUCE RAUNER, A.F.S.C.M.E, UNION LOCAL 1175 COUNSEL 31 MEMBERS, HILL, PHONIX, J. COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, OAKLY, L. CARTER, SGT MCCLURE, M. BOCHANTIN, K. PIERCE, S. BENTON, S. JOHNSON, ANDERSON, SGT. KARUSE, J. WHITLEY, MENARD CORRECTIONAL CENTER, ILLINOIS DEPARTMENT OF CORRECTIONS.

18

Case 3:17-cv-00315-MJR   Document 99   Filed 04/10/17   Page 19 of 51   Page ID #827

## CLAIM #3

53.   THIS CLAIM REGARDS A CIVIL CONSPIRACY, EIGHTH AMENDMENT AND DUE PROCESS DEPRIVATIONS SPECIFICALLY DEALING WITH DEFENDANTS, GODINEZ, TAYLOR, RANDLE, STOLWORTHY, BATES, BAYER, BUTLER, HARRINGTON, ATCHINSON, STOCK, JONES, BRAD THOMAS, FERRANTO, HIRSCH, PAUTLER, BROWN, COWAN, HASEMEYER, LASHBROOK, LYERLA, MOORE, OLSON, REES, DUNN, BRIAN THOMAS, ZIEGLER, DILDAY, WESTFALL, AND A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS AND ILLINOIS DEPARTMENT OF CORRECTIONS EMPLOYEES JOHN AND JANE DOE'S, ET AL., THAT HAVE COLLECTIVELY FORMULATED A MUTUAL AGREEMENT WITH MENARD AND THE ILLINOIS DEPARTMENT OF CORRECTIONS (I.D.O.C.) AFOREMENTIONED DEFENDANTS TO PARTICIPATE IN ACTIVITIES THAT ARE SO BLATANTLY INAPPROPRIATE, THEY COULD NOT POSSIBLY BE UNAWARE OF THE RESULTING, INJURIOUS CONDITIONS THAT THE AFOREMENTIONED DEFENDANTS DECISIONS CAUSED. (See: fn#3)

54.   THE AFOREMENTIONED DEFENDANTS KNOWINGLY AND WILLINGLY CONTRIBUTED IN EXAGGERATING THEIR RESPONSES TO WHAT HAS BEEN, ALBEIT INITIALLY, A LIGITIMATE SECURITY CONCERN. THESE EXTENDED PERIODS OF LOCKDOWN, THAT HAVE/ARE KEEPING PLAINTIFFS' AND CLASSMEMBERS' CONFINED TO THEIR TINY CELLS FOR FACILITATION OF THE EMPLOYEE'S FRINGE BENEFITS, AS WELL AS TO SAVE MONEY WITHIN THE INSTITUTIONS, FOR NO LEGITIMATE PENOLOGICALLY JUSTIFIABLE REASON IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION.

55.   PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT AFOREMENTIONED DEFENDANTS CONSPIRE AND SHARE A UNDERSTANDING THAT MENARD AND/OR I.D.O.C. IS TO GO ON LOCKDOWN IN ORDER FOR THEM TO RECOVER INSTITUTIONAL COST, TO SAVE OR REDISTRIBUTE MONEY, AND TO OBTAIN THE FULL BENEFITS OF THE UNIONS CONTRACT AGREEMENT WITH UNION MEMBERS THAT ARE STATE EMPLOYEES AT MENARD AND/OR I.D.O.C. WHO ARE REPRESENTED BY UNION OFFICIALS THAT ARE EMPLOYED BY THE ILLINOIS DEPARTMENT OF CORRECTIONS, WHO IN COOPERATION, PARTICIPATION, DID CONSPIRE WITH PRISON ADMINISTRATORS AND HAVE MUTUALLY AGREED TO PARTICIPATE IN ACTIVITIES AS LATER DESCRIBED WITHIN THIS COMPLAINT TO VIOLATE THE PLAINTIFFS' AND CLASSMEMBERS' RIGHTS TO ACHIEVE THEIR COLLECTIVE GOALS.

56.   PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THE AFOREMANTIONED DEFENDANTS AND ALL OTHER ADMINISTRATIVE AND SECURITY OPERATIONS AT MENARD AND/OR I.D.O.C. HAVE TO COMPLY WITH THE UNION CONTRACTS AND/OR COLLECTIVE BARGAINING AGREEMENTS, WHERE A.F.S.C.M.E. MEMBERS AND/OR CORRECTIONAL OFFICERS, SECURITY STAFF, AND AFOREMENTIONED DEFENDANTS HAVE UNLIMITTED AUTHORITY OVER THE DAILY OPERATIONS OF PRISON FOR PERTINENT QUALIFICATION PURPOSES OUTSIDE OF THEIR INDIVIDUAL AND OFFICIAL CAPACITIES CONCERNING THEIR LIGITIMATE ROLE IN SUCH DECISION MAKING, WHERE THIS PROHIBITS THE FUNCTION AND OPERATIONAL ADMINISTRATION OF THE PRISON FROM MEETING THE DEMANDS OF EVOLVING STANDARDS.

57.   THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT THE AFOREMENTIONED IN FACT PREVENTS THE MENTAL HEALTH DEPARTMENT FROM BEING ENABLED TO MAINTAIN AN ELEMENT OF NECESSARY SUPERVISORY CONTROL IN ORDER TO ELIMINATE THE CLEAR AND OBVIOUS CONSTITUTIONAL RIGHTS DEPRIVATIONS, FOR REASONS NOT WITHSTANDING ANY LEGITIMATE CLINICAL CONCERNS REGARDING THE MENTAL AND STABILITY OF THE PLAINTIFFS' AND CLASSMEMBERS'. AND COMPLETELY IGNORING THE BASIC PRINCIPLES OF HUMANITY.

19

58. REGARDLESS OF WHAT THE LAW AND QUALIFIED PROFESSIONALS SAY WITH REGARDS TO THE FUNCTIONS OF MENARD AND/OR I.D.O.C. THE UNQUALIFIED AND UNEDUCATED AFOREMENTIONED DEFENDANTS, CORRECTIONAL OFFICERS, LABOR UNION MEMBERS, AND JOHN AND JANE DOE'S DO "CALL THE SHOTS", WHERE THEY DO EXERT POWER AND INFLUENCE THAT, CONSEQUENTLY, THE PLAINTIFFS' AND CLASSMEMBERS' DO/ARE SUFFERING FROM THE TORTUROUS CONDITIONS. THE AFOREMENTIONED IS NOT JUST BUSINESS, IT IS ALSO FOR THE AFOREMENTIONED DEFENDANTS, CORRECTIONAL OFFICERS, UNION MEMBERS AND JOHN AND JANE DOE'S TO CAPITALIZE ON THE PAIN, SUFFERING AND TORTURE OF THE PLAINTIFFS' AND CLASSMEMBERS' FOR MORE THAN THEIR FINANCIAL GAIN. THROUGH PROPAGANDA AND CORRUPTION, THE AFOREMENTIONED DEFENDANTS' HAVE MANAGED TO GAIN POWER AND INFLUENCE BY THE MEANS OF IMPLEMENTING THEIR RECOURCES TO MANIPULATE THE STATE OF ILLINOIS INTO GIVING THE AFOREMENTIONED DEFENDANTS' WHAT THEY WANT AND TO CLEAN OUT TAX PAYERS POCKETS. LOCKDOWNS ARE JUST ONE OF THE CONSEQUENCES OF THIS. (A MEANS TO AN END).

59. ONE EXAMPLE IS WHEN KNOW, AFOREMENTIONED ACTIVE UNION ORGANIZERS, DEFENDANTS' PARTICIPATE AND CONTRIBUTE TO THE INCIDENTS OF THE ILLEGAL LOCKDOWNS WHEN THEY ORGANIZE AND FORMULATE PARTICULAR EMPLOYEE'S UNSCHEDULED PAID DAYS OFF SUCH AS FRINGE BENEFITS AND OTHER THAT RESULT IN THE EXTENDED PERIODS OF LOCKDOWNS FOR THE "STAFF SHORTAGES." SPECIFICALLY ON ONE OCCATION WHERE THE PRISON WAS PLACED ON LOCKDOWN APPROXIMATELY FROM AUGUST 13,2008, UNTIL SEPTEMBER 09,2008, WHERE DURING THIS PERIOD, AFOREMENTIONED UNION NEGOTIATORS, AND JOHN AND JANE DOE DEFENDANTS (i.e., DEFENDANTS BAYER, FERRANTO, HIRSCH, AND OTHERS) HAVE SUCCESSFULLY NEGOTIATED A 4% PAY INCREASE FROM STATE OFFICIALS FOR THE MENARD EMPLOYEES AND/OR DEFENDANTS, AND THEN AGAIN AROUND THE END OF 2012 AND AGAIN IN THE BEGINING OF 2013, THE MENARD CORRECTIONAL CENTER HAS BEEN ON MULTIPLE LOCKDOWNS FOR JUST ENOUGH TIME FOR THE AFOREMENTIONED UNION NEGOTIATORS TO FORM TWO (2) NEW CONTRACT AGREEMENTS (COLLECTIVE BARGANING AGREEMENTS).

60. THE LOCKDOWNS ARE MEASURES USED BY THE PRISON OFFICIALS TO RESTRICT INMATES MOVEMENTS WHEN THERE ARE INSIDENTS THAT INVOLVE SECURITY ISSUES WITHIN THE FACILITY. A LOCKDOWN IS THE MOST DISRUPTIVE, AND PUNISHING ACT THAT A WARDEN COULD IMPOSE UPON THE PRISONERS UNDER HIS/HER WATCH, AND IS TO BE USED ONLY IN THE MOST SERIOUS OF SECURITY RELATED INCIDENTS. AS THE ILLINOIS DEPARTMENT OF CORRECTIONS POLICY STIPULATES, A LOCKDOWN IS ONLY TO BE USED IN THE CASE OF AN ESCAPE, A RIOT OR A NATURAL DISASTER.

61. MENARD HAS IMPLEMENTED THESE LOCKDOWNS FOR ALL KINDS OF MINOR INCIDENTS, WHERE THEY HAVE BECOME THE ORDINARY ROUTINE OF OPERATIONS AND ARE UTILIZED AFTER ISOLATED INSIDENTS SUCH AS A RANDOM FIGHT (FIST-FIGHT), FOR A "RUMOR" OF A FIGHT OR ASSAULT, OR FOR NO PARTICULAR REASON AT ALL FOR REASONS THAT CAN NOT BE PENOLOGICALLY JUSTIFIED.

62. THE PERSONS NAMED IN THIS ACTION ABSOLUTELLY DO NOT HAVE IMPUNITY, WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

63. THE PLAINTIFFS' AND CLASSMEMBERS' INTEND TO BRING TO LIGHT THE VIOLATIONS OF RIGHTS THAT OCCURRED DUE TO THE AFOREMENTIONED DEFENDANTS' "PROFESSIONAL EXPERTISE" STANDARD THAT HAS/IS BEING DEGRADED AND FLAWED. THIS IS DUE TO THE UNDERMINING OF A STATE POLITICAL BUDDY SYSTEM, FAVORITISM, AND NEPOTISM. THESE PERVERSE STANDARDS SIDE STEP THE WRITTEN STANDARDS AND QUALIFICATIONS, PROMOTING "PERSONS" INTO ADMINISTRATIVE JOB POSITIONS THAT THEY ARE NOT LEGITIMATELY QUALIFIED TO OCCUPY.

64. THE AFOREMENTIONED PROMOTIONS AND APPOINTMENTS HAVE CREATED AN INCREASING SENSE OF IMPUNITY AMONG AFOREMENTIONED DEFENDANTS, AND PRISON AUTHORITIES WITHIN ILLINOIS, WHO LONG AGO THROWN OUT THE AMERICAN CORRECTIONS ASSOCIATIONS MANUAL ON STANDARDS AND GUIDELINES. THE AFOREMENTIONED DEFENDANTS HAVE COMPLETELY IGNORED THE ILLINOIS CODE OF CORRECTIONS SET FORTH BY THE ILLINOIS LEGISLATURE TO BE THE MINIMUM GUARANTEED BY LAW FOR PRISONERS TO INCLUDE THE PLAINTIFFS' AND CLASSMEMBERS'. LEAVING THE PRISONERS TO REVERT TO A DISINGENOUS BARBARIZATION OF PRISONER CONTROL, VIA THESE AFOREMENTIONED LOCKDOWNS AND THE INCREASING CALLOUSNESS OF STAFF AND AFOREMENTIONED DEFENDANTS.

65. IT IS CONTENDED THAT, IN VIOLATION OF THE LOCKDOWN POLICIES, THE AFOREMENTIONED DEFENDANTS KNOWINGLY AND WILLINGLY USED EXTREME PERIODS OF LOCKDOWNS AS A PSYCHOLOGICAL MEASURE TO PUNISH PLAINTIFFS' AND CLASSMEMBERS' AND IN RETALIATION TO SEND A MESSAGE TO THE PLAINTIFFS' AND CLASSMEMBERS' THAT WHEN ANYONE MISBEHAVES IN ANY MANNER LOCKDOWNS WILL BE ORDERED, WHICH IN FACT PUNISHES ALL PLAINTIFFS' AND CLASSMEMBERS' LITTLE TO NO ACCESS TO THE LAW LIBRARY TO RESEARCH AND OTHER LEGAL ISSUES FOR THEIR CASES WITHIN COURT, WHERE THE AFOREMENTIONED DEFENDANTS KNOWINGLY AND INTENTIONALY INFLICTED UPON THE PLAINTIFFS' AND CLASSMEMBERS' EMOTIONAL DISTRESS IN VIOLATION OF THE LAW OF ILLINOIS.

66. THE PLAINTIFFS' AND CLASSMEMBERS ALSO ALLEGE THAT WHEN AFOREMENTIONED ISOLATED ALLEGED SECURITY AND/OR PRISONER RELATED ISOLATED INCIDENTS OCCURS AT MENARD, THE PLAINTIFFS' AND CLASSMEMBERS' ARE SUBJECTED TO THE SAME PHYSICALLY AND MENTALLY DAMAGING CONDITIONS EVEN THOUGH THE PLAINTIFFS' AND CLASSMEMBERS' RESIDE IN SEPARATE, DISTINCTLY DIFFERENT, HOUSING UNITS THAT WHERE THE ALLEGED INCIDENT OCCURRED, WHERE SAID LOCKDOWN CONFINEMENTS DO EXTEND BEYOND 72 HOURS. THE ILLINOIS DEPARTMENT OF CORRECTIONS, JOHN AND JANE DOE DEFENDANTS, INVESTIGATORS HAVE DETERMINED WITHIN 72 HOURS THE PARTICLULORS OF ANY ALLEGED SECURITY RELATED INCIDENT REGARDLESS IF IT WAS A ISOLATED INCIDENT OR NOT, WHERE THE INCIDENT IS ALWAYS CONTAINED WITHIN A DISTINCTLY SEPARATE CELL HOUSE. WITHIN MINUTES OR EVEN HOURS, ANY OF THE OFFENDERS THAT ARE INVOLVED IN THE PARTICULAR ALLEGED SECURITY INCIDENT ARE APPREHENDED AND REMOVED FROM GENERAL POPULATION THEREFORE CONTAINING THE SECURITY THREAT.

67. THE PLAINTIFFS' AND CLASSMEMBERS' FURTHER ALLEGE THAT IT IS CRUEL AND UNUSUAL PUNISHMENT TO KEEP THE PLAINTIFFS' AND CLASSMEMBERS' CONFINED WITHIN THEIR SMALL TINY PRISON CELLS 24 HOURS A DAY, FOR WEEKS, OR MONTHS ON END WITHOUT ANY PRIVILEGES, OUTDOOR EXERCISE, OR ADEQUATE NUTRITIONAL MEALS (SMALL PORTIONS), WHERE SAID VIOLATIONS ARE CAUSED BY THE CUMULATIVE LOCKDOWNS AND LOCKDOWN DAYS THAT SUBJECT THE PLAINTIFFS' AND CLASSMEMBERS' TO THE PERSISTENTLY REPETIVE CONFINEMENT AT THE CALLOUS AND MERCILESSNESS OF THE AFOREMENTIONED DEFENDANTS' CAUSING THE PLAINTIFFS' AND CLASSMEMBERS' TO SUSTAIN PHYSICAL INJURIES FROM THE LACK OF EXERCISE, NO SUNLIGHT, INSUFFICIENT CALORIE INTAKE, LACK OF ADEQUATE VITAMINS AND NUTRIENTS, AND OTHER AS DESCRIBED WITHIN CLAIM ONE (#1) OF THIS COMPLAINT.

68. THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT DURING THESE LOCKDOWNS THEY ARE DENIED OF MEANINGFUL EXERCISE, VISITATION, TELEPHONES, LIBRARY, GENERAL COMMISSARY PURCHASES FOR HYGIENE, AND WRITING SUPPLIES FOR NEEDED LEGAL WORK AND CORRESPONDANCE WITH ATTORNEYS AND/OR COURTS, AND NO ACCESS TO REHABILITATIVE PROGRAMS, WHERE PLAINTIFFS' AND CLASSMEMBERS' ARE SIMPLY LEFT TO SIT IN THEIR CAGES AND SUFFER, PHYSIOLOGICALLY AND PSYCHOLOGICALLY, AND NEVER KNOWING WHY

PLAINTIFFS' AND CLASSMEMBERS' ARE BEING PUNISHED. (EXHIBIT #2). MENARDS DAILY OPERATIONS ARE REGRESSING, RATHER THAN EVOLVING, AS A RESULT OF THE AFOREMENTIONED DEFENDANTS' CONSPIRACY, WHERE IT IS THE AFOREMENTIONED DEFENDANTS AND UNION MEMBERS MANIPULATION OF THE ORDINARY FUNCTIONS OF MENARD (PRISON), AND THE PRISON ADMINISTRATOR'S TACIT COMPLIANCE IN THEIR PARTICIPATION OF THE ENFORCEMENT AND EMPLOYMENT OF THE MUTUALLY AGREED UPON SCHEMES, THAT BRING ABOUT THE DEPLORING CONDITIONS THAT ARE A DIRECT AND COLLATERAL RESULT OF, NOT JUST MAINTAINING PRISON CONTROL, BUT IT IS THE INTENDED PURPOSE OF OBTAINING THE BENEFITS OF THE A.F.S.C.M.E. UNION LOCAL 1175, COUNSEL 31'S COLLECTIVE BARGAINING AGREEMENTS WITH THE STATE OF ILLINOIS.

69. THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THE AFOREMENTIONED DEFENDANTS' HAVE CAUSED BOTH PLAINTIFFS' AND CLASSMEMBERS' TO SUFFER FROM PHYSICAL AND PSYCHOLOGICAL INJURIES, IN CONJUNCTION WITH ALL THE DEFENDANTS WITHIN THIS COMPLAINT THROUGH THEIR AFOREMENTIONED BLATANT DISREGARD AND/OR INTENTIONAL ACTIONS, WHERE DURING AFOREMENTIONED LOCKDOWNS THE PLAINTIFFS' AND CLASSMEMBERS' HAVE SUFFERED SEVERE TORMENT, TORTUROUS CONDITIONS THAT HAVE AND STILL CONTINUE TO CAUSE PLAINTIFFS' AND CLASSMEMBERS' GROWING FEAR OF LEAVING THEIR CELLS AFTER BOUTS OF ISOLATION AND FURTHER FEAR OF NEVER GETTING OUT OF THEIR TINY CELLS AGAIN, AND FURTHERMORE OF BACK AND JOINT PAIN WITH DEPLETED MUSCLES, SEVERE ANXIETY, AND PANIC ATTACKS, REACHING STATES OF DISASSOCIATION AND VERTIGO, SEVERE STRESS AND PARANOIA, EXTREME HUNGER AND WEIGHT LOSS, MUSCLE CRAMPING, SEVERE HEADACHES AND PROBLEMS SLEEPING (INSOMMIA), CHRONIC DEPRESSION, DECREASED MOTIVATION AND CONCENTRATION AND FOCUS AS A RESULT OF THE AFOREMENTIONED AND/OR LATER DESCRIBED WITHIN THIS COMPLAINT.

70. IT WOULD BE REASONABLE TO INFER THAT FROM THE AFOREMENTIONED FACTS THAT THE AFOREMENTIONED DEFENDANTS DID COLLECTIVELY AGREE AND COLLABORATIVELY EMBARKED ON THIS SCHEME CONSPIRING TO DEPRIVE THE PLAINTIFFS' AND CLASSMEMBERS' OF THEIR CONSTITUTIONAL RIGHTS AND/OR ILLINOIS STATE LAWS.

71. THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT THEY HAVE BEEN PLACED ON LOCKDOWN DURING THE ESTIMATED DAYS WITHIN EXHIBIT #3, BY AFOREMENTIONED DEFENDANTS', WHERE SPECIFICALLY DEFENDANTS ATCHINSON, HARRINGTON, STOCK, BUTLER, JONES, AND PAUTLER HAVE KNOWINGLY CONFISCATED MONEY (PERSONAL PROPERTY) FROM PLAINTIFFS' AND CLASSMEMBERS' TRUST FUND ACCOUNTS WITHOUT SUBSTANTIVE OR DUE PROCEDURAL DUE PROCESS SPECIFICALY THE $10.00 A MONTH OF UNASIGNED STATE PAY, OR STATE STIPEND PAY WHICH IS ONE OF SEVERAL COLLATERAL INJURIES THAT ARE ANOTHER RESULTING CONSEQUENCE OF "THE AFOREMENTIONED CONSPIRACY."

72. THE PERSONS NAMED IN THIS CLAIM ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

fn#3: defendants later identified: john baldwin, todd brooks, anthony williams, jeff nutchinson, aovaldi, robert hugas, raymond allen, michael wonjie, james best, lt. mr. whitley, clint mayer, kent brookman, michael samuel, torville, william qualls, james hoppensted, lt. cricky, BRUCE RAUNER, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, HILL, PHONIX, J. COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, SGT McCLUIE, OAHLY, L. CARTER, M. BOCHANTIN, K. PIERCE, S. BENTON, ANDERSON, S. JOHNSON, SGT. KARUSE, J. WHITLEY, SGT. GRAW, MENARD CORRECTIONAL CENTER

22

CLAIM #4

73. THIS CLAIM REGARDS THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT WITHIN MENARD CORRECTIONAL CENTER, I.D.O.C., AND WITHIN MENARDS HOUSING UNITS' NORTH ONE (N-1) AND/OR HOUSING UNIT NORTH TWO (N-2), AND OTHER HOUSING UNITS ENDURED BY THE PLAINTIFFS' AND CLASSMEMBERS', AS DESCRIBED WITHIN THIS COMPLAINT AND THIS CLAIM, AS A DIRECT RESULT OF THE DELIBERATE INDIFFERENCE BY DEFENDANTS, STOLWORTHY, SALVADORE GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, TY BATES, HENERY BAYER, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JOHNS, BRAD THOMAS, JAMES BROWN, JOSEPH COWAN, CHAD HASEMEYER, JACQUELINE LASHBROOK, DOUG LYERLA, RICHARD MOORE, PAUL OLSON, WILLIAM REES, BRIAN THOMAS, JAY ZIEGLER, DUNN, ROBERT DILDAY, WESTFALL, JAMES BEST, ROBERT HUGHS, C. MAYER, EOVALDI, BROOKMAN, MONJE, ALLEN, SAMULES, TOURVILLE, HARRIS, QUALLS, JAMES HOPPENSTEDT, ROGER SHURTZ, WILLS, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S, WHERE THE DEFENDANTS' HAVE PERSONAL KNOWLEDGE OF THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT WITHIN THIS CLAIM AND/OR WITHIN THIS COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS' FAILED TO TAKE REASONABLE MEASURES TO REMEDY THE KNOWN UNCONSTITUTIONAL CONDITIONS, SHELTER, AND/OR SAFETY ISSUES AS DESCRIBED WITHIN THIS CLAIM AND/OR COMPLAINT. (see: Fn#4)

74. MENARD CORRECTIONAL CENTERS HOUSING UNITS N-1, N-2, AND OTHER HOUSING UNITS WITHIN MENARD AND/OR I.D.O.C. ARE IN FACT DESIGNED TO HOUSE ONE (1) MAN (SINGLE MAN CELLS), WHERE THESE HOUSING UNITS CELLS ARE VERY SMALL, TINY, AND MEDIEVAL-LIKE AND HAVE BEEN DOUBLE BUNKED TO HOUSE TWO (2) INMATES WITHIN N-1, N-2, AND OTHER AS AFOREMENTIONED WITHIN I.D.O.C. THAT DO NOT MEET THE FEDERAL AND/OR LAW OF ILLINOIS GUIDLINES FOR SQUARE FEET OF FREE SPACE PER INMATE. THE AFOREMENTIONED HOUSING UNITS/CELLS DIMENSIONS, SPECIFICALY N-1 AND N-2 ARE 4'3" IN WIDTH (x) 10' FEET IN LENGTH (x) 8 FEET IN HEIGHTH OR THERE ABOUT, WHERE AFTER THE SPACE FOR BEDS, SINK, TOILET, SHELF AREAS, AND INMATES PERSONAL PROPERTY BOXES, AND LEGAL BOXES ARE EXCLUDED LEAVING THE PLAINTIFFS' AND CLASSMEMBERS' WITHIN N-1, N-2, AND OTHER AFOREMENTIONED ABOUT 10' SQUARE FEET OR LESS OF FREE FLOOR SPACE FOR TWO (2) INMATES TO BE CONFINED FOR 23 TO 24 HOURS A DAY SEVEN DAYS A WEEK AS DESCRIBED WITHIN THIS COMPLAINT. IN VIOLATION OF BOTH FEDERAL AND STATE LAW OF ILLINOIS (SEE: EXHIBITS #4,5,6,7,8,9).

75. THE STATE LAW OF ILLINOIS REQUIRES FIFTY (50) SQUARE FREE FLOOR SPACE PER. INMATE WITHIN THEIR CELLS, WHERE THE AFOREMENTIONED DEFENDANTS' KNOW THAT MENARDS HOUSING UNITS N-1 AND N-2, AND OTHER AFOREMENTIONED UNITS ARE IN FACT WELL BELOW BOTH OF THE FEDERAL (65 SQ. FT.) AND THE STATE OF ILLINOIS (50 SQ. FT.) GUIDELINES AND ARE IN FACT PROVIDING THE PLAINTIFFS' AND CLASSMEMBERS' WITHIN HOUSING UNITS N-1, N-2, AND OTHERS WITH LESS THAN (10) SQUARE FEET OF FREE FLOOR SPACE WITHIN THEIR SMALL, TINY CELLS FOR TWO (2) INMATES.

76. THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT MENARD'S HOUSING UNITS N-1, N-2, CELLS AND OTHERS AFOREMENTIONED ARE IN FACT HAVE BEEN FOR YEARS HAD AND CONTINUE TO HAVE PROBLEMS WITH WATER, PLUMBING, VENTILATION, LIGHTING, TEMPERATURE, ELECTRICAL (DEATH TRAP), AND OTHER WHICH IN FACT POSSESS A SERIOUS RISK CONCERNS TO THE PLAINTIFFS' AND CLASSMEMBERS' HEALTH, SHELTER, AND SAFETY (SEE: BENTZ,et al., (v) BUTLER,et al., U.S.D.C/S.D.IL. #14-CV-996 (PER. EXCESSIVE HEAT/VENTILATION) AND CASE #10-CV-52-JPG, WITHIN THE U.S.S.D. COURT REGARDING CELL SIZES AND CONDITIONS).

23

77.   THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT DURING THEIR CONFINEMENT WITHIN MENARD CORRECTIONAL CENTER THE AFOREMENTIONED DEFENDANTS WERE MADE AWARE (i.g. IN PERSON, WRITING, REPORTS, OTHER LAW SUITS, AND/OR OTHER) THAT THE PLAINTIFFS' AND CLASSMEMBERS' WERE/ARE BEING DENIED OF ADEQUATE CLEANING SUPPLIES TO CLEAN THEIR CELLS WITH SUCH THINGS AS A BROOM, MOP, TOILET BRUSH, RAGS/SCRUB PADS, AND OTHER TO CLEAN THEIR TOILET, SINK, FLOOR, WALL'S AND OTHER AREAS WITH, WHERE THE AFOREMENTIONED DEFENDANTS' WERE DELIBERATELY INDIFFERENT WHEN THEY FAILED TO TAKE ACTION TO REMEDY THE KNOWN UNCONSTITUTIONAL CONDITIONS AND DENIAL OF ADEQUATE CLEANING SUPPLIES.

78.   THE PLAINTIFFS' AND CLASSMEMBERS' FURTHER ALLEGE THAT THE AFOREMENTIONED DEFENDANTS HAVE BEEN MADE AWARE (i.g. IN WRITING, PERSON AND OTHER) OF THE MENARD CORRECTIONAL CENTERS CELLS NOT BEING EQUIPPED WITH "G.F.I." OUTLETS, WHERE THE OUTLETS ARE DIRECTLY ABOVE THE SINK AND TOILET AREAS AND ALLOW ELECTRONIC ITEMS AND POWER CORDS, EXTENTION CORDS TO FALL INTO THE SINK AND TOILET AREAS IN FACT CREATING A POTENTIAL DEATH TRAP FOR PLAINTIFFS' AND CLASSMEMBERS', WHERE THE AFOREMENTIONED DEFENDANTS WERE DELIBERATELY INDIFFERENT WHEN THEY FAILED TO TAKE ANY ACTION TO REMEDY THE KNOWN UNSAFE CONDITIONS OF CONFINEMENT AND THE RISK TO THE PLAINTIFFS' AND CLASSMEMBERS' HEALTH, SAFETY AND SHELTER.

79.   THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT THE LIGHTING WITHIN MENARDS HOUSING UNIT NORTH ONE (N-1) FALLS WELL BELOW THE FIVE (5) FOOT CANDLE LIGHT TO READ AND WRITE WITH AND HAS FALLEN BELOW THIS STANDARD SINCE AT LEAST THE 1980'S (SEE: LIGHTFOOT (v) WALKER,) FURTHERMORE SOME PLAINTIFFS' AND/OR CLASSMEMBERS' HAVE GONE MONTHS WITHOUT ANY LIGHTING WITHIN THEIR CELL, (i.g. PLAINTIFF PEREZ), WHERE THE AFOREMENTIONED DEFENDANTS HAVE BEEN MADE AWARE AND/OR HAVE PERSONAL KNOWLEDGE OF THE LACK OF ADEQUATE LIGHTING WITHIN MENARDS HOUSING UNIT N-1 AND/OR N-2 CELLS AND/OR OTHER CELLS WITHIN MENARD AND CONTINUE TO REFUSE TO TAKE MEASURES TO REMEDY THE LACK OF ADEQUATE LIGHTING WITHIN PLAINTIFFS' AND CLASSMEMBERS' CELLS.

80.   THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT THE AFOREMENTIONED DEFENDANTS' KNOWINGLY PROVIDED THE PLAINTIFFS' AND CLASSMEMBERS' HOUSED WITHIN MENARD (MOST OF) WITH SOILED, URINE, AND MOLDED CLOTH MATTRESSES AND PILLOWS, WHERE THIS HAS BEEN BROUGHT TO THE ATTENTION OF THE AFOREMENTIONED DEFENDANTS' (i.g. IN WRITING, IN PERSON, REPORTS, AND OTHER) THEY HAVE PERSONAL KNOWLEDGE OF THIS UNSANITARY CONDITIONS AND CONTINUE TO REFUSE TO TAKE MEASURES TO REMEDY THE PLAINTIFFS' AND CLASSMEMBERES' UNSANITARY CLOTH, URINE, MOLD, SOILED, AND OTHER MATTRESSES AND/OR PILLOWS.

81.   THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT WITHIN MENARD HOUSING UNIT N-2 THERE IS NO TOP SHELF FOR THE PLAINTIFFS' AND/OR CLASSMEMBERS ON THE TOP BUNK TO SAFELY PLACE THEIR FAN, T.V., AND OTHER THINGS ON, AND ARE FORCED TO SLEEP WITH POWER CORDS, EXTENTION CORDS, HEADPHONES, HEADPHONE EXTENTIONS, T.V.'S, FANS, AND OTHER IDEMS CREATING A SERIOUS HEALTH AND SAFETY HAZARD, FURTHERMORE PUTTING THE INMATE ON THE BOTTOM BUNK AT RISK OF INJURY FROM UNSECURE IDEMS AFOREMENTIONED FALLING ON THEM (SEE: EXHIBITS #7,8,9). THE AFOREMENTIONED DEFENDANTS HAVE PERSONAL KNOWLEDGE OF THE LACK OF ADEQUATE SHELVING ON THE TOP BUNKS IN N-2 AND REFUSE TO TAKE ACTION TO REMEDY THIS SAFETY ISSUE.

24

82.   THE PLAINTIFFS' AND CLASSMEMBERS' FURTHER ALLEGE THAT THE N-2 GYM (RANDOLPH HALL) HAS NO EQUIPMENT OF ANY KIND FOR RECREATION AND ALSO DOUBLES AS A CHOW HALL, WITH NO WEIGHTS LIKE ALL OTHER CELL HOUSES GYM HAS, WHERE THE N-2 PLAINTIFFS' AND CLASSMEMBERS' ARE AND CONTINUE TO BE DENIED OF EQUAL, ADEQUATE RECREATIONAL ACTIVITIES AS THE REST OF MENARD INMATES ARE AFFORDED.

83.   THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT MENARD'S HOUSING UNIT N-2 IS NOT AFFORDED THE SAME ACCESS TO GENERAL POPULATIONS PROGRAMS AND/OR ACTIVITES AND RECEIVE A SEGREGATION-LIKE YARD THAT IS ILL EQUIPPED AND OVER-CROWDED, AND ALWAYS FLOODED UNLIKE THE REST OF GENERAL POPULATION, WHERE THE (ALL) AFOREMENTIONED DEFENDANTS IN GENERAL TREAT THE N-2 HOUSING UNIT PLAINTIFFS' AND CLASSMEMBERS' LIKE AND/OR AT A SEGREGATION-LIKE STANDARD.

84.   THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT MENARDS CALL PASSES (i.g. HEALTHCARE, LAW LIBRARY, COMMISARY, BARBER SHOP, YARD, RECREATION AND OTHER ARE IN FACT INTENTIONALLY SCHEDULED BY AFOREMENTIONED DEFENDANTS TO FALL ON THE SAME DAY AND TIME FORCING THE PLAINTIFFS' AND CLASSMEMBERS' TO MAKE A CHOICE BETWEEN ONE OR THE OTHER IN VIOLATION OF THEIR CONSTITUTIONAL RIGHT NOT TO HAVE TO BE FORCED TO CHOOSE BETWEEN ONE OR THE OTHER OF THE AFOREMENTIONED CALL PASSES AND/OR LINE MOVEMENTS.

85.   THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT THE AFOREMENTIONED DEFENDANTS' USE MENARDS HOUSING UNIT N-2 GENERAL POPULATION AREA AS A SECTION TO RETALIATE AGAINST THE PLAINTIFFS' AND CLASSMEMBERS' WHO AND/OR FOR SUCH THINGS AS FILING LAW SUITS, FILING GRIEVANCES, AND/OR FOR THE NATURE OF THEIR CRIMES (i.g. SEX OFFENDERS, CHILD MOLESTERS) AND/OR GAYS, WHERE MENARDS HOUSING UNIT N-2 IN FACT HOUSES MOST IF NOT ALL OF THE AFOREMENTIONED UNLIKE OTHER CELL HOUSES, AND WHERE THE N-2 CELL HOUSE IS IN FACT TREATED IN A DIFFRENT MANNER THAN THE REST OF GENERAL POPULATION AND NOT AFFORDED THE SAME OPPORTUNITIES AND/OR PROGRAMS AND OTHER AS THE REST OF MENARDS POPULATION TO EXCLUDE HOUSING UNIT WEST WHICH IS ALSO DENIED OF OTHER OPPORTUTITIES AND PRIVLAGES AS THE REST OF GENERAL POPULATION.

86.   THE PERSONS NAMED IN THIS CLAIM ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPPERATIONS OF PRISON.

fn#4: defendants later identified: john baldwin, todd brooks, anthony williams, jeff hutchinson, eovaldi, robert hugos, raymond allen, michael monjie, james best, lt. mr. whitley, clint mayer, kent brookman, michael samuel, torville, william qualls, james hopeausted, ltj fricky, i.d.o'is., menard correctional center, wexford, and unidentified john and jane doe's, et al., *BRUCE RAUNER, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, HILL, PHONIX, J. COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, OAKLY, L. CARTER, M. BOCHANTIN, R. PRERCE, S. BENTON, ANDERSON, S. JOHNSON, SGT. MCCURC, SGT. KARUSE, J. WHITLEY, SGT. GRAW.*

Case 3:17-cv-00315-MJR   Document 99   Filed 04/10/17   Page 26 of 51   Page ID #834

CLAIM #5

87. THIS CLAIM REGARDS THE OVER CROWDING OF MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS THAT RESULTS IN THE OVER ALL CONDITIONS OF CONFINEMENT AS WELL AS THE AMOUNT OF SPACE PER INMATE, LACK OF ADEQUATE SHELTER, FOOD, PROTECTION, AND THE OPPORTUNITIES FOR EDUCATION, WORK, REHABILITATION ASSISTANCE, THE VIOLENCE CAUSED BY DEFENDANTS' ACTIONS/MEASURES, AND OTHER SAFETY ISSUES SUCH AS FOOD SERVICE, MEDICAL CARE, LOCK-IN TIME, DEFICIENCIES IN CELL HOUSE PLUMBING, VENTILATION, ELECTRICAL, ALSO BEING DOUBLE-CELLED IN VERY SMALL, TINY, CELLS FOR LONG PERIODS OF TIME AS DESCRIBED WITHIN THIS COMPLAINT, AND OTHER, IN VIOLATION TO THE CONSTITUTION AND THE LAW OF ILLINOIS BY DEFENDANTS, GODINEZ, ATCHINSON, STOLWORTHY, HARRINGTON, JONES, BUTLER. AND UNIDENTIFIED JOHN AND JANE DOE'S. (see: fn#5)

88. MENARD CORRECTIONAL CENTER IS ONE OF THE OLDEST PRISONS IN USE IN THE COUNTRY TODAY, MENARD HOUSES MORE INMATES THAN ANY OTHER ILLINOIS DEPARTMENT OF CORRECTIONS (I.D.O.C.) FACILITY CONSISTING OF ABOUT 3,660 MEN, WITH 3,140 MAXIMUM SECURITY INMATES WITH A MAXIMUM-SECURITY RATED CAPACITY OF 2,600 INMATES, WHERE MENARD IS OBVIOUSLY OVER CROWDED AND/OR I.D.O.C..

89. AS A RESULT OF MENARDS OVER CROWDING MENARD CONTINUES TO REMAIN AS ONE OF THE MOST PROBLEMATIC FACILITIES WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS, WHICH IN THE PAST FEW YEARS HAS BEEN LOOKED AT FOR SUSPICIOUS INMATE DEATHS AND STAFF ASSAULTS, AND CONTINUED LONG LASTING LOCKDOWNS NOT PENOLOGICALLY JUSTIFIED, VIOLENCE (i.e., STAFF ON INMATE ASSAULTS), AN INEFFECTIVE GRIEVANCE PROCEDURE, INADEQUATE HEALTH CARE ACCESS, LACK OF PROGRAMS, PHYSICAL PLANT ISSUES SUCH AS SANITATION, PLUMBING, VENTILATION, LIGHTING, ELECTRICAL, AND OTHER AS DESCRIBED WITHIN THIS COMPLAINT.

90. ALTHOUGH MENARD'S STAFFING IS NOT INADEQUATE AND IS A SIMPLE ISSUE OF SECURITY STAFF'S LAZYNESS IN THEIR JOB PERFORMANCE, ESPECIALLY DURING LOCKDOWNS, WHERE SECURITY STAFF ARE NON-EXISTENT DUE TO SHAKEDOWNS WITHIN OTHER CELL HOUSES (CELL HOUSE SHAKEDOWNS), AND/OR HANGING OUT BEHIND CLOSED DOORS IN BREAK ROOMS, VISITING AREAS, AND OTHER AREAS, WHERE THEY ARE PROVIDED WITH HEAT AND/OR AIR CONDITIONING FOR THE SEASONS, AND NOT WITHIN EAR SHOUT, UNLIKE THE CELL HOUSE.

91. THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS, IN 1980'S TOLD THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD CORRECTIONAL CENTER'S OFFICIALS TO CREATE A REMEDIAL PLAN THAT WILL REDUCE THE OVER CROWDING AND ELIMINATE THE CONSTITUTIONAL DEPRIVATIONS THERE BY CAUSED. (LIGHTFOOT v. WALKER, 486 F.SUPP. 504 (S.D.ILL. 1980)).

92. TO THE EXTENT OF DEPRIVING THE PLAINTIFFS' AND CLASS MEMBERS' OF THEIR RIGHTS THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD CORRECTIONAL CENTER HAVE CONTINUED AND CONTINUE TO CREATE WORSE CONDITIONS THAT ARE EXACERBATED BY MENARDS CURRENT OVERCROWDING POPULATION. MENARD'S CURRENT POPULATION IS NOW ABOUT 3,800 PRISONERS AND RISING. THE LENGTH OF TIME THAT THE PLAINTIFFS'

Case 3:17-cv-00315-MJR   Document 99   Filed 04/10/17   Page 27 of 51   Page ID #835

AND CLASS MEMBERS SPEND WITHIN THEIR CELLS IS DAMAGING TO THEIR HEALTH AND THEY ARE CAUSED AND CONTINUE TO CAUSE SUFFERING FURTHER DETRIMENT DUE TO THE DOUBLE CELLING WITHIN THEIR SMALL, TINY, CELLS, WHERE THE PAUCITY IN SIZE IS ENOUGH TO SHOCK THE CONSCIENCE.

93. THE PLAINTIFFS' AND CLASS MEMBERS' HAVE INCURRED INJURIES AS A RESULT OF BEING HOUSED WITHIN THESE AFOREMENTIONED SMALL, TINY, CELLS FOR EXTENSIVE PERIODS OF TIME WITH NO REASONABLE ROOM TO MANUVER, EXERCISE, NO ADEQUATE TIME OUT OF CELL, AND OTHER, ARE COMPOUNDED BY THE CONDITIONS OF CONFINEMENT THAT ARE CIRCUMVENTED BY THE OVERCROWDING AND THE EFFECTS OF THE REGRESSING OPERATIONS OF MENARD CORRECTIONAL CENTER AND/OR ILLINOIS DEPARTMENT OF CORRECTIONS WHO WARHOUSES THE PLAINTIFFS' AND CLASS MEMBERS' AS OPPOSED TO OPERATING A FACILITY THAT IS MOVING TOWARD REFORMATION THAT EVOLVES WITH STANDARDS OF DECENCY OF A MATURING SOCIETY, WHERE THEY HAVE CREATED AN ENVIRONMENT THATS NOT JUST HAZARDOUS TO THE PLAINTIFFS' AND CLASS MEMBERS' HEALTH, AND SAFETY, IT IS CAUSING AND WILL CONTINUE TO CAUSE DETERIORATION TO THE PLAINTIFFS' AND CLASS MEMBERS' PHYSICAL AND PSYCHOLOGICAL WELL-BEING.

94. THE OVERCROWDING CONDITIONS OF MENARD AND/OR I.D.O.C. HAVE LED TO BREAKDOWNS IN THE CLASSIFICATION OF PRISONERS', NUTRITIONALLY IN ADEQUATE FOOD SERVICES, INADEQUATE MEDICAL AND MENTAL HEALTH CARE AND/OR TREATMENT, ALONG WITH THE DETERIORATING INFRASTRUCTURE. THERE ARE SEVERAL PROBLEMS WITHIN MENARD AND/OR OTHER FACILITIES IN I.D.O.C.'S PHYSICAL PLANT THAT WOULD COST MORE MONEY TO FIX THAN IT WOULD TO OPERATE MENARD AND/OR OTHER FACILITIES, WHERE THERE ARE EXTREME DEPRIVATIONS OF OUT OF CELL EXERCISE AND RECREATION TIME, AND DEFICIENCIES WITHIN MENARD AND/OR I.D.O.C.'S MEDICAL, MENTAL HEALTH, SECURITY, LEISURE TIME, SERVICES, SHELTER, SANITATION, FOOD SERVICES, ADMINISTRATIVE, AND ALL OF THE GENERAL FUNCTIONING SPHERES BECAUSE OF THE SEVERE LAZYNESS OF STAFF. LEADING TO THEIR INABILITY TO ADEQUATELY HOUSE, FACILITATE AND MAINTAIN SUFFICIENT SERVICES TO PLAINTIFFS' AND CLASS MEMBERS'.

95. MENARD CORRECTIONAL CENTERS ENTIRE PLUMBING, SEWAGE, VENTILATION, ELECTRICAL, HEATING AND COOLING SYSTEMS ARE BLATANTLY DEFICIENT, NOT WITHSTANDING THE DETERIORATING INTEGRITY OF MENARD'S AND/OR OTHER FACILITES PHYSICAL STRUCTURES AND THE HOUSING UNITS THEMSELVES, WHERE MENARD AND/OR I.D.O.C. IS OUT DATED AND IS ONLY SUFFICIENT FOR WAREHOUSING UNDER UNCONSTITUTIONAL CONDITIONS. THERE ARE NOT ENOUGH PROGRAM AREAS PER HOUSING UNIT OR PER PRISONER HOUSED WITHIN MENARD AND/OR I.D.O.C.. THERE ARE NO PROGRAMS IN COMPARISON TO MENARDS AND/OR I.D.O.C.'S POPULATION. THE PLAINTIFFS' AND CLASS MEMBERS' ARE DOUBLE CELLED, CROWDED TOGETHER FOR INCRESSANTLY LONG HOURS WITH LITLE TO NO OUT OF CELL ACTIVITIES, AND/OR STIMULATION. THESE SORDID AND DILAPIDATING CONDITIONS ARE EXPANDING ACROSS THE ENTIRE STATE OF ILLINOIS.

96. PLAINTIFFS' AND CLASS MEMBERS' SUFFER FROM CHRONIC DEPRESSION, PHYSICAL AND PSYCHO-EMOTIONAL INJURIES, VERY HIGH TEMPERATURES (EXCESSIVE HEAT) CAUSING EXTREME DISTRESS AND AGONY, INCREASED RISK OF VIOLENCE, SUICIDE, AN INNUMEROUS AMOUNT OF GENERAL HEALTH AND MENTAL HEALTH CONCERNS, BACK AND JOINT PAIN, MUSCLE

SORENESS, ANXIETY, STRESS, AND INTENSE AND UNBEARABLE HEADACHES, WHERE EVERYTHING IS EXACERBATED WITH CELLIES/PRISONERS WITH A LONG LIST OF PROBLEMS AND BAD HABITS, NO PRIVACY, TERRIBLE HYGIENE, AROMA OF FECES, MENTAL ILLNESSES, CRIMINAL AND/OR AGGRESSIVE BEHAVIOR, AND A COMPLETE LACK OF PERSONAL SPACE. THE OVER CROWDING HAS AND CONTINUES TO ONLY INTENSIFY THESE ISSUES/PROBLEMS. THE FORCEABLE SUBJECTION TO THE AFOREMENTIONED PROBLEMS AND/OR CONDITIONS IS ONLY EXTRANEOUS AND RESULTS IN THE UNNECESSARY PERSECUTION OF THE PLAINTIFFS' AND CLASS MEMBERS', WHERE THEIR INCARCERATION IS THE PUNISHMENT, THE EXTRA-JUDICIAL PUNISHMENT TO THE PLAINTIFFS' AND CLASS MEMBERS' IS UNCONSTITUTIONAL. THESE AFOREMENTIONED EVIL, ABUSIVE AND INIQUITIES ARE PART OF A OUT DATED SYSTEM THAT IS INTERNALLY REGULATED WITHOUT ANY TRANSPARENCY OR ACCOUNTABILITY. THE AFOREMENTIONED CONDITIONS ARE STIFLING TO THE PLAINTIFFS' AND CLASS MEMBERS' ABILITY AND CAPACITY TO FUNCTION AS A NORMAL PERSON.

97. THE AFOREMENTIONED CONDITIONS WITHIN THIS COMPLAINT CAN NOT BE REASONABLY RELATED OR ATTRIBUTED TO ANY LEGITIMATE PENOLOGICAL INTRESTS OR GOAL. THE ARBITRATINESS, PERVERSENESS AND PURPOSELESSNESS IN THE AFOREMENTIONED TREATMENT TO PLAINTIFFS' AND CLASS MEMBERS' IS EXCESSIVE AND UNJUSTIFIABLE. THE RIGOROUSLY HARSH, STRICT AND SEVERE TREATMENT THAT THE PLAINTIFFS' AND CLASS MEMBERS' ARE EXPOSED TO ARE OBVIOUS TO THE AFOREMENTIONED DEFENDANTS' AND TO ANYONE WHO WITNESS THIS DISPLAY OF INHUMANITY. AS A DIRECT EFFECT OF THESE HAZARDS HAVE CAUSED AND CONTINUE TO CAUSE THE PLAINTIFFS' AND CLASS MEMBERS' MENTAL AND PHYSICAL DEGENERATION, WHERE THIS EFFECT OF THE SUBSTANDARD CONDITIONS, AND THE OBVIOUSNESS OF THEM WILL INFORM THE AFOREMENTIONED (ALL) DEFENDANTS' AND/OR ANYONE WHO BEARS WITNESS TO THESE ATROCITIES.

98. AN ASSESSMENT OF THE AFOREMENTIONED INDIGNITIES IS MORE THAN ENOUGH FOR EVEN A LAY PERSON TO SEE THAT THESE CONDITIONES POSE AN UNREASONABLE RISK OF SERIOUS DAMAGE AND FUTURE DAMAGES TO THE PLAINTIFFS' AND CLASS MEMBERS' HEALTH AND SAFETY, WHERE ALL AFOREMENTIONED CONDITIONS WITHIN THIS COMPLAINT HAVE IN FACT BEEN PRESENTED TO THE AFOREMENTIONED DEFENDANTS', ALL DEFENDANTS, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S IN THE FORM OF GRIEVANCES AND PLAINTIFFS' AND CLASS MEMBERS' HAVE PERSONALY COMMUNICATED WITH DEFENDANTS' VERBALY AND/OR IN WRITING WITH REGARDS TO THE AFOREMENTIONED HARM THAT HAS BEEN CAUSED TO THE PLAINTIFFS' AND CLASS MEMBERS'. OTHER PRISONERS HAVE FILED SUIT ON DEFENDANTS, WHERE DEFENDANTS HAVE ALREADY BEEN SERVED THAT DEPICTS THE SAME FACTS OF THIS COMPLAINTS CLAIMS (SEE: TURLEY (v) REDNOUR, et al., #10-CV-789-MJR (S.D.ILL.); PYLES (v) GAETZ, et al., #13-CV-299-MJR (S.D.ILL.); TURLEY (v) HARRINGTON, et al., #13-CV-737-MJR (S.D.ILL.); STREET (v) BUTLER,et al., #14-CV-706-JPG (S.D.ILL.)).

99. ALL DEFENDANTS WITHIN THIS COMPLAINT ARE AWARE OF THE AFOREMENTIONED CONDITIONS THROUGHOUT THIS COMPLAINT, WHERE THE JOHN HOWARD ASSOCIATION A PRISON WATCH DOG GROUP HAS COVERED THE AFOREMENTIONED ISSUES WITHIN THEIR ANNUALLY REPORTS OF MENARD CORRECTIONAL CENTER. THESE REPORTS ARE OF INFORMATION THAT IS ALSO PROVIDED TO THE JOHN HOWARD ASSOCIATION BY DEFENDANTS AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S, WHERE IT IS ALSO PUBLIC INFORMATION. ALL OF THE DEFENDANTS WITHIN THIS COMPLAINT HAVE FAILED/REFUSED TO TAKE ANY KIND OF REASONABLE OR MINIMAL MEASURES TO ABATE OR AVERT THESE AFOREMENTIONED CONDITIONS, TREATMENT OR SAFETY/HARM, AND OTHER THAT IS A DIRECT RESULT OF THESE CONDITIONS. MENARD CORRECTIONAL CENTER'S PAST INDIFFERENCE IN DEPRIVING THE PLAINTIFFS' AND CLASS

MEMBERS' OF THEIR BASIC HUMAN NEEDS, SAFETY, SHELTER, AND OTHER DOES NOTHING TO AID OR ASSIST THEM IN DENOUNCING THEIR PERSISTENT, CONCIOUS, AND/OR IN CONSPIRACY DISREGARD. SIMPLY TREATING THE SYMPTOMS IS NOT ENOUGH, WHERE THE TYPE OF RELIEF DEMANDED BY PLAINTIFFS' AND CLASS MEMBERS' IS FOR THE ACTUAL CONDITIONS TO BE CORRECTED. THE PLAINTIFFS' AND CLASS MEMBERS' SEEK TO FIX THE CONDITIONS THAT HAVE CAUSED THE CONSTITUTIONAL DEPRIVATIONS IN THE FIRST PLACE AND NOT SIMPLY MASK THEM.

100. THE PLAINTIFFS' AND CLASS MEMBERS' SEEK TO HOLD THE AFOREMENTIONED DEFENDANTS ACCOUNTABLE FOR THE AFOREMENTIONED CONDITIONS AND UNCONSTITUITONAL DAILY OPERATIONS OF MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS. AND/OR OTHER, WHERE MENARD IS OUT DATED AND CONTINUES TO FURTHER REGRESS INTO THE DARK AGES AS A RESULT OF DEFENDANTS' LACK OF ACTION. THE PRE-EXISTING AND CONTINUED VIOLATIONS ONLY BECOME WORSE WITH THE ABSENCE OF APRROPRIATE PROGRAMS AND EXERCISE, NOT WITHSTANDING THE ABSENCE OF ANY KIND OF OUTLET FOR PLAINTIFFS' AND CLASS MEMBERS' TO DECOMPRESS FROM THE STRESS INDUCING ENVIRONMENT, AND LACK OF APPROPRIATE REHABILITATION PROGRAMS, AND/OR OTHER. THIS WILL ONLY LEAD MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR THE PLAINTIFFS' AND CLASS MEMBERS' INTO A CATASTROPHIC EVENT OF A CALAMITY THAT FAR OUTWEIGHS MENARDS AND/OR I.D.O.C.'S HISTORY. UNLESS IMPROVEMENTS OCCUR THIS TAUTOLOGICAL MESS WILL CONTINUE TO DECLINE.

101. THE PLAINTIFFS' AND CLASS MEMBERS' FURTHER ALLEGE THAT UNTIL ANY OF THE AFOREMENTIONED IS ADEQUATELY ADJUSTED AND IMPROVEMENTS OF AFOREMENTIONED CONDITIONS ARE MADE, THEY WILL REMAIN AS PART OF THE ONGOING AND ESCALATING VIOLATIONS. MENARD CORRECTIONAL CENTER'S AND THE ILLINOIS DEPARTMENT OF CORRECTIONS, STAFF, OFFICIALS, AND ADMINISTRATORS, AND OTHER JOHN AND JANE DOE'S ARE RESPONSIBLE FOR THE PLAINTIFFS' AND CLASS MEMBERS' CONDITIONS OF CONFINEMENT AND UNLESS THERE IS A IMPLEMENTED AND REMEDIAL PLAN THAT WILL TURN ALL OF THE UNCONSTITUTIONAL, AND IN VIOLATION OF THE STATE LAW OF ILLINOIS CELLS AT MENARD AND/OR WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS IS TURNED INTO THE SINGLE MAN CELLS THAT THEY WERE DESIGNED FOR, THEREBY REDUCING THE POPULATION TO A MANAGEABLE SIZE TO/THAT IMPROVES THE UNCONSTITUTIONAL CONDITIONS THAT WILL MEET THE CURRENT AND EVOLVING STANDARDS, MAKING, NECESSARY THE CHANGES THAT WILL STOP THE "WAREHOUSING" OF THE PLAINTIFFS' AND CLASS MEMBERS'. THESE CHANGES SHOULD PROVIDE MUCH NEEDED RELIEF FROM THE CONSTITUTIONAL VIOLATIONS WITHIN MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS, THE COURTS, AND TAX PAYERS WHO ALSO ULTIMATELY SUFFER AS A RESULTE OF THE AFOREMENTIONED ACTIONS OF (ALL) DEFENDANTS'. THESE CHANGES SHOULD/WILL PROVIDE THE MUCH NEEDED RELIEF FROM THE CONSTITUTIONAL VIOLATIONS AND WILL CREATE A HEALTHIER MORE PRODUCTIVE ENVIRONMENT FOR ALL ALIKE.

102. THE PLAINTIFFS' AND CLASS MEMBERS' ALSO ALLEGE THAT WITHIN THE 11-2 CHOW HALL WHEN SEVEN GALLORY IS RAN WITH ANOTHER GALLORY THERE IS NOT ENOUGH SEATING FORCING PLAINTIFFS' AND CLASS MEMBERS' TO EAT OFF OF THE FLOOR, FURTHERMORE AS A RESULT OF DEFENDANT'S, C. MAYER, EOVALD, HOPPENSTEDT AND OTHER DOE'S ACTIONS KNOWINGLY, CUT SEVEN GALLORIES (BENTZ'S) CHOW TIME TO FIVE (5) MINUTES AND THEN FORCING PLAINTIFFS' AND CLASS MEMBERS' TO STAND OUT IN THE EXTREEM COLD AND/OR RAIN FOR 10-15 MINUTES FOR REASONS NOT PENOLOGICALLY JUSTIFIED).

103. **SEE:** BERWANGER (v) COTTEY, 178 F.Ed 834 (7TH CIR. 1999) STATES THAT "A MAXIMUM POPULATION PROVISION IS A PRISONER RELEASE ORDER." AS SET FORTH IN 18 U.S.C. §§ 3626 (a)(3)(E)(i)-(ii), A RELEASE ORDER MUST BE SUPPORTED BY CLEAR AND CONVINCING EVIDENCE THAT "CROWDING IS THE PRIMARY CAUSE OF THE VIOLATION OF A FEDERAL RIGHT" AND NO OTHER RELIEF WILL REMEDY THE VIOLATION. **SEE:** 28 U.S.C. SECTION 2284; AND **COLEMAN (v) SCHWARZENNEGER,** 2009 WL 2430820 (E.D. CAL. 2009), APPEAL DISMISSED, 130 S.CT. 1140 (2010); **CFBROWN (v) PLATA,** 131 S.CT. 1910 (2011); **WELLMAN (v) FAULKNER,** 715 F.2d 269, 274 (7TH CIR. 1983) OVERCROWDING IN 100-YEAR-OLD FACILITY COMBINED WITH LIMITED RECREATION TIME, LONG IN-CELL TIME, AND INADEQUATE MEDICAL CARE.

fn#5: later identified defendants: john baldwin, todd brooks, anthony williams, jeff hutchinson, i.d.o.c., menard correctional center, wexford, and unidentified john and jane doe's, et al., *BRUCE RAUNER, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS.* .

## CLAIM # 6

104. THIS CLAIM REGARDS THE MENARD CORRECTIONAL CENTERS MENTAL HEALTH DEPARTMENTS BEING INADEQUATELY STAFFED, WHERE MENARD IS ILL-EQUIPPED TO HOUSE PLAINTIFFS' AND/OR CLASS MEMBERS' WHO SUFFER FROM MENTAL ILLNESSES. THE MENTAL HEALTH PROFESSIONALS, DEFENDANTS. CREASON, BAIG, GREATHOUSE, WHITESIDE, HILLERMAN, DELONG, KEWALKOWSK, WALLS, WEXFORD, AND UNIDENTIFIED JOHN AND JANE DOES, et al., I.O.C.C., MENARD, HAVE ACTED WITH DELIBERATE INDIFFERENCE TO THE PLAINTIFFS' AND/OR CLASS MEMBERS' HEALTH AND SAFETY WHEN THEY HAVE PERSONAL KNOWLEDGE AND ARE AWARE OF THE SMALL, TINY CELL SIZE. THE PLAINTIFFS' AND CLASS MEMBERS' ARE CONFINED WITHIN THESE SMALL TINY CELLS FOR UNREASONABLY LONG PERIODS OF TIME, AND THAT THE CELL SIZES (EXHIBITS #4,5,6,7,8,9) ARE INAPPROPRIATE TO HOUSE MENTALLY ILL PLAINTIFFS' AND/OR CLASS MEMBERS' AND EXACERBATING THE SYMPTOMS OF MENTAL ILLNESS, MENARD IS IN FACT A STRESS AND TENSION INDUCING ENVIRONMENT THAT HAS CAUSED AND CONTINUES TO CAUSE PLAINTIFFS' AND/OR CLASS MEMBERS' OF CONSTANT RELENTLESS, MENTAL AND EMOTIONAL INSTABILITY WITH PHYSICAL AND EMOTIONAL INJURIES UPON THE HUMAN BODY FROM THE INCESSANT ISOLATION WITHOUT ANY PHYSICAL EXERCISE AS DESCRIBED WITHIN CLAIM #1 OF THIS COMPLAINT, AND WITHOUT ANY MEANS TO MENTALLY DECOMPRESS AND WITH A COMPLETE LACK OF MEANINGFUL STIMULATION OR INTERACTION.

105. PLAINTIFFS' AND/OR CLASS MEMBERS' ALLEGE THAT THE AFOREMENTIONED DEFENDANTS' HAVE KNOWLEDGE OF THE AFOREMENTIONED EFFECTS CAUSED TO THE EXTENSIVE LENGTHY CONFINEMENT WITHIN THE SMALL, TINY CELLS, WHERE THE AFOREMENTIONED DEFENDANTS' HAVE FAILED TO REPORT THE ABUSIVE CONDITIONS OF CONFINEMENT WHERE THEY (DEFENDANTS') IGNORED AND NEVER REPORTED THE HUMAN RIGHTS VIOLATIONS THAT DEFENDANTS' HAVE OBSERVED COUNTLESS TIMES AND NEVER ACTED TO PUT A END TO THESE VIOLATIONS, AND DUE TO THE AFOREMENTIONED DEFENDANTS' WITNESSING THESE KNOWN UNCONSTITUTIONAL ABUSIVE CONDITIONS AND "TURNING A BLIND EYE" IN ACQUIESENCE TO THE MENARD CORRECTIONAL CENTER'S AND/OR ILLINOIS DEPARTMENT OF CORRECTIONS STAFF, EMPLOYEES, ADMINISTRATION, OFFICIALS, AND OTHERS OF THE EGREGIOUS HOUSING AND LOCKDOWN PRACTICES LEAVING THE PLAINTIFFS' AND CLASS MEMBERS' TO SIMPLY SUFFER.

106. THE AFOREMENTIONED DEFENDANTS' ARE CAPABLE OF REPORTING AND PROVIDING THEIR PROFESSIONAL RECOMMENDATIONS REGARDING THESE UNCONSTITUTIONAL, ABUSIVE, MISTREATMENT AND TORTURE OF THE PLAINTIFFS' AND CLASS MEMBERS'. THE AFOREMENTIONED DEFENDANTS EITHIER IN FEAR, IN THEIR DIRECT INVOLVMENT, AND/OR OTHER WITH THE OTHER DEFENDANTS' ABSOLUTELY REFUSED TO REPORT ALL OR ANY OF THE WRONG DOING THAT THEY BEAR WITNESS TO, IN EFFECT THEY HAVE BECOME A THIRD PARTY PARTICIPANTS.

## CLAIM # 7

107. THIS CLAIM REGARDS THE USE OF LEGITIMATE SECURITY MEASURES IN A MANNER TO HARASS; CONFISCATION OF THE PLAINTIFFS' AND CLASS MEMBERS' UNASSIGNED STATE PAY DEPRIVING THEM OF THEIR DUE PROCESS, BANGING ON CELL BARS, AND OTHER AS DESCTIBED WITHIN THIS COMPLAINT, IN CONSPIRACY TO PUNISH, HARASS, RETALIATE, AND OTHER AGAINST THE PLAINTIFFS' AND CLASS MEMBERS'IN BAD FAITH AND FOR NO LEGITIMATE PENOLOGICALLY JUSTIFIABLE REASON (TO INCLUDE LOCKDOWNS) BY DEFENDANTS' SALVADORE GODINEZ, STOLWORTHY, GLADYSE C. TAYLOR, MICHAEL P. RANDLE, TY BATES, HENERY BAYER, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, BRAD THOMAS, TONY FERRANTO, KEVIN HIRSCH, RICHARD PAUTLER, JAMES R. BROWN, JOSEPH COWAN, DUNN, CHAD E. HASEMEYER, JACQUELINE A. LASHBROOK, DOUG LYERLA, RICHARD MOORE, PAUL OLSON, WILLIAM REES, BRIAN THOMAS, JAY ZIEGLER, ROBERT M. DILDAY, WESTFALL, JAMES BEST, ROBERT HUGHS. C. MAYER, KENT BROOKMAN, MICHAEL MONJE, SAMULES, TOURVILLE, DUNN, EOVALDI, RAYMOND ALLEN, WILLIAM QUALLS, JAMES A. HOPPENSTEDT, ROGER A. SHURTZ, WILLS, HARRIS, AND/OR THE A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, AND OTHER JON AND JANE DOE'S.(see: fn#6)

108. THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD CORRECTIONAL CENTER CELL HOUSE'S CELL BARS ARE MADE WITH TEMPERED STEEL MAKING IT IMPOSSIBLE FOR AN INMATE TO CUT THROUGH THE BARS WITH ANYTHING THAT THE INMATES CAN HAVE AND/OR OBTAIN.

109. THE PLAINTIFFS' AND CLASS MEMBERS'ALSO ALLEGE THAT PRISON OFFICIALS STARTED BANGING ON THE CELL BARS WHEN THEY ALLEGEDLY RECEIVED INFORMATION THAT ONE OR MORE INMATES WERE ALEGEDLY PLANING TO ESCAPE BY CUTTING THROUGH THE CELL BARS WHERE THIS PRACTICE OF BANGING ON THE BARS WAS A RESPONSE TO AN ALLEGEDLY LEGITIMATE SECURITY NEED DISPITE THE FACT THAT TO DO SO AN INMATE WOULD HAVE TO CUT THROUGH OVER TWO DOZEN, HALF INCH TO ONE INCH TEMPERED STEEL BARS AT THE VERY LEAST IN ORDER TO GO ANYWERE WITH NO KIND OF MATERIAL TO EVEN PENETRATE THE SAID STEEL TEMPERED BARS LET ALONE TO CUT THROUGH THEM (ONE), OR TWO  TO JUST EVEN GET OUT OF THE INMATES CELL.

110. THE PLAINTIFFS' AND CLASS MEMBERS' FURTHER ALLEGE THAT THE AFOREMENTIONED DEFENDANTS USE THE AFOREMENTIONED BANGING ON BARS FOR ALLEGED SECURITY MEASURES TO HARASS THE PLAINTIFFS' AND CLASS MEMBERS'WHEN THE AFOREMENTIONED DEFENDANTS ALLEGEDLY TEST THE BARS BY BANGING ON ONLY A COUPLE ROWS OF THE BARS REPEATEDLY SEVERAL TIMES WHILE PLAINTIFFS' AND CLASS MEMBERS' ARE ASLEEP WITHIN THEIR CELLS BETWEEN 7am AND 8am,AND AT 3pm TO 4pm., WHERE THIS BANGING ON THE BARS IS HEARD LOUD AND CLEAR THROUGHOUT THE CELL HOUSE FOR ALMOST ONE HOUR CAUSING PLAINTIFFS'AND CLASS MEMBERS'TO BE SLEEP DEPRIVED (i.e. AWOKEN AT 11pm. FOR COUNT, AGAIN AT 3am. FOR HEALTH CARE PASSES AND/OR MEDICAL STAFF PASSING OUT MEDICATION, 4am. PASSING OUT HARD TRAYS FOR BREAKFAST, 5am. PICKING UP HARD TRAYS WHERE INMATES HAS TO STAY UP TO GIVE 2ND TRAY TO WORKER, 5:30am. PICKING UP TRASH, AND 7am. TO 8am. BANGING ON BARS).

Case 3:17-cv-00315-MJR   Document 99   Filed 04/10/17   Page 33 of 51   Page ID #841

111. FURTHERMORE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT THE PRACTICE AND/OR PROCEDURES OF BANGING ON THE CELL BARS BY AFOREMENTIONED DEFENDANTS IS AN ALLEGED SECURITY MEASURE NOT PENOLOGICALLY JUSTIFIED USED TO HARASS PLAINTIFFS' AND CLASS MEMBERS' WHEN THE DEFENDANTS ORDER/TEST THE CELL BARS BY BANGING ON SAID BARS WHEN PLAINTIFFS' AND CLASS MEMBERS ARE WITHIN THEIR SMALL TINY CELLS, WHERE THE AFOREMENTIONED DEFENDANTS CAN INSTRUCT/TEST CELL BARS ON A DAILY BASIS WHEN THE INMATES/PLAINTIFFS' AND CLASS MEMBERS' ARE OUTSIDE OF THEIR CELLS (i.e. ON YARD, AT THE CHOW HALL) THEREFORE NOT WAKING/HARASSING THE PLAINTIFFS' AND CLASS MEMBERS'.

112. THIS PART OF CLAIM SEVEN (7) REGARDS THE USE OF LEGITIMATE SECURITY MEASURES IN A MANNER TO HARASS; CONFISCATION OF THE PLAINTIFFS' AND CLASS MEMBERS' UNASIGNED STATE PAY DEPRIVING THEM OF THEIR DUE PROCESS, AND OTHER AS DESCRIBED WITHIN THIS COMPLAINT, IN CONSPIRACY TO PUNISH, HARASS, RETALIATE, AND OTHER AGAINST THE PLAINTIFFS' AND CLASS MEMBERS' IN BAD FAITH AND FOR REASONS NOT PENOLOGICALLY JUSTIFIED BY THE USE OF UNJUSTIFIABLE LOCKDOWNS, OR SEGREGATION (i.e. ABOVE AND BEYOND THE RECOMENDATIONS OF THE ADJUSTMENT COMMITTEE'S SANCTIONS, BY INCREASING THEIR SANCTIONS TO CONFISCATE UNASIGNED STATE PAY BEYOND THEIR POWER OR ATHORITY PER. THE DUE PROCESS SAFE GAURDS SET FOURTH IN THE 504 PROCEDURES) BY THE AFOREMENTIONED DEFENDANTS AS DESCRIBED WITHIN PH #107 OF THIS CLAIM/COMPLAINT.

113. THE AFOREMENTIONED DEFENDANTS KNOWINGLY, IN CONSPIRACY USE THE LOCKDOWN POLICIES TO PUNISH, RETALIATE, HARASS, AND OTHER AGAINST THE PLAINTIFFS' AND CLASS MEMBERS' IN BAD FAITH WITHOUT GIVING NOTICE OF THE ILLEGAL CONFISCATION OF THEIR UNASIGHNED STATE PAY OF $10.00 PER. MONTH WITHOUT EVEN A WRITTEN NOTICE OF THE REASON AND/OR CONFISCATION OF SAID UNASIGNED MONTHLY STATE PAY.

114. THE PLAINTIFFS' AND CLASS MEMBERS' ARE NEVER NOTIFIED IN WRITTING OR OTHER OF THE CONFISCATION OF THEIR UNASIGNED $10.00 PER. MONTH STATE PAY BY THE AFOREMENTIONED DEFENDANTS, DENYING PLAINTIFFS' AND CLASS MEMBERS' OF ANY POST-DEPRIVATION REMEDIES AND/OR OF THEIR ABILITY TO FILE A TIMELY GRIEVANCE FROM THE DATE OF INCIDENT. DENYING THEM OF THEIR DUE PROCESS.

115. THE PLAINTIFFS' AND CLASS MEMBERS' FURTHER ALLEGE THAT WHILE ON LOCKDOWNS AND/OR WITHIN SEGREGATION AND THE ILLEGAL CONFISCATION OF UNASIGNED STATE PAY OF $10.00 PER MONTH DENIES PLAINTIFFS' AND CLASS MEMBERS' WHO ARE INFACT INDIGENT AND LIVE OFF OF THEIR STATE PAY OF $10.00 PER MONTH FROM THEIR FIRST AMENDMENT RIGHT AND/OR EIGHTH AMENDMENT TO CORRESPOND WITH THEIR ATTORNEYS, COURTS, FAMILIES AND OTHER, BY NOT GIVING THEM THEIR UNASIGNED STATE MONTHLY PAY OF $10.00 TO PURCHUSE WRITING SUPLIES, PENS, PAPER, STAMPS (WRITEOUTS) TO DO SO WITH, OR BY PROVIDING THE PLAINTIFFS' AND CLASS MEMBERS' WITH SAID AFOREMENTIONED IDEMS.

Case 3:17-cv-00315-MJR   Document 99   Filed 04/10/17   Page 34 of 51   Page ID #842

116.  THE FIRST AMENDMENT PROHIBITS THE GOVERMENT/DEFENDANTS FROM "ABRIDGING THE FREEDOM OF SPEACH, OR OF THE PRESS".

117.  THE PLAINTIFFS' AND CLASS MEMBERS' UNASIGNED MONTHLY $10.00 STATE PAY IS IN FACT A PROPERTY INTREST, WHERE THE PROPERTY INTRESTS "ARE CREATED AND THEIR DIMENSIONS ARE DEFINED BY EXISTING RULES OR UNDERSTANDINGS THAT STEM FROM AN INDEPENDENT SOURCE SUCH AS STATE LAW RULES OR UNDERSTANDINGS THAT SECURE CERTAIN BENEFITS AND THAT SUPPORT CLAIMS OF ENTITLEMENT TO THOSE BENEFITS." **Bd. OF STATE COLL. (v) ROTH,** 408 U.S. 564, 577 (1972).

118.  DEPRIVATION OF PROPERTY (i.e. UNASIGNED STATE PAY OF $10.00 PER MONTH) WITHOUT DUE PROCESS OF LAW VIOLATES THE FOURTEENTH AMENDMENT, EVEN WHERE IT IS NOT A STATE POLICY TO PROVIDE A HEARING OR WRITTEN NOTICE, BUT IT IS THE PURPOSE OF THE CONSTITUTIONAL RIGHT TO A HEARING TO PROVIDE AN OPPORTUNITY FOR PLAINTIFFS' AND CLASS MEMBERS' TO ADEQUATELY VINDICATE THIS CLAIMS, AND THEIR PROPERTY.

119.  THE PLAINTIFFS' AND CLASS MEMBERS' HAVE RECEIVED, CONSTRUCTIVELY OR ACTUALLY, NO NOTIFICATION OF CONFISCATION AND/OR NO "HEARING TO PROVIDE AN OPPORTUNITY FOR [THEM] TO VINDICATE THOSE CLAIMS, "OF CONFISCATION OF UNASIGNED STATE PAY. THIS IS AN OBVIOUS VIOLATION OF THE PLAINTIFFS' AND CLASS MEMBERS' FOURTEENTH AMENDMENT DUE PROCESS RIGHTS AS WELL AS THE DUE PROCESS SAFE GARDS SET FOURTH BY THE DEPARTMENT OF CORRECTIONS OF ILLINOIS.

120.  THE PLAINTIFFS' AND CLASS MEMBERS' ARE ENTITLED TO COMPENSATION WHEN THEIR UNASIGNED MONTHLY $10.00 STATE PAY IS WRONGFULLY WITHHELD, BY MEANS OF USING SECURITY MEASURES TO HARASS, RETALIATE, PUNISH AND OTHER TO CONFINSCATE SAID PAY WHILE ACTING IN CONSPIRICY TO DO SO FOR REASONS NOT PENOLCGICALLY JUSTIFIED.

121.  THE PERSONS NAMED IN THIS CLAIM ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

Fn#6: later identified defendants: john baldwin, todd brooks, anthony williams, jeff hutchinson, eovaldi, robert hughs, raymond allen, michael monjie, james best, lt. mc. whitly, clint mayer, kent brookman, michael samuel, torville, willism qualls, james hoppensted, lt. fricky, i.d.o.c., menard correctional center, wexford, and unidentified john and jane doe's, et al.,, BRUCE RAUNER, A.F.C.S, ME, UMON LOCAL 1175 COUNSEL 31 MEMBERS, HILL, PHONIX, J. COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, OAKLEY, L. CARTER, M. BOLHANTIN, K. PIERCE, S. BENTON, ANDERSON, S. JOHNSON, KARUSE, J. WHITLEY, JAMIE WELBORN, HURST, RAKERS, McNEW, M. PRANGE, BRINKLEY, SIMPSON, OBUCINA, FISCHER, CARLA DRAVES, SGT. McCLURE, SGT. GRAW.

34

CLAIM # 8

122. THIS CLAIM REGARDES THE SUPPERVISORY LIABILITY OF DEFENDANTS, DONALD STOLWORTHY, SALVADORE GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, TY BATES, HENERY BAYER, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, JAMES BROWN, JOSEPH COWAN, CHAD HASEMEYER, JACQUELINE LASHBROOK, DOUG LYERLA, RICHARD MOORE, DUNN, PAUL OLSON, WILLIAM REES, BRIAN THOMAS, JAY ZIEGLER, ROBERT DILDAY, WESTFALL, JAMES BEST, ROBERT HUGHES, C. MAYER, ECVALDI, KENT BROOKMAN, MICHAEL MONJE, SAMULES, TOURVILLE, RAYMOND ALLEN, WILLIAM QUALLS, HARRIS, JAMES HOPPENSTEDT, ROGER SHURTZ, WILLS, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S FOR THEIR FAILURE TO ACT WHEN THEY HAD PERSONAL KNOWLEDGE, AND PERSONAL INVOLVEMENT OF THE PLAINTIFFS' AND CLASS MEMBERS' UNCONSTITUTIONAL CONDITIONES OF CONFINEMENT, AND THE POWER TO CORRECT THE UNCONSTITUTIONAL CONDITIONES AND FAILED TO TAKE ANY ACTION TO REMEDY THE CONDITIONS AS DESCRIBED THROUGHOUT THIS COMPLAINT IN ANY WAY AT ALL TO INCLUDE WITHIN THIS CLAIM.(see: fn#7)

123. THE DEFENDANTS' SALVADORE GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, DONALD STOLWORTHY, TY BATES AND HENERY ARE/WERE DIRECTORS AND/OR DEPUTY DIRECTORS OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, WHO IN FACT HAD PERSONAL KNOWLEDGE, INVOLVEMENT THAT PLAINTIFFS' AND CLASS MEMBERS' WERE BEING, DEPRIVED OF EXERCISE FOR EXTENDED PERIODS OF TIME FOR ALLEGED INSTITUTIONAL LOCKDOWNS, SUBJECTED THEM TO UNCONSTITUTIONAL INADEQUATE SMALL, TINY PRISON CELLS 24 HOURS A DAY SEVEN DAYS A WEEK WHILE ON LOCKDOWN WITHIN THE SMALL, TINY CELLS DESIGNED FOR ONE MAN AND USED TO HOUSE TWO MEN, CONSPIRING TO VIOLATE THEIR EIGHTH AMENDMENT AND DUE PROCESS DEPRIVATIONS (SEE: CLAIM #3), UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4, AND THAT MENARD CORRECTIONAL CENTER AND/OR ILLINOIS DEPARTMENT OF CORRECTIONS IS IN ADEQUATELY STAFFED AND ILL-EQUIPPED TO HOUSE INMATES WHO SUFFER FROM MENTAL ILLNESSES, AND THAT MENARD AND I.D.O.C. IS OVERCROWDED AND SUFFERS THE CONDITIONS OF THE LACK OF ADEQUATE SHELTER, FOOD, PROTECTION, EDUCATION, WORK, REHABILITATION, VIOLENCE, AND OTHER ISSUES LIKE FOOD SERVICE, MEDICAL CARE, LOCK IN TIME, DEFICIENCIES IN CELL HOUSE PLUMBING, VENTILATION, ELECTRICAL, AND OTHER, AND THAT SECURITY MEASURES ARE BEING USED TO HARASS INMATES (i.e. BANGING ON CELL DOORS/BARS, ILLEGAL CONFISCATION OF UNASIGNED STATE PAY, LOCKDOWNS, WAKING INMATES AT 3a.m. FOR HEALTHCARE FOR NO REASON AT ALL, ECT...) AS DESCRIBED WITHIN THIS COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS' HAVE THE POWER AND AUTHORITY TO CORRECT THE AFOREMENTIONED ISSUES AND FAILED TO TAKE ACTION TO REMEDY THE AFOREMENTIONED CONDITIONS/ISSUES.(see: fn#8)

124. THE DEFENDANTS' KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, AND UNIDENTIFIED JOHN AND JANE DOE'S ARE/WERE WARDENS AND/OR ASSISTANT WARDENS AT MENARD CORRECTIONAL CENTER AND/OR WITHIN THE I.D.O.C., WHO IN FACT HAD PERSONAL KNOWLEDGE AND INVOLVEMENT THAT PLAINTIFFS' AND CLASS MEMBERS' WERE/ARE BEING, DEPRIVED OF EXERCISE FOR EXTENDED PERIODS OF TIME FOR ALLEGED INSTITUTIONAL LOCKDOWNS OR FOR NO REASON AT ALL, SUBJECTED THEM TO UNCONSTITUTIONALY INADEQUATE SMALL, TINY PRISON CELLS 24 HOURS A DAY SEVEN DAYS A WEEK WHILE ON LOCKDOWN WITHIN THE SMALL, TINY CELLS DESIGNED FOR ONE

35

MAN AND USED TO HOUSE TWO MEN, CONSPIRING TO VIOLATE THEIR EIGHTH AMENDMENT AND DUE PROCESS DEPRIVATIONS (SEE: CLAIM #3), UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4, AND THAT MENARD CORRECTIONAL CENTER AND/OR I.D.O.C. IS INADEQUATELY STAFFED AND ILL-EQUIPPED TO HOUSE INMATES WHO SUFFER FROM MENTAL ILLNESSES, AND THAT MENARD AND/OR I.D.O.C. IS OVER CROWDED AND SUFFERS THE CONDITIONS OF THE LACK OF ADEQUATE SHELTER, FOOD, PROTECTION, EDUCATION, WORK, REHABILITATION, VIOLENCE AND OTHER ISSUES LIKE, FOOD SERVICE, MEDICAL CARE, LOCK IN TIME, DEFICIENCIES IN CELL HOUSE PLUMBING, VENTILATION, ELECTRICAL, AND OTHER ISSUES, AND THAT SECURITY MEASURES ARE BEING USED TO HARASS INMATES (i.e. BANGING ON CELL BARS, ILLEGAL CONFISCATION OF UNASIGNED STATE PAY, WAKING INMATES UP AT 3AM. FOR HEALTHCARE PASSES FOR NO REASON AT ALL, ECT...) AS DESCRIBED WITHIN THIS COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS' HAVE THE POWER AND AUTHORITY TO CORRECT THE AFOREMENTIONED ISSUES AND FAILED TO TAKE ACTION TO REMEDY THE AFOREMENTIONED CONDITIONS/ISSUES.(see: fn#9)

125. THE DEFENDANTS' JAMES BROWN, JOSEPH COWAN, CHAD HASEMEYER, JACQUELINE LASHBROOK, DOUG LYERLA, RICHARD MOORE, PAUL OLSON, WILLIAM REES, BRIAN THOMAS, DUNN, JAY ZIEGLER, ROBERT DILDAY, WESTFALL, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S ARE SHIFT SUPERVISORES AT MENARD CORRECTIONAL CENTER AND/OR WITHIN I.D.O.C. WHO IN FACT HAD PERSONAL KNOWLEDGE, INVOLVEMENT THAT THE PLAINTIFFS' AND CLASS MEMBERS' WERE/ARE BEING, DEPRIVED OF EXERCISE FOR EXTENDED PERIODS OF TIME FOR ALLEGED INSTITUTIONAL LOCKDOWNS, OR NO REASON AT ALL, SUBJECTED THEM TO UNCONSTITUTIONAL INADEQUATE SMALL, TINY PRISON CELLS 24 HOURS A DAY SEVEN DAYS A WEEK WHILE ON LOCKDOWN WITHIN THE SMALL, TINY CELLS DESIGNED FOR ONE MAN AND USED TO HOUSE TWO MEN, CONSPIRING TO VIOLATE THEIR EIGHTH AMENDMENT AND DUE PROCESS DEPRIVATIONS (SEE: CLAIM #3), UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4, AND THAT MENARD AND/OR I.D.O.C. IS INADEQUATELY STAFFED AND ILL-EQUIPPED TO HOUSE INMATES WHO SUFFER FROM MENTAL ILLNESSES, AND THAT MENARD AND I.D.O.C. SUFFER THE CONDITIONS OF THE LACK OF ADEQUATE SHELTER, FOOD, PROTECTION, EDUCATION, WORK, REHABILITATION, VIOLENCE AND OTHER ISSUES LIKE FOOD SERVICE, MEDICAL CARE, LOCK IN TIME, DEFICIENCIES IN CELL HOUSE PLUMBING, VENTILATION, ELECTRICAL, AND OTHER ISSUES, AND THAT SECURITY MEASURES ARE BEING USED TO HARASS INMATES (i.e. BANGING ON CELL BARS, ILLEGAL CONFISCATION OF UNASSIGNED STATE PAY, WAKING INMATES AT 3a.m. FOR NO REASON AT ALL, ECT...) AS DESCRIBED WITHIN THIS COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS' HAVE THE POWER AND AUTHORITY TO CORRECT THE AFOREMENTIONED ISSUES AND FAILED TO TAKE ACTION TO REMEDY THE AFOREMENTIONED CONDITIONES AS DESCRIBED WITHIN THIS COMPLAINT. (see: fn#10)

126. THE DEFENDANTS' JAMES BEST, ROBERT HUGHES, C. MAYER, EOVALDI, KENT BROOKMAN, MICHAEL MONJE, SAMULES, TOURVILLE, RAYMOND ALLEN, AND UNIDENTIFIED JOHN AND JANE DOE'S, ARE CELL HOUSE SUPERVISORS AT MENARD CORRECTIONAL CENTER AND/OR WITHIN I.D.O.C., WHO IN FACT HAD PERSONAL, FIRST HAND KNOWLEDGE, INVOLVEMENT THAT THE PLAINTIFFS' AND CLASS MEMBERS' WERE/ARE BEING SUBJECTED TO THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4 OF THIS COMPLAINT, AND THAT MENARD AND/OR I.D.O.C. IS INADEQUATELY STAFFED AND ILL-EQUIPPED TO HOUSE INMATES WHO SUFFER FROM MENTAL ILLNESSES, AND THAT MENARD AND I.D.O.C. SUFFERS THE CONDITIONS OF THE LACK OF ADEQUATE SHELTER, FOOD, PROTECTION, EDUCATION, WORK, REHABILITATION, VIOLENCE AND OTHER ISSUES LIKE FOOD SERVICE, MEDICAL CARE, LOCK IN TIME, DEFICIENCIES IN CELL HOUSING PLUMBING, VENTILATION,

36

ELECTRICAL, AND OTHER ISSUES, AND THAT SECURITY MEASURES ARE BEING USED TO HARASS INMATES (i.e. BANGING ON BARS, ILLEGAL CONFISCATION OF UNASSIGNED STATE PAY) AS DESCRIBED WITHIN THIS COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS HAVE THE POWER AND AUTHORITY TO CORRECT THE AFOREMENTIONED ISSUES AND FAILED TO TAKE ACTION TO REMEDY THE AFOREMENTIONED CONDITIONS AS DESCRIBED WITHIN THIS COMPLAINT. (see: Fn#11)

127. THE DEFENDANTS JAMES HOPPENSTEDT, ROGER SHURTZ, WILLIAM QUALLS, HARRIS, WILLS, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S ARE CELL HOUSE INMATE SUPERVISORS AT MENARD CORRECTIONAL CENTER,AND/OR I.D.O.C., WHO IN FACT HAD PERSONAL, FIRST HAND KNOWLEDGE, INVOLVEMENT THAT PLAINTIFFS' AND CLASS MEMBERS' WERE/ARE BEING SUBJECTED TO THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4 OF THIS COMPLAINT, AND THAT MENARD AND/OR I.D.O.C. SUFFERS THE CONDITIONS OF THE LACK OF ADEQUATE SHELTER, FOOD, PROTECTION, EDUCATION, WORK, REHABILITATION, VIOLENCE, AND OTHER ISSUES LIKE, FOOD SERVICE, MEDICAL CARE, LOCK IN TIME, DEFICIENCIES IN CELL HOUSE PLUMBING, VENTILATION, ELECTRICAL, AND OTHER ISSUES, AND THAT SECURITY MEASURES ARE BEING USED TO HARASS INMATES (i.e. BANGING ON CELL BARS, ILLEGAL CONFISCATION OF UNASSIGNED STATE PAY, WAKING INMATES AT 3 a.m. FOR HEALTHCARE FOR NO REASON AT ALL, ECT...) AS DESCRIBED WITHIN THIS COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS HAVE THE POWER AND AUTHORITY TO CORRECT THE AFOREMENTIONED ISSUES AND FAILED TO TAKE ACTION TO REMEDY THE AFOREMENTIONED CONDITIONS AS DESCRIBED WITHIN THIS COMPLAINT. (s⁰e: Fn#12)

128. THE DEFENDANTS, SALVADORE GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, DONALD STOLWORTHY, TY BATES, HENERY BAYER, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, JAMES BROWN, JOSEPH COWAN, CHAD HASEMEYER, JACQUELINE LASHBROOK, DOUG LYERLA, RICHARD MOORE, PAUL OLSON, WILLIAM REES, BRIAN THOMAS, DUNN, JAY ZIEGLER, ROBERT DILDAY, WESTFALL, JAMES BEST, ROBERT HUGHES, C. MAYER, EOVALDI, WILLS, KENT BROOKMAN, MICHAEL MONJE, SAMULES, TOURVILLE, RAYMOND ALLEN, WILLIAM QUALLS, HARRIS, JAMES HOPPENSTEDT, ROGER SHURTZ, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S ARE ALL SUPERVISORS WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR AT MENARD CORRECTIONAL CENTER, WHO IN FACT HAD/HAVE PERSONAL KNOWLEDGE, INVOLVEMENT, FACILITATED, CONSPIRED, AND CONDONED THE USE OF SECURITY MEASURES TO HARASS PLAINTIFFS' AND CLASS MEMBERS' BY THE AFOREMENTIONED BANGING ON CELL BARS WHILE PLAINTIFFS' AND CLASS MEMBERS' ARE ASLEEP AND/OR WAKING INMATES AT 3am, FOR HEALTHCARE FOR NO REASON AT ALL, AND OTHER ISSUES AS THE SMALL, TINY CELLS, AND THE ILLEGAL CONFISCATION OF PLAINTIFFS' AND CLASS MEMBERS' UNASSIGNED MONTHLY STATE PAY ($10.00 PER. MONTH) WITHOUT DUE PROCESS OF LAW, AND THE USE OF LOCKDOWNS AND/OR SEGREGATION SECURITY MEASURES TO DO SO FOR NO PENOLOGICALLY JUSTIFIABLE REASON, WHERE AFOREMENTIONED DEFENDANTS' FAILED TO TAKE ACTION TO REMEDY THE UNLAWFULL TAKING OF PLAINTIFFS' AND CLASS MEMBERS' UNASSIGNED STATE PAY, AND THE UNJUSTIFIABLE USE OF LOCKDOWNS FOR REASONS NOT PENOLOGICALLY JUSTIFIED, AS DESCRIBED WITHIN THIS COMPLAINT AND DID KNOWINGLY IN BAD FAITH EXHIBIT DELIBERATE INDIFFERENCE TO THE PLAINTIFFS' AND CLASS MEMBERS' WHEN THEY FAILED TO ACT ON INFORMATION AND/OR KNOWLEDGE THAT THE PLAINTIFFS' AND CLASS MEMBERS' WERE BEING HARASSED WITH THE AFOREMENTIONED SECURITY MEASURES AND UNASIGNED STATE PAY CONFISCATION AS DESCRIBED WITHIN THIS COMPLAINT. (see: Fn#13)

129. THE AFOREMENTIONED DEFENDANTS WITHIN THIS CLAIM DID KNOWNINGLY, IN BAD FAITH, IN CONSPIRACY, AND OTHER ISSUES, DID EXHIBIT DELIBERATE INDIFFERENCE TO THE PLAINTIFFS' AND CLASS MEMBERS' WHEN THEY FAILED TO TAKE ACTION TO REMEDY THE KNOWN AFOREMENTIONED ISSUES WITHIN THIS CLAIM AND/OR COMPLAINT.

130. THE AFOREMENTIONED DEFENDANTS WITHIN THIS CLAIM/ACTION ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPPERATIONS OF PRISON.

FN #7: LATER IDENTIFIED DEFENDANTS: JOHN BALDWIN, TODD BROOKS, ANTHONY WILLIAMS, JEFF HUCHINSON, EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, MICHAEL MONJIE, JAMES BEST, LT. MR. WHITLEY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, QUALLS, HOPPENSTED, LT. FRICKY, I.D.O.C., MENARD CORRECTIONAL CENTER, WEXFORD, UNIDENTIFIED JOHN AND JANE DOE'S, et al., BRUCE RAUNER, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, KARUSE.

FN #8: LATER IDENTIFIED DEFENDANTS: JOHN BALDWIN, BRUCE RAUNER, UNIDENTIFIED JOHN AND JANE DOE'S, et al.,

FN #9: LATER IDENTIFIED DEFENDANTS: TODD BROOKS, ANTHONY WILLIAMS, JEFF HUCHINSON, UNIDENTIFIED JOHN AND JANE DOE'S, et al.,

FN #10: LATER IDENTIFIED DEFENDANTS: EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, MICHAEL MONJIE, UNIDENTIFIED JOHN AND JANE DOE'S, et al.,

FN #11: LATER IDENTIFIED DEFENDANTS: EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, MICHAEL MONJIE, JAMES BEST, LT. MR. WHITLEY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES HOPPENSTED, LT. FRICKY, UNIDENTIFIED JOHN AND JANE DOE'S, et al.,

FN #12: LATER IDENTIFIED DEFENDANTS: JAMES BEST, LT. MR. WHITLEY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES HOPPENSTED, LT. FRICKY, UNIDENTIFIED JOHN AND JANE DOE'S, et al.,

FN #13: LATER IDENTIFIED DEFENDANTS: JOHN BALDWIN, TODD BROOKS, ANTHONY WILLIAMS, JEFF HUCHINSON, EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, MICHAEL MONJIE, JAMES BEST, LT. MR. WHITLEY, CLINT MAYER, SGT. GRAW, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES HOPPENSTED, LT. FRICKY, I.D.O.C., MENARD CORRECTIONAL CENTER, WEXFORD, BRUCE RAUNER, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, HILL, PROMX, J. COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, OAKLY, L. CARTER, M. BOCHANTIN, SGT. McCLURE, K. PIERCE, S. BENTON, ANDERSON, S. JOHNSON, KARUSE, J. WHITLEY, UNIDENTIFIED JOHN AND JANE DOE'S, et al.,

CLAIM #9

131. THIS CLAIM REGARDES THE VIOLATION OF THE PLAINTIFFS' AND CLASSMEMBERS' FIRST, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS, TO MEANINGFUL ACCESS TO THE COURTS, AN CONSTITUTIONALY ADEQUATE LAW LIBRARY SYSTEM, OF ACCESS TO LEGALLY TRAINED PARAPROFESSIONALS, OF ACCESS TO INMATE LAW CLERKS WHO ARE PROPERLY TRAINED TO ASSIST INMATES WITH THEIR LEGAL PROBLEMS, OF ADEQUATE ACCESS TO LAW LIBRARY BOOKS AND/OR LAW LIBRARY SERVICES WHILE PLAINTIFF'S AND CLASSMEMBERS ARE WITHIN PUNITIVE SEGREGATION, INVESTIGATION STATUSE, ADMINISTRATIVE DETENTION, OR WHILE ON LOCKDOWN, SUCH AS A SATILITE LAW LIBRARY FOR RESEARCH AND OTHER LEGAL NEEDS, OF ACCESS TO ADEQUATE LAW LIBRARY WHILE IN GENERAL POPULATION, AN ADEQUATE INSTITUTIONAL LEGAL MAIL AND REGULAR MAIL SYSTEM, AND ADEQUATE ACCESS TO BOTH SEGREGATION AND GENERAL POPULATION PERSONAL PROPERTY LEGAL STORAGE (EXCHANGE), AND FAIL TO MEET STATE LAW ILLINOIS' CODE §§1003-7-2(a) BY DEFENDANTS', KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, TODD BROOKS, ANTHONY WILLIAMS, JAQUELINE A. LASHBROCK, DOUG LYERLA, WILLIAM REES, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, VERGIL SMITH, ROY, LaFONE, TY BATES, HENRY BAYER, JOHN R. BALDWIN, DONALD STOLWORTHY, SALVADOR GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, (see: fn#14)

132. IN JULY OF 1989 THE DEFENDANTS TERMINATED ALL INVOLVEMENT BY AN INDEPENDANT LIBRARY SYSTEM IN THE OPERATION OF THE PRISON LIBRARIES. AT THAT TIME, THE DEFENDANTS ASSUMED DIRECT ECONOMIC AND SUPERVISORY RESPONSIBILITY FOR ALL LIBRARY STAFF TO INCLUDE BOTH INMATE CLERKS AND CIVILIAN EMPLOYEES AND FOR ALL SUPPLIES, PURCHASES, ECT.... THE ILLINOIS DEPARTMENT OF CORRECTIONS DIRECT RESPONSIBILITY FOR THE LAW LIBRARIES CONTINUES TO THE PRESENT.

133. THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT THE AFOREMENTIONED DEFENDANTS' DO NOT SATISFY THEIR CONSTITUTIONAL OBLIGATION TO PROVIDE MEANINGFUL ACCESS TO THE COURTS TO PLAINTIFFS' AND CLASS MEMBERS' WHILE IN SEGREGATION, WHO HAVE NO DIRECT ACCESS TO LAW LIBRARY BOOKS, AND WHOM ARE UNABLE TO COMPREHEND AND/OR READ LEGAL MATERIALS, THROUGH WHAT IS KNOWN AS A RUNNER SYSTEM BY WHICH PLAINTIFFS' AND CLASS MEMBERS' WHILE IN SEGREGATION ARE NOT PROVIDED WITH BOOKS, OR MATERIALS, OR ACCESS TO A SATILITE LAW LIBRARY AT THEIR REQUEST (OR AT ALL), AND HAVE NO ACCESS TO ANY INMATE LAW CLERKS WHO ARE TRAINED, AND/OR PROPERLY TRAINED TO ASSIST THE PLAINTIFFS' AND CLASS MEMBERS' WHILE WITHIN SEGREGATION.

134. WHILE IN SEGREGATION THE AFOREMENTIONED DEFENDANTS' DO NOT ALLOW THE PLAINTIFFS' AND CLASS MEMBERS' TO PARTICIPATE IN EDUCATIONAL COURSES (AS TO THE EXTENT THEY ARE EVEN AVAILABLE AT ALL), TO GO TO THE LAW LIBRARY, OR A LAW LIBRARY AT ALL, OR TO CHECK OUT LAW BOOKS OR CASE LAW LOANS FROM THE LAW LIBRARY, OR ALLOWED TO CHECK OUT ANY BOOKS AT ALL FROM THE LIBRARY, AND ARE DENIED OF ANY LEGAL HELP AT ALL EXCEPT FOR FORMS AS REQUESTED (IF EVEN THAT) (ie. GRIEVANCES, VISITING SLIPS, AND OTHER) DENYING PLAINTIFFS' AND CLASS MEMBERS' OF MEANINGFUL, ADEQUATE ACCESS TO THE COURTS, AND/OR LAW LIBRARY.

39

135. THE AFOREMENTIONED DEFENDANTS' DO KEEP WITHIN THE INSTITUTIONAL LAW LIBRARY MANY LEGAL FORMS AVAILABLE FOR USE BY PLAINTIFFS' AND CLASS MEMBERS', FOR EXAMPLE FORMS FOR SECTION 1983 COMPLAINTS, I.F.P., APPOINTMENT OF COUNSEL, PETITIONS FOR HABEAS CORPUS, AND OTHERS, BUT A LIST OF THESE FORMS ARE NOT AVAILABLE IN THE LAW LIBRARY AND/OR TO INMATES WITHIN SEGREGATION OR TO THE PLAINTIFFS' AND CLASS MEMBERS'.

136. FURTHERMORE, THE AFOREMENTIONED DEFENDANTS' DO KEEP WITHIN THE LAW LIBRARY A LIST OF ALL THE TITLES MAINTAINED IN THE LAW LIBRARY COLLECTION, BUT AFOREMENTIONED DEFENDANTS' REFUSE TO PROVIDE BOTH GENERAL POPULATION, AND/OR SEGREGATION, OR OTHER PLAINTIFFS' AND CLASS MEMBERS' WITH SAID LIST[S], EVEN UPON REQUEST.

137. THE CIVILIAN LIBRARIANS/LAW LIBRARIANS, DEFENDANTS, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, AND UNIDENTIFIED JOHN AND JANE DOE'S et al., ARE NOT TRAINED TO AND DO NOT GIVE LEGAL ADVICE TO THE PLAINTIFFS' AND CLASS MEMBERS', BUT RELY ON THE UNTRAINED INMATE LAW CLERKS TO GIVE LEGAL ADVICE/ASSISTANCE.

138. THE AFOREMENTIONED DEFENDANTS' DO NOT REQUIRE THE INMATE LAW CLERKS TO PASS ANY PARALEGALISM I AND II COURSES, OR ANY LEGAL COURSES AT ALL BEFORE THEY ARE HIRED. THE INMATE LAW CLERKS ARE SIMPLY GIVEN AN MEANINGLESS TEST WHERE THE DEFENDANTS, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, AND UNIDENTIFIED JOHN AND JANE DOE'S et al., AND/OR OTHER INMATES GIVE THE ANSWERS FOR THE INMATE LAW CLERKS TO FILL IN INORDER FOR THE INMATE LAW CLERKS TO ALLEGEDLY BE "CERTIFIED" TO WORK IN THE LAW LIBRARY AS A INMATE LAW CLERK. THE INMATE LAW CLERK RECEIVES NO TRAINING AT ALL INORDER TO QUALIFY/CERTIFY THEM TO WORK WITHIN THE LAW LIBRARY.

139. THE AFOREMENTIONED DEFENDANTS' HAVE IMPLIMENTED A LAW LIBRARY SYSTEM THAT PUTS UNQUALLIFIED, UNLEGALY EDUCATED, UNTRAINED INMATE LAW CLERKS IN CHARGE OF OTHER INMATES AND ESENTUALY DENIES PLAINTIFFS' AND CLASS MEMBERS' OF REASONABLE ACCESS TO THE COURTS TO INCLUDE OTHER SIMILARLY SITUATED INMATES.

140. WHILE PLAINTIFFS' AND CLASS MEMBERS' ARE ON INSTITUTIONAL LOCKDOWN THE LAW LIBRARY STAFF, DEFENDANT'S, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, AND UNIDENTIFIED JOHN AND JANE DOE'S et al., AND/OR THE UNQUALLIFIED INMATE LAW CLERKS MAKE ROUNDS (IF THEY EVEN MAKE ROUNDS AT ALL) TO ONLY THOSE PLAINTIFFS' AND CLASS MEMBERS' WHO ARE ON THE DEADLINE LIST AND/OR DEADLINES ONLY, AND ONLY TO OFFER ACCESS TO COPIES, AND NOTHING ELS LIKE FORMS, CASE LAW, OR OTHER LEGAL IDEMS, (SOMETIMES YOU NEVER RECEIVE YOUR STUFF BACK AT ALL BUT STILL GET CHARGED FOR COPIES).

141. THE AFOREMENTIONED DEFENDANTS' PROVIDE NO IN-SERVICE TRAINING AND/OR NO ONGOING IN-SERVICE TRAINING PROVIDED FOR OR TO INMATE LAW CLERKS AND/OR STAFF. ALL THE TRAINING THEY RECEIVE IS AFTER THEY ARE HIRED BY SELF TEACHING THROUGH ON-THE-JOB EXPERIENCE.

142. FURTHERMORE, THE AFOREMENTIONED DEFENDANTS' PROVIDE NO OUTSIDE AGENCY, THERE IS NO OUTSIDE AGENCY AVAILABLE TO THE PLAINTIFFS' AND CLASS MEMBERS' TO PROVIDE SUBSTANTIVE HELP WITH THE PLAINTIFFS' AND CLASS MEMBERS' LEGAL ISSUES.

143. THE AFOREMENTIONED DEFENDANTS' DO PROVIDE, FOR EXAMPLE MENARD CORRECTIONAL (DEFENDANTS) ONLY HAS ABOUT TEN (10) (IF THAT) UNQUALLIFIED, UNTRAINED, INMATE LAW CLERKS, WHICH EVEN WITH THE PROPER QUALIFICATIONS IS INSUFFICIENT, TO SERVE THE ENTIRE MENARD CORRECTIONAL CENTERS PRISON POPULATION OF ABOUT 3,600 INMATES, TO SERVICE THE NEEDS OF THE PLAINTIFFS' AND CLASS MEMBERS', BOTH WITHIN GENERAL POPULATION AND/OR SEGREGATION, WHERE OTHER FACILITIES ARE ALSO SIMILARLY OPPERATED IN THIS MANNER.

144. THE AFOREMENTIONED DEFENDANTS' RUN MENARD CORRECTIONAL CENTER'S LAW LIBRARY LIKE A PRE-SCHOOL ENVIROMENT, WHERE THE PLAINTIFFS' AND CLASS MEMBERS', ARE NOT ALLOWED TO TALK AT ALL UNLESS IT IS WITH/TO AN UNQUALIFIED INMATE LAW CLERK, ARE NOT ALLOWED TO GET OUT OF THEIR SEATS AT ALL TO RETRIEVE BOOKS AND/OR TO BROWSE THROUGH LAW BOOKS FOR RESEARCH. THE ONLY TIME THE PLAINTIFFS' AND CLASS MEMBERS' ARE ALOWED OUT OF THEIR SEATS IS UPON REQUEST TO USE THE RESTROOM BY RAISING THEIR HAND, ARE REQUIRED TO RAISE THEIR HAND AND WAIT FOR ONE OUT OF THE FIVE (5) UNQUALLIFIED INMATE LAW CLERKS (WHO ARE LET OUT TO ATTEND TO PLAINTIFFS' AND CLASS MEMBERS') TO GET SOME FREE TIME TO COME SEE WHAT ONE OUT OF 40-50 PLAINTIFFS' AND CLASS MEMBERS' NEED (TAKING UP ALL OF THE INMATES LAW LIBRARY TIME TO BE WAITED ON TO NO AVAIL.)

145. THE PLAINTIFFS' AND CLASS MEMBERS' WAIT ALMOST HALF IF NOT ALL OF THEIR LIBRARY TIME TRYING TO GET HELP WITH THEIR LEGAL NEEDS AND/OR TO RECEIVE ANY REQUESTED CASE LAW, LAW BOOKS, FORMS, ECT... FROM THE UNTRAINED/UNQUALIFIED INMATE LAW CLERK, ONLY TO RECEIVE SOMETHING THAT THE PLAINTIFF AND/OR CLASS MEMBER NEVER REQUESTED. BY THE TIME THE PLAINTIFF AND/OR CLASS MEMBER RECEIVES (IF EVER DOES RECEIVE AT ALL) REQUESTED IDEM/MATERIALS, ECT.... THE PLAINTIFFS' AND CLASS MEMBERS' LAW LIBRARY TIME IS OVER AND INMATES' MUST RETURN ITEMS BACK IN, BOOKS, CASES, OR OTHER ITEMS LEGAL MATERIALS, WITHOUT BEING AFFORDED ENOUGH TIME TO EXAMINE SAID ITEMS.

146. MOST OF THE CASES (CASE LAW) THAT THE AFOREMENTIONED DEFENDANTS' PROVIDE ARE NOT AVAILABLE TO THE PLAINTIFFS' AND CLASS MEMBERS' UNLESS THE INMATE PAYS FOR THE CASE[S], WHERE IF THE INMATE HAS NO FUNDS HE (INMATE) IS DENIED OF ACCESS TO THAT CASE[S] DENNYING THE PLAINTIFFS' AND CLASS MEMBERS' OF THE ABILITY TO DO ANYKIND OF ADEQUATE, MEANINGFUL RESEARCH, AND OTHER.

147. THE AFOREMENTIONED DEFENDANTS' REFUSE TO FOLLOW THEIR OWN POLICIES AND PROCEDURES IN REGARDS TO LAW LIBRARY POLICIES/SERVICES FOR ONE EXAMPLE STATE CASE LOANS POLICIES ARE NEVER FOLLOWED OR IMPLIMENTED EVEN THOUGH THEY DO EXIST THIS IS JUST ONE OF SEVERAL POLICIES THAT THE AFOREMENTIONED DEFENDANTS' FAIL TO FOLLOW WITHIN THE LAW LIBRARY.

41

148. THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT THE UNQUALLIFIED, UNTRAINED INMATE LAW CLERKS ARE SOMETIMES THREATEND BY LAW LIBRARY STAFF, DEFENDANT'S, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, AND UNIDENTIFIED JOHN AND JANE DOE'S, TO BE FIRED IF THE INMATE LAW CLERK[S] HELP ANOTHER INMATE WITH THEIR LEGAL ISSUES OTHER THAN RETRIEVING REQUESTED IDEMS (ie. FORMS, GRIEVANCES, CASES, AND OTHER), AND ARE NOT TO HELP OTHERWISE.

149. THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT THE AFOREMENTIONED DEFENDANTS' PROVIDE NO ADEQUATE ACCESS TO INMATES EXCESSIVE LEGAL MATERIALS THAT IS STORED WITHIN THE INSTITUTIONAL PERSONAL PROPERTY, DENYING THE PLAINTIFFS' AND CLASS MEMBERS' OF ACCESS TO NEEDED EVIDENCE, LEGAL MATERIALS, AND OTHER ITEMS ALL NEEDED FOR MEANINGFUL ACCESS TO THE COURTS. THE PLAINTIFFS' AND CLASS MEMBERS' ARE DENIED OF ANY TIMELY ACCESS TO STORED LEGAL MATERIALS UPON REQUEST REGARDLESS OF KNOWN COURT DEADLINES. (NOTE: SOME PLAINTIFF'S AND/OR CLASS MEMBER'S HAVE TO OBTAIN A COURT ORDER TO **GAINE** ACCESS TO THEIR LEGAL STORAGE, AND/OR OTHER LIKE GRIEVANCES).

150. THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT THE DEFENDNATS', KIMBERLY BUTLER, RICK HARINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, TOD BROOKS, ANTHONY WILLIAMS, DONALD STOLWORTHY, SALVADOR GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, AND JOH AND JANE DOE'S MAIL ROOM STAFF, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S INSTITUTIONAL MAIL SYSTEM AND/OR PROCEDURES ARE INADEQUATE AND DENY THE PLAINTIFFS' AND CLASS MEMBERS' OF ACCESS TO THE COURTS, WHERE THE ABOVE DEFENDANT'S HOLD PLAINTIFFS' AND CLASS MEMBERS' INCOMING MAIL FOR WEEKS AND MONTHS AT A TIME FOR EXAMPLE MAIL FROM THE CLERKS OFFICE, APPELLATE COURTS, AND OTHER'S, THAT CONTAIN COURT DEADLINES, COURT PROCEDINGS, AND OTHER LEGAL ISSUES, WHERE PLAINTIFFS' AND CLASS MEMBERS' RECEIVE SUCH MAIL AFTER THE DEADLINES WITHIN SAID MAIL HAS PASSED AND SOMETIMES OVER A MONTH PAST ENCLOSED DEADLINES CAUSING PLAINTIFFS' AND CLASS MEMBERS' TO MISS. DEADLINES AND OTHER THINGS DO TO RECEIVING THEIR MAIL PAST THE DEADLINE OR OTHER IN AN UNTIMELY MANER FOR REASONS NOT PENOLOGICALLY JUSTIFIED.

151. FURTHERMORE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT INCOMING LEGAL MAIL, AND MAIL FROM THE CLERK OF COURT IS RECEIVED OPEN AND MISSING SOME CONTENTS IF NOT ALL OF THE CONTENTS, TO INCLUDE CONFIDENTIAL MEDICAL RECORDS, MAIL FROM ATTORNEYS, EXHIBITS IN LEGAL PROCEDINGS, AND DISCOVERY. DO TO THE ABOVE DEFENDANTS' (PH#150) INADEQUATE MAIL SYSTEM WITHIN MENARD CORRECTIONAL CENTER, AND/OR OTHER FACILITIES.

152. UNDER THE CONSTITUTION ALL PRISONERS (ie. PLAINTIFFS' AND CLASS MEMBERS') ARE GUARANTEED MEANINGFUL ACCESS TO THE COURTS. ILLINOIS' CODE §§ 1003-7-2(a) REQUIRES EVERY INMATE TO BE GIVEN ACCESS TO A LIBRARY OF LEGAL MATERIALS, AS WELL AS PUBLISHED MATERIALS, INCLUDING NEWS PAPERS AND MAGAZINES. THE AFOREMENTIONED DEFENDANTS' FAIL TO MEET THESE REQUIREMENTS.

42

153. THE PLAINTIFFS' AND CLASS MEMBERS' RETAIN A CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS, THAT IS PROTECTED BY THE FIRST AMENDMENT RIGHT TO PETITION FOR REDRESS OF GRIEVANCES, AND OTHER, AND THE FOURTEENTH AMENDMENT GUARANTEES PROCEDURAL AND SUBSTANTIVE DUE PROCESS, AND THAT ACCESS MUST BE ADEQUATE, EFFECTIVE, AND MEANINGFUL.

154. THE DEFENDANT'S ROY, LaFONE, VERGAL SMITH ARE TO BE EXCLUDED FROM ABOVE PH#'S 134,135-147, DO TO NOT BEING LAW LIBRARY STAFF, BUT PROPERTY AND/OR LEGALO EXCHANGE (STORAGE) STAFF.

FN #44: LATER IDENTIFIED DEFENDANTS= B. SMITH, ELLIS, BRUCE RAUNER, A.F.S.C.M.E UNION LOCAL 1175 COUNCIL 31 MEMBERS, HILL, PHONIX, J.COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, OAKLY, L.CARTER, M-BOLHANTIM, K.PIERCE, S.BELTON, ANDERSON, S. JOHNSON, J. WELBORN. J. WHITLEY, JOHN BALDWIN, TODD BROOKS, ANTHONY WILLIAMS, JEFF HUCHINSON, I.D.O.C., MENARD CORRECTIONAL CENTER, UNIDENTIFIED JOHN AND JANE DOE'S, et al.,

## CONCLUSION

155. THE PLAINTIFF BELIEVE AND ALLEGE ALL CLAIMS IN THIS ACTION ARE A DIRECT RESULT OF OVERCROWDING AND OTHER RELATED ISSUES AND ARE ALL PROPERLY JOINED AS PREVIOUSLY STATED IN PH #20 OF THIS COMPLAINT

156. ALL NAMED PLAINTIFF'S IN THIS ACTION ARE PROCEEDING I.F.P. WHERE SOME WILL NEED I.F.P. FORMS FROM (MAILED FROM) DISTRICT COURT TO FILL OUT.

157. SEE LIST OF EXHIBITS #A's ON PAGE #51

158. SEE: LIST OF EXHIBITS #B's ON PAGE #186

159. AS A RESULT OF ALLEGATIONS IN CLAIM #9 OF THIS COMPLAINT ALL PLAINTIFF'S ARE SEEKING APPOINTMENT OF COUNSEL

43

## REQUEST FOR RELIEF

1.   THE **PLAINTIFFS'**, RESPECTFULLY PRAY THAT THIS HONORABLE COURT WILL:

A.   AWARD **NOMINAL** DAMAGES IN THE FOLLOWING AMOUNTS TO VINDICATE THE PLAINTIFFS' RIGHTS, IN THAT THE DEFENDANTS WILLFULLY AND KNOWINGLY VIOLATED:

1.   $250,000 JOINTLY AND SEVERALLY AGAINST **ALL** DEFENDANTS NAMED HEREIN TO THE PLAINTIFFS'.

B.   AWARD **PUNITIVE** DAMAGES IN THE FOLLOWING AMOUNTS TO DETER UNNECESSARY AND WANTON INFLICTION OF PAIN CAUSED BY OFFICIAL AND INDIVIDUAL ACTS OR FAILURES TO ACT THAT WERE WITHOUT PENOLOGICAL JUSTIFICATION, RESULTING IN GRATUITOUS INFLICTION OF PAIN AND SUFFERING - AS SUCH GRATUITOUS INFLICTION OF PAIN ALWAYS VIOLATES CONTEMPORARY STANDARDS OF DECENCY, AND NEED NOT PRODUCE VISIBLE INJURY OR SERIOUS INJURY IN ORDER TO OFFEND THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION:

1.   $250,000 JOINTLY AND SEVERALY AGAINST **ALL** DEFENDANTS NAMED HEREIN TO THE PLAINTIFFS'.

C.   AWARD **COMPENSATORY** DAMAGES IN THE FOLLOWING AMOUNTS FOR THE PHYSICAL INJURY SUSTAINED AND PAIN SUFFERED BY THE PLAINTIFFS' DUE TO THE CONSTITUTIONAL RIGHTS VIOLATIONS THAT WERE INTENTIONALLY INFLICTED UPON THEM:

1.   $250,000 JOINTLY AND SEVERALLY AGAINST **ALL** DEFENDANTS FOR THE PHYSICAL AND EMOTIONAL INJURIES SUSTAINED AS A RESULT OF THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT WITHIN THIS COMPLAINT.

2.   $100 PER HOUR FOR EACH DENIED HOUR OF OUTSIDE EXERCISE NOT PENOLOGICALLY JUSTIFIED, JOINTLY AND SEVERALLY AGAINST **ALL** DEFENDANTS NAMED HEREIN TO THE PLAINTIFFS'.

2.   THE **PLAINTIFFS' AND CLASSMEMBERS,** RESPECTFULLY PRAY THAT THIS HONORABLE COURT WILL:

A.   AWARD **COMPENSATORY** DAMAGES IN THE FOLLOWING AMOUNTS FOR THE PHYSICAL INJURY SUSTAINED AND PAIN SUFFERED BY THE PLAINTIFFS' AND CLASSMEMBERS DUE TO THE CONSTITUTIONAL RIGHTS VIOLATIONS THAT WERE INTENTIONALLY INFLICTED UPON THEM:

1.   $100 PER HOUR FOR EACH DENIED HOUR OF OUTSIDE EXERCISE NOT PENOLOGICALLY JUSTIFIED, JOINTLY AND SEVERALLY AGAINST **ALL** DEFENDANTS NAMED HEREIN TO THE CLASSMEMBERS.

2.   TO REIMBURSE THE PLAINTIFFS' AND CLASSMEMBERS UNASSIGNED STATE PAY CONFISCATED DURING LOCKDOWNS AND/OR SEGREGATION WITHOUT DUE PROCESS.

44

B.    ISSUE AN **INJUNCTION** ORDERING THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD CORRECTIONAL CENTER TO:

1.    ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO REDUCE THE OVERCROWDING AND DOUBLE BUNKING OF TWO INMATES WITHIN A SINGLE MAN CELL.(SIZE 50 sq. ft. OR LESS).

2.    ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO REFRAIN FROM UTILIZING THE LEVEL SYSTEM LOCKDOWN POLICY EXCEPT IN CASES OF AN ESCAPE, RIOT, NATURAL DISASTER, OR SERIOUS INJURY TO STAFF OR INMATE ASSAULT; THAT ONLY THE UNIT/GALLERY WHERE A SERIOUS SECURITY RELATED INCIDENT TAKES PLACE WILL BE KEPT ON LOCKDOWN BEYOND 72 HOURS IF NECESSARY, AND NO LONGER THAN SEVEN (7) DAYS WITHOUT DUE PROCESS BEING AFFORDED; AND THAT A "WRITTEN NOTICE" BE ISSUED FOR ANY LOCKDOWN EXCEEDING SEVEN (7) DAYS, WHEREIN A REASONABLE EXPLANATION **SHALL** BE GIVEN FOR THE EXTENDED PERIOD OF LOCKDOWN, TO ALL PLAINTIFFS' AND CLASSMEMBERS (INMATES).

3.    ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO PROVIDE ADEQUATE LIGHTING WITHIN THE PLAINTIFFS' AND CLASSMEMBERS' CELL'S AND WITHIN THE NORTH ONE (N-1) HOUSING UNIT OF MENARD.

4.    ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO INSTALL ADEQUATE SHELVING WITHIN MENARDS NORTH TWO (N-2) HOUSING UNIT CELL'S.

5.    ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS TO INSTALL "G.F.I." OUTLETS WITHIN ALL CELLS WITHIN I.D.O.C. AND/OR MENARD TO SECURE THE SAFETY AND SECURITY OF THE CURRENT POTENTIAL DEATH TRAP CAUSED BY THE CURRENT OUTLETS AND THE LACK OF THE SAFETY "G.F.I." OUTLETS.

6.    ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO FIX ALL OF MENARDS CELL HOUSE PLUMBING ISSUES.

7.    ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO SUPPLY ADEQUATE EXERCISE EQUIPMENT WITHIN MENARD'S HOUSING UNIT NORTH TWO (N-2) GYM LIKE THE REST OF THE GENERAL POPULATION INSTITUTION HAS ACCESS TO, BY NOT DEPLEATING THE **EQUIPMENT** WITHIN THE OTHER GYM AND/OR YARDS.

8.    ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO REPACE ALL OLD, SOILED, CLOTH MATTERESSES WITH NEW MATTRESSES WITHIN MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

9.    ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO REPLACE ALL OLD, SOILED CLOTH PILLOWS WITH NEW PILLOWS WITHIN MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

10.    ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO SCHEDULE INMATE CALL PASSES, COMMISARY, LAW LIBRARY, BARBER SHOP, YARD, RECREATION, HEALTH CARE, AND OTHERS TO NOT CONFLICT WITH ONE ANOTHER MAKING THE INMATE HAVE TO CHOOSE BETWEEN ONE OR THE OTHER.

11. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO SUPPLY INMATES WITH ADEQUATE CLEANING SUPPLIES (ie'' BROOM, MOP, TOILET BOUL BRUSH, RAGS/SCRUB PADS, AND OTHER) ONCE A WEEK TO CLEAN THEIR CELL'S WITH.

12. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP TAKING INMATES UNASSIGNED STATE PAY OF $10.00 PER. MONTH DURING LOCKDOWNS AND/OR DURING SEGREGATION TIME WITHOUT DUE PROCESS.

13. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD INMATES OF THEIR ONE HOUR OUT OF CELL TIME PER DAY AS REQUIRED BY THE LAW OF ILLINOIS.

14. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD INMATES OF THEIR BARS OF SOAP ONCE PER WEEK AS REQUIRED BY THE LAW OF ILLINOIS.

15. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP USING SECURITY MEASURES TO HARASS INMATE BY BANGING ON THEIR CELL BARS WHILE INMATES ARE WITHIN THEIR CELLS.

16. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD ALL INMATES EQUAL OPPORTUNITIES FOR JOB ASSIGNMENTS (ie'' INDUSTRY JOBS FOR INMATES WITH LIFE SENTANCE) AND OTHER.

17. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD ALL INMATES EQUAL OPPORTUNITIES TO PARTAKE IN THE EXTRA RECREATIONAL ACTIVITIES (ie'' BASKET BALL TERMINANTS, CHEST TERMINANTS, AND OTHER).

18. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMPLEMENT PROGRAMS THAT ARE EDUCATIONAL, RE-ABILITATING, AND PRE-PAIR INMATES FOR RETURN BACK INTO THE COMMUNITIES, AND/OR PROGRAMS THAT INMATES PARTICIPATE IN THAT EDUCATE, RE-ABILITATE, AND GIVE BACK TO THE COMMUNITIES AND INMATES FOR GOOD BEHAVIOR.

19. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO PROVIDE ADEQUATE PORTIONS OF FOOD WHILE ON ISTITUTIONAL LOCKDOWNS.

20. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO NOT ENTER INTO ANOTHER CONTRACT WITH ANY UNION THAT INVOLVES CORRECTIONAL OFFICERS AND/OR THE ILLINOIS DEPARTMENT OC CORRECTIONS STAFF MEMBERS, TO EXCLUDE OTHER CONTRACTS (ie'' MEDICAL AND OTHER).

21. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO HOLD THEIR STAFF, CORRECTIONAL OFFICERS PERSONALY ACCOUNTABLE FOR THEIR PERSONAL INDIVIDUAL ACTIONS (i.e. USE OF EXCESSIVE FORCE, RETALIATION, HARASSMENT, AND OTHERS).

22. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP FEEDING INMATES BREAKFAST TRAYS AT/DURING THE VERY EARLY MORNING HOURS AND/OR TO START USING STYROFOAM TRAYS INSTEAD OF HARD TRAYS WAKING INMATES UP SEVERAL TIMES THROUGHOUT THE NIGHT.

23. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP THE UNCONSTITUTIONAL CONDITIONS WITH THE LAW LIBRARY/ACCESS TO COURTS AS DESCRIBED WITHIN CLAIM #9 OF THIS COMPLAINT

47

C.   ISSUE AN **PRELIMINARY INJUNCTION** ORDERING THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD CORRECTIONAL CENTER TO:

1.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY REFRAIN FROM UTILIZING THE LEVEL SYSTEM LOCKDOWN POLICY EXCEPT IN CASES OF AN ESCAPE, RIOT, NATURAL DISASTER, OR SERIOUS INJURY TO STAFF OR INMATE ASSAULT; THAT ONLY THE UNIT/GALLORY WHERE A SERIOUS SECURITY RELATED INCIDENT TAKES PLACE WILL BE KEPT ON LOCKDOWN BEYOND 72 HOURS IF NECESSARY, AND NO LONGER THAN SEVEN (7) DAYS WITHOUT DUE PROCESS BEING AFFORDED; AND THAT A "WRITTEN NOTICE" BE ISSUED FOR ANY LOCKDOWN EXCEEDING SEVEN (7) DAYS, WHEREIN A REASONABLE EXPLANATION SHALL BE GIVEN FOR THE EXTENDED PERIOD OF LOCKDOWN. TO ALL PLAINTIFFS' AND CLASSMEMBERS' (INMATES).

2.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY PROVIDE ADEQUATE LIGHTING WITHIN THE PLAINTIFFS' AND CLASSMEMBERS' (INMATES) CELL'S SPECIFICALY WITHIN THE NORTH ONE (N-1) HOUSING UNIT OF MENARD.

3.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY INSTALL ADEQUATE SHELVING WITHIN THE NORTH TWO (N-2) HOUSING UNIT OF MENARD.

4.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY INSTALL "G.F.I." OUTLETS WITHIN ALL CELLS WITHIN MENARD TO SECURE THE SAFETY AND SECURITY OF THE CURRENT POTENTIAL DEATH TRAP CAUSED BY THE CURENT OUTLETS AND THE LACK OF THE SAFETY "G.F.I." OUTLETS.

5.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY FIX ALL OF MENARDS CELL HOUSE PLUMBING ISSUES.

6.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY REPLACE ALL **OLD**, SOILED, CLOTH MATTERESSES WITH NEW MATTRESSES WITHIN MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

7.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY REPLACE ALL OLD, SOILED, CLOTH PILLOWS WITH NEW PILLOWS WITHIN MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

8.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY SCHEDULE INMATE CALL PASSES, COMMISARY, LAW LIBRARY, BARBER SHOP, YARD, RECREATION, HEALTH CARE, AND OTHERS, TO NOT CONFLICT WITH ONE ANOTHER MAKING INMATES HAVE TO CHOOSE BETWEEN ONE OR THE OTHER.

9.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY SUPPLY INMATES WITH ADEQUATE CLEANING SUPPLIES (ie. BROOM, MOP, TOILET BOUL BRUSH, RAGS/SCRUB PADS, AND OTHER) ONCE A WEEK TO CLEAN THEIR CELLS WITH.

48

10. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO SCHEDULE INMATE CALL PASSES, COMMISSARY, LAW LIBRARY, BARBER SHOP, YARD, RECREATION, HEALTHCARE, AND OTHER TO NOT CONFLICT WITH ONE ANOTHER MAKING INMATES HAVE TO CHOOSE BETWEEN ONE OR THE OTHER.

11. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO SUPPLY INMATES WITH ADEQUATE CLEANING SUPPLIES (i.e. BROOM, MOP, TOILET BOWL BRUSH, RAGS/SCRUB PADS, AND OTHER) ONCE A WEEK TO CLEAN THEIR CELL'S WITH.

12. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP TAKING INMATES UNASSIGNED STATE PAY OF $10.00 PER MONTH DURING LOCKDOWNS AND/OR DURING SEGREGATION TIME WITHOUT DUE PROCESS.

13. ORDER THE DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD INMATES OF THEIR ONE HOUR OUT OF CELL TIME PER DAY AS REQUIRED BY THE LAW OF ILLINOIS.

14. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD INMATES OF THEIR BARS OF SOAP ONCE PER WEEK AS REQUIRED BY THE LAW OF ILLINOIS.

15. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP USING SECURITY MEASURES TO HARASS INMATES BY BANGING ON THEIR CELL BARS WHILE INMATES ARE WITHIN THEIR CELLS.

16. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD ALL INMATES EQUAL OPPORTUNITIES FOR JOB ASSIGNMENTS (i.e. INDUSTRIES JOBS FOR INMATES WITH A LIFE SENTANCE) AND OTHER.

17. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD ALL INMATES EQUAL OPPORTUNITIES TO PARTAKE IN THE EXTRA RECREATIONAL ACTIVITIES (i.e. BASKET BALL TERMINANTS, CHEST TERMINANTS, AND OTHER).

18. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMPLEMENT PROGRAMS THAT ARE EDUCATIONAL, RE-ABILITATING, AND PRE-PAIR INMATES FOR RETURN BACK INTO THE COMMUNITIES, AND/OR PROGRAMS THAT INMATES PARTICIPATE IN THAT EDUCATE, RE-ABILITATE, AND GIVE BACK TO THE COMMUNITIES AND INMATES FOR GOOD BEHAVIOR.

19. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO PROVIDE ADEQUATE PORTIONS OF FOOD WHILE ON ISTITUTIONAL LOCKDOWNS.

20. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO NOT ENTER INTO ANOTHER CONTRACT WITH ANY UNION THAT INVOLVES CORRECTIONAL OFFICERS AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS STAFF MEMBERS, TO EXCLUDE OTHER CONTRACTS(i.e. MEDICAL AND OTHER).

21. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO HOLD THEIR STAFF, CORRECTIONAL OFFICERS PERSONALY ACCOUNTABLE FOR THEIR PERSONAL, AND INDIVIDUAL ACTIONS (i.e. USE OF EXCESSIVE FORCE, RETALIATION, HARASSMENT, AND OTHER).

22. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP PROVIDE INMATES BREAKFAST TRAYS AT/DURING THE VERY EARLY MORNING HOURS AND/OR TO START USING STYROFOAM TRAYS ISTEAD OF HARD TRAYS WAKING INMATES UP SEVERAL TIMES THROUGHOUT THE NIGHT.

23. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO ADDRESS THE LAW LIBRARY ISSUES DESCRIBED IN CLAIM #9 OF THIS COMPLAINT.

3. GRANT SUCH **OTHER** RELIEF AS IT MAY APPEAR THAT THE PLAINTIFFS' AND/OR CLASS MEMBERS ARE ENTITLED.

50

13

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE II

I, THE UNDERSIGNED, CERTIFY TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, THAT THIS COMPLAINT IS IN FULL COMPLIANCE WITH RULE 11(A) AND (B) OF THE FEDERAL RULE OF CIVIL PROCEDURE. THE UNDERSIGNED ALSO RECOGNIZES, THAT FAILURE TO COMPLY WITH RULE 11(A) AND (B) MAY RESULT IN SANCTIONS, MONETARY OR NON-MONETARY, PURSUANT TO F.R.C.P. RULE 11(C)

(A) /s/ _____
DAVID BENTZ (#S-03210)

(B) /s/ John Anthony Reed
JOHN A. REED (#B-63116)

(C) /s/ Markus A. Barry
MARKUS A. BARRY (K83296)

(D) /s/ Keith Nelson
KEITH NELSON (M15347

(E) /s/ Muhammad Abdullah
MUHAMMAD ABDULLAH (B-27435)

(F) /s/ Jesse R. Perez
Jesse R. Perez (R44289)

(G) /s/ Daniel V. Diaz R74875
DANIEL DIAZ (#R-74875)

(H) /s/ Juan C. Fields Sr.
Juan C. Fields Sr. #R16729

(I) /s/ Robert Hunt
Robert Hunt R92642

(J) /s/ Terry Morgan B88836
Terry Morgan B88836

(K) /s/ Cevin Stanford #R20946
CEVIN STANFORD (#R-20946)

(L) /s/ Brett L. Shamp N38007
Brett L. Shamp (N-38007)

(M) /s/ J. Barnwell #A-15031
J. Barnwell (#A-15031

(N) /s/ Jeffrey S. Blaney
Jeffrey S. Blaney B80740

(O) /s/ Anteleto Jones
Anteleto Jones, R-20273

(P) /s/ Michael P. Crenshaw R06537
Michael P. Crenshaw R06537

(50-A)



Michael Crenshaw
R-06537
P.O. Box 1000
Menard, IL 62259

SU
8-46

Correspondence From IDOC Inmate

-LEGAL MAIL-

U.S. POSTAGE ▶▶ PITNEY BOWES

ZIP 62259   $ 002.03⁰
02  1W
0001389078 AUG 10 2017

"Legal mail"

RECEIVED

AUG 14 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

CLERK of the Court
United States District Court
P.O. Box 249
East St. Louis,
Illinois   62202



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

DAVID ROBERT BENTZ #S-03210, )
JESSE R. PEREZ #R-44289, )
MARKUS A. BARRY #K-83296, )
MUHAMMAD ABDULLAH #B-77435, )
KEITH NELSON #M-15347, )
BRETT SHARP #M-38007, )
DANIEL DIAZ #R-74875, )
TUAN C. FIELDS SR. #R-16729, )
ROBERT HUNT #K-92642, )
TERRY MORGAN #B-88836, )
JOHN A. REED #B-63116, )
ANTELIETO JONES #R-20273, )
JAMES BARNWELL #A-15031, )
CHRIS ALEXANDER #B-80710, )
JEFF BLANEY #B-80790, )
TERRENCE MILLER #K-61953, )
EDDIE BROTHERS #R-14711, )
ELIAS' DIAZ #M-02281, )
BRANDON HARRIS #R-21028, )
EDDIE HILL #B-42796, )
KWAYURA K. JACKSON #K-91891, )
ADALBERTO ANAYA #M-48201, )
PEDRO TERRAZAS #M-33374, )
TONY WALSH #B-59087, )
ANTHONY WIGGINS #N-20553, )
MICHAEL CRENSHAW #R-06537, )
CEVIN STRAWFORD #R-20946, )
        Plaintiffs. )

-VS- )

SALVADOR GODINEZ, )
DONALD STOLWORTHY, )
GLADYSE TAYLOR, )
MICHAEL RANDLE, )
TY BATES, )
HENRY BAYER, )
JOHN R. BALDWIN, )
KIMBERLY BUTLER, )
RICK HARRINGTON, )
MICHAL ATCHINSON, )
SHANNIS STOCK, )
ALEX JONES, )
TODD BROOKS, )

DOCKET NO: _17-CV-00315-MJR_

JURY DEMANDED

SCANNED AT MENARD and E-mailed
_4-10-17_ by _RV_  _51_ pages
date    initials   No.

FILED
AUG 14 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

/

ANTHONY WILLIAMS,                         )
JACQUELINE A. LASHBROOK,                  )
DOUG LYERLA,                              )
WILLIAM REES,                             )
BRAD THOMAS,                              )
TONY FERRANTO,                            )
KEVIN HIRSCH,                             )
RICHARD DAUTLER,                          )
JAMES R. BROCK,                           )
JOSEPH C MAN,                             )
CHAD E. HASTMEYER,                        )
PAGE,                                     )
RICHARD D. MOORE,                         )
PAUL OLSON,                               )
BRIAN THOMAS,                             )
BILL WESTFALL,                            )
ROBERT DILDAY,                            )
RIVALDI,                                  )
ROBERT HUGHS,                             )
RAYMOND ALLEN,                            )
JAY ZIEGLER,                              )
JAMES BEST,                               )
LT. WHITELY,                              )
CLIFF HAYER,                              )
KENT BROOKMAN,                            )
MICHAEL SAMUEL,                           )
TORVILLE,                                 )
WILLIAM QUALLS,                           )
JAMES A. HOPPENSTED,                      )
FRICKY,                                   )
ROGER SHERTZ,                             )
JOSHUA BERNER,                            )
DANIEL DUNN,                              )
HARRIS,                                   )
ANTHONY WILLS,                            )
STEVENS,                                  )
McDANIELS,                                )
SPILLER,                                  )
DONALD LINDENBERG,                        )
VIRGIL SMITH,                             )
KARUSE,                                   )
REBECCA CREASON,                          )
DR. BAIG,                                 )
MISS. TREATHOUSE,                         )
MISS. WHITESIDE,                          )
DR. HELLERMAN,                            )
MISS. DELONG,                             )
DR. KOWALKOWSK,                           )
SGT. GRAW,
SGT. McCLURE,

GAIL WALLS,                                    )
TONYA KNUST,                                   )
BRAD BRAMLET,                                  )
MISS. NEW,                                     )
SHANE GREGSON,                                 )
JENNIFER CLENDENEN,                            )
MORGAN TEAS,                                   )
DIA RODELY,                                    )
KELLIE S. ELLIS,                               )
RODNEY ROY,                                    )
LaFONE,                                        )
CARLA DRAVES                                   )
VERGIL SMITH,                                  )
SUSAN HILL,                                    )
MARK PHONIX,                                   )
J. COWAN,                                      )
K. ALLSUP,                                     )
BETSY SPILLER,                                 )
JEANNETTE COWAN,                               )
LORI OAKLEY,                                   )
LINDA CARTER,                                  )
MARVIN BOCHANTIN,                              )
KELLY PIERCE,                                  )
SHERRY BENTON,                                 )
TERRI ANDERSON,                                )
SARA JOHNSON,                                  )
JAMIE WELBORN,                                 )
HURST,                                         )
RAKERS,                                        )
MCNEW,                                         )
M. PRANGE,                                     )
BRINKLEY,                                      )
SIMPSON,                                       )
ORUCINA,                                       )
FISCHER,                                       )
B. SMITH,                                      )
JEFF HUTCHINSON,                               )
BRUCE RAUNER,                                  )
MICHAEL MONJIE,                                )
J. WHITLEY,                                    )
ELLIS (LAW LIB),                               )
THE ILLINOIS DEPARTMENT OF CORRECTIONS,        )
MENARD CORRECTIONAL CENTER,                    )
WEXFORD HELTH SERVICES INC.,                   )
UNIDENTIFIED JOHN AND JANE DOE'S, ET AL.,      )
A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS )
       DEFENDANTS.                             )

3

## CLASS CERTIFICATION ALLEGATIONS

A.    DAVID BENTZ, MARKUS BARRY, MUHAMMAD ABDULLAH, KEITH NELSON, BRETT SHARP,
DANIEL DIAZ, IVAN FIELDS SR., ROBERT HUNT, TERRY MORGAN, JOHN REED, ANTELETO
JONES, JAMES BARNWELL, CHRIS ALEXANDER, JEFF BLANEY, TERRENCE MILLER, EDDIE
BROTHERS, ELIAS' DIAZ, BRANDON HARRIS, EDDIE HILL, GHAYURA JACKSON, ADALBERTO
ANAYA, PEDRO TERRAZAS, TONY WALSH, ANTHONY WIGGINS,              GORDON VANDERARK,
MICHAEL CRENSHAW, HEREIN AND THROUGHOUT THIS COMPLAINT REFERED TO AS "PLAINTIFFS"
SEEKING CERTIFICATION OF A CLASS UNDER THE FEDERAL RULE OF CIVIL PROCEDURE
("RULE" OR RULES") 23.

B.    **DEFINITION OF THE CLASS:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING
CLASS:
        ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL
FACILITY, WHO SUFFER FROM BEING DEPRIVED OF EXERCISE BY BEING EXCESSIVELY
CONFINED TO THEIR TINY CELL AS DESCRIBED WITHIN CLAIM #1 AND #2, TO CONDITIONS
THAT GIVE RISE TO SERIOUS HEALTH PROBLEMS, AND WHO WERE DENIED OF THE
MINIMAL CIVILIZED MEASURES OF LIFE'S NECESSITIES, WHO SUFFERED AND IMMINENTLY
WILL SUFFER BOTH PHYSICAL AND PSYCHOLOGICAL INJURIES AS A DIRECT OR PROXIMATE
CAUSE OF THE ACTIONS OF INACTIONS (AS DESCRIBED WITHIN CLAIM #1 OF THIS
COMPLAINT) AND MISCONDUCT OF WEXFORD, AND/OR WEXFORD'S STAFF MEMBERS;
AND THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR ITS EMPLOYEES; AND
DEFENDANTS' AS DESCRIBED WITHIN CLAIM #1 OF THIS COMPLAINT.

C.    **DEFINITION OF SUB-CLASS #1:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE
FOLLOWING SUB-CLASS:
        ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL
FACILITY, WHO SUFFER ANY OF THE FOLLOWING; PHYSICAL AND MENTAL INJURIES,
DISTRESS, AGNY, MUSCLE CRAMPING, EXTREME HUNGER, WEIGHT LOSS, HEADACHES,
IN SOMNIA, CHRONIC DEPRESSION, INCREASING LACK OF CONCENTRATION AND/OR
FOCUS, DECREASED MOTIVATION, WORSENING BACK AND JOINT PAIN, DEPLEATING/ATROPHIED
MUSCLES, ANXIETY, PANIC ATTACKS, DISASSOCIATION AND INSTANCES OF VERTIGO,
SEVERE STRESS, PARANOIA, A INCREASING FEAR OF LEAVING THEIR/THESE SMALL,
TINY CELLS AFTER LONG BOUTS OF ISOLATION WITH AN INTENSIFIED FEAR OF
NEVER GETTING OUT OF THE SMALL,TINY CELL, AND OTHER INJURIES AS A RESULT
OF THE MISCONDUCT OF WEXFORD, AND/OR WEXFORD STAFF MEMBERS; AND THE ILLINOIS
DEPARTMENT OF CORRECTIONS, AND/OR ITS EMPLOYEES; AND DEFENDANTS' AS DESCRIBED
WITHIN CLAIM #2 OF THIS COMPLAINT SUBJECTING THEM (CLASS MEMBERS) TO
CRUEL AND UNUSUAL PUNISHMENT BY BEING CONFINED TO THEIR UNCONSTITUTIONAL,
INADEQUATE TINY PRISON CELLS 24 HOURS SEVEN DAYS A WEEK WHILE ON LOCKDOWN,
AND BEING CONFINED FOR AT LEAST 163 HOURS SEVEN DAYS A WEEK WHILE OFF
OF LOCKDOWN WITHIN A TINY SINGLE MAN CELL WITH TWO MEN AS DESCRIBED WITHIN
CLAIM #2 OF THIS COMPLAINT.

D.    **DEFINITION OF SUB-CLASS #2:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE
FOLLOWING SUB-CLASS:
        ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL
FACILITY, WHO SUFFER FROM SERIOUS MEDICAL CONDITIONS, AND/OR INJURIES,
AND CONSTITUTIONAL RIGHTS VIOLATIONS AND STATE LAWS AS A RESULT OF THE

4

CONSPIRACY OF WEXFORD, AND/OR ITS EMPLOYEES; AND THE DEFENDANTS' AS DESCRIBED WITHIN CLAIM #2 OF THIS COMPLAINT WHO CONSPIRED AGAINST THEM FOR ALL CONDITIONS AND/OR CLAIMS WITHIN THIS ACTION, AND/OR AS DESCRIBED WITHIN CLAIM #3 OF THIS COMPLAINT.

E.   **DEFINITION OF SUB-CLASS #3:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4 OF THIS COMPLAINT, AS A RESULT OF WEXFORD, AND/OR WEXFORDS STAFF MEMBERS; AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND/OR ITS EMPLOYEES; AND DEFENDANTS' AS DESCRIBED WITHIN CLAIM #4 OF THIS COMPLAINT WHO HAD PERSONAL KNOWLEDGE AND/OR INVOLVEMENT OF UNCONSTITUTIONAL CONDITIONS AS DESCRIBED WITHIN CLAIM #4 OF THIS COMPLAINT.

F.   **DEFINITION OF SUB-CLASS #4:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM THE OVERCROWDING OF THE ILLINOIS DEPARTMENT OF CORRECTIONS ADULT FACILITIES AS DESCRIBED WITHIN CLAIM #5 OF THIS COMPLAINT, AS A RESULT OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND/OR ITS EMPLOYEES; AND THE DEFENDANTS AS DESCRIBED WITHIN CLAIM #5 OF THIS COMPLAINT.

G.   **DEFINITION OF SUB-CLASS #5:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM MENTAL HEALTH AND/OR MENTAL ILLNESSES AS A RESULT OF EXTENSIVE LENGTHY CONFINEMENT WITHIN SMALL, TINY CELLS, AND OTHER ISSUES AS DESCRIBED WITHIN CLAIM #6 OF THIS COMPLAINT, AS A DIRECT RESULT OF WEXFORD, AND/OR WEXFORD STAFF MEMBERS, AND DEFENDANTS AS DESCRIBED WITHIN CLAIM #6 OF THIS COMPLAINT.

H.   **DEFINITION OF SUB-CLASS #6:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM THE USE OF LEGITIMATE SECURITY MEASURES IN A MANNER TO HARASS, AND ILLEGAL CONFISCATION OF UNASIGNED STATE PAY OF $10.00 PER MONTH WITHOUT DUE PROCESS, AND/OR BANGING ON CELL BARS, AND LOCKDOWNS AS DESCRIBED WITHIN CLAIM #7 OF THIS COMPLAINT, AS A RESULT OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND/OR ITS EMPLOYEES; AND THE DEFENDANTS AS DESCRIBED WITHIN CLAIM #7 OF THIS COMPLAINT.

I.   **DEFINITION OF SUB-CLASS #7:** THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN THIS COMPLAINT, AS A RESULT OF THE SUPPERVISORY LIABILITY OF THE DEFENDANTS AS DESCRIBED WITHIN CLAIM #8 OF THIS COMPLAINT.

J.   DEFINITION OF SUB-CLASS #9: THE PLAINTIFFS' SEEK CERTIFICATION OF THE FOLLOWING SUB-CLASS:
ALL PEOPLE WHO ARE OR WILL BE CONFINED WITHIN AN ILLINOIS ADULT CORRECTIONAL FACILITY, WHO SUFFER FROM INADEQUAT ACCESS TO LAW LIBRARY, AN UNCONSTITUTIONALY RAN LAW LIBRARY, OR MEANINGFUL ACCESS TO THE COURTS, CONTACT LEGAL VISITS, AND OTHER ISSUES AS DESCRIBED WITHIN CLAIM #9 OF THIS COMPLAINT RELATED TO ACCESS TO THE COURTS AND/OR AS A RESULT OF LAW LIBRARY ISSUES, AS A RESULT OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, MENARD CORRECTIONAL CENTER, AND THE DEFENDANTS AS DESCRIBED WITHIN CLAIM #9 OF THIS COMPLAINT.

K.   NUMEROSITY: THE EXACT NUMBERS OF THE MEMBERS OF THE CLASS IS UNKNOWN AND IS NOT AVALABLE TO THE PLAINTIFFS', WHERE IT IS CLEAR THAT INDIVIDUAL JOINDER IS IMPRACTICABLE, THE ILLINOIS DEPARTMENT OF CORRECTIONS FACILITIES HOUSE HOUNDEREDS, IF NOT THOUSANDS OF INMATES SUFFERING FROM ONGOING UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS A DIRECT RESULT OF OVERCROWDING AND OTHER ISSUES AS DESCRIBED WITHIN THIS COMPLAINT, ALL OF WHOM, UPON INFORMATION AND BELIEF, WHO SUFFER PHYSICAL INJURIES, AND VIOLATION OF FEDERAL AND STATE CONSTITUTIONAL RIGHTS AND ILLINOIS STATE LAWS AS DESCRIBED WITHIN THIS COMPLAINT. THE CLASS MEMBERS CAN EASILY BE IDENTIFIED THROUGH THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR PRISON/FACILITY[S] RECORDS THAT ARE AVAILABLE TO THE DEFENDANTS.

L.   COMMONLITY: THERE ARE COMMON QUESTIONS OF FACT[S] AND LAW[S] THAT EXIST TO ALL MEMBERS OF THE CLASS AND PREDOMINATE OVER THE QUESTIONS AFFECTING ONLY INDIVIDUAL MEMBERS. WITHIN THIS ACTION THE DEFENDANTS HAD, AND CONTINUE TO HAVE, POLICIES AND PRACTICES OF FAILING TO PROVIDE INMATES WITH CONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN THIS COMPLAINT, WHO SUFFER FROM SAID UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED IN THIS ACTION, AND OTHER COMMON QUESTIONS OF LAW AND FACTS.

M.   TYPICALITY: THE PLAINTIFFS' CLAIMS ARE TYPICAL OF THE CLAIMS OF THE OTHER MEMBERS OF THE CLASS, AS THE PLAINTIFFS' SUSTAINED DAMAGES ARISING OUT OF THE SAME WRONGFUL/MISCONDUCT OF THE DEFENDANTS. THE DEFENDANTS' VIOLATED THE PLAINTIFFS' CONSTITUTIONAL RIGHTS AS DESCRIBED WITHIN THIS COMPLAINT. SIMILARLY, THE DEFENDANTS' DISREGARDED THE CLASS MEMBERS' CONSTITUTIONAL RIGHTS, AND STATE LAW RIGHTS AS DESCRIBED WITHIN THIS COMPLAINT. (i.e. OVERCROWDING, CELL SIZE, ECT...).

N.   ADEQUATE REPRESENTATION: THE PLAINTIFFS' WILL FAIRLY AND ADEQUATELY REPRESENT AND PROTECT THE INTEREST OF THE CLASS MEMBERS BECAUSE THE PLAINTIFFS' POSSESS THE SAME INTRESTS AND SUFFERED THE SAME INJURIES AS THE CLASS MEMBERS. THE PLAINTIFF'S HAVE NO INTEREST ANTAGONISTIC TO THOSE OF THE CLASS, BUT THE PLAINTIFFS' ARE INADEQUATE FOR REPRESENTATION WITHOUT THE APPOINTMENT OF COUNSEL COMPETENT AND EXPERIENCED IN COMPLEX CLASS ACTIONS. FURTHERMORE, THE PLAINTIFFS' HAVE FILED A MOTION FOR APPOINTMENT OF COUNSEL WITHIN THIS ACTION.

O.   RULE 23 (b)(1): THERE IS A CLEAR LIKELIHOOD THAT ADJUDICATION OF THESE CLAIMS THROUGH SEPARATE SUITS WOULD SUBJECT MEMBERS OF DEFENDANT CLASS TO POTENTIALLY INCOMPATIBLE STANDARDS OF CONDUCT.

P.   RULE 23 (b)(2): THE PLAINTIFFS' SEEK RELIEF AND INJUNCTIVE RELIEF FOR PLAINTIFFS' AND ON BEHALF OF THE CLASS MEMBERS', THEREBY PROVIDING A VEHICLE TO REDRESS DEFENDANTS' CIVILRIGHTS VIOLATIONS ON A CLASS-WIDE BASIS (SEE:"REQUEST FOR RELIEF" WITHIN THIS COMPLAINT.

Q.   THE PLAINTIFFS' BRING ALL CLAIMS INDIVIDUALY AND AS A CLASS, AGAINST ALL DEFENDANTS AS DESCRIBED WITHIN THE CLAIMS.

7

## VERIFIED AND TITLED
## 42, SECTION 1983 U.S. CODE COMPLAINT

THIS IS A CIVIL RIGHTS ACTION FILED BY ABOVE PLAINTIFFS', PRO-SE, STATE OF ILLINOIS PRISONERS, REQUESTING CLASS CERTIFICATION, AND UNDER 42, SECTION 1983, ALLEGING A CIVIL CONSPIRACY IN CONJUNCTION WITH UNITED STATES CONSTITUTIONAL RIGHTS VIOLATIONS UNDER THE FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION. THE PLAINTIFFS' ALSO ALLEGE THE TORT OF NEGLIGENCE AND OTHER ILLINOIS STATE LAWS.

### JURISDICTION

1.    THIS COURT HAS JURISDICTION OVER THE PLAINTIFFS' CLAIMS OF VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 28 U.S.C. SECTION 1331 (1) AND 1343;

2.    THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFFS' STATE LAW TORT CLAIMS UNDER 28 U.S.C. SECTION 1367.

### PARTIES:

3.    THE PLAINTIFFS' AFOREMENTIONED ARE INMATES CURRENTLY BEING HOUSED WITHIN MENARD CORRECTIONAL CENTER.

4.    DEFENDANTS, SALVADOR GODINEZ, DONALD STOLWORTHY, GLADYSE TAYLOR, MICHAEL RANDLE, TY BATES, HENRY BAYER, JOHN R. BALDWIN, ARE AND/OR WERE ILLINOIS DEPARTMENT OF CORRECTIONS DIRECTORS, THEY ARE/WERE EMPLOYED WITH THE ILLINOIS DEPARTMENT OF CORRECTIONS. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

5.    DEFENDANTS, KIMBERLY BUTLER, RICK HARRINGTON, MICHAL ATCHINSON, SHANNIS STOCK, ALEX JONES, TODD BROOKS, ANTHONY WILLIAMS, JAQUELINE A. LASHBROOK, DOUG LYERLA, WILLIAM REES ARE/WERE THE WARDENS AT MENARD CORRECTIONAL CENTER. THEY ARE/WERE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

6.    DEFENDANT,,BRAD THOMAS IS THE INTERNAL AFFAIRS CHIEF INVESTIGATOR, IS EMPLOYED WITH THE ILLINOIS DEPARTMENT OF CORRECTIONS. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

7.    DEFENDANTS, TONY FERRANTO, AND KEVIN HIRSCH ARE/WERE UNION PRESIDENTS OF THE A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS OF THE ILLINOIS DEPARTMENT OF CORRECTIONS. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

8.    DEFENDANT, RICHARD PAULLER, IS THE BUISNESS OFFICE SUPERVISOR AND/OR ADMINISTRATOR, IS EMPLOYED AT MENARD CORRECTIONAL CENTER. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

9.    DEFENDANTS, JAMES R. BROWN, JOSEPH COWAN, CHAD E. HASEMEYER, PAGE, RICHARD D. MOORE, PAUL OLSON, BRIAN THOMAS, BILL WESTFALL, ROBERT DILDAY, EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S, ET AL., ARE LOCKDOWN COORDINATORS AND/OR MAJORS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

10.  DEFENDANTS, JAY ZIEGLER, JAMES BEST, MELFELY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES A. HOPPENSTED, FRICKY, ARE LIEUTENANTS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

11.  DEFENDANTS, ROGER SHURTZ, JOSHUA BERNER, DANIEL DUNN, HARRIS, ANTHONY MILLS, SIMONS, McDANIELS, SPILLER, DONALD LINDENBERG, VERGIL SMITH, KARUSE, BERNER, ARE SERGEANTS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

12.  DEFENDANTS, REBECCA CREASON, DR. BAIG, MISS. GREATHOUSE, MISS. WHITESIDE, DR. HELLERMAN, **MISS.** DELOTT, DR. REJALKOWSK, ARE HEALTH CARE DEPARTMENT PROFESSIONALS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

13.  DEFENDANT, GAIL WALLS, IS THE HEALTHCARE ADMINISTRATOR AT MENARD CORRECTIONAL CENTER, IS EMPLOYED AT MENARD CORRECTIONAL CENTER. SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

14.  DEFENDANTS, TONYA KNUST, BRAD BRAMLET, MISS. BEN, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, KELLIE S. ELLIS, AND UNIDENTIFIED JOHN AND JANE DOE'S ET. AL., ARE LAW LIBRARY/LIBRARY STAFF AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

15.  DEFENDANTS, RODNEY ROY, LaRONE, B. SMITH       , AND UNIDENTIFIED JOHN AND JANE DOE'S AND VERGIL SMITH ARE PROPERTY AND/OR LEGAL EXCHANGE OFFICERS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

16.  DEFENDANTS, SUSAN HILL, MARK PHONIX, J. COWAN, K. ALLSUP, BETSY SPILLER, ARE COUNSELORS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

17.  DEFENDANTS, JEANNETTE COWAN, LORI OAKLEY, LINDA CARTER, MARVIN COCHAMELL, KELLY PIERCE, ARE GRIEVANCE/STAFF OFFICERS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

18.  DEFENDANTS, SHERRY BENTON, TERRI ANDERSON, SASA JOHNSON ARE INMATE ISSUES OFFICERS, ARE EMPLOYED AT/WITH THE ILLINOIS DEPARTMENT OF CORRECTION. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

19.  DEFENDANTS, JAMIE WELBORN, HURST, RAKERS, MCNEW, M. PRANGE, BRINKLEY, CARLA DRAVES, SIMPSON, OBUCINA, FISCHER, AND UNIDENTIFIED JOHN AND JANE DOE'S ET AL., ARE TRUST FUND OFFICERS AT MENARD CORRECTIONAL CENTER, THEY ARE EMPLOYED AT MENARD CORRECTIONAL CENTER. THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

19-A. DEFENDANT, JEFF HUTCHINSON IS A WARDEN AT MENARD CORRECTIONAL CENTER, IS EMPLOYED AT MENARD CORRECTIONAL CENTER. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY"

19-B. DEFENDANT, JOHN BALDWIN IS A DIRECTOR OF I.D.O"C", IS EMPLOYED WITH THE ILLINOIS DEPARTMENT OF CORRECTIONS. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY"

19-C. DEFENDANT, MICHAEL HONLTE IS A MAJOR AT MENARD CORRECTIONAL CENTER, IS EMPLOYED AT MENARD CORRECTIONAL CENTER. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

19-D. DEFENDANT, ELLIS, IS A LAW LIBRARIAN AT MENARD CORRECTIONAL CENTER, IS EMPLOYED AT MENARD CORRECTIONAL CENTER. HE/SHE IS SUED IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY.

19-E. DEFENDANT, J. SHIPLEY, IS A LAW LIBRARIAN AT MENARD CORRECTIONAL CENTER, SHE IS EMPLOYED AT MENARD CORRECTIONAL CENTER. SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY.

19-F. DEFENDANT, I.D"O.C. IS, AND AT ALL TIMES RELEVANT TO THIS ACTION WAS, A GOVERNMENT AGENCY IN CHARGE OF THE ADMINISTRATION OF ALL ILLINOIS STATE PRISONS.

19-G" DEFENDANT, WEXFORD HEALTH SOURCES, INC" ("WEXFORD") IS A FLORIDA CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN THE STATE OF PENNSYLVANIA. WEXFORD HAS BEEN QUALIFIED TO DO BUSINESS IN THE STATE OF ILLINOIS SINCE JULY 27,1962. ON INFORMATION AND BELIEF AT ALL TIMES RELEVANT TO THIS/THESE ALLEGATIONS IN THIS COMPLAINT, WEXFORD HAS A CONTRACT WITH THE STATE OF ILLINOIS TO PROVIDE HEALTH CARE SERVICES TO INMATES IN I.D.O.C..

19-H. DEFENDANT, MENARD CORRECTIONAL CENTER IS, AND AT ALL TIMES RELEVANT TO THIS ACTION WAS, A FACILITY WITHIN I.D.O.C. IN CHARGE OF HOUSING INMATES WITHIN MENARD

19-I. DEFENDANT, BRUCE RAUNER, IS THE GOVERNOR OF ILLINOIS, IS EMPLOYED BY THE STATE OF ILLINOIS.

19-J. DEFENDANT, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, IS THE UNION FOR I.D.O.C. EMPLOYEES AND IS UNDER CONTRACT WITH I.D.O.C.

19-K. DEFENDANTS, SGT. GRAW, AND SGT. McCLURE, ARE SEARGENTS AT MENARD CORRECTIONAL CENTER, ARE EMPLOYED AT MENARD CORRECTIONAL CENTER, THEY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

10

## COLOR OF STATE LAW / JOINDER

20.  ALL DEFENDANTS HAVE ACTED AND/OR CONTINUE TO ACT UNDER COLOR OF LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT. THIS MULTI-CLAIM MULTI-DEFENDANT COMPLAINT IS PROPERLY JOINED WHERE THE CLAIMS DID ARISE FROM THE SAME FACTUAL SITUATION, WHERE THE CLAIMS AGAINST DEFENDANTS DID ALSO ARISE OUT OF THE SAME TRANSACTION, OCCURRENCE, OR SERIES OF TRANSACTIONS OR OCCURRENCES, AND WHERE A COMMON QUESTION OF LAW OR FACT DOES EXIST BETWEEN THE DEFENDANTS.(PLAINTIFF'S BELIEVE ALL CLAIMS ARE A DIRECT RESULT OF THE OVERCROWDING CLAIM).

## PREVIOUS LAW SUITS

21.  THE PLAINTIFF, DAVID BENTZ CURRENTLY HAS A CIVIL ACTION IN FEDERAL COURT RELATING TO PLAINTIFF (BENTZ'S) IMPRISONMENT AS FOLLOWED:

    A. BENTZ (v) FISCHER, et al., U.S.D.C./C.D.ILL. #11-CV-03403
    B. BENTZ (v) PALMER, et al., U.S.D.C./N.D"ILL. #12-CV-1753
    C. BENTZ (v) GISH, et al., U.S.D.C./C.D.ILL. #12-CV-01436
    D. BENTZ (v) HARDY, et al., U.S.D.C./N.D.ILL. #12-C-10426
    E. BENTZ (v) BLEDSOE, et al., U.S.D.C./S.D.ILL. #13-CV-00573
    F. BENTZ (v) HOWELL, et al., U.S.D.C./S.D.ILL. # 13-CV-01259
    G. BENTZ (v) HUGHS, et al., U.S.D.C./S.D.ILL. #13-CV-01280
    H. BENTZ (v) SMITH, et al., APP. 7TH CIR. #14-2437
    I. BENTZ (v) MAUE, et al., U.S.D.C./S.D.ILL. #14-CV-562
    J. BENTZ (v) BUTLER, et al., U.S.D.C./S.D.ILL. #14-996
    K. BENTZ (v) ATCHINSON, et al., U.S.D.C./S.D.ILL. #14-CV-1132
    L. BENTZ (v) LINDENBERG, et al., U.S.D.C./S.D.ILL. #15-CV-121

22.  THE PLAINTIFF, BRETT SHARP, CURRENTLY HAS A CIVIL ACTION IN FEDERAL COURT RELATED TO PLAINTIFF (SHARP'S) IMPRISONMENT AS FOLLOWS:

    A. SHARP (v) ECVALDI, et al., U.S.D.C./S.D.ILL. # 13-CV-291

23.  THE PLAINTIFF" JESSE PEREZ CURRENTLY HAS A CIVIL ACTION IN FEDERAL COURT RELATING TO PLAINTIFF (PEREZ'S) IMPRISONMENT AS FOLLOWS:

    A. PEREZ (v) PARKER, et. al., U.S.D.C./S.D.ILL. #14-CV-4286

24.  THE PLAINTIFF DANIEL DIAZ CURRENTLY HAS A CIVIL ACTION IN FEDERAL COURT RELATING TO PLAINTIFF (DIAZ'S) IMPRISONMENT AS FOLLOWS:

    A. DIAZ (v) BEST, et al., U.S.D.C./ N.D"ILL. #14-CV-7207

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

25. ALL PLAINTIFFS' HAVE EXHAUSTED ALL THEIR AVAILABL ADMINISTRATIVE REMEDIES AS TO THE EXTENT THAT THEY WERE MADE AVAILABLE WITH RESPECT TO ALL CLAIMS AND ALL DEFENDANTS' IN THIS ACTION.

## STATEMENT OF CLAIMS

26. THIS IS A CIVIL RIGHTS COMPLAINT FILED BY ABOVE PLAINTIFFS', PRO-SE, STATE OF ILLINOIS PRISONERS, UNDER 42 U.S.C. SECTION 1983, ALLEGING A CIVIL CONSPIRACY IN CONJUNCTION WITH UNITED STATES CONSTITUTIONAL RIGHTS VIOLATIONS UNDER THE FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION PLAINTIFFS' INVOKE THE SUPPLEMENTAL / PENDENT JURISDICTION OF THIS COURT.

27. THE PLAINTIFFS' ARE LONG TERM GENERAL POPULATION PRISONERS CURRENTLY BEING HOUSED AT MENARD CORRECTIONAL CENTER, A MAXIMUM SECURITY FACILITY, AND/OR WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS.

28. THE GRAVAMEN OF THIS MULTI-CLAIM COMPLAINT IS THAT PLAINTIFFS' HAVE BEEN CONSPICUOUSLY DENIED RIGHTS AND PRIVLEGES, SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT (AND OTHER SUCH CONSTITUTIONAL AND STATE LAW DEPRIVATIONS) DUE TO DEFENDANTS DISREGARD FOR PLAINTIFFS' HEALTH, AND SAFETY, AND IN RETALIATION FOR FILING LAW SUITS AND/OR IN REGARDS TO THEIR CRIMES, AND DUE TO THE OBVIOUS DELIBERATE INDIFFERENCE TO PLAINTIFFS' HEALTH AND SAFETY SUBSEQUENT TO THE DEFENDANTS' CREATING UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT.

29. THE PLAINTIFFS' IN THIS ACTION BRING THIS CASE SEEKING CERTIFICATION OF CLASS, AND PRELIMINARY INJUNCTIVE, RELIEF, AND INJUNCTIVE RELIEF FOR THE PLAINTIFFS' AND CLASS MEMBERS' WITH REGARDS TO UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT, AND A PROXIMATE AND POTENTIAL RISK OF SERIOUS PHYSICAL INJURIES.

30. THE FIRST AMENDMENT PROTECTS PRISONERS' RIGHTS TO, INTER ALIA, THE FREEDOM OF EXPRESSION AND COMMUNICATION.

30-A. THE EIGHT AMENDMENT, WHICH FORBIDS "CRUEL AND UNUSUAL PUNISHMENT", GOVERNS THE TREATMENT OF CONVICTED PRISONERS. DELIBERATE INDIFFERENCE TO THE HEALTH AND SAFETY AND SHELTER CREATING UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT TO PRISONERS FOR REASONS NOT PENOLOGICALY JUSTIFIED.

30-B. THE FOURTEENTH AMENDMENT FORBIDS THE STATE TO DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAW, AND DUE PROCESS RIGHTS.

30-C. THERE EXIST A PATTERN OF CONDUCT AMONGST CERTAIN DEFENDANTS' SHOWING A CIVIL CONSPIRACY TO DEPRIVE PRISONERS, HOUSED WITHIN MENARD CORRECTIONAL CENTER AND/OR WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS, TO INCLUDE PLAINTIFFS', OF ACCESS TO REASONABLE ADEQUATE TREATMENT AND/OR CONDITIONS OF CONFINEMENT AS DESCRIBED LATER WITHIN THIS COMPLAINT.

30-D. THE PERSONS NAMED IN THIS ACTION ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIED SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

12

## CLAIM #1

31. THIS CLAIM REGARDS THE DEPRIVATION OF EXERCISE; STATE LAW VIOLATIONS; AND STATE AND FEDERAL CONSTITUTIONAL RIGHTS VIOLATIONS AGAINST DEFENDANTS, GODINEZ, STOLWORTHY, TAYLOR, RANDLE, BATES, BAYER, BUTLER, HARRINGTON, ATCHINSON, STOCK, JONES, FERRANTO, DUNN, HIRSCH, PAUTLER, BROWN, COWAN, HASEMEYER, LASHBROOK, LYERLA, MOORE, OLSON, REES, THOMAS, ZIEGLER, DILDAY, WESTFALL, A.F.S.C.M.E. UNION LOCAL 1175 COUNSL 31 MEMBERS AND MENARD AND/OR ILLINOIS DEPARTMENT OF CORRECTIONS STAFF AND EMPLOYEES AND ADMINISTRATORS JOHN AND JANE DOE'S (TO INCLUDE THOSE CONTRACTED FOR OR BY THE ILLINOIS DEPARTMENT OF CORRECTIONS WHO, IN THEIR PROFESSIONAL, INDIVIDUAL OR OFFICIAL CAPACITIES DO PROMULGATE, AUTHORIZE, TRAIN, COLLUDE, ACQUIESCE OR OTHERWISE DIRECT INMATES TO BE DEPRIVED OF OUT OF CELL EXERCISE FOR EXTENDED PERIODS OF TIME FOR ALLEGED INSTITUTIONAL EMERGENCY LOCKDOWNS (see: fn#1)

32. THIS CLAIM ARISES FROM THE DEFENDANTS' DEPRIVING THE PLAINTIFFS' AND CLASSMEMBERS OF EXERCISE BY EXCESSIVELY CONFINING THEM TO THEIR TINY CELLS (AS LATER DESCRIBED WITHIN THIS COMPLAINT) WHICH CONSTITUTES DELIBERATE INDIFFERENCE BY AFOREMENTIONED DEFENDANTS' TO CONDITIONS GIVING RISE TO SERIOUS HEALTH PROBLEMS. THE AFOREMENTIONED DEFENDANTS DENIED THE PLAINTIFFS' AND CLASSMEMBERS OF "THE MINIMAL CIVILIZED MEASURES OF LIFE'S NECESSITIES." FARMER (v) BRENNEN, 511 U.S. 825, 834 (1994). THE PLAINTIFFS' AND CLASSMEMBERS' HAVE STANDING TO CHALLENGE THE VIOLATION OF OTHER SIMILARLY SITUATED INMATES' RIGHTS WHERE THE VIOLATION OF OTHER SIMILARLY SITUATED INMATES' RIGHTS CAN BE SHOWN TO CAUSE INJURY TO THE PLAINTIFFS'. HASSIN (v) JEFFES, 846 F.2D 169, 178 n.5 (3d, CIR. 1988). WHILE COURTS HAVE NOT REQUIRED AN ACTUAL SHOWING OF PHYSICAL INJURY WHEN EXERCISE IS DENIED FOR SIGNIFICANT PERIODS OF TIME, DELANEY (v) DETELLA, INFRA, THE PLAINTIFFS' AND CLASSMEMBERS HAVE SUFFERED AND IMMINENTLY WILL SUFFER BOTH PHYSICAL AND PSYCHOLOGICAL INJURIES AS A DIRECT OR PROXIMATE CAUSE OF THE ACTIONS OR IN ACTIONS OF AFOREMENTIONED DEFENDANTS' IN PERVASIVELY AND EXCESSIVELY CONFINING THE PLAINTIFFS' AND CLASSMEMBERS' TO THEIR TINY CELLS. IT IS IRRELEVANT THAT PRISONERS CAN ALLEGEDLY DO EXERCISE IN THEIR CELLS, PLAINTIFFS' AND CLASSMEMBERS ARE ENTITLED TO SOME FORM OF RELIEF FROM UNINTERRUPTED CELL CONFINEMENT. DELANEY (v) DETELLA, 256 F.3d 679, 683 (7TH CIR. 2001).

33. THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGES THE EXCESSIVE STAGNATING CONFINEMENT THAT PLAINTIFFS' AND CLASSMEMBERS' HAVE ENDURED, IS EGREGIOUS AND DELIBERATELY INDIFFERENT TO THEIR SERIOUS HEALTH AND SAFETY PROBLEMS, WHERE AFOREMENTIONED DEFENDANTS' KNEW OF THE SYSTEMATIC OBVIOUS DEPRIVATION OF EXERCISE STEMMING FROM THE EXCESSIVE CONFINEMENT OF PLAINTIFFS' AND CLASSMEMBERS' TO THEIR TINY CELLS, WHERE AFOREMENTIONED DEFENDANTS' KNEW THAT IT OBVIOUSLY DID CREATE, WAS CREATING AND HAD STRONG LIKELIHOOD OF CREATING SUBSTANTIAL AND PERVASIVE SERIOUS INJURIUS EFFECTS, WHERE AFOREMENTIONED DEFENDANTS' KNEW THAT IT WAS OFTEN UTILIZED FOR VAGUE MATTERS NOT REASONABLY RELATED TO ANY LEGITIMATE PENOLOGICAL INTEREST, AND WHERE AFOREMENTIONED DEFENDANTS' STILL YET KEPT PLAINTIFFS' AND CLASSMEMBERS, CONFINED TO THEIR TINY CELLS.

34. THE EMERGENCY LOCKDOWN PROCEDURE IS FREQUENTLY EXPLOITED BY AFOREMENTIONED DEFENDANTS' FOR MATTERS NOT REASONABLY RELATED TO ANY LEGITIMATE PENOLOGICAL INTREST. THIS PATTERN OF OFFICIALLY SANCTIONED BEHAVIOR IS EXPLOITED WITH SUFFICIENT FREQUENCY TO REASONABLY APPRISE AFOREMENTIONED DEFENDANTS' OF THE

ONGOING PERVASIVE INJURIOUS EFFECTS ON THE PLAINTIFFS' AND CLASS MEMBERS' HEALTH AND SAFETY FROM DEPRIVATION OF EXERCISE AND THE NEED FOR PROTECTIVE MEASURES.

35. THE PRISON ADMINISTRATION, AFOREMENTIONED DEFENDANTS DECLARED (182) DAYS OF LOCKDOWN IN 2006, AND (121) DAYS OF LOCKDOWN IN 2009, OVER (231) DAYS OF LOCKDOWN WERE DECLARED IN 2010, AND ROUGHLY CLOSE TO THAT WAS DECLARED IN 2011, AND THE PATTER STILL CONTINUES TO THIS DATE IN 2017. THESE PERIODS OF LOCKDOWNS WERE AND/OR ARE IMPOSED MOSTLY FOR EXAGGERATED REASONS SUCH AS ONE-ON-ONE FIGHTS POTENTIAL RISK OF A POSSIBLE FIGHT, AS PUNISHMENT FOR AN INMATE ON STAFF ASSAULT, AS PSYCHOLOGICAL PUNISHMENT IN GENERAL, FOR HOLIDAYS, FOR STAFF SHORTAGE, OR FOR NO REASON AT ALL.(EX.6).

36. UNDER STATE LAW, AND STATE AND FEDERAL CONSTITUTIONAL RIGHTS, EXERCISE IS NOT A PRIVLAGE BUT A RIGHT. 730 ILCS 5/3-7-2(c), AND EIGHTH AMENDMENT. SEE: ALSO **DELOANEY (V) DETELLA,** SUPRA. EXERCISE IS NOW REGARDED BY MANY AS AN INDESPENSIBLE COMPONENT OF PREVENTIVE MEDICINE, **ANDERSON (V) RAMERO,** 72 F.3d 518 (7th CIR. 1995), AND IS A NECESSARY REQUIREMENT FOR PHYSICAL AND MENTAL WELL BEING. **DELANEY (V) DETELLA,** SUPRA..

37. THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT THE EXTENDED EXERCISE DEPRIVATIONS ARE WITHOUT ANY "LEGITIMATE PENOLOGICAL" PURPOSE, **TURNER (V) SAFELY,** 482 U.S. 78, 89 (1987), THAT AFOREMENTIONED DEFENDANTS' IMPOSED AN "ATYPICAL AND SIGNIFICANT HARDSHIP IN RETALIATION TO ORDINARY INCIDENTS OF PRISON LIFE", **SANDIN (v) CONNER,** 515 U.S. 472 (1995), THAT THEY ARE DONE IN VIOLATION OF PROCEDURAL DUE PROCESS PROTECTIONS OF THE FOURTEENTH AMENDMENT, **LABOTT (v) TWOMEY,** 513 F.3d 641 (7TH CIR. 1975), THAT THEY ARE DONE IN VIOLATION OF ARTICLE I, §§ 2 AND 12, AND ARTICLE XI, §2 OF THE ILLINOIS CONSTITUTION, AND THAT THE EXCESSIVE CONFINEMENT IS ALSO IN VIOLATION OF 730 ILCS 5/3-7-2(c)(PRISONERS ARE TO BE AFFORDED ONE HOUR OF OUT OF CELL TIME PER DAY) AND ILLINOIS ADMINISTRATIVE AND INSTITUTIONAL DIRECTIVE A.D. 05.01.301.(LOCKDOWN POLICY).

38. THE AFOREMENTIONED DEFENDANTS' ARE WELL AWARE OF THE ILL EFFECTS THAT DEPRIVATION OF EXERCISE DOES IMPOSE UPON THE HUMAN BODY AND MIND, INDIVIDUALLY AND AS A CLASS OF PRISONERS', BUT YET AFOREMENTIONED DEFENDANTS' CONTINUE TO TOLERATE OR EFFECTUATE POLICY, PRACTICE OR PROCEDURE THAT STILL KEEPS THE PLAINTIFFS' AND CLASS MEMBERS' EXCESSIVELY CONFINED TO THEIR TINY STAGNATING CELLS.

39. AS A DIRECT AND PROXIMATE RESULT OF THE ACTIONS OR INACTIONS OF AFOREMENTIONED DEFENDANTS' IN PROMULGATING, AUTHORIZING, TRAINING, COLLUDING, ACQUIESCING OR OTHERWISE DIRECTING THE PLAINTIFF'S AND CLASS MEMBERS' TO BE EXCESSIVELY CONFINED TO THEIR TINY CELLS BETWEEN 2002 TO THE PRESENT AND IN THE FUTURE, THUS DEPRIVING PLAINTIFFS' AND CLASS MEMBERS' OF OUT OF CELL EXERCISE, THE PLAINTIFFS' AND CLASS MEMBERS' HAVE SUSTAINED AND IMMINENTLY WILL CONTINUE TO SUSTAIN BOTH MENTAL AND PHYSICAL INJURIES IN THE FORM OF MUSCULAR ATROPHY, WEIGHT LOSS, STIFFENING-PAINFULL JOINTS, DEPRESSION, HIGH ANXIETY, CONSTANT STRESS, AND A REAL FEAR OF BEING UNDULY PHYSICALLY ASSAULTED BY HOSTILE CORRECTIONAL OFFICERS WHO TOO FEEL THE INCREASED PRESSURE, STRESS AND OPPORTUNITIES FOR VIOLENCE RESIDUAL FROM THE EXCESSIVE CONFINEMENT, STAGNATION AND INACTIVITY OF THE PLAINTIFFS' AND CLASS MEMBERS' ARE BEING SUBJECTED TO. MOREOVER, THE PLAINTIFFS' AND CLASS MEMBERS' HAVE BEEN SUBJECTED TO AND IMMINENTLY WILL CONTINUE TO BE SUBJECTED TO BEING AROUND MENTALLY ILL PRISONERS' WHOSE MENTAL ILLNESSES ARE AND WILL BE EXACERBATED THROUGH THIS EXCESSIVE CONFINEMENT. THE AFOREMENTIONED DEFENDANTS' KNOW FULL WELL THAT MENTAL ILLNESS IS EXACERBATED THROUGH EXCESSIVE

14

CONFINEMENT AND OPPRESSIVE STAGNATING ISOLATION. IN MENARDS AND/OR I.D.O.C.'S SEGREGATION UNIT ALONE, MORE THAN HALF OF THE INMATES ARE TAKING PSYCHOTROPIC MEDICATIONS AND/OR BEING TREATED FOR MENTAL ILLNESS, BEING FORCED TO BE EXCESSIVELY CONFINED, AND IN WITH MENTALLY ILL PRISONERS' WHO ARE SYSTEMATICALLY ALSO BEING EXCESSIVELY CONFINED, HAS CONFINED, HAS CREATED A TINDER BOX OF INCREASED PRESSURE, STRESS AND OPPORTUNITIES FOR VIOLENCE AT MENARD CORRECTIONAL CENTER AND/OR I.D.O.C., A DEMORALIZING AND FRUSTRATING EFFECT ON THE PLAINTIFFS' AND CLASS MEMBERS' PSYCHE, AND HAS COMPROMISED THE SAFETY, STABILITY, AND WELFARE OF THE PLAINTIFFS' AND CLASS MEMBERS', THE STAFF, AFOREMENTIONED DEFENDANTS' AND THE PUBLIC AT LARGE.

40.   THE PERSONS NAMED IN THIS CLAIM ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

fn#1: later identified defendants, john baldwin, todd brooks, anthony williams, jeff huchinson, eovaldi, robert hughs, raymond allen, michael monjie, james best, lt. mr. whitley, clint mayer, kent brookman, michael samuel, torville, william qualls, james hoppensted, lt. Ericky, BRAD THOMAS, BRUCE RAUNER, HILL, PHONIX, J. COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, OAKLEY, L. CARTER, M. BOCHANTIN, K. PIERCE, S. BENTON, ANDERSON, S. JOHNSON, SGT. KARUSE, J. WHITLEY

15

## CLAIM #2

41.   THIS CLAIM REGARDS THE VIOLATION OF THE PLAINTIFFS' AND CLASS MEMBERS' EIGHT AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY SUBJECTING PLAINTIFFS' AND CLASS MEMBERS' TO THE UNCONSTITUTIONAL, INADEQUATE TINY PRISON CELLS 24 HOURS A DAY SEVEN (7) DAYS A WEEK WHILE ON LOCKDOWN, AND BEING CONFINED FOR AT LEAST 163 HOURS SEVEN (7) DAYS A WEEK WHILE OFF OF LOCKDOWN WITHIN THE TINY CELLS AS DESCRIBED THROUGHOUT THIS COMPLAINT. WITH TWO (2) MEN IN A SINGLE MAN CELL AND OTHER ISSUES, BY DEFENDANTS, ATCHINSON, HARRINGTON, STOCK, JONES, BUTLER, STOLWORTHY, TAYLOR, RANDLE, GODINEZ, BROWN, COWAN, HASEMEYER, DUNN, LASHBROOK, LYERLA, MOORE, OLSON, REES, BRIAN THOMAS, ZIEGLER, DILDAY, WESTFALL, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S, "PRISON EXPERTS" WHO ARE SOLELY RESPONSIBLE FOR THE SAFETY, SHELTER, AND WELL-BEING OF THE PLAINTIFFS' AND CLASS MEMBERS', WHO HAVE KNOWINGLY ALLOWED THE USE OF THE UNLAWFUL, INCREDIBLY SMALL, TINY, CELLS TO HOUSE TWO (2) MAXIMUM SECURITY PRISONERS WITHIN A CELL DESIGNED FOR ONE PRISONER. (see: fn#2)

42.   THE PLAINTIFFS' AND CLASS MEMBERS' CHALLENGE THE UNCONSTITUTIONALLY SMALL (TINY) CELLS THAT ARE ABOUT 43 SQUARE FEET WITHIN MENARD CORRECTIONAL CENTERS NORTH ONE, NORTH TWO, SOUTH, AND OTHER CELL HOUSES, AND/OR WITHIN I.D.O.C. WITH LESS THAN 13 SQUARE FEET OF UNENCUMBERED FLOOR SPACE AFTER THE PLAINTIFFS' AND CLASS MEMBERS' TWO (2) PERSONAL PROPERTY BOXES AND/OR TWO (2) LEGAL BOXES ARE PLACED WITHIN THE SMALL, TINY, CELL (1-PROPERTY BOX AND 1-LEGAL BOX PER INMATE) LEAVING ABOUT 10 SQUARE FEET OF UNENCUMBERED FLOOR SPACE FOR TWO (2) MAXIMUM SECURITY, SEGREGATION, MENTAL HEALTH, AND GENERAL POPULATION PLAINTIFFS' AND/OR CLASS MEMBERS' ARE CONFINED TO THEIR TINY CELLS ALMOST 24 HOURS A DAY SEVEN DAYS A WEEK. IT IS ABSOLUTELY IMPOSSIBLE TO BE MORE THAN THREE (3) FEET FROM A "CELLIE" AT ANY POINT IN TIME WITHIN THESE SMALL, TINY, CELLS, AND ALSO TO INCLUDE ALL OTHER CELLS WITHIN ALL OTHER CELL HOUSES.

43.   WHEN THE PLAINTIFFS' AND CLASS MEMBERS' ARE PLACED ON LOCKDOWN THE MENARDS AND/OR I.D.O.C.'S HOUSING UNITS NORTH ONE AND/OR NORTH TWO (SOME BEHIND SOLID CORE DOORS) AND/OR I.D.O.C. ARE SUBJECTED TO THE SAME CONSTRAINTS OF THE OTHER CELL HOUSES, WHERE ALL SEGREGATION, MENTAL HEALTH AND GENERAL POPULATION PLAINTIFFS' AND CLASS MEMBERS' (PRISONERS') ARE TRAPPED WITHIN THESE EXTREMELY SMALL, TINY CELLS FOR WEEKS OR MONTHS AT A TIME.

44.   THE SMALLEST PRISON CELLS IN USE BY THE ILLINOIS DEPARTMENT OF CORRECTIONS ARE MENARD CORRECTIONAL CENTERS NORTH ONE AND NORTH TWO HOUSING UNITS, WHERE THEY HAVE 10 SQUARE FEET OR LESS OF UNENCUMBERED FLOOR SPACE FOR TWO INMATES (ABOUT 40 SQUARE FEET PER CELL FOR TWO INMATES BEFORE, BEDS, SINK, TOILET, SHELVES, AND BOXES).

45.   THE BIGGEST CELLS WITHIN MENARD CORRECTIONAL CENTER ARE WITHIN THE EAST AND WEST HOUSES AND ARE NO MORE THAN 60 SQUARE FEET WITH ABOUT 40 SQUARE FEET (EXCLUDING 4 PROPERTY BOXES) OF UNENCUMBERED FLOOR SPACE FOR TWO INMATES, AND IS UNCONSTITUTIONAL.

16

46. THE PLAINTIFFS' AND CLASS MEMBERS' HAVE SUSTAINED PHYSICAL AND MENTAL INJURIES FROM BEING CONFINED WITHIN THESE SMALL, TINY CELLS AFOREMENTIONED, WHERE DURING THE SUMMER MONTHS THE AFOREMENTIONED SMALL, TINY CELLS RETAIN SUCH EXTREMELY HIGH TEMPERATURES OF EXCESSIVE HEAT THAT THEY HAVE A OVEN LIKE EFFECT CAUSING EXTREME DISTRESS AND AGONY UPON THE PLAINTIFFS' AND CLASS MEMBERS'. DUE TO THE PAUCITY OF SPACE WITHIN THE AFOREMENTIONED CELLS, WHERE INCREASED RATES FOR ASSAULTS, FIGHTS, MURDER, SUICIDE, HEAT RELATED DEATHS, STAFF-ON-INMATE ASSAULTS, AND INMATE-ON-INMATE ASSAULTS, AND OTHER ISSUES RUN VERY HIGH. THE PLAINTIFFS' AND CLASS MEMBERS' CONTINUE TO SUFFER FROM THE DETRIMENTAL EXTENT OF THESE PHYSICAL AND PSYCHOLOGICAL INJURIES, DUE TO BEING HOUSED WITHIN MENARDS AND/OR I.D.O.C.'S SMALL, TINY, CELLS FOR EXTENDED PERIODS OF RELENTLESS CONFINEMENT IS TORTUROUS, SLOWLY KILLING PLAINTIFFS' AND CLASS MEMBERS', AND STILL CONTINUE TO CAUSE, MUSCLE CRAMPING, EXTREME HUNGER AND WEIGHT LOSS, HEADACHES AND INSOMNIA, CHRONIC DEPRESSION, INCREASING LACK OF CONCENTRATION AND/OR FOCUS, DECREASED MOTIVATION, WORSENING BACK AND JOINT PAIN, DEPLEATING/ ATROPHIED MUSCLES, ANXIETY, PANIC ATTACKS, DISASSOCIATION AND INSTANCES OF VERTIGO, SEVERE STRESS, PARANOIA, AND A INCREASING FEAR OF LEAVING THESE SMALL, TINY CELLS AFTER LONG BOUTS OF ISOLATION WITH AN INTENSIFIED FEAR OF NEVER GETTING OUT OF THE SMALL, TINY CELL.

47. THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT WHEN OFF OF LOCKDOWN EVERY CELL HOUSE IS ONLY ALLOWED TWO AND A HALF (2 1/2) HOURS OF OUT DOOR EXERCISE TWICE A WEEK ON OCCASION AND WITH ARBITARY EXCEPTIONS THE CELL HOUSES WILL BE AFFORDED ONE (1) HOUR OF RECREATION (GYM) PERIOD PER WEEK, WHERE THE NORTH TWO (N-2) CELL HOUSE IS EXCLUDED FROM THE AFOREMENTIONED YARD, RECREATION PERIODS AS ALL OTHER CELL HOUSES, WHERE THE NORTH TWO (N-2) CELL HOUSE RECEIVES A COMPLETELY DIFFERENT YARD THAT IS VERY SMALL AND SEGREGATED AND A COMPLETELY DIFFERENT GYM THAN ALL AOTHER CELL HOUSES WITH NO RECREATION EQUIPMENT (i.g., WEIGHTS, ECT...) LIKE THE OTHER GYM. THE NORTH TWO GYM, "RANDOLPH HALL" ALSO SERVES AS THE NORTH TWO (N-2) CHOW HALL, WHERE PLAINTIFFS' AND CLASS MEMBERS' ARE REQUIRED TO EAT THEIR FOOD JUST YARDS AWAY FROM OPEN TOILETS AND BATH ROOM AREA, AND SOMETIMES FORCED TO EAT OFF OF THE FLOOR DUE TO THE LACK OF ENOUGH SEATS. THE CHOW HALL IS NEVER CLEANED AND VERY UNSANITARY. FURTHERMORE MENARD'S MENTAL HEALTH AND GENERAL POPULATION PRISONERS' (PLAINTIFFS' AND CLASS MEMBERS') WITHIN THE NORTH TWO (N-2) CELL HOUSE RECEIVES THE SAME OUT OF CELL TIME AS THE SEGREGATION PRISONERS' BELOW THE MINIMUM LAID OUT WITHIN THE ILLINOIS CODE OF CORRECTIONS, 730 I.L.C.S. 5/3-7-2(c)).

48. PLAINTIFFS' AND CLASS MEMBERS' ALSO ALLEGE THAT WHEN OFF OF LOCKDOWN THE EAST, WEST, AND NORTH TWO CELL HOUSES ARE PERMITTED TWO (2) SHOWERS A WEEK AND ONLY ONE WHEN ON LOCKDOWN, WHERE THE NORTH ONE AND SOUTH CELL HOUSES RECEIVE THREE SHOWERS A WEEK, FURTHERMORE UNLIKE ALL OTHER CELL HOUSES THE PLAINTIFFS' AND CLASS MEMBERS' WITHIN NORTH TWO RECEIVE INCONSISTENT LAW LIBRARY TIME PER WEEK AVERAGING ONE HOUR, TWO "CHOW" PERIODS WITHIN THE CHOW HALL ALMOST ALWAYS CUT SHORT OF THE HALF HOUR PER MEAL TO EQUAL ONE HOUR OUT OF CELL AS REQUIRED BY LAW, WHERE IT IS CUT TO 5-10 MINUTES PER MEAL, AND NORTH TWO CALL PASSES FOR MEDICAL, DENTAL, MENTAL HEALTH, BARBER SHOP, COMMISSARY,

17

LAW LIBRARY AND YARD USUALLY ALWAYS FALL ON THE SAME TIME FRAME, WHERE LEAVING THE PLAINTIFFS' AND CLASS MEMBERS' TO CHOOSE ONE AND LOOSE THE OTHERS, WHERE THEY ARE JUST OUT OF LUCK IF THEY ARE SCHEDULED FOR MORE THAN ONE OF THE AFOREMENTIONED CALL PASSES. PLAINTIFFS' AND CLASS MEMBERS' ARE LUCKY IF THEY SPEND LESS THAN 160 STRAIGHT HOURS A WEEK TRAPPED WITHIN THEIR SMALL, TINY CELLS DAY IN AND DAY OUT WITH NO REASONABLE OR MEANINGFUL EXERCISE ON MOST DAYS, WHERE THE AVAILABILITY IS ALMOST NON-EXISTENT.

49.   WHEN THE INCIDENTS CAUSING A LOCKDOWN AS DESCRIBED THROUGHOUT THIS COMPLAINT OCCUR ALL THE PLAINTIFFS' AND CLASS MEMBERS' ARE SUBJECTED TO THE SAME RAMIFICATIONS AND ARE SUBJECTED TO ISOLATION WITH THEIR CELLIES AND TRAPPED WITHIN THEIR SMALL, TINY CELLS 24/7 FOR WEEKS OR MONTHS ON END, WHERE PLAINTIFFS' AND CLASS MEMBERS' ARE LEFT TO FIND WAYS TO COPE WITH THE BAD HABITS (i.g., TERRIBLE HYGENE, MENTAL PROBLEMS, ILLNESSES, AROMA OF FECES, CRIMINAL/NEGATIVE MENTALITIES, AGGRESSIVE BEHAVIOR LEADING TO VIOLENCE OCCASSIONALLY, WITH NO ROOM TO MANEUVER AROUND EACHOTHER WITHIN SMALL TINY CELL, A COMPLETE AND UTTER LACK OF PERSONAL SPACE, PRIVACY, TO CARE FOR BODILY FUNCTIONS.

50.   THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT EXPERIENCING EXTREME DEORIVATIONS OF JUST ONE BASIC HUMAN NEED INCLUDING BUT NOT LIMITED TO SLEEP, SANITATION, MEANINGFUL SOCIAL/HUMAN CONTACT, SHELTER, EXERCISE, AND EVIROMENTAL STIMULATION, WHERE LONG TERM CONFINEMENT AFOREMENTIONED IS SERIOUSLY DETRIMENTIAL TO THE PLAINTIFFS' AND CLASS MEMBERS' PSYCHO EMOTIONAL STABILITY AND PHYSICAL HEALTH. THE PLAINTIFFS' AND CLASS MEMBERS' HUMANITY DETERIORATES LITTLE BY LITTLE OVER TIME WHEN AND/OR WHILE ANXIETY, TURMOIL, ANGUISH, AND DESPAIR EATS THEM UP AND DESTROYS THEM.

51.   THE PLAINTIFFS' AND CLASS MEMBERS' HAVE SUSTAINED SEVERAL PHYSICAL AND PSYCHOLOGICAL INJURIES, AND CHRONIC DEPRESSION FROM BEING CONFINED WITHIN THEIR SMALL, TINY CELLS FOR THE AFOREMENTIONED RELENTLESSLY INCESSANT TORTUROUS HOURS, WHERE PLAINTIFFS' AND CLASS MEMBERS' EMOTIONAL STABILITY AND WELL BEING IS FORCIBLY SACRIFICED DUE TO AFOREMENTIONED DEPRIVATIONS. REGARDLESS THE EXTENT OF THE AGONY THIS TORTURE FOES ON WITH NO REASONABLE REPRIEVE, THE AFFLICTION OF THESE PHYSIOLOGICAL, AND OTHER INJURIES ARE SUSTAINED BY THE EXTENSIVE CONFINEMENT TO THE SMALL, TINY CELLS THAT RESULT IN DESOLATION AND DESPAIR, WHERE THEY ARE ALL TO AFFORD THE AFOREMENTIONED DEFENDANTS' WITH THE OPPORTUNITY TO CAPITALIZE ON THE AFFLUENCE THAT HAS BECOME AVAILABLE AS A RESULT OF THEIR PERVERSE POLITICS. THROUGH THEIR PROPAGANDA AND HARRASSMENT, THE MENARD CORRECTIONAL STAFF INCITE INCIDENTS BY PUTTING MENARD ON LOCKDOWN FOR THE MOST PART FOR REASONS NOT PENOLOGICALLY JUSTIFIED DESPITE THE KNOWN DAMAGES IT CREATES.

52.   THE PERSONS NAMED IN THIS CLAIM ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

fn#2: defendants later identified: john baldwin, todd brooks, anthony willians, jeff hutchinson, eovaldi, robert hughs, raymond allen, michael monjie, james best, lt. mc. whitley, clint mayer, kent brookman, michael samuel, torville, SGT. GRAW, willian qualls, james hoppensted, lt. fricky, BRUCE RAUNER, A.F.S.C.M.E, UNION LOCAL 1175 COUNSEL 31 MEMBERS, HILL, PHONIX, J. COWAN, ALSUP, BETSY SPILLER, JEANNETTE COWAN, OAKLY, L. CARTER, SGT MCCLURE, M. BOCHANTIN, K. PIERCE, S. BENTON, S. JOHNSON, ANDERSON, SGT. KARUSE, J. WHITLEY, MENARD CORRECTIONAL CENTER, ILLINOIS DEPARTMENT OF CORRECTIONS.

18

CLAIM #3

53.  THIS CLAIM REGARDS A CIVIL CONSPIRACY, EIGHTH AMENDMENT AND DUE PROCESS DEPRIVATIONS SPECIFICALLY DEALING WITH DEFENDANTS, GODINEZ, TAYLOR, RANDLE, STOLWORTHY, BATES, BAYER, BUTLER, HARRINGTON, ATCHINSON, STOCK, JONES, BRAD THOMAS, FERRANTO, HIRSCH, PAUTLER, BROWN, COWAN, HASEMEYER, LASHBROOK, LYERLA, MOORE, OLSON, REES, DUNN, BRIAN THOMAS, ZIEGLER, DILDAY, WESTFALL, AND A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS AND ILLINOIS DEPARTMENT OF CORRECTIONS EMPLOYEES JOHN AND JANE DOE'S, ET AL., THAT HAVE COLLECTIVELY FORMULATED A MUTUAL AGREEMENT WITH MENARD AND THE ILLINOIS DEPARTMENT OF CORRECTIONS (I.D.O.C.) AFOREMENTIONED DEFENDANTS TO PARTICIPATE IN ACTIVITIES THAT ARE SO BLATANTLY INAPPROPRIATE, THEY COULD NOT POSSIBLY BE UNAWARE OF THE RESULTING, INJURIOUS CONDITIONS THAT THE AFOREMENTIONED DEFENDANTS DECISIONS CAUSED. (See: fn#3)

54.  THE AFOREMENTIONED DEFENDANTS KNOWINGLY AND WILLINGLY CONTRIBUTED IN EXAGGERATING THEIR RESPONSES TO WHAT HAS BEEN, ALBEIT INITIALLY, A LIGITIMATE SECURITY CONCERN. THESE EXTENDED PERIODS OF LOCKDOWN, THAT HAVE/ARE KEEPING PLAINTIFFS' AND CLASSMEMBERS' CONFINED TO THEIR TINY CELLS FOR FACILITATION OF THE EMPLOYEE'S FRINGE BENEFITS, AS WELL AS TO SAVE MONEY WITHIN THE INSTITUTIONS, FOR NO LEGITIMATE PENOLOGICALLY JUSTIFIABLE REASON IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION.

55.  PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT AFOREMENTIONED DEFENDANTS CONSPIRE AND SHARE A UNDERSTANDING THAT MENARD AND/OR I.D.O.C. IS TO GO ON LOCKDOWN IN ORDER FOR THEM TO RECOVER INSTITUTIONAL COST, TO SAVE OR REDISTRIBUTE MONEY, AND TO OBTAIN THE FULL BENEFITS OF THE UNIONS CONTRACT AGREEMENT WITH UNION MEMBERS THAT ARE STATE EMPLOYEES AT MENARD AND/OR I.D.O.C. WHO ARE REPRESENTED BY UNION OFFICIALS THAT ARE EMPLOYED BY THE ILLINOIS DEPARTMENT OF CORRECTIONS, WHO IN COOPERATION, PARTICIPATION, DID CONSPIRE WITH PRISON ADMINISTRATORS AND HAVE MUTUALLY AGREED TO PARTICIPATE IN ACTIVITIES AS LATER DESCRIBED WITHIN THIS COMPLAINT TO VIOLATE THE PLAINTIFFS' AND CLASSMEMBERS' RIGHTS TO ACHIEVE THEIR COLLECTIVE GOALS.

56.  PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THE AFOREMANTIONED DEFENDANTS AND ALL OTHER ADMINISTRATIVE AND SECURITY OPERATIONS AT MENARD AND/OR I.D.O.C. HAVE TO COMPLY WITH THE UNION CONTRACTS AND/OR COLLECTIVE BARGAINING AGREEMENTS, WHERE A.F.S.C.M.E. MEMBERS AND/OR CORRECTIONAL OFFICERS, SECURITY STAFF, AND AFOREMENTIONED DEFENDANTS HAVE UNLIMITTED AUTHORITY OVER THE DAILY OPERATIONS OF PRISON FOR PERTINENT QUALIFICATION PURPOSES OUTSIDE OF THEIR INDIVIDUAL AND OFFICIAL CAPACITIES CONCERNING THEIR LIGITIMATE ROLE IN SUCH DECISION MAKING, WHERE THIS PROHIBITS THE FUNCTION AND OPERATIONAL ADMINISTRATION OF THE PRISON FROM MEETING THE DEMANDS OF EVOLVING STANDARDS.

57.  THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT THE AFOREMENTIONED IN FACT PREVENTS THE MENTAL HEALTH DEPARTMENT FROM BEING ENABLED TO MAINTAIN AN ELEMENT OF NECESSARY SUPERVISORY CONTROL IN ORDER TO ELIMINATE THE CLEAR AND OBVIOUS CONSTITUTIONAL RIGHTS DEPRIVATIONS, FOR REASONS NOT WITHSTANDING ANY LEGITIMATE CLINICAL CONCERNS REGARDING THE MENTAL AND STABILITY OF THE PLAINTIFFS' AND CLASSMEMBERS'. AND COMPLETELY IGNORING THE BASIC PRINCIPLES OF HUMANITY.

19

58. REGARDLESS OF WHAT THE LAW AND QUALIFIED PROFESSIONALS SAY WITH REGARDS TO THE FUNCTIONS OF MENARD AND/OR I.D.O.C. THE UNQUALIFIED AND UNEDUCATED AFOREMENTIONED DEFENDANTS, CORRECTIONAL OFFICERS, LABOR UNION MEMBERS, AND JOHN AND JANE DOE'S DO "CALL THE SHOTS", WHERE THEY DO EXERT POWER AND INFLUENCE THAT, CONSEQUENTLY, THE PLAINTIFFS' AND CLASSMEMBERS' DO/ARE SUFFERING FROM THE TORTUROUS CONDITIONS. THE AFOREMENTIONED IS NOT JUST BUSINESS, IT IS ALSO FOR THE AFOREMENTIONED DEFENDANTS, CORRECTIONAL OFFICERS, UNION MEMBERS AND JOHN AND JANE DOE'S TO CAPITALIZE ON THE PAIN, SUFFERING AND TORTURE OF THE PLAINTIFFS' AND CLASSMEMBERS' FOR MORE THAN THEIR FINANCIAL GAIN. THROUGH PROPAGANDA AND CORRUPTION, THE AFOREMENTIONED DEFENDANTS' HAVE MANAGED TO GAIN POWER AND INFLUENCE BY THE MEANS OF IMPLEMENTING THEIR RECOURCES TO MANIPULATE THE STATE OF ILLINOIS INTO GIVING THE AFOREMENTIONED DEFENDANTS' WHAT THEY WANT AND TO CLEAN OUT TAX PAYERS POCKETS. LOCKDOWNS ARE JUST ONE OF THE CONSEQUENCES OF THIS. (A MEANS TO AN END).

59. ONE EXAMPLE IS WHEN KNOW, AFOREMENTIONED ACTIVE UNION ORGANIZERS, DEFENDANTS' PARTICIPATE AND CONTRIBUTE TO THE INCIDENTS OF THE ILLEGAL LOCKDOWNS WHEN THEY ORGANIZE AND FORMULATE PARTICULAR EMPLOYEE'S UNSCHEDULED PAID DAYS OFF SUCH AS FRINGE BENEFITS AND OTHER THAT RESULT IN THE EXTENDED PERIODS OF LOCKDOWNS FOR THE "STAFF SHORTAGES." SPECIFICALLY ON ONE OCCATION WHERE THE PRISON WAS PLACED ON LOCKDOWN APPROXIMATELY FROM AUGUST 13,2008, UNTIL SEPTEMBER 09,2008, WHERE DURING THIS PERIOD, AFOREMENTIONED UNION NEGOTIATORS, AND JOHN AND JANE DOE DEFENDANTS (i.e., DEFENDANTS BAYER, FERRANTO, HIRSCH, AND OTHERS) HAVE SUCCESSFULLY NEGOTIATED A 4% PAY INCREASE FROM STATE OFFICIALS FOR THE MENARD EMPLOYEES AND/OR DEFENDANTS, AND THEN AGAIN AROUND THE END OF 2012 AND AGAIN IN THE BEGINING OF 2013, THE MENARD CORRECTIONAL CENTER HAS BEEN ON MULTIPLE LOCKDOWNS FOR JUST ENOUGH TIME FOR THE AFOREMENTIONED UNION NEGOTIATORS TO FORM TWO (2) NEW CONTRACT AGREEMENTS (COLLECTIVE BARGANING AGREEMENTS).

60. THE LOCKDOWNS ARE MEASURES USED BY THE PRISON OFFICIALS TO RESTRICT INMATES MOVEMENTS WHEN THERE ARE INSIDENTS THAT INVOLVE SECURITY ISSUES WITHIN THE FACILITY. A LOCKDOWN IS THE MOST DISRUPTIVE, AND PUNISHING ACT THAT A WARDEN COULD IMPOSE UPON THE PRISONERS UNDER HIS/HER WATCH, AND IS TO BE USED ONLY IN THE MOST SERIOUS OF SECURITY RELATED INCIDENTS. AS THE ILLINOIS DEPARTMENT OF CORRECTIONS POLICY STIPULATES, A LOCKDOWN IS ONLY TO BE USED IN THE CASE OF AN ESCAPE, A RIOT OR A NATURAL DISASTER.

61. MENARD HAS IMPLEMENTED THESE LOCKDOWNS FOR ALL KINDS OF MINOR INCIDENTS, WHERE THEY HAVE BECOME THE ORDINARY ROUTINE OF OPERATIONS AND ARE UTILIZED AFTER ISOLATED INSIDENTS SUCH AS A RANDOM FIGHT (FIST-FIGHT), FOR A "RUMOR" OF A FIGHT OR ASSAULT, OR FOR NO PARTICULAR REASON AT ALL FOR REASONS THAT CAN NOT BE PENOLOGICALLY JUSTIFIED.

62. THE PERSONS NAMED IN THIS ACTION ABSOLUTELLY DO NOT HAVE IMPUNITY, WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

63. THE PLAINTIFFS' AND CLASSMEMBERS' INTEND TO BRING TO LIGHT THE VIOLATIONS OF RIGHTS THAT OCCURRED DUE TO THE AFOREMENTIONED DEFENDANTS' "PROFESSIONAL EXPERTISE" STANDARD THAT HAS/IS BEING DEGRADED AND FLAWED. THIS IS DUE TO THE UNDERMINING OF A STATE POLITICAL BUDDY SYSTEM, FAVORITISM, AND NEPOTISM. THESE PERVERSE STANDARDS SIDE STEP THE WRITTEN STANDARDS AND QUALIFICATIONS, PROMOTING "PERSONS" INTO ADMINISTRATIVE JOB POSITIONS THAT THEY ARE NOT LEGITIMATELY QUALIFIED TO OCCUPY.

64. THE AFOREMENTIONED PROMOTIONS AND APPOINTMENTS HAVE CREATED AN INCREASING SENSE OF IMPUNITY AMONG AFOREMENTIONED DEFENDANTS, AND PRISON AUTHORITIES WITHIN ILLINOIS, WHO LONG AGO THROWN OUT THE AMERICAN CORRECTIONS ASSOCIATIONS MANUAL ON STANDARDS AND GUIDELINES. THE AFOREMENTIONED DEFENDANTS HAVE COMPLETELY IGNORED THE ILLINOIS CODE OF CORRECTIONS SET FORTH BY THE ILLINOIS LEGISLATURE TO BE THE MINIMUM GUARANTEED BY LAW FOR PRISONERS TO INCLUDE THE PLAINTIFFS' AND CLASSMEMBERS'. LEAVING THE PRISONERS TO REVERT TO A DISINGENOUS BARBARIZATION OF PRISONER CONTROL, VIA THESE AFOREMENTIONED LOCKDOWNS AND THE INCREASING CALLOUSNESS OF STAFF AND AFOREMENTIONED DEFENDANTS.

65. IT IS CONTENDED THAT, IN VIOLATION OF THE LOCKDOWN POLICIES, THE AFOREMENTIONED DEFENDANTS KNOWINGLY AND WILLINGLY USED EXTREME PERIODS OF LOCKDOWNS AS A PSYCHOLOGICAL MEASURE TO PUNISH PLAINTIFFS' AND CLASSMEMBERS' AND IN RETALIATION TO SEND A MESSAGE TO THE PLAINTIFFS' AND CLASSMEMBERS' THAT WHEN ANYONE MISBEHAVES IN ANY MANNER LOCKDOWNS WILL BE ORDERED, WHICH IN FACT PUNISHES ALL PLAINTIFFS' AND CLASSMEMBERS' LITTLE TO NO ACCESS TO THE LAW LIBRARY TO RESEARCH AND OTHER LEGAL ISSUES FOR THEIR CASES WITHIN COURT, WHERE THE AFOREMENTIONED DEFENDANTS KNOWINGLY AND INTENTIONALY INFLICTED UPON THE PLAINTIFFS' AND CLASSMEMBERS' EMOTIONAL DISTRESS IN VIOLATION OF THE LAW OF ILLINOIS.

66. THE PLAINTIFFS' AND CLASSMEMBERS ALSO ALLEGE THAT WHEN AFOREMENTIONED ISOLATED ALLEGED SECURITY AND/OR PRISONER RELATED ISOLATED INCIDENTS OCCURS AT MENARD, THE PLAINTIFFS' AND CLASSMEMBERS' ARE SUBJECTED TO THE SAME PHYSICALLY AND MENTALLY DAMAGING CONDITIONS EVEN THOUGH THE PLAINTIFFS' AND CLASSMEMBERS' RESIDE IN SEPARATE, DISTINCTLY DIFFERENT, HOUSING UNITS THAT WHERE THE ALLEGED INCIDENT OCCURRED, WHERE SAID LOCKDOWN CONFINEMENTS DO EXTEND BEYOND 72 HOURS. THE ILLINOIS DEPARTMENT OF CORRECTIONS, JOHN AND JANE DOE DEFENDANTS, INVESTIGATORS HAVE DETERMINED WITHIN 72 HOURS THE PARTICLULORS OF ANY ALLEGED SECURITY RELATED INCIDENT REGARDLESS IF IT WAS A ISOLATED INCIDENT OR NOT, WHERE THE INCIDENT IS ALWAYS CONTAINED WITHIN A DISTINCTLY SEPARATE CELL HOUSE. WITHIN MINUTES OR EVEN HOURS, ANY OF THE OFFENDERS THAT ARE INVOLVED IN THE PARTICULAR ALLEGED SECURITY INCIDENT ARE APPREHENDED AND REMOVED FROM GENERAL POPULATION THEREFORE CONTAINING THE SECURITY THREAT.

67. THE PLAINTIFFS' AND CLASSMEMBERS' FURTHER ALLEGE THAT IT IS CRUEL AND UNUSUAL PUNISHMENT TO KEEP THE PLAINTIFFS' AND CLASSMEMBERS' CONFINED WITHIN THEIR SMALL TINY PRISON CELLS 24 HOURS A DAY, FOR WEEKS, OR MONTHS ON END WITHOUT ANY PRIVILEGES, OUTDOOR EXERCISE, OR ADEQUATE NUTRITIONAL MEALS (SMALL PORTIONS), WHERE SAID VIOLATIONS ARE CAUSED BY THE CUMULATIVE LOCKDOWNS AND LOCKDOWN DAYS THAT SUBJECT THE PLAINTIFFS' AND CLASSMEMBERS' TO THE PERSISTENTLY REPETIVE CONFINEMENT AT THE CALLOUS AND MERCILESSNESS OF THE AFOREMENTIONED DEFENDANTS' CAUSING THE PLAINTIFFS' AND CLASSMEMBERS' TO SUSTAIN PHYSICAL INJURIES FROM THE LACK OF EXERCISE, NO SUNLIGHT, INSUFFICIENT CALORIE INTAKE, LACK OF ADEQUATE VITAMINS AND NUTRIENTS, AND OTHER AS DESCRIBED WITHIN CLAIM ONE (#1) OF THIS COMPLAINT.

68. THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT DURING THESE LOCKDOWNS THEY ARE DENIED OF MEANINGFUL EXERCISE, VISITATION, TELEPHONES, LIBRARY, GENERAL COMMISSARY PURCHASES FOR HYGIENE, AND WRITING SUPPLIES FOR NEEDED LEGAL WORK AND CORRESPONDANCE WITH ATTORNEYS AND/OR COURTS, AND NO ACCESS TO REHABILITATIVE PROGRAMS, WHERE PLAINTIFFS' AND CLASSMEMBERS' ARE SIMPLY LEFT TO SIT IN THEIR CAGES AND SUFFER, PHYSIOLOGICALLY AND PSYCHOLOGICALLY, AND NEVER KNOWING WHY

PLAINTIFFS' AND CLASSMEMBERS' ARE BEING PUNISHED. (EXHIBIT #2). MENARDS DAILY OPERATIONS ARE REGRESSING, RATHER THAN EVOLVING, AS A RESULT OF THE AFOREMENTIONED DEFENDANTS' CONSPIRACY, WHERE IT IS THE AFOREMENTIONED DEFENDANTS AND UNION MEMBERS MANIPULATION OF THE ORDINARY FUNCTIONS OF MENARD (PRISON), AND THE PRISON ADMINISTRATOR'S TACIT COMPLIANCE IN THEIR PARTICIPATION OF THE ENFORCEMENT AND EMPLOYMENT OF THE MUTUALLY AGREED UPON SCHEMES, THAT BRING ABOUT THE DEPLORING CONDITIONS THAT ARE A DIRECT AND COLLATERAL RESULT OF, NOT JUST MAINTAINING PRISON CONTROL, BUT IT IS THE INTENDED PURPOSE OF OBTAINING THE BENEFITS OF THE A.F.S.C.M.E. UNION LOCAL 1175, COUNSEL 31'S COLLECTIVE BARGAINING AGREEMENTS WITH THE STATE OF ILLINOIS.

69. THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THE AFOREMENTIONED DEFENDANTS' HAVE CAUSED BOTH PLAINTIFFS' AND CLASSMEMBERS' TO SUFFER FROM PHYSICAL AND PSYCHOLOGICAL INJURIES, IN CONJUNCTION WITH ALL THE DEFENDANTS WITHIN THIS COMPLAINT THROUGH THEIR AFOREMENTIONED BLATANT DISREGARD AND/OR INTENTIONAL ACTIONS, WHERE DURING AFOREMENTIONED LOCKDOWNS THE PLAINTIFFS' AND CLASSMEMBERS' HAVE SUFFERED SEVERE TORMENT, TORTUROUS CONDITIONS THAT HAVE AND STILL CONTINUE TO CAUSE PLAINTIFFS' AND CLASSMEMBERS' GROWING FEAR OF LEAVING THEIR CELLS AFTER BOUTS OF ISOLATION AND FURTHER FEAR OF NEVER GETTING OUT OF THEIR TINY CELLS AGAIN, AND FURTHERMORE OF BACK AND JOINT PAIN WITH DEPLETED MUSCLES, SEVERE ANXIETY, AND PANIC ATTACKS, REACHING STATES OF DISASSOCIATION AND VERTIGO, SEVERE STRESS AND PARANOIA, EXTREME HUNGER AND WEIGHT LOSS, MUSCLE CRAMPING, SEVERE HEADACHES AND PROBLEMS SLEEPING (INSOMMIA), CHRONIC DEPRESSION, DECREASED MOTIVATION AND CONCENTRATION AND FOCUS AS A RESULT OF THE AFOREMENTIONED AND/OR LATER DESCRIBED WITHIN THIS COMPLAINT.

70. IT WOULD BE REASONABLE TO INFER THAT FROM THE AFOREMENTIONED FACTS THAT THE AFOREMENTIONED DEFENDANTS DID COLLECTIVELY AGREE AND COLLABORATIVELY EMBARKED ON THIS SCHEME CONSPIRING TO DEPRIVE THE PLAINTIFFS' AND CLASSMEMBERS' OF THEIR CONSTITUTIONAL RIGHTS AND/OR ILLINOIS STATE LAWS.

71. THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT THEY HAVE BEEN PLACED ON LOCKDOWN DURING THE ESTIMATED DAYS WITHIN EXHIBIT #3, BY AFOREMENTIONED DEFENDANTS', WHERE SPECIFICALLY DEFENDANTS ATCHINSON, HARRINGTON, STOCK, BUTLER, JONES, AND PAUTLER HAVE KNOWINGLY CONFISCATED MONEY (PERSONAL PROPERTY) FROM PLAINTIFFS' AND CLASSMEMBERS' TRUST FUND ACCOUNTS WITHOUT SUBSTANTIVE OR DUE PROCEDURAL DUE PROCESS SPECIFICALY THE $10.00 A MONTH OF UNASIGNED STATE PAY, OR STATE STIPEND PAY WHICH IS ONE OF SEVERAL COLLATERAL INJURIES THAT ARE ANOTHER RESULTING CONSEQUENCE OF "THE AFOREMENTIONED CONSPIRACY."

72. THE PERSONS NAMED IN THIS CLAIM ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

fn#3: defendants later identified: john baldwin, todd brooks, anthony williams, jeff hutchinson, eovaldi, robert hugns, raymond allen, michael monjia, james ost, Lt. mr. whitley, clint mayer, kent boodman, michael samuel, torville, william qualls, james hoppensted, Lt. fricky, BRUCE RAUNER, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, HILL, PHONIX, J. COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, SGT. McCLUIE, OAHLY, L. CARTER, M. BOCHANTIN, K. PIERCE, S. BENTON, ANDERSON, S. JOHNSON, SGT. KARUSE, J. WHITLEY, SGT. GRAW, MENARD CORRECTIONAL CENTER

22

## CLAIM #4

73.  THIS CLAIM REGARDS THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT WITHIN MENARD CORRECTIONAL CENTER, I.D.O.C., AND WITHIN MENARDS HOUSING UNITS' NORTH ONE (N-1) AND/OR HOUSING UNIT NORTH TWO (N-2), AND OTHER HOUSING UNITS ENDURED BY THE PLAINTIFFS' AND CLASSMEMBERS', AS DESCRIBED WITHIN THIS COMPLAINT AND THIS CLAIM, AS A DIRECT RESULT OF THE DELIBERATE INDIFFERENCE BY DEFENDANTS, STOLWORTHY, SALVADORE GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, TY BATES, HENERY BAYER, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JOHNS, BRAD THOMAS, JAMES BROWN, JOSEPH COWAN, CHAD HASEMEYER, JACQUELINE LASHBROOK, DOUG LYERLA, RICHARD MOORE, PAUL OLSON, WILLIAM REES, BRIAN THOMAS, JAY ZIEGLER, DUNN, ROBERT DILDAY, WESTFALL, JAMES BEST, ROBERT HUGHS, C. MAYER, EOVALDI, BROOKMAN, MONJE, ALLEN, SAMULES, TOURVILLE, HARRIS, QUALLS, JAMES HOPPENSTEDT, ROGER SHURTZ, WILLS, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S, WHERE THE DEFENDANTS' HAVE PERSONAL KNOWLEDGE OF THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT WITHIN THIS CLAIM AND/OR WITHIN THIS COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS' FAILED TO TAKE REASONABLE MEASURES TO REMEDY THE KNOWN UNCONSTITUTIONAL CONDITIONS, SHELTER, AND/OR SAFETY ISSUES AS DESCRIBED WITHIN THIS CLAIM AND/OR COMPLAINT. (see: fn#4)

74.  MENARD CORRECTIONAL CENTERS HOUSING UNITS N-1, N-2, AND OTHER HOUSING UNITS WITHIN MENARD AND/OR I.D.O.C. ARE IN FACT DESIGNED TO HOUSE ONE (1) MAN (SINGLE MAN CELLS), WHERE THESE HOUSING UNITS CELLS ARE VERY SMALL, TINY, AND MEDIEVAL-LIKE AND HAVE BEEN DOUBLE BUNKED TO HOUSE TWO (2) INMATES WITHIN N-1, N-2, AND OTHER AS AFOREMENTIONED WITHIN I.D.O.C. THAT DO NOT MEET THE FEDERAL AND/OR LAW OF ILLINOIS GUIDLINES FOR SQUARE FEET OF FREE SPACE PER INMATE. THE AFOREMENTIONED HOUSING UNITS/CELLS DIMENSIONS, SPECIFICALY N-1 AND N-2 ARE 4'3" IN WIDTH (x) 10' FEET IN LENGTH (x) 8 FEET IN HEIGHTH OR THERE ABOUT, WHERE AFTER THE SPACE FOR BEDS, SINK, TOILET, SHELF AREAS, AND INMATES PERSONAL PROPERTY BOXES, AND LEGAL BOXES ARE EXCLUDED LEAVING THE PLAINTIFFS' AND CLASSMEMBERS' WITHIN N-1 , N-2, AND OTHER AFOREMENTIONED ABOUT 10' SQUARE FEET OR LESS OF FREE FLOOR SPACE FOR TWO (2) INMATES TO BE CONFINED FOR 23 TO 24 HOURS A DAY SEVEN DAYS A WEEK AS DESCRIBED WITHIN THIS COMPLAINT. IN VIOLATION OF BOTH FEDERAL AND STATE LAW OF ILLINOIS (SEE: EXHIBITS #4,5,6,7,8,9).

75.  THE STATE LAW OF ILLINOIS REQUIRES FIFTY (50) SQUARE FREE FLOOR SPACE PER. INMATE WITHIN THEIR CELLS, WHERE THE AFOREMENTIONED DEFENDANTS' KNOW THAT MENARDS HOUSING UNITS N-1 AND N-2, AND OTHER AFOREMENTIONED UNITS ARE IN FACT WELL BELOW BOTH OF THE FEDERAL (65 SQ. FT.) AND THE STATE OF ILLINOIS (50 SQ. FT.) GUIDELINES AND ARE IN FACT PROVIDING THE PLAINTIFFS' AND CLASSMEMBERS' WITHIN HOUSING UNITS N-1 , N-2, AND OTHERS WITH LESS THAN (10) SQUARE FEET OF FREE FLOOR SPACE WITHIN THEIR SMALL, TINY CELLS FOR TWO (2) INMATES.

76.  THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT MENARD'S HOUSING UNITS N-1, N-2, CELLS AND OTHERS AFOREMENTIONED ARE IN FACT HAVE BEEN FOR YEARS HAD AND CONTINUE TO HAVE PROBLEMS WITH WATER, PLUMBING, VENTILATION, LIGHTING, TEMPERATURE, ELECTRICAL (DEATH TRAP), AND OTHER WHICH IN FACT POSSESS A SERIOUS RISK CONCERNS TO THE PLAINTIFFS' AND CLASSMEMBERS' HEALTH, SHELTER, AND SAFETY (SEE: BENTZ,et al., (v) BUTLER,et al., U.S.D.C/S.D.IL. #14-CV-996 (PER. EXCESSIVE HEAT/VENTILATION) AND CASE #10-CV-52-JPG, WITHIN THE U.S.S.D. COURT REGARDING CELL SIZES AND CONDITIONS).

77.   THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT DURING THEIR CONFINEMENT WITHIN MENARD CORRECTIONAL CENTER THE AFOREMENTIONED DEFENDANTS WERE MADE AWARE (i.g. IN PERSON, WRITING, REPORTS, OTHER LAW SUITS, AND/OR OTHER) THAT THE PLAINTIFFS' AND CLASSMEMBERS' WERE/ARE BEING DENIED OF ADEQUATE CLEANING SUPPLIES TO CLEAN THEIR CELLS WITH SUCH THINGS AS A BROOM, MOP, TOILET BRUSH, RAGS/SCRUB PADS, AND OTHER TO CLEAN THEIR TOILET, SINK, FLOOR, WALL'S AND OTHER AREAS WITH, WHERE THE AFOREMENTIONED DEFENDANTS' WERE DELIBERATELY INDIFFERENT WHEN THEY FAILED TO TAKE ACTION TO REMEDY THE KNOWN UNCONSTITUTIONAL CONDITIONS AND DENIAL OF ADEQUATE CLEANING SUPPLIES.

78.   THE PLAINTIFFS' AND CLASSMEMBERS' FURTHER ALLEGE THAT THE AFOREMENTIONED DEFENDANTS HAVE BEEN MADE AWARE (i.g. IN WRITING, PERSON AND OTHER) OF THE MENARD CORRECTIONAL CENTERS CELLS NOT BEING EQUIPPED WITH "G.F.I." OUTLETS, WHERE THE OUTLETS ARE DIRECTLY ABOVE THE SINK AND TOILET AREAS AND ALLOW ELECTRONIC ITEMS AND POWER CORDS, EXTENTION CORDS TO FALL INTO THE SINK AND TOILET AREAS IN FACT CREATING A POTENTIAL DEATH TRAP FOR PLAINTIFFS' AND CLASSMEMBERS', WHERE THE AFOREMENTIONED DEFENDANTS WERE DELIBERATELY INDIFFERENT WHEN THEY FAILED TO TAKE ANY ACTION TO REMEDY THE KNOWN UNSAFE CONDITIONS OF CONFINEMENT AND THE RISK TO THE PLAINTIFFS' AND CLASSMEMBERS' HEALTH, SAFETY AND SHELTER.

79.   THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT THE LIGHTING WITHIN MENARDS HOUSING UNIT NORTH ONE (N-1) FALLS WELL BELOW THE FIVE (5) FOOT CANDLE LIGHT TO READ AND WRITE WITH AND HAS FALLEN BELOW THIS STANDARD SINCE AT LEAST THE 1980'S (SEE: LIGHTFOOT (v) WALKER,) FURTHERMORE SOME PLAINTIFFS' AND/OR CLASSMEMBERS' HAVE GONE MONTHS WITHOUT ANY LIGHTING WITHIN THEIR CELL, (i.g. PLAINTIFF PEREZ), WHERE THE AFOREMENTIONED DEFENDANTS HAVE BEEN MADE AWARE AND/OR HAVE PERSONAL KNOWLEDGE OF THE LACK OF ADEQUATE LIGHTING WITHIN MENARDS HOUSING UNIT N-1 AND/OR N-2 CELLS AND/OR OTHER CELLS WITHIN MENARD AND CONTINUE TO REFUSE TO TAKE MEASURES TO REMEDY THE LACK OF ADEQUATE LIGHTING WITHIN PLAINTIFFS' AND CLASSMEMBERS' CELLS.

80.   THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT THE AFOREMENTIONED DEFENDANTS' KNOWINGLY PROVIDED THE PLAINTIFFS' AND CLASSMEMBERS' HOUSED WITHIN MENARD (MOST OF) WITH SOILED, URINE, AND MOLDED CLOTH MATTRESSES AND PILLOWS, WHERE THIS HAS BEEN BROUGHT TO THE ATTENTION OF THE AFOREMENTIONED DEFENDANTS' (i.g. IN WRITING, IN PERSON, REPORTS, AND OTHER) THEY HAVE PERSONAL KNOWLEDGE OF THIS UNSANITARY CONDITIONS AND CONTINUE TO REFUSE TO TAKE MEASURES TO REMEDY THE PLAINTIFFS' AND CLASSMEMBERES' UNSANITARY CLOTH, URINE, MOLD, SOILED, AND OTHER MATTRESSES AND/OR PILLOWS.

81.   THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT WITHIN MENARD HOUSING UNIT N-2 THERE IS NO TOP SHELF FOR THE PLAINTIFFS' AND/OR CLASSMEMBERS ON THE TOP BUNK TO SAFELY PLACE THEIR FAN, T.V., AND OTHER THINGS ON, AND ARE FORCED TO SLEEP WITH POWER CORDS, EXTENTION CORDS, HEADPHONES, HEADPHONE EXTENTIONS, T.V.'S, FANS, AND OTHER IDEMS CREATING A SERIOUS HEALTH AND SAFETY HAZARD, FURTHERMORE PUTTING THE INMATE ON THE BOTTOM BUNK AT RISK OF INJURY FROM UNSECURE IDEMS AFOREMENTIONED FALLING ON THEM (SEE: EXHIBITS #7,8,9). THE AFOREMENTIONED DEFENDANTS HAVE PERSONAL KNOWLEDGE OF THE LACK OF ADEQUATE SHELVING ON THE TOP BUNKS IN N-2 AND REFUSE TO TAKE ACTION TO REMEDY THIS SAFETY ISSUE.

82.   THE PLAINTIFFS' AND CLASSMEMBERS' FURTHER ALLEGE THAT THE N-2 GYM (RANDOLPH HALL) HAS NO EQUIPMENT OF ANY KIND FOR RECREATION AND ALSO DOUBLES AS A CHOW HALL, WITH NO WEIGHTS LIKE ALL OTHER CELL HOUSES GYM HAS, WHERE THE N-2 PLAINTIFFS' AND CLASSMEMBERS' ARE AND CONTINUE TO BE DENIED OF EQUAL, ADEQUATE RECREATIONAL ACTIVITIES AS THE REST OF MENARD INMATES ARE AFFORDED.

83.   THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT MENARD'S HOUSING UNIT N-2 IS NOT AFFORDED THE SAME ACCESS TO GENERAL POPULATIONS PROGRAMS AND/OR ACTIVITES AND RECEIVE A SEGREGATION-LIKE YARD THAT IS ILL EQUIPPED AND OVER-CROWDED, AND ALWAYS FLOODED UNLIKE THE REST OF GENERAL POPULATION, WHERE THE (ALL) AFOREMENTIONED DEFENDANTS IN GENERAL TREAT THE N-2 HOUSING UNIT PLAINTIFFS' AND CLASSMEMBERS' LIKE AND/OR AT A SEGREGATION-LIKE STANDARD.

84.   THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT MENARDS CALL PASSES (i.g. HEALTHCARE, LAW LIBRARY, COMMISARY, BARBER SHOP, YARD, RECREATION AND OTHER ARE IN FACT INTENTIONALLY SCHEDULED BY AFOREMENTIONED DEFENDANTS TO FALL ON THE SAME DAY AND TIME FORCING THE PLAINTIFFS' AND CLASSMEMBERS' TO MAKE A CHOICE BETWEEN ONE OR THE OTHER IN VIOLATION OF THEIR CONSTITUTIONAL RIGHT NOT TO HAVE TO BE FORCED TO CHOOSE BETWEEN ONE OR THE OTHER OF THE AFOREMENTIONED CALL PASSES AND/OR LINE MOVEMENTS.

85.   THE PLAINTIFFS' AND CLASSMEMBERS' ALSO ALLEGE THAT THE AFOREMENTIONED DEFENDANTS' USE MENARDS HOUSING UNIT N-2 GENERAL POPULATION AREA AS A SECTION TO RETALIATE AGAINST THE PLAINTIFFS' AND CLASSMEMBERS' WHO AND/OR FOR SUCH THINGS AS FILING LAW SUITS, FILING GRIEVANCES, AND/OR FOR THE NATURE OF THEIR CRIMES (i.g. SEX OFFENDERS, CHILD MOLESTERS) AND/OR GAYS, WHERE MENARDS HOUSING UNIT N-2 IN FACT HOUSES MOST IF NOT ALL OF THE AFOREMENTIONED UNLIKE OTHER CELL HOUSES, AND WHERE THE N-2 CELL HOUSE IS IN FACT TREATED IN A DIFFRENT MANNER THAN THE REST OF GENERAL POPULATION AND NOT AFFORDED THE SAME OPPORTUNITIES AND/OR PROGRAMS AND OTHER AS THE REST OF MENARDS POPULATION TO EXCLUDE HOUSING UNIT WEST WHICH IS ALSO DENIED OF OTHER OPPORTUTITIES AND PRIVLAGES AS THE REST OF GENERAL POPULATION.

86.   THE PERSONS NAMED IN THIS CLAIM ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOBND BECISION MAKING IN THE DAILY OPPERATIONS OF PRISON.

fn#4: defendants later identified: john baldwin, todd brooks, anthony williams, jeff huchinson, eovaldi, robert hughs, raymond allen, michael monjie, james best, lt. mr. whitley, clint mayer, kent brookman, michael samuel, torville, william qualls, james hogganstad, ltj fricky, i.d.o'b., menard correctional center, wexford, and unidentified john and jane doe's, et al., BRUCE RAUNER, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, HILL, PHOMIX, J. COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, OAKLY, L. CARTER, M. BOCHANTIN, R. PRERCE, S. BENTON, ANDERSON, S. JOHNSON, SGT. McCURC, SGT. KARUSE, J. WHITLEY, SGT. GRAW.

CLAIM #5

87. THIS CLAIM REGARDS THE OVER CROWDING OF MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS THAT RESULTS IN THE OVER ALL CONDITIONS OF CONFINEMENT AS WELL AS THE AMOUNT OF SPACE PER INMATE, LACK OF ADEQUATE SHELTER, FOOD, PROTECTION, AND THE OPPORTUNITIES FOR EDUCATION, WORK, REHABILITATION ASSISTANCE, THE VIOLENCE CAUSED BY DEFENDANTS' ACTIONS/MEASURES, AND OTHER SAFETY ISSUES SUCH AS FOOD SERVICE, MEDICAL CARE, LOCK-IN TIME, DEFICIENCIES IN CELL HOUSE PLUMBING, VENTILATION, ELECTRICAL, ALSO BEING DOUBLE-CELLED IN VERY SMALL, TINY, CELLS FOR LONG PERIODS OF TIME AS DESCRIBED WITHIN THIS COMPLAINT, AND OTHER, IN VIOLATION TO THE CONSTITUTION AND THE LAW OF ILLINOIS BY DEFENDANTS, GODINEZ, ATCHINSON, STOLWORTHY, HARRINGTON, JONES, BUTLER. AND UNIDENTIFIED JOHN AND JANE DOE'S. (see: fn#5)

88. MENARD CORRECTIONAL CENTER IS ONE OF THE OLDEST PRISONS IN USE IN THE COUNTRY TODAY, MENARD HOUSES MORE INMATES THAN ANY OTHER ILLINOIS DEPARTMENT OF CORRECTIONS (I.D.O.C.) FACILITY CONSISTING OF ABOUT 3,660 MEN, WITH 3,140 MAXIMUM SECURITY INMATES WITH A MAXIMUM-SECURITY RATED CAPACITY OF 2,600 INMATES, WHERE MENARD IS OBVIOUSLY OVER CROWDED AND/OR I.D.O.C..

89. AS A RESULT OF MENARDS OVER CROWDING MENARD CONTINUES TO REMAIN AS ONE OF THE MOST PROBLEMATIC FACILITIES WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS, WHICH IN THE PAST FEW YEARS HAS BEEN LOOKED AT FOR SUSPICIOUS INMATE DEATHS AND STAFF ASSAULTS, AND CONTINUED LONG LASTING LOCKDOWNS NOT PENOLOGICALLY JUSTIFIED, VIOLENCE (i.e., STAFF ON INMATE ASSAULTS), AN INEFFECTIVE GRIEVANCE PROCEDURE, INADEQUATE HEALTH CARE ACCESS, LACK OF PROGRAMS, PHYSICAL PLANT ISSUES SUCH AS SANITATION, PLUMBING, VENTILATION, LIGHTING, ELECTRICAL, AND OTHER AS DESCRIBED WITHIN THIS COMPLAINT.

90. ALTHOUGH MENARD'S STAFFING IS NOT INADEQUATE AND IS A SIMPLE ISSUE OF SECURITY STAFF'S LAZYNESS IN THEIR JOB PERFORMANCE, ESPECIALLY DURING LOCKDOWNS, WHERE SECURITY STAFF ARE NON-EXISTENT DUE TO SHAKEDOWNS WITHIN OTHER CELL HOUSES (CELL HOUSE SHAKEDOWNS), AND/OR HANGING OUT BEHIND CLOSED DOORS IN BREAK ROOMS, VISITING AREAS, AND OTHER AREAS, WHERE THEY ARE PROVIDED WITH HEAT AND/OR AIR CONDITIONING FOR THE SEASONS, AND NOT WITHIN EAR SHOUT, UNLIKE THE CELL HOUSE.

91. THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS, IN 1980'S TOLD THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD CORRECTIONAL CENTER'S OFFICIALS TO CREATE A REMEDIAL PLAN THAT WILL REDUCE THE OVER CROWDING AND ELIMINATE THE CONSTITUTIONAL DEPRIVATIONS THERE BY CAUSED. (LIGHTFOOT v. WALKER, 486 F.SUPP. 504 (S.D.ILL. 1980)).

92. TO THE EXTENT OF DEPRIVING THE PLAINTIFFS' AND CLASS MEMBERS' OF THEIR RIGHTS THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD CORRECTIONAL CENTER HAVE CONTINUED AND CONTINUE TO CREATE WORSE CONDITIONS THAT ARE EXACERBATED BY MENARDS CURRENT OVERCROWDING POPULATION. MENARD'S CURRENT POPULATION IS NOW ABOUT 3,800 PRISONERS AND RISING. THE LENGTH OF TIME THAT THE PLAINTIFFS'

AND CLASS MEMBERS SPEND WITHIN THEIR CELLS IS DAMAGING TO THEIR HEALTH AND THEY ARE CAUSED AND CONTINUE TO CAUSE SUFFERING FURTHER DETRIMENT DUE TO THE DOUBLE CELLING WITHIN THEIR SMALL, TINY, CELLS, WHERE THE PAUCITY IN SIZE IS ENOUGH TO SHOCK THE CONSCIENCE.

93. THE PLAINTIFFS' AND CLASS MEMBERS' HAVE INCURRED INJURIES AS A RESULT OF BEING HOUSED WITHIN THESE AFOREMENTIONED SMALL, TINY, CELLS FOR EXTENSIVE PERIODS OF TIME WITH NO REASONABLE ROOM TO MANUVER, EXERCISE, NO ADEQUATE TIME OUT OF CELL, AND OTHER, ARE COMPOUNDED BY THE CONDITIONS OF CONFINEMENT THAT ARE CIRCUMVENTED BY THE OVERCROWDING AND THE EFFECTS OF THE REGRESSING OPERATIONS OF MENARD CORRECTIONAL CENTER AND/OR ILLINOIS DEPARTMENT OF CORRECTIONS WHO WARHOUSES THE PLAINTIFFS' AND CLASS MEMBERS' AS OPPOSED TO OPERATING A FACILITY THAT IS MOVING TOWARD REFORMATION THAT EVOLVES WITH STANDARDS OF DECENCY OF A MATURING SOCIETY, WHERE THEY HAVE CREATED AN ENVIRONMENT THATS NOT JUST HAZARDOUS TO THE PLAINTIFFS' AND CLASS MEMBERS' HEALTH, AND SAFETY, IT IS CAUSING AND WILL CONTINUE TO CAUSE DETERIORATION TO THE PLAINTIFFS' AND CLASS MEMBERS' PHYSICAL AND PSYCHOLOGICAL WELL-BEING.

94. THE OVERCROWDING CONDITIONS OF MENARD AND/OR I.D.O.C. HAVE LED TO BREAKDOWNS IN THE CLASSIFICATION OF PRISONERS', NUTRITIONALLY IN ADEQUATE FOOD SERVICES, INADEQUATE MEDICAL AND MENTAL HEALTH CARE AND/OR TREATMENT, ALONG WITH THE DETERIORATING INFRASTRUCTURE. THERE ARE SEVERAL PROBLEMS WITHIN MENARD AND/OR OTHER FACILITIES IN I.D.O.C.'S PHYSICAL PLANT THAT WOULD COST MORE MONEY TO FIX THAN IT WOULD TO OPERATE MENARD AND/OR OTHER FACILITIES, WHERE THERE ARE EXTREME DEPRIVATIONS OF OUT OF CELL EXERCISE AND RECREATION TIME, AND DEFICIENCIES WITHIN MENARD AND/OR I.D.O.C.'S MEDICAL, MENTAL HEALTH, SECURITY, LEISURE TIME, SERVICES, SHELTER, SANITATION, FOOD SERVICES, ADMINISTRATIVE, AND ALL OF THE GENERAL FUNCTIONING SPHERES BECAUSE OF THE SEVERE LAZYNESS OF STAFF. LEADING TO THEIR INABILITY TO ADEQUATELY HOUSE, FACILITATE AND MAINTAIN SUFFICIENT SERVICES TO PLAINTIFFS' AND CLASS MEMBERS'.

95. MENARD CORRECTIONAL CENTERS ENTIRE PLUMBING, SEWAGE, VENTILATION, ELECTRICAL, HEATING AND COOLING SYSTEMS ARE BLATANTLY DEFICIENT, NOT WITHSTANDING THE DETERIORATING INTEGRITY OF MENARD'S AND/OR OTHER FACILITES PHYSICAL STRUCTURES AND THE HOUSING UNITS THEMSELVES, WHERE MENARD AND/OR I.D.O.C. IS OUT DATED AND IS ONLY SUFFICIENT FOR WAREHOUSING UNDER UNCONSTITUTIONAL CONDITIONS. THERE ARE NOT ENOUGH PROGRAM AREAS PER HOUSING UNIT OR PER PRISONER HOUSED WITHIN MENARD AND/OR I.D.O.C.. THERE ARE NO PROGRAMS IN COMPARISON TO MENARDS AND/OR I.D.O.C.'S POPULATION. THE PLAINTIFFS' AND CLASS MEMBERS' ARE DOUBLE CELLED, CROWDED TOGETHER FOR INCRESSANTLY LONG HOURS WITH LITLE TO NO OUT OF CELL ACTIVITIES, AND/OR STIMULATION. THESE SORDID AND DILAPIDATING CONDITIONS ARE EXPANDING ACROSS THE ENTIRE STATE OF ILLINOIS.

96. PLAINTIFFS' AND CLASS MEMBERS' SUFFER FROM CHRONIC DEPRESSION, PHYSICAL AND PSYCHO-EMOTIONAL INJURIES, VERY HIGH TEMPERATURES (EXCESSIVE HEAT) CAUSING EXTREME DISTRESS AND AGONY, INCREASED RISK OF VIOLENCE, SUICIDE, AN INNUMEROUS AMOUNT OF GENERAL HEALTH AND MENTAL HEALTH CONCERNS, BACK AND JOINT PAIN, MUSCLE

27

SORENESS, ANXIETY, STRESS, AND INTENSE AND UNBEARABLE HEADACHES, WHERE EVERYTHING IS EXACERBATED WITH CELLIES/PRISONERS WITH A LONG LIST OF PROBLEMS AND BAD HABITS, NO PRIVACY, TERRIBLE HYGIENE, AROMA OF FECES, MENTAL ILLNESSES, CRIMINAL AND/OR AGGRESSIVE BEHAVIOR, AND A COMPLETE LACK OF PERSONAL SPACE. THE OVER CROWDING HAS AND CONTINUES TO ONLY INTENSIFY THESE ISSUES/PROBLEMS. THE FORCEABLE SUBJECTION TO THE AFOREMENTIONED PROBLEMS AND/OR CONDITIONS IS ONLY EXTRANEOUS AND RESULTS IN THE UNNECESSARY PERSECUTION OF THE PLAINTIFFS' AND CLASS MEMBERS', WHERE THEIR INCARCERATION IS THE PUNISHMENT, THE EXTRA-JUDICIAL PUNISHMENT TO THE PLAINTIFFS' AND CLASS MEMBERS' IS UNCONSTITUTIONAL. THESE AFOREMENTIONED EVIL, ABUSIVE AND INIQUITIES ARE PART OF A OUT DATED SYSTEM THAT IS INTERNALLY REGULATED WITHOUT ANY TRANSPARENCY OR ACCOUNTABILITY. THE AFOREMENTIONED CONDITIONS ARE STIFLING TO THE PLAINTIFFS' AND CLASS MEMBERS' ABILITY AND CAPACITY TO FUNCTION AS A NORMAL PERSON.

97. THE AFOREMENTIONED CONDITIONS WITHIN THIS COMPLAINT CAN NOT BE REASONABLY RELATED OR ATTRIBUTED TO ANY LEGITIMATE PENOLOGICAL INTRESTS OR GOAL. THE ARBITRATINESS, PERVERSENESS AND PURPOSELESSNESS IN THE AFOREMENTIONED TREATMENT TO PLAINTIFFS' AND CLASS MEMBERS' IS EXCESSIVE AND UNJUSTIFIABLE. THE RIGOROUSLY HARSH, STRICT AND SEVERE TREATMENT THAT THE PLAINTIFFS' AND CLASS MEMBERS' ARE EXPOSED TO ARE OBVIOUS TO THE AFOREMENTIONED DEFENDANTS' AND TO ANYONE WHO WITNESS THIS DISPLAY OF INHUMANITY. AS A DIRECT EFFECT OF THESE HAZARDS HAVE CAUSED AND CONTINUE TO CAUSE THE PLAINTIFFS' AND CLASS MEMBERS' MENTAL AND PHYSICAL DEGENERATION, WHERE THIS EFFECT OF THE SUBSTANDARD CONDITIONS, AND THE OBVIOUSNESS OF THEM WILL INFORM THE AFOREMENTIONED (ALL) DEFENDANTS' AND/OR ANYONE WHO BEARS WITNESS TO THESE ATROCITIES.

98. AN ASSESSMENT OF THE AFOREMENTIONED INDIGNITIES IS MORE THAN ENOUGH FOR EVEN A LAY PERSON TO SEE THAT THESE CONDITIONES POSE AN UNREASONABLE RISK OF SERIOUS DAMAGE AND FUTURE DAMAGES TO THE PLAINTIFFS' AND CLASS MEMBERS' HEALTH AND SAFETY, WHERE ALL AFOREMENTIONED CONDITIONS WITHIN THIS COMPLAINT HAVE IN FACT BEEN PRESENTED TO THE AFOREMENTIONED DEFENDANTS', ALL DEFENDANTS, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S IN THE FORM OF GRIEVANCES AND PLAINTIFFS' AND CLASS MEMBERS' HAVE PERSONALY COMMUNICATED WITH DEFENDANTS' VERBALY AND/OR IN WRITING WITH REGARDS TO THE AFOREMENTIONED HARM THAT HAS BEEN CAUSED TO THE PLAINTIFFS' AND CLASS MEMBERS'. OTHER PRISONERS HAVE FILED SUIT ON DEFENDANTS, WHERE DEFENDANTS HAVE ALREADY BEEN SERVED THAT DEPICTS THE SAME FACTS OF THIS COMPLAINTS CLAIMS (SEE: TURLEY (v) REDNOUR, et al., #10-CV-789-MJR (S.D.ILL.); PYLES (v) GAETZ, et al., #13-CV-299-MJR (S.D.ILL.); TURLEY (v) HARRINGTON, et al., #13-CV-737-MJR (S.D.ILL.); STREET (v) BUTLER, et al., #14-CV-706-JPG (S.D.ILL.)).

99. ALL DEFENDANTS WITHIN THIS COMPLAINT ARE AWARE OF THE AFOREMENTIONED CONDITIONS THROUGHOUT THIS COMPLAINT, WHERE THE JOHN HOWARD ASSOCIATION A PRISON WATCH DOG GROUP HAS COVERED THE AFOREMENTIONED ISSUES WITHIN THEIR ANNUALLY REPORTS OF MENARD CORRECTIONAL CENTER. THESE REPORTS ARE OF INFORMATION THAT IS ALSO PROVIDED TO THE JOHN HOWARD ASSOCIATION BY DEFENDANTS AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S, WHERE IT IS ALSO PUBLIC INFORMATION. ALL OF THE DEFENDANTS WITHIN THIS COMPLAINT HAVE FAILED/REFUSED TO TAKE ANY KIND OF REASONABLE OR MINIMAL MEASURES TO ABATE OR AVERT THESE AFOREMENTIONED CONDITIONS, TREATMENT OR SAFETY/HARM, AND OTHER THAT IS A DIRECT RESULT OF THESE CONDITIONS. MENARD CORRECTIONAL CENTER'S PAST INDIFFERENCE IN DEPRIVING THE PLAINTIFFS' AND CLASS

MEMBERS' OF THEIR BASIC HUMAN NEEDS, SAFETY, SHELTER, AND OTHER DOES NOTHING TO AID OR ASSIST THEM IN DENOUNCING THEIR PERSISTENT, CONCIOUS, AND/OR IN CONSPIRACY DISREGARD. SIMPLY TREATING THE SYMPTOMS IS NOT ENOUGH, WHERE THE TYPE OF RELIEF DEMANDED BY PLAINTIFFS' AND CLASS MEMBERS' IS FOR THE ACTUAL CONDITIONS TO BE CORRECTED. THE PLAINTIFFS' AND CLASS MEMBERS' SEEK TO FIX THE CONDITIONS THAT HAVE CAUSED THE CONSTITUTIONAL DEPRIVATIONS IN THE FIRST PLACE AND NOT SIMPLY MASK THEM.

100. THE PLAINTIFFS' AND CLASS MEMBERS' SEEK TO HOLD THE AFOREMENTIONED DEFENDANTS ACCOUNTABLE FOR THE AFOREMENTIONED CONDITIONS AND UNCONSTITUITONAL DAILY OPERATIONS OF MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS. AND/OR OTHER, WHERE MENARD IS OUT DATED AND CONTINUES TO FURTHER REGRESS INTO THE DARK AGES AS A RESULT OF DEFENDANTS' LACK OF ACTION. THE PRE-EXISTING AND CONTINUED VIOLATIONS ONLY BECOME WORSE WITH THE ABSENCE OF APRROPRIATE PROGRAMS AND EXERCISE, NOT WITHSTANDING THE ABSENCE OF ANY KIND OF OUTLET FOR PLAINTIFFS' AND CLASS MEMBERS' TO DECOMPRESS FROM THE STRESS INDUCING ENVIRONMENT, AND LACK OF APPROPRIATE REHABILITATION PROGRAMS, AND/OR OTHER. THIS WILL ONLY LEAD MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR THE PLAINTIFFS' AND CLASS MEMBERS' INTO A CATASTROPHIC EVENT OF A CALAMITY THAT FAR OUTWEIGHS MENARDS AND/OR I.D.O.C.'S HISTORY. UNLESS IMPROVEMENTS OCCUR THIS TAUTOLOGICAL MESS WILL CONTINUE TO DECLINE.

101. THE PLAINTIFFS' AND CLASS MEMBERS' FURTHER ALLEGE THAT UNTIL ANY OF THE AFOREMENTIONED IS ADEQUATELY ADJUSTED AND IMPROVEMENTS OF AFOREMENTIONED CONDITIONS ARE MADE, THEY WILL REMAIN AS PART OF THE ONGOING AND ESCALATING VIOLATIONS. MENARD CORRECTIONAL CENTER'S AND THE ILLINOIS DEPARTMENT OF CORRECTIONS, STAFF, OFFICIALS, AND ADMINISTRATORS, AND OTHER JOHN AND JANE DOE'S ARE RESPONSIBLE FOR THE PLAINTIFFS' AND CLASS MEMBERS' CONDITIONS OF CONFINEMENT AND UNLESS THERE IS A IMPLEMENTED AND REMEDIAL PLAN THAT WILL TURN ALL OF THE UNCONSTITUTIONAL, AND IN VIOLATION OF THE STATE LAW OF ILLINOIS CELLS AT MENARD AND/OR WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS IS TURNED INTO THE SINGLE MAN CELLS THAT THEY WERE DESIGNED FOR, THEREBY REDUCING THE POPULATION TO A MANAGEABLE SIZE TO/THAT IMPROVES THE UNCONSTITUTIONAL CONDITIONS THAT WILL MEET THE CURRENT AND EVOLVING STANDARDS, MAKING, NECESSARY THE CHANGES THAT WILL STOP THE "WAREHOUSING" OF THE PLAINTIFFS' AND CLASS MEMBERS'. THESE CHANGES SHOULD PROVIDE MUCH NEEDED RELIEF FROM THE CONSTITUTIONAL VIOLATIONS WITHIN MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS, THE COURTS, AND TAX PAYERS WHO ALSO ULTIMATELY SUFFER AS A RESULTE OF THE AFOREMENTIONED ACTIONS OF (ALL) DEFENDANTS'. THESE CHANGES SHOULD/WILL PROVIDE THE MUCH NEEDED RELIEF FROM THE CONSTITUTIONAL VIOLATIONS AND WILL CREATE A HEALTHIER MORE PRODUCTIVE ENVIRONMENT FOR ALL ALIKE.

102. THE PLAINTIFFS' AND CLASS MEMBERS' ALSO ALLEGE THAT WITHIN THE N-2 CHOW HALL WHEN SEVEN GALLORY IS RAN WITH ANOTHER GALLORY THERE IS NOT ENOUGH SEATING FORCING PLAINTIFFS' AND CLASS MEMBERS' TO EAT OFF OF THE FLOOR, FURTHERMORE AS A RESULT OF DEFENDANT'S, C. MAYER, EOVALD, HOPPENSTEDT AND OTHER DOE'S ACTIONS KNOWINGLY, CUT SEVEN GALLORIES (BENTZ'S) CHOW TIME TO FIVE (5) MINUTES AND THEN FORCING PLAINTIFFS' AND CLASS MEMBERS' TO STAND OUT IN THE EXTREEM COLD AND/OR RAIN FOR 10-15 MINUTES FOR REASONS NOT PENOLOGICALLY JUSTIFIED.

29

105. **SEE:** BERWANGER (v) COTTEY, 178 F.Ed 834 (7TH CIR. 1999) STATES THAT "A MAXIMUM POPULATION PROVISION IS A PRISONER RELEASE ORDER." AS SET FORTH IN 18 U.S.C. §§ 3626 (a)(3)(E)(i)-(ii), A RELEASE ORDER MUST BE SUPPORTED BY CLEAR AND CONVINCING EVIDENCE THAT "CROWDING IS THE PRIMARY CAUSE OF THE VIOLATION OF A FEDERAL RIGHT" AND NO OTHER RELIEF WILL REMEDY THE VIOLATION. **SEE:** 28 U.S.C. SECTION 2284; AND **COLEMAN (v) SCHWARZENNEGER,** 2009 WL 2430820 (E.D. CAL. 2009), APPEAL DISMISSED, 130 S.CT. 1140 (2010); **CFBROWN (v) PLATA,** 131 S.CT. 1910 (2011); **WELLMAN (v) FAULKNER,** 715 F.2d 269, 274 (7TH CIR. 1983) OVERCROWDING IN 100-YEAR-OLD FACILITY COMBINED WITH LIMITED RECREATION TIME, LONG IN-CELL TIME, AND INADEQUATE MEDICAL CARE.

fn#5: later identified defendants: john baldwin, todd brooks, anthony williams, jeff hutchinson, i.d.o.c., menard correctional center, wexford, and unidentified john and jane doe's, et al., *BRUCE RAUNER, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS.*

## CLAIM # 6

104. THIS CLAIM REGARDS THE MENARD CORRECTIONAL CENTERS MENTAL HEALTH DEPARTMENTS BEING INADEQUATELY STAFFED, WHERE MENARD IS ILL-EQUIPPED TO HOUSE PLAINTIFFS' AND/OR CLASS MEMBERS' WHO SUFFER FROM MENTAL ILLNESSES. THE MENTAL HEALTH PROFESSIONALS, DEFENDANTS. CREASON, BAIG, GREATHOUSE, WHITESIDE, HILLERMAN, DELONG, KEWALKOWSK, WALLS, WEXFORD, AND UNIDENTIFIED JOHN AND JANE DOES, et al., I.D.O.C., MENARD, HAVE ACTED WITH DELIBERATE INDIFFERENCE TO THE PLAINTIFFS' AND/OR CLASS MEMBERS' HEALTH AND SAFETY WHEN THEY HAVE PERSONAL KNOWLEDGE AND ARE AWARE OF THE SMALL, TINY CELL SIZE. THE PLAINTIFFS' AND CLASS MEMBERS' ARE CONFINED WITHIN THESE SMALL TINY CELLS FOR UNREASONABLY LONG PERIODS OF TIME, AND THAT THE CELL SIZES (EXHIBITS #4,5,6,7,8,9) ARE INAPPROPRIATE TO HOUSE MENTALLY ILL PLAINTIFFS' AND/OR CLASS MEMBERS' AND EXACERBATING THE SYMPTOMS OF MENTAL ILLNESS, MENARD IS IN FACT A STRESS AND TENSION INDUCING ENVIRONMENT THAT HAS CAUSED AND CONTINUES TO CAUSE PLAINTIFFS' AND/OR CLASS MEMBERS' OF CONSTANT RELENTLESS, MENTAL AND EMOTIONAL INSTABILITY WITH PHYSICAL AND EMOTIONAL INJURIES UPON THE HUMAN BODY FROM THE INCESSANT ISOLATION WITHOUT ANY PHYSICAL EXERCISE AS DESCRIBED WITHIN CLAIM #1 OF THIS COMPLAINT, AND WITHOUT ANY MEANS TO MENTALLY DECOMPRESS AND WITH A COMPLETE LACK OF MEANINGFUL STIMULATION OR INTERACTION.

105. PLAINTIFFS' AND/OR CLASS MEMBERS' ALLEGE THAT THE AFOREMENTIONED DEFENDANTS' HAVE KNOWLEDGE OF THE AFOREMENTIONED EFFECTS CAUSED TO THE EXTENSIVE LENGTHY CONFINEMENT WITHIN THE SMALL, TINY CELLS, WHERE THE AFOREMENTIONED DEFENDANTS' HAVE FAILED TO REPORT THE ABUSIVE CONDITIONS OF CONFINEMENT WHERE THEY (DEFENDANTS') IGNORED AND NEVER REPORTED THE HUMAN RIGHTS VIOLATIONS THAT DEFENDANTS' HAVE OBSERVED COUNTLESS TIMES AND NEVER ACTED TO PUT A END TO THESE VIOLATIONS, AND DUE TO THE AFOREMENTIONED DEFENDANTS' WITNESSING THESE KNOWN UNCONSTITUTIONAL ABUSIVE CONDITIONS AND "TURNING A BLIND EYE" IN ACQUIESENCE TO THE MENARD CORRECTIONAL CENTER'S AND/OR ILLINOIS DEPARTMENT OF CORRECTIONS STAFF, EMPLOYEES, ADMINISTRATION, OFFICIALS, AND OTHERS OF THE EGREGIOUS HOUSING AND LOCKDOWN PRACTICES LEAVING THE PLAINTIFFS' AND CLASS MEMBERS' TO SIMPLY SUFFER.

106. THE AFOREMENTIONED DEFENDANTS' ARE CAPABLE OF REPORTING AND PROVIDING THEIR PROFESSIONAL RECOMMENDATIONS REGARDING THESE UNCONSTITUTIONAL, ABUSIVE, MISTREATMENT AND TORTURE OF THE PLAINTIFFS' AND CLASS MEMBERS'. THE AFOREMENTIONED DEFENDANTS EITHIER IN FEAR, IN THEIR DIRECT INVOLVMENT, AND/OR OTHER WITH THE OTHER DEFENDANTS' ABSOLUTELY REFUSED TO REPORT ALL OR ANY OF THE WRONG DOING THAT THEY BEAR WITNESS TO, IN EFFECT THEY HAVE BECOME A THIRD PARTY PARTICIPANTS.

## CLAIM # 7

107. THIS CLAIM REGARDS THE USE OF LEGITIMATE SECURITY MEASURES IN A MANNER TO HARASS; CONFISCATION OF THE PLAINTIFFS' AND CLASS MEMBERS' UNASSIGNED STATE PAY DEPRIVING THEM OF THEIR DUE PROCESS, BANGING ON CELL BARS, AND OTHER AS DESCTIBED WITHIN THIS COMPLAINT, IN CONSPIRACY TO PUNISH, HARASS, RETALIATE, AND OTHER AGAINST THE PLAINTIFFS' AND CLASS MEMBERS' IN BAD FAITH AND FOR NO LEGITIMATE PENOLOGICALLY JUSTIFIABLE REASON (TO INCLUDE LOCKDOWNS) BY DEFENDANTS' SALVADORE GODINEZ, STOLWORTHY, GLADYSE C. TAYLOR, MICHAEL P. RANDLE, TY BATES, HENERY BAYER, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, BRAD THOMAS, TONY FERRANTO, KEVIN HIRSCH, RICHARD PAUTLER, JAMES R. BROWN, JOSEPH COWAN, DUNN, CHAD E. HASEMEYER, JACQUELINE A. LASHBROOK, DOUG LYERLA, RICHARD MOORE, PAUL OLSON, WILLIAM REES, BRIAN THOMAS, JAY ZIEGLER, ROBERT M. DILDAY, WESTFALL, JAMES BEST, ROBERT HUGHS. C. MAYER, KENT BROOKMAN, MICHAEL MONJE, SAMULES, TOURVILLE, DUNN, EOVALDI, RAYMOND ALLEN, WILLIAM QUALLS, JAMES A. HOPPENSTEDT, ROGER A. SHURTZ, WILLS, HARRIS, AND/OR THE A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, AND OTHER JONE AND JANE DOE'S. (see: fn#6)

108. THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD CORRECTIONAL CENTER CELL HOUSE'S CELL BARS ARE MADE WITH TEMPERED STEEL MAKING IT IMPOSSIBLE FOR AN INMATE TO CUT THROUGH THE BARS WITH ANYTHING THAT THE INMATES CAN HAVE AND/OR OBTAIN.

109. THE PLAINTIFFS' AND CLASS MEMBERS' ALSO ALLEGE THAT PRISON OFFICIALS STARTED BANGING ON THE CELL BARS WHEN THEY ALLEGEDLY RECEIVED INFORMATION THAT ONE OR MORE INMATES WERE ALEGEDLY PLANING TO ESCAPE BY CUTTING THROUGH THE CELL BARS WHERE THIS PRACTICE OF BANGING ON THE BARS WAS A RESPONSE TO AN ALLEGEDLY LEGITIMATE SECURITY NEED DISPITE THE FACT THAT TO DO SO AN INMATE WOULD HAVE TO CUT THROUGH OVER TWO DOZEN, HALF INCH TO ONE INCH TEMPERED STEEL BARS AT THE VERY LEAST IN ORDER TO GO ANYWERE WITH NO KIND OF MATERIAL TO EVEN PENETRATE THE SAID STEEL TEMPERED BARS LET ALONE TO CUT THROUGH THEM (ONE), OR TWO TO JUST EVEN GET OUT OF THE INMATES CELL.

110. THE PLAINTIFFS' AND CLASS MEMBERS' FURTHER ALLEGE THAT THE AFOREMENTIONED DEFENDANTS USE THE AFOREMENTIONED BANGING ON BARS FOR ALLEGED SECURITY MEASURES TO HARASS THE PLAINTIFFS' AND CLASS MEMBERS' WHEN THE AFOREMENTIONED DEFENDANTS ALLEGEDLY TEST THE BARS BY BANGING ON ONLY A COUPLE ROWS OF THE BARS REPEATEDLY SEVERAL TIMES WHILE PLAINTIFFS' AND CLASS MEMBERS' ARE ASLEEP WITHIN THEIR CELLS BETWEEN 7am AND 8am, AND AT 3pm TO 4pm., WHERE THIS BANGING ON THE BARS IS HEARD LOUD AND CLEAR THROUGHOUT THE CELL HOUSE FOR ALMOST ONE HOUR CAUSING PLAINTIFFS' AND CLASS MEMBERS' TO BE SLEEP DEPRIVED (i.e. AWOKEN AT 11pm. FOR COUNT, AGAIN AT 3am. FOR HEALTH CARE PASSES AND/OR MEDICAL STAFF PASSING OUT MEDICATION, 4am. PASSING OUT HARD TRAYS FOR BREAKFAST, 5am. PICKING UP HARD TRAYS WHERE INMATES HAS TO STAY UP TO GIVE 2ND TRAY TO WORKER, 5:30am. PICKING UP TRASH, AND 7am. TO 8am. BANGING ON BARS).

111. FURTHERMORE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT THE PRACTICE AND/OR PROCEDURES OF BANGING ON THE CELL BARS BY AFOREMENTIONED DEFENDANTS IS AN ALLEGED SECURITY MEASURE NOT PENOLOGICALLY JUSTIFIED USED TO HARASS PLAINTIFFS' AND CLASS MEMBERS' WHEN THE DEFENDANTS ORDER/TEST THE CELL BARS BY BANGING ON SAID BARS WHEN PLAINTIFFS' AND CLASS MEMBERS ARE WITHIN THEIR SMALL TINY CELLS, WHERE THE AFOREMENTIONED DEFENDANTS CAN INSTRUCT/TEST CELL BARS ON A DAILY BASIS WHEN THE INMATES/PLAINTIFFS' AND CLASS MEMBERS' ARE OUTSIDE OF THEIR CELLS (i.e. ON YARD, AT THE CHOW HALL) THEREFORE NOT WAKING/HARASSING THE PLAINTIFFS' AND CLASS MEMBERS'.

112. THIS PART OF CLAIM SEVEN (7) REGARDS THE USE OF LEGITIMATE SECURITY MEASURES IN A MANNER TO HARASS; CONFISCATION OF THE PLAINTIFFS' AND CLASS MEMBERS' UNASIGNED STATE PAY DEPRIVING THEM OF THEIR DUE PROCESS, AND OTHER AS DESCRIBED WITHIN THIS COMPLAINT, IN CONSPIRACY TO PUNISH, HARASS, RETALIATE, AND OTHER AGAINST THE PLAINTIFFS' AND CLASS MEMBERS' IN BAD FAITH AND FOR REASONS NOT PENOLOGICALLY JUSTIFIED BY THE USE OF UNJUSTIFIABLE LOCKDOWNS, OR SEGREGATION (i.e. ABOVE AND BEYOND THE RECOMENDATIONS OF THE ADJUSTMENT COMMITTEE'S SANCTIONS, BY INCREASING THEIR SANCTIONS TO CONFISCATE UNASIGNED STATE PAY BEYOND THEIR POWER OR ATHORITY PER. THE DUE PROCESS SAFE GAURDS SET FOURTH IN THE 504 PROCEDURES) BY THE AFOREMENTIONED DEFENDANTS AS DESCRIBED WITHIN PH #107 OF THIS CLAIM/COMPLAINT.

113. THE AFOREMENTIONED DEFENDANTS KNOWINGLY, IN CONSPIRACY USE THE LOCKDOWN POLICIES TO PUNISH, RETALIATE, HARASS, AND OTHER AGAINST THE PLAINTIFFS' AND CLASS MEMBERS' IN BAD FAITH WITHOUT GIVING NOTICE OF THE ILLEGAL CONFISCATION OF THEIR UNASIGHNED STATE PAY OF $10.00 PER. MONTH WITHOUT EVEN A WRITTEN NOTICE OF THE REASON AND/OR CONFISCATION OF SAID UNASIGNED MONTHLY STATE PAY.

114. THE PLAINTIFFS' AND CLASS MEMBERS' ARE NEVER NOTIFIED IN WRITTING OR OTHER OF THE CONFISCATION OF THEIR UNASIGNED $10.00 PER. MONTH STATE PAY BY THE AFOREMENTIONED DEFENDANTS, DENYING PLAINTIFFS' AND CLASS MEMBERS' OF ANY POST-DEPRIVATION REMEDIES AND/OR OF THEIR ABILITY TO FILE A TIMELY GRIEVANCE FROM THE DATE OF INCIDENT. DENYING THEM OF THEIR DUE PROCESS.

115. THE PLAINTIFFS' AND CLASS MEMBERS' FURTHER ALLEGE THAT WHILE ON LOCKDOWNS AND/OR WITHIN SEGREGATION AND THE ILLEGAL CONFISCATION OF UNASIGNED STATE PAY OF $10.00 PER MONTH DENIES PLAINTIFFS' AND CLASS MEMBERS' WHO ARE INFACT INDIGENT AND LIVE OFF OF THEIR STATE PAY OF $10.00 PER MONTH FROM THEIR FIRST AMENDMENT RIGHT AND/OR EIGHTH AMENDMENT TO CORRESPOND WITH THEIR ATTORNEYS, COURTS, FAMILIES AND OTHER, BY NOT GIVING THEM THEIR UNASIGNED STATE MONTHLY PAY OF $10.00 TO PURCHUSE WRITING SUPLIES, PENS, PAPER, STAMPS (WRITEOUTS) TO DO SO WITH, OR BY PROVIDING THE PLAINTIFFS' AND CLASS MEMBERS' WITH SAID AFOREMENTIONED IDEMS.

33

116.   THE FIRST AMENDMENT PROHIBITS THE GOVERMENT/DEFENDANTS FROM "ABRIDGING THE FREEDOM OF SPEACH, OR OF THE PRESS".

117.   THE PLAINTIFFS' AND CLASS MEMBERS' UNASIGNED MONTHLY $10.00 STATE PAY IS IN FACT A PROPERTY INTREST, WHERE THE PROPERTY INTRESTS "ARE CREATED AND THEIR DIMENSIONS ARE DEFINED BY EXISTING RULES OR UNDERSTANDINGS THAT STEM FROM AN INDEPENDENT SOURCE SUCH AS STATE LAW RULES OR UNDERSTANDINGS THAT SECURE CERTAIN BENEFITS AND THAT SUPPORT CLAIMS OF ENTITLEMENT TO THOSE BENEFITS." **Bd. OF STATE COLL. (v) ROTH,** 408 U.S. 564, 577 (1972).

118.   DEPRIVATION OF PROPERTY (i.e. UNASIGNED STATE PAY OF $10.00 PER MONTH) WITHOUT DUE PROCESS OF LAW VIOLATES THE FOURTEENTH AMENDMENT, EVEN WHERE IT IS NOT A STATE POLICY TO PROVIDE A HEARING OR WRITTEN NOTICE, BUT IT IS THE PURPOSE OF THE CONSTITUTIONAL RIGHT TO A HEARING TO PROVIDE AN OPPORTUNITY FOR PLAINTIFFS' AND CLASS MEMBERS' TO ADEQUATELY VINDICATE THIS CLAIMS, AND THEIR PROPERTY.

119.   THE PLAINTIFFS' AND CLASS MEMBERS' HAVE RECEIVED, CONSTRUCTIVELY OR ACTUALLY, NO NOTIFICATION OF CONFISCATION AND/OR NO "HEARING TO PROVIDE AN OPPORTUNITY FOR [THEM] TO VINDICATE THOSE CLAIMS, "OF CONFISCATION OF UNASIGNED STATE PAY. THIS IS AN OBVIOUS VIOLATION OF THE PLAINTIFFS' AND CLASS MEMBERS' FOURTEENTH AMENDMENT DUE PROCESS RIGHTS AS WELL AS THE DUE PROCESS SAFE GARDS SET FOURTH BY THE DEPARTMENT OF CORRECTIONS OF ILLINOIS.

120.   THE PLAINTIFFS' AND CLASS MEMBERS' ARE ENTITLED TO COMPENSATION WHEN THEIR UNASIGNED MONTHLY $10.00 STATE PAY IS WRONGFULLY WITHHELD, BY MEANS OF USING SECURITY MEASURES TO HARASS, RETALIATE, PUNISH AND OTHER TO CONFINSCATE SAID PAY WHILE ACTING IN CONSPIRICY TO DO SO FOR REASONS NOT PENOLCGICALLY JUSTIFIED.

121.   THE PERSONS NAMED IN THIS CLAIM ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPERATIONS OF PRISON.

Fn#6: later identified defendants: john baldwin, todd brooks, anthony williams, jeff hutchinson, eovaldi, robert hughs, raymond allen, michael monjie, james best, lt. mc. whitly, clint mayer, kent brookman, michael samuel, torville, william qualls, james hoppensted, lt. fricky, i.d.o.c., menard correctional center, wexford, and unidentified john and jane doe's, et al., *BRUCE RAUNER, A.F.C.S, ME, UNION LOCAL 1175 COUNSEL 31 MEMBERS, HILL, AHONIX, J. COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, OAKLEY, L. CARTER, M. BOCHAMTIN, K. PIERCE, S. BENTON, ANDERSON, S. JOHNSON, KARUSE, J. WHITLEY, JAMIE WELBORN, HURST, RAKERS, MCNEW, M. ARANGE, BRINKLEY, SIMPSON, OBUCINA, FISCHER, CARLA DRAVES, SGT. MCCLURE, SGT. GRAW.*

Case 3:17-cv-01260-DRH   Document 3   Filed 11/20/17   Page 88 of 105   Page ID
#112
Case 3:17-cv-00315-MJR   Document 99   Filed 04/10/17   Page 35 of 51   Page ID #843

CLAIM # 8

122.  THIS CLAIM REGARDES THE SUPPERVISORY LIABILITY OF DEFENDANTS, DONALD
STOLWORTHY, SALVADORE GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, TY BATES, HENERY
BAYER, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK,
ALEX JONES, JAMES BROWN, JOSEPH COWAN, CHAD HASEMEYER, JACQUELINE LASHBROOK,
DOUG LYERLA, RICHARD MOORE, DUNN, PAUL OLSON, WILLIAM REES, BRIAN THOMAS,
JAY ZIEGLER, ROBERT DILDAY, WESTFALL, JAMES BEST, ROBERT HUGHES, C. MAYER,
EOVALDI, KENT BROOKMAN, MICHAEL MONJE, SAMULES, TOURVILLE, RAYMOND ALLEN,
WILLIAM QUALLS, HARRIS, JAMES HOPPENSTEDT, ROGER SHURTZ, WILLS, AND OTHER
UNIDENFIFIED JOHN AND JANE DOE'S FOR THEIR FAILURE TO ACT WHEN THEY HAD PERSONAL
KNOWLEDGE, AND PERSONAL INVOLVEMENT OF THE PLAINTIFFS' AND CLASS MEMBERS'
UNCONSTITUTIONAL CONDITIONES OF CONFINEMENT, AND THE POWER TO CORRECT THE
UNCONSTITUTIONAL CONDITIONES AND FAILED TO TAKE ANY ACTION TO REMEDY THE CONDITIONS
AS DESCRIBED THROUGHOUT THIS COMPLAINT IN ANY WAY AT ALL TO INCLUDE WITHIN
THIS CLAIM.(see: fn#7)

123. THE DEFENDANTS' SALVADORE GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, DONALD
STOLWORTHY, TY BATES AND HENERY ARE/WERE DIRECTORS AND/OR DEPUTY DIRECTORS
OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, WHO IN FACT HAD PERSONAL KNOWLEDGE,
INVOLVEMENT THAT PLAINTIFFS' AND CLASS MEMBERS' WERE BEING, DEPRIVED OF EXERCISE
FOR EXTENDED PERIODS OF TIME FOR ALLEGED INSTITUTIONAL LOCKDOWNS, SUBJECTED
THEM TO UNCONSTITUTIONAL INADEQUATE SMALL, TINY PRISON CELLS 24 HOURS A DAY
SEVEN DAYS A WEEK WHILE ON LOCKDOWN WITHIN THE SMALL, TINY CELLS DESIGNED
FOR ONE MAN AND USED TO HOUSE TWO MEN, CONSPIRING TO VIOLATE THEIR EIGHTH
AMENDMENT AND DUE PROCESS DEPRIVATIONS (SEE: CLAIM #3), UNCONSTITUTIONAL CONDITIONS
OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4, AND THAT MENARD CORRECTIONAL
CENTER AND/OR ILLINOIS DEPARTMENT OF CORRECTIONS IS IN ADEQUATELY STAFFED
AND ILL-EQUIPPED TO HOUSE INMATES WHO SUFFER FROM MENTAL ILLNESSES, AND THAT
MENARD AND I.D.O.C. IS OVERCROWDED AND SUFFERS THE CONDITIONS OF THE LACK
OF ADEQUATE SHELTER, FOOD, PROTECTION, EDUCATION, WORK, REHABILITATION, VIOLENCE,
AND OTHER ISSUES LIKE FOOD SERVICE, MEDICAL CARE, LOCK IN TIME, DEFICIENCIES
IN CELL HOUSE PLUMBING, VENTILATION, ELECTRICAL, AND OTHER, AND THAT SECURITY
MEASURES ARE BEING USED TO HARASS INMATES (i.e. BANGING ON CELL DOORS/BARS,
ILLEGAL CONFISCATION OF UNASIGNED STATE PAY, LOCKDOWNS, WAKING INMATES AT
3a.m. FOR HEALTHCARE FOR NO REASON AT ALL, ECT...) AS DESCRIBED WITHIN THIS
COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS' HAVE THE POWER AND AUTHORITY
TO CORRECT THE AFOREMENTIONED ISSUES AND FAILED TO TAKE ACTION TO REMEDY THE
AFOREMENTIONED CONDITIONS/ISSUES.(see: fn#8)

124. THE DEFENDANTS' KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON,
SHANNIS STOCK, ALEX JONES, AND UNIDENTIFIED JOHN AND JANE DOE'S ARE/WERE WARDENS
AND/OR ASSISTANT WARDENS AT MENARD CORRECTIONAL CENTER AND/OR WITHIN THE I.D.O.C.,
WHO IN FACT HAD PERSONAL KNOWLEDGE AND INVOLVEMENT THAT PLAINTIFFS' AND CLASS
MEMBERS' WERE/ARE BEING, DEPRIVED OF EXERCISE FOR EXTENDED PERIODS OF TIME
FOR ALLEGED INSTITUTIONAL LOCKDOWNS OR FOR NO REASON AT ALL, SUBJECTED THEM
TO UNCONSTITUTIONALY INADEQUATE SMALL, TINY PRISON CELLS 24 HOURS A DAY SEVEN
DAYS A WEEK WHILE ON LOCKDOWN WITHIN THE SMALL, TINY CELLS DESIGNED FOR ONE

35

MAN AND USED TO HOUSE TWO MEN, CONSPIRING TO VIOLATE THEIR EIGHTH AMENDMENT AND DUE PROCESS DEPRIVATIONS (SEE: CLAIM #3), UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4, AND THAT MENARD CORRECTIONAL CENTER AND/OR I.D.O.C. IS INADEQUATELY STAFFED AND ILL-EQUIPPED TO HOUSE INMATES WHO SUFFER FROM MENTAL ILLNESSES, AND THAT MENARD AND/OR I.D.O.C. IS OVER CROWDED AND SUFFERS THE CONDITIONS OF THE LACK OF ADEQUATE SHELTER, FOOD, PROTECTION, EDUCATION, WORK, REHABILITATION, VIOLENCE AND OTHER ISSUES LIKE, FOOD SERVICE, MEDICAL CARE, LOCK IN TIME, DEFICIENCIES IN CELL HOUSE PLUMBING, VENTILATION, ELECTRICAL, AND OTHER ISSUES, AND THAT SECURITY MEASURES ARE BEING USED TO HARASS INMATES (i.e. BANGING ON CELL BARS, ILLEGAL CONFISCATION OF UNASIGNED STATE PAY, WAKING INMATES UP AT 3AM. FOR HEALTHCARE PASSES FOR NO REASON AT ALL, ECT...) AS DESCRIBED WITHIN THIS COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS' HAVE THE POWER AND AUTHORITY TO CORRECT THE AFOREMENTIONED ISSUES AND FAILED TO TAKE ACTION TO REMEDY THE AFOREMENTIONED CONDITIONS/ISSUES.(See: Fn#9)

125. THE DEFENDANTS' JAMES BROWN, JOSEPH COWAN, CHAD HASEMEYER, JACQUELINE LASHBROOK, DOUG LYERLA, RICHARD MOORE, PAUL OLSON, WILLIAM REES, BRIAN THOMAS, DUNN, JAY ZIEGLER, ROBERT DILDAY, WESTFALL, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S ARE SHIFT SUPERVISORES AT MENARD CORRECTIONAL CENTER AND/OR WITHIN I.D.O.C. WHO IN FACT HAD PERSONAL KNOWLEDGE, INVOLVEMENT THAT THE PLAINTIFFS' AND CLASS MEMBERS' WERE/ARE BEING, DEPRIVED OF EXERCISE FOR EXTENDED PERIODS OF TIME FOR ALLEGED INSTITUTIONAL LOCKDOWNS, OR NO REASON AT ALL, SUBJECTED THEM TO UNCONSTITUTIONAL INADEQUATE SMALL, TINY PRISON CELLS 24 HOURS A DAY SEVEN DAYS A WEEK WHILE ON LOCKDOWN WITHIN THE SMALL, TINY CELLS DESIGNED FOR ONE MAN AND USED TO HOUSE TWO MEN, CONSPIRING TO VIOLATE THEIR EIGHTH AMENDMENT AND DUE PROCESS DEPRIVATIONS (SEE: CLAIM #3), UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4, AND THAT MENARD AND/OR I.D.O.C. IS INADEQUATELY STAFFED AND ILL-EQUIPPED TO HOUSE INMATES WHO SUFFER FROM MENTAL ILLNESSES, AND THAT MENARD AND I.D.O.C. SUFFER THE CONDITIONS OF THE LACK OF ADEQUATE SHELTER, FOOD, PROTECTION, EDUCATION, WORK, REHABILITATION, VIOLENCE AND OTHER ISSUES LIKE FOOD SERVICE, MEDICAL CARE, LOCK IN TIME, DEFICIENCIES IN CELL HOUSE PLUMBING, VENTILATION, ELECTRICAL, AND OTHER ISSUES, AND THAT SECURITY MEASURES ARE BEING USED TO HARASS INMATES (i.e. BANGING ON CELL BARS, ILLEGAL CONFISCATION OF UNASSIGNED STATE PAY, WAKING INMATES AT 3a.m. FOR NO REASON AT ALL, ECT...) AS DESCRIBED WITHIN THIS COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS' HAVE THE POWER AND AUTHORITY TO CORRECT THE AFOREMENTIONED ISSUES AND FAILED TO TAKE ACTION TO REMEDY THE AFOREMENTIONED CONDITIONES AS DESCRIBED WITHIN THIS COMPLAINT. (see: Fn#10)

126. THE DEFENDANTS' JAMES BEST, ROBERT HUGHES, C. MAYER, ECVALDI, KENT BROOKMAN, MICHAEL MONJE, SAMULES, TOURVILLE, RAYMOND ALLEN, AND UNIDENTIFIED JOHN AND JANE DOE'S, ARE CELL HOUSE SUPERVISORS AT MENARD CORRECTIONAL CENTER AND/OR WITHIN I.D.O.C., WHO IN FACT HAD PERSONAL, FIRST HAND KNOWLEDGE, INVOLVEMENT THAT THE PLAINTIFFS' AND CLASS MEMBERS' WERE/ARE BEING SUBJECTED TO THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4 OF THIS COMPLAINT, AND THAT MENARD AND/OR I.D.O.C. IS INADEQUATELY STAFFED AND ILL-EQUIPPED TO HOUSE INMATES WHO SUFFER FROM MENTAL ILLNESSES, AND THAT MENARD AND I.D.O.C. SUFFERS THE CONDITIONS OF THE LACK OF ADEQUATE SHELTER, FOOD, PROTECTION, EDUCATION, WORK, REHABILITATION, VIOLENCE AND OTHER ISSUES LIKE FOOD SERVICE, MEDICAL CARE, LOCK IN TIME, DEFICIENCIES IN CELL HOUSING PLUMBING, VENTILATION,

36

Case 3:17-cv-01260-DRH    Document 3    Filed 11/20/17    Page 90 of 105    Page ID
#114
Case 3:17-cv-00315-MJR    Document 99    Filed 04/10/17    Page 37 of 51    Page ID #845

ELECTRICAL, AND OTHER ISSUES, AND THAT SECURITY MEASURES ARE BEING USED TO HARASS INMATES (i.e. BANGING ON BARS, ILLEGAL CONFISCATION OF UNASSIGNED STATE PAY) AS DESCRIBED WITHIN THIS COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS HAVE THE POWER AND AUTHORITY TO CORRECT THE AFOREMENTIONED ISSUES AND FAILED TO TAKE ACTION TO REMEDY THE AFOREMENTIONED CONDITIONS AS DESCRIBED WITHIN THIS COMPLAINT. (see: fn#11)

127. THE DEFENDANTS JAMES HOPPENSTEDT, ROGER SHURTZ, WILLIAM QUALLS, HARRIS, WILLS, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S ARE CELL HOUSE INMATE SUPERVISORS AT MENARD CORRECTIONAL CENTER,AND/OR I.D.O.C., WHO IN FACT HAD PERSONAL, FIRST HAND KNOWLEDGE, INVOLVEMENT THAT PLAINTIFFS' AND CLASS MEMBERS' WERE/ARE BEING SUBJECTED TO THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AS DESCRIBED WITHIN CLAIM #4 OF THIS COMPLAINT, AND THAT MENARD AND/OR I.D.O.C. SUFFERS THE CONDITIONS OF THE LACK OF ADEQUATE SHELTER, FOOD, PROTECTION, EDUCATION, WORK, REHABILITATION, VIOLENCE, AND OTHER ISSUES LIKE, FOOD SERVICE, MEDICAL CARE, LOCK IN TIME, DEFICIENCIES IN CELL HOUSE PLUMBING, VENTILATION, ELECTRICAL, AND OTHER ISSUES, AND THAT SECURITY MEASURES ARE BEING USED TO HARASS INMATES (i.e. BANGING ON CELL BARS, ILLEGAL CONFISCATION OF UNASSIGNED STATE PAY, WAKING INMATES AT 3 a.m. FOR HEALTHCARE FOR NO REASON AT ALL, ECT...) AS DESCRIBED WITHIN THIS COMPLAINT, WHERE THE AFOREMENTIONED DEFENDANTS HAVE THE POWER AND AUTHORITY TO CORRECT THE AFOREMENTIONED ISSUES AND FAILED TO TAKE ACTION TO REMEDY THE AFOREMENTIONED CONDITIONS AS DESCRIBED WITHIN THIS COMPLAINT. (s²e: fn#12)

128. THE DEFENDANTS, SALVADORE GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, DONALD STOLWORTHY, TY BATES, HENERY BAYER, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, JAMES BROWN, JOSEPH COWAN, CHAD HASEMEYER, JACQUELINE LASHBROOK, DOUG LYERLA, RICHARD MOORE, PAUL OLSON, WILLIAM REES, BRIAN THOMAS, DUNN, JAY ZIEGLER, ROBERT DILDAY, WESTFALL, JAMES BEST, ROBERT HUGHES, C. MAYER, EOVALDI, WILLS, KENT BROOKMAN, MICHAEL MONJE, SAMULES, TOURVILLE, RAYMOND ALLEN, WILLIAM QUALLS, HARRIS, JAMES HOPPENSTEDT, ROGER SHURTZ, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S ARE ALL SUPERVISORS WITHIN THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR AT MENARD CORRECTIONAL CENTER, WHO IN FACT HAD/HAVE PERSONAL KNOWLEDGE, INVOLVEMENT, FACILITATED, CONSPIRED, AND CONDONED THE USE OF SECURITY MEASURES TO HARASS PLAINTIFFS' AND CLASS MEMBERS' BY THE AFOREMENTIONED BANGING ON CELL BARS WHILE PLAINTIFFS' AND CLASS MEMBERS' ARE ASLEEP AND/OR WAKING INMATES AT 3am FOR HEALTHCARE FOR NO REASON AT ALL, AND OTHER ISSUES AS THE SMALL, TINY CELLS, AND THE ILLEGAL CONFISCATION OF PLAINTIFFS' AND CLASS MEMBERS' UNASSIGNED MONTHLY STATE PAY ($10.00 PER. MONTH) WITHOUT DUE PROCESS OF LAW, AND THE USE OF LOCKDOWNS AND/OR SEGREGATION SECURITY MEASURES TO DO SO FOR NO PENOLOGICALLY JUSTIFIABLE REASON, WHERE AFOREMENTIONED DEFENDANTS' FAILED TO TAKE ACTION TO REMEDY THE UNLAWFULL TAKING OF PLAINTIFFS' AND CLASS MEMBERS' UNASSIGNED STATE PAY, AND THE UNJUSTIFIABLE USE OF LOCKDOWNS FOR REASONS NOT PENOLOGICALLY JUSTIFIED, AS DESCRIBED WITHIN THIS COMPLAINT AND DID KNOWINGLY IN BAD FAITH EXHIBIT DELIBERATE INDIFFERENCE TO THE PLAINTIFFS' AND CLASS MEMBERS' WHEN THEY FAILED TO ACT ON INFORMATION AND/OR KNOWLEDGE THAT THE PLAINTIFFS' AND CLASS MEMBERS' WERE BEING HARASSED WITH THE AFOREMENTIONED SECURITY MEASURES AND UNASIGNED STATE PAY CONFISCATION AS DESCRIBED WITHIN THIS COMPLAINT. (see: fn#13)

37

129. THE AFOREMENTIONED DEFENDANTS WITHIN THIS CLAIM DID KNOWNINGLY, IN BAD FAITH, IN CONSPIRACY, AND OTHER ISSUES, DID EXHIBIT DELIBERATE INDIFFERENCE TO THE PLAINTIFFS' AND CLASS MEMBERS' WHEN THEY FAILED TO TAKE ACTION TO REMEDY THE KNOWN AFOREMENTIONED ISSUES WITHIN THIS CLAIM AND/OR COMPLAINT.

130. THE AFOREMENTIONED DEFENDANTS WITHIN THIS CLAIM/ACTION ABSOLUTELY DO NOT HAVE IMPUNITY WHEN THEY INFRINGE THE CONSTITUTIONAL AUTHORITY THAT PENOLOGICALLY JUSTIFIES SOUND DECISION MAKING IN THE DAILY OPPERATIONS OF PRISON.

FN#7: LATER IDENTIFIED DEFENDANTS: JOHN BALDWIN, TODD BROOKS, ANTHONY WILLIAMS, JEFF HUCHINSON, EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, MICHAEL MONJIE, JAMES BEST, LT. MR. WHITLEY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, QUALLS, HOPPENSTED, LT. FRICKY, I.D.O.C., MENARD CORRECTIONAL CENTER, WEXFORD, UNIDENTIFIED JOHN AND JANE DOE'S, et al, BRUCE RAUNER, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, KARUSE.

FN#8: LATER IDENTIFIED DEFENDANTS: JOHN BALDWIN, BRUCE RAUNER, UNIDENTIFIED JOHN AND JANE DOE'S, et al,

FN#9: LATER IDENTIFIED DEFENDANTS: TODD BROOKS, ANTHONY WILLIAMS, JEFF HUCHINSON, UNIDENTIFIED JOHN AND JANE DOE'S et al,

FN#10: LATER IDENTIFIED DEFENDANTS: EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, MICHAEL MONJIE, UNIDENTIFIED JOHN AND JANE DOE'S, et al,

FN#11: LATER IDENTIFIED DEFENDANTS: EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, MICHAEL MONJIE, JAMES BEST, LT. MR. WHITLEY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES HOPPENSTED, LT. FRICKY, UNIDENTIFIED JOHN AND JANE DOE'S, et al,

FN#12: LATER IDENTIFIED DEFENDANTS: JAMES BEST, LT. MR. WHITLEY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES HOPPENSTED, LT. FRICKY, UNIDENTIFIED JOHN AND JANE DOE'S, et al,

FN#13: LATER IDENTIFIED DEFENDANTS: JOHN BALDWIN, TODD BROOKS, ANTHONY WILLIAMS, JEFF HUCHINSON, EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, MICHAEL MONJIE, JAMES BEST, LT. MR. WHITLEY, CLINT MAYER, SGT. GRAW, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES HOPPENSTED, LT. FRICKY, I.D.O.C., MENARD CORRECTIONAL CENTER, WEXFORD, BRUCE RAUNER, A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, HILL, PHOMX, J. COWAN, ALLSUP, BETSY SHILLER, JEANNETTE COWAN, OAKLY, L. CARTER, M. BOCHANTIN, SGT. McCLURE, K. PIERCE, S. BENTON, ANDERSON, S. JOHNSON, KARUSE, J. WHITLEY, UNIDENTIFIED JOHN AND JANE DOE'S, et al,

38

CLAIM #9

131. THIS CLAIM REGARDES THE VIOLATION OF THE PLAINTIFFS' AND CLASSMEMBERS' FIRST, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS, TO MEANINGFUL ACCESS TO THE COURTS, AN CONSTITUTIONALY ADEQUATE LAW LIBRARY SYSTEM, OF ACCESS TO LEGALLY TRAINED PARAPROFESSIONALS, OF ACCESS TO INMATE LAW CLERKS WHO ARE PROPERLY TRAINED TO ASSIST INMATES WITH THEIR LEGAL PROBLEMS, OF ADEQUATE ACCESS TO LAW LIBRARY BOOKS AND/OR LAW LIBRARY SERVICES WHILE PLAINTIFF'S AND CLASSMEMBERS ARE WITHIN PUNITIVE SEGREGATION, INVESTIGATION STATUSE, ADMINISTRATIVE DETENTION, OR WHILE ON LOCKDOWN, SUCH AS A SATILITE LAW LIBRARY FOR RESEARCH AND OTHER LEGAL NEEDS, OF ACCESS TO ADEQUATE LAW LIBRARY WHILE IN GENERAL POPULATION, AN ADEQUATE INSTITUTIONAL LEGAL MAIL AND REGULAR MAIL SYSTEM, AND ADEQUATE ACCESS TO BOTH SEGREGATION AND GENERAL POPULATION PERSONAL PROPERTY LEGAL STORAGE (EXCHANGE), AND FAIL TO MEET STATE LAW ILLINOIS' CODE §§1003-7-2(a) BY DEFENDANTS', KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, TODD BROOKS, ANTHONY WILLIAMS, JAQUELINE A. LASHBROOK, DOUG LYERLA, WILLIAM REES, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, VERGIL SMITH, ROY, LaFONE, TY BATES, HENRY BAYER, JOHN R. BALDWIN, DONALD STOLWORTHY, SALVADOR GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, (see: fn#14)

132. IN JULY OF 1989 THE DEFENDANTS TERMINATED ALL INVOLVEMENT BY AN INDEPENDANT LIBRARY SYSTEM IN THE OPERATION OF THE PRISON LIBRARIES. AT THAT TIME, THE DEFENDANTS ASSUMED DIRECT ECONOMIC AND SUPERVISORY RESPONSIBILITY FOR ALL LIBRARY STAFF TO INCLUDE BOTH INMATE CLERKS AND CIVILIAN EMPLOYEES AND FOR ALL SUPPLIES, PURCHASES, ECT.... THE ILLINOIS DEPARTMENT OF CORRECTIONS DIRECT RESPONSIBILITY FOR THE LAW LIBRARIES CONTINUES TO THE PRESENT.

133. THE PLAINTIFFS' AND CLASSMEMBERS' ALLEGE THAT THE AFOREMENTIONED DEFENDANTS' DO NOT SATISFY THEIR CONSTITUTIONAL OBLIGATION TO PROVIDE MEANINGFUL ACCESS TO THE COURTS TO PLAINTIFFS' AND CLASS MEMBERS' WHILE IN SEGREGATION, WHO HAVE NO DIRECT ACCESS TO LAW LIBRARY BOOKS, AND WHOM ARE UNABLE TO COMPREHEND AND/OR READ LEGAL MATERIALS, THROUGH WHAT IS KNOWN AS A RUNNER SYSTEM BY WHICH PLAINTIFFS' AND CLASS MEMBERS' WHILE IN SEGREGATION ARE NOT PROVIDED WITH BOOKS, OR MATERIALS, OR ACCESS TO A SATILITE LAW LIBRARY AT THEIR REQUEST (OR AT ALL), AND HAVE NO ACCESS TO ANY INMATE LAW CLERKS WHO ARE TRAINED, AND/OR PROPERLY TRAINED TO ASSIST THE PLAINTIFFS' AND CLASS MEMBERS' WHILE WITHIN SEGREGATION.

134. WHILE IN SEGREGATION THE AFOREMENTIONED DEFENDANTS' DO NOT ALLOW THE PLAINTIFFS' AND CLASS MEMBERS' TO PARTICIPATE IN EDUCATIONAL COURSES (AS TO THE EXTENT THEY ARE EVEN AVAILABLE AT ALL), TO GO TO THE LAW LIBRARY, OR A LAW LIBRARY AT ALL, OR TO CHECK OUT LAW BOOKS OR CASE LAW LOANS FROM THE LAW LIBRARY, OR ALLOWED TO CHECK OUT ANY BOOKS AT ALL FROM THE LIBRARY, AND ARE DENIED OF ANY LEGAL HELP AT ALL EXCEPT FOR FORMS AS REQUESTED (IF EVEN THAT) (ie. GRIEVANCES, VISITING SLIPS, AND OTHER) DENYING PLAINTIFFS' AND CLASS MEMBERS' OF MEANINGFUL, ADEQUATE ACCESS TO THE COURTS, AND/OR LAW LIBRARY.

135. THE AFOREMENTIONED DEFENDANTS' DO KEEP WITHIN THE INSTITUTIONAL LAW LIBRARY MANY LEGAL FORMS AVAILABLE FOR USE BY PLAINTIFFS' AND CLASS MEMBERS', FOR EXAMPLE FORMS FOR SECTION 1983 COMPLAINTS, I.F.P., APPOINTMENT OF COUNSEL, PETITIONS FOR HABEAS CORPUS, AND OTHERS, BUT A LIST OF THESE FORMS ARE NOT AVAILABLE IN THE LAW LIBRARY AND/OR TO INMATES WITHIN SEGREGATION OR TO THE PLAINTIFFS' AND CLASS MEMBERS'.

136. FURTHERMORE, THE AFOREMENTIONED DEFENDANTS' DO KEEP WITHIN THE LAW LIBRARY A LIST OF ALL THE TITLES MAINTAINED IN THE LAW LIBRARY COLLECTION, BUT AFOREMENTIONED DEFENDANTS' REFUSE TO PROVIDE BOTH GENERAL POPULATION, AND/OR SEGREGATION, OR OTHER PLAINTIFFS' AND CLASS MEMBERS' WITH SAID LIST[S], EVEN UPON REQUEST.

137. THE CIVILIAN LIBRARIANS/LAW LIBRARIANS, DEFENDANTS, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, AND UNIDENTIFIED JOHN AND JANE DOE'S et al., ARE NOT TRAINED TO AND DO NOT GIVE LEGAL ADVICE TO THE PLAINTIFFS' AND CLASS MEMBERS', BUT RELY ON THE UNTRAINED INMATE LAW CLERKS TO GIVE LEGAL ADVICE/ASSISTANCE.

138. THE AFOREMENTIONED DEFENDANTS' DO NOT REQUIRE THE INMATE LAW CLERKS TO PASS ANY PARALEGALISM I AND II COURSES, OR ANY LEGAL COURSES AT ALL BEFORE THEY ARE HIRED. THE INMATE LAW CLERKS ARE SIMPLY GIVEN AN MEANINGLESS TEST WHERE THE DEFENDANTS, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, AND UNIDENTIFIED JOHN AND JANE DOE'S et al., AND/OR OTHER INMATES GIVE THE ANSWERS FOR THE INMATE LAW CLERKS TO FILL IN INORDER FOR THE INMATE LAW CLERKS TO ALLEGEDLY BE "CERTIFIED" TO WORK IN THE LAW LIBRARY AS A INMATE LAW CLERK. THE INMATE LAW CLERK RECEIVES NO TRAINING AT ALL INORDER TO QUALIFY/CERTIFY THEM TO WORK WITHIN THE LAW LIBRARY.

139. THE AFOREMENTIONED DEFENDANTS' HAVE IMPLIMENTED A LAW LIBRARY SYSTEM THAT PUTS UNQUALIFIED, UNLEGALY EDUCATED, UNTRAINED INMATE LAW CLERKS IN CHARGE OF OTHER INMATES AND ESENTUALY DENIES PLAINTIFFS' AND CLASS MEMBERS' OF REASONABLE ACCESS TO THE COURTS TO INCLUDE OTHER SIMILARLY SITUATED INMATES.

140. WHILE PLAINTIFFS' AND CLASS MEMBERS' ARE ON INSTITUTIONAL LOCKDOWN THE LAW LIBRARY STAFF, DEFENDANT'S, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, AND UNIDENTIFIED JOHN AND JANE DOE'S et al., AND/OR THE UNQUALIFIED INMATE LAW CLERKS MAKE ROUNDS (IF THEY EVEN MAKE ROUNDS AT ALL) TO ONLY THOSE PLAINTIFFS' AND CLASS MEMBERS' WHO ARE ON THE DEADLINE LIST AND/OR DEADLINES ONLY, AND ONLY TO OFFER ACCESS TO COPIES, AND NOTHING ELS LIKE FORMS, CASE LAW, OR OTHER LEGAL IDEMS, (SOMETIMES YOU NEVER RECEIVE YOUR STUFF BACK AT ALL BUT STILL GET CHARGED FOR COPIES).

141. THE AFOREMENTIONED DEFENDANTS' PROVIDE NO IN-SERVICE TRAINING AND/OR NO ONGOING IN-SERVICE TRAINING PROVIDED FOR OR TO INMATE LAW CLERKS AND/OR STAFF. ALL THE TRAINING THEY RECEIVE IS AFTER THEY ARE HIRED BY SELF TEACHING THROUGH ON-THE-JOB EXPERIENCE.

40

142. FURTHERMORE, THE AFOREMENTIONED DEFENDANTS' PROVIDE NO OUTSIDE AGENCY, THERE IS NO OUTSIDE AGENCY AVAILABLE TO THE PLAINTIFFS' AND CLASS MEMBERS' TO PROVIDE SUBSTANTIVE HELP WITH THE PLAINTIFFS' AND CLASS MEMBERS' LEGAL ISSUES.

143. THE AFOREMENTIONED DEFENDANTS' DO PROVIDE, FOR EXAMPLE MENARD CORRECTIONAL (DEFENDANTS) ONLY HAS ABOUT TEN (10) (IF THAT) UNQUALLIFIED, UNTRAINED, INMATE LAW CLERKS, WHICH EVEN WITH THE PROPER QUALIFICATIONS IS INSUFFICIENT, TO SERVE THE ENTIRE MENARD CORRECTIONAL CENTERS PRISON POPULATION OF ABOUT 3,600 INMATES, TO SERVICE THE NEEDS OF THE PLAINTIFFS' AND CLASS MEMBERS', BOTH WITHIN GENERAL POPULATION AND/OR SEGREGATION, WHERE OTHER FACILITIES ARE ALSO SIMILARLY OPPERATED IN THIS MANNER.

144. THE AFOREMENTIONED DEFENDANTS' RUN MENARD CORRECTIONAL CENTER'S LAW LIBRARY LIKE A PRE-SCHOOL ENVIROMENT, WHERE THE PLAINTIFFS' AND CLASS MEMBERS', ARE NOT ALLOWED TO TALK AT ALL UNLESS IT IS WITH/TO AN UNQUALIFIED INMATE LAW CLERK, ARE NOT ALLOWED TO GET OUT OF THEIR SEATS AT ALL TO RETRIEVE BOOKS AND/OR TO BROWSE THROUGH LAW BOOKS FOR RESEARCH. THE ONLY TIME THE PLAINTIFFS' AND CLASS MEMBERS' ARE ALOWED OUT OF THEIR SEATS IS UPON REQUEST TO USE THE RESTROOM BY RAISING THEIR HAND, ARE REQUIRED TO RAISE THEIR HAND AND WAIT FOR ONE OUT OF THE FIVE (5) UNQUALLIFIED INMATE LAW CLERKS (WHO ARE LET OUT TO ATTEND TO PLAINTIFFS' AND CLASS MEMBERS') TO GET SOME FREE TIME TO COME SEE WHAT ONE OUT OF 40-50 PLAINTIFFS' AND CLASS MEMBERS' NEED (TAKING UP ALL OF THE INMATES LAW LIBRARY TIME TO BE WAITED ON TO NO AVAIL.)

145. THE PLAINTIFFS' AND CLASS MEMBERS' WAIT ALMOST HALF IF NOT ALL OF THEIR LIBRARY TIME TRYING TO GET HELP WITH THEIR LEGAL NEEDS AND/OR TO RECEIVE ANY REQUESTED CASE LAW, LAW BOOKS, FORMS, ECT... FROM THE UNTRAINED/UNQUALIFIED INMATE LAW CLERK, ONLY TO RECEIVE SOMETHING THAT THE PLAINTIFF AND/OR CLASS MEMBER NEVER REQUESTED. BY THE TIME THE PLAINTIFF AND/OR CLASS MEMBER RECEIVES (IF EVER DOES RECEIVE AT ALL) REQUESTED IDEM/MATERIALS, ECT.... THE PLAINTIFFS' AND CLASS MEMBERS' LAW LIBRARY TIME IS OVER AND INMATES' MUST RETURN ITEMS BACK IN, BOOKS, CASES, OR OTHER ITEMS LEGAL MATERIALS, WITHOUT BEING AFFORDED ENOUGH TIME TO EXAMINE SAID ITEMS.

146. MOST OF THE CASES (CASE LAW) THAT THE AFOREMENTIONED DEFENDANTS' PROVIDE ARE NOT AVAILABLE TO THE PLAINTIFFS' AND CLASS MEMBERS' UNLESS THE INMATE PAYS FOR THE CASE[S], WHERE IF THE INMATE HAS NO FUNDS HE (INMATE) IS DENIED OF ACCESS TO THAT CASE[S] DENNYING THE PLAINTIFFS' AND CLASS MEMBERS' OF THE ABILITY TO DO ANYKIND OF ADEQUATE, MEANINGFUL RESEARCH, AND OTHER.

147. THE AFOREMENTIONED DEFENDANTS' REFUSE TO FOLLOW THEIR OWN POLICIES AND PROCEDURES IN REGARDS TO LAW LIBRARY POLICIES/SERVICES FOR ONE EXAMPLE STATE CASE LOANS POLICIES ARE NEVER FOLLOWED OR IMPLIMENTED EVEN THOUGH THEY DO EXIST THIS IS JUST ONE OF SEVERAL POLICIES THAT THE AFOREMENTIONED DEFENDANTS' FAIL TO FOLLOW WITHIN THE LAW LIBRARY.

41

148. THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT THE UNQUALLIFIED, UNTRAINED INMATE LAW CLERKS ARE SOMETIMES THREATENED BY LAW LIBRARY STAFF, DEFENDANT'S, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, AND UNIDENTIFIED JOHN AND JANE DOE'S, TO BE FIRED IF THE INMATE LAW CLERK[S] HELP ANOTHER INMATE WITH THEIR LEGAL ISSUES OTHER THAN RETRIEVING REQUESTED ITEMS (ie. FORMS, GRIEVANCES, CASES, AND OTHER), AND ARE NOT TO HELP OTHERWISE.

149. THE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT THE AFOREMENTIONED DEFENDANTS' PROVIDE NO ADEQUATE ACCESS TO INMATES EXCESSIVE LEGAL MATERIALS THAT IS STORED WITHIN THE INSTITUTIONAL PERSONAL PROPERTY, DENYING THE PLAINTIFFS' AND CLASS MEMBERS' OF ACCESS TO NEEDED EVIDENCE, LEGAL MATERIALS, AND OTHER ITEMS ALL NEEDED FOR MEANINGFUL ACCESS TO THE COURTS. THE PLAINTIFFS' AND CLASS MEMBERS' ARE DENIED OF ANY TIMELY ACCESS TO STORED LEGAL MATERIALS UPON REQUEST REGARDLESS OF KNOWN COURT DEADLINES. (NOTE: SOME PLAINTIFF'S AND/OR CLASS MEMBER'S HAVE TO OBTAIN A COURT ORDER TO **GAINE** ACCESS TO THEIR LEGAL STORAGE, AND/OR OTHER LIKE GRIEVANCES).

150. THE PLAINTIFFS' AND CLESS MEMBERS' ALLEGE THAT THE DEFENDANTS', KIMBERLY BUTLER, RICK HARINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, TOD BROOKS, ANTHONY WILLIAMS, DONALD STOLWORTHY, SALVADOR GODINEZ, GLADYSE TAYLOR, MICHAEL RANDLE, AND JOH AND JANE DOE'S MAIL ROOM STAFF, AND OTHER UNIDENTIFIED JOHN AND JANE DOE'S INSTITUTIONAL MAIL SYSTEM AND/OR PROCEDURES ARE INADEQUATE AND DENY THE PLAINTIFFS' AND CLASS MEMBERS' OF ACCESS TO THE COURTS, WHERE THE ABOVE DEFENDANT'S HOLD PLAINTIFFS' AND CLASS MEMBERS' INCOMING MAIL FOR WEEKS AND MONTHS AT A TIME FOR EXAMPLE MAIL FROM THE CLERKS OFFICE, APPELLATE COURTS, AND OTHER'S, THAT CONTAIN COURT DEADLINES, COURT PROCEDINGS, AND OTHER LEGAL ISSUES, WHERE PLAINTIFFS' AND CLASS MEMBERS' RECEIVE SUCH MAIL AFTER THE DEADLINES WITHIN SAID MAIL HAS PASSED AND SOMETIMES OVER A MONTH PAST ENCLOSED DEADLINES CAUSING PLAINTIFFS' AND CLASS MEMBERS' TO MISS DEADLINES AND OTHER THINGS DO TO RECEIVING THEIR MAIL PAST THE DEADLINE OR OTHER IN AN UNTIMELY MANER FOR REASONS NOT PENOLOGICALLY JUSTIFIED.

151. FURTHERMORE PLAINTIFFS' AND CLASS MEMBERS' ALLEGE THAT INCOMING LEGAL MAIL, AND MAIL FROM THE CLERK OF COURT IS RECEIVED OPEN AND MISSING SOME CONTENTS IF NOT ALL OF THE CONTENTS, TO INCLUDE CONFIDENTIAL MEDICAL RECORDS, MAIL FROM ATTORNEYS, EXHIBITS IN LEGAL PROCEDINGS, AND DISCOVERY. DO TO THE ABOVE DEFENDANTS' (PH#150) INADEQUATE MAIL SYSTEM WITHIN MENARD CORRECTIONAL CENTER, AND/OR OTHER FACILITIES.

152. UNDER THE CONSTITUTION ALL PRISONERS (ie. PLAINTIFFS' AND CLASS MEMBERS') ARE GUARANTEED MEANINGFUL ACCESS TO THE COURTS. ILLINOIS' CODE §§ 1003-7-2(a) REQUIRES EVERY INMATE TO BE GIVEN ACCESS TO A LIBRARY OF LEGAL MATERIALS, AS WELL AS PUBLISHED MATERIALS, INCLUDING NEWS PAPERS AND MAGAZINES. THE AFOREMENTIONED DEFENDANTS' FAIL TO MEET THESE REQUIREMENTS.

Case 3:17-cv-01260-DRH   Document 3   Filed 11/20/17   Page 96 of 105   Page ID
#120
Case 3:17-cv-00315-MJR   Document 99   Filed 04/10/17   Page 43 of 51   Page ID #851

153. THE PLAINTIFFS' AND CLASS MEMBERS' RETAIN A CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS, THAT IS PROTECTED BY THE FIRST AMENDMENT RIGHT TO PETITION FOR REDRESS OF GRIEVANCES, AND OTHER, AND THE FOURTEENTH AMENDMENT GUARANTEES PROCEDURAL AND SUBSTANTIVE DUE PROCESS, AND THAT ACCESS MUST BE ADEQUATE, EFFECTIVE, AND MEANINGFUL.

154. THE DEFENDANT'S ROY, LaFONE, VERGAL SMITH ARE TO BE EXCLUDED FROM ABOVE PH#'S 134,135-147, DO TO NOT BEING LAW LIBRARY STAFF, BUT PROPERTY AND/OR LEGALO EXCHANGE (STORAGE) STAFF.

FN#14: LATER IDENTIFIED DEFENDANTS: B. SMITH, ELLIS, BRUCE RAUNER, A.F.S.C.M.E UNION LOCAL 1175 COUNSEL 31 MEMBERS, HILL, PHONIX, J. COWAN, ALLSUP, BETSY SPILLER, JEANNETTE COWAN, OAKLY, L. CARTER, M. BOLHANTIM, K. PIERCE, S. BENTON, ANDERSON, S. JOHNSON, J. WELBORN, J. WHITLEY, JOHN BALDWIN, TODD BROOKS, ANTHONY WILLIAMS, JEFF HUCHINSON, I.D.O.C., MENARD CORRECTIONAL CENTER, UNIDENTIFIED JOHN AND JANE DOE'S, etal.,

## CONCLUSION

155. THE PLAINTIFF BELIEVE AND ALLEGE ALL CLAIMS IN THIS ACTION ARE A DIRECT RESULT OF OVERCROWDING AND OTHER RELATED ISSUES AND ARE ALL PROPERLY JOINED AS PREVIOUSLY STATED IN PH#20 OF THIS COMPLAINT

156. ALL NAMED PLAINTIFF'S IN THIS ACTION ARE PROCEEDING I.F.P. WHERE SOME WILL NEED I.F.P. FORMS FROM (MAILED FROM) DISTRICT COURT TO FILL OUT.

157. SEE LIST OF EXHIBITS #A's ON PAGE #51

158. SEE: LIST OF EXHIBITS #B's ON PAGE #186

159. AS A RESULT OF ALLEGATIONS IN CLAIM #9 OF THIS COMPLAINT ALL PLAINTIFF'S ARE SEEKING APPOINTMENT OF COUNSEL.

43

REQUEST FOR RELIEF

1.  THE **PLAINTIFFS'**, RESPECTFULLY PRAY THAT THIS HONORABLE COURT WILL:

    A.   AWARD **NOMINAL** DAMAGES IN THE FOLLOWING AMOUNTS TO VINDICATE THE PLAINTIFFS' RIGHTS, IN THAT THE DEFENDANTS WILLFULLY AND KNOWINGLY VIOLATED:

        1.    $250,000 JOINTLY AND SEVERALLY AGAINST **ALL** DEFENDANTS NAMED HEREIN TO THE PLAINTIFFS'.

    B.   AWARD **PUNITIVE** DAMAGES IN THE FOLLOWING AMOUNTS TO DETER UNNECESSARY AND WANTON INFLICTION OF PAIN CAUSED BY OFFICIAL AND INDIVIDUAL ACTS OR FAILURES TO ACT THAT WERE WITHOUT PENOLOGICAL JUSTIFICATION, RESULTING IN GRATUITOUS INFLICTION OF PAIN AND SUFFERING - AS SUCH GRATUITOUS INFLICTION OF PAIN ALWAYS VIOLATES CONTEMPORARY STANDARDS OF DECENCY, AND NEED NOT PRODUCE VISIBLE INJURY OR SERIOUS INJURY IN ORDER TO OFFEND THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION:

        1.    $250,000 JOINTLY AND SEVERALY AGAINST **ALL** DEFENDANTS NAMED HEREIN TO THE PLAINTIFFS'.

    C.   AWARD **COMPENSATORY** DAMAGES IN THE FOLLOWING AMOUNTS FOR THE PHYSICAL INJURY SUSTAINED AND PAIN SUFFERED BY THE PLAINTIFFS' DUE TO THE CONSTITUTIONAL RIGHTS VIOLATIONS THAT WERE INTENTIONALLY INFLICTED UPON THEM:

        1.    $250,000 JOINTLY AND SEVERALLY AGAINST **ALL** DEFENDANTS FOR THE PHYSICAL AND EMOTIONAL INJURIES SUSTAINED AS A RESULT OF THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT WITHIN THIS COMPLAINT.

        2.    $100 PER HOUR FOR EACH DENIED HOUR OF OUTSIDE EXERCISE NOT PENOLOGICALLY JUSTIFIED, JOINTLY AND SEVERALLY AGAINST **ALL** DEFENDANTS NAMED HEREIN TO THE PLAINTIFFS'.

2.  THE **PLAINTIFFS' AND CLASSMEMBERS,** RESPECTFULLY PRAY THAT THIS HONORABLE COURT WILL:

    A.   AWARD **COMPENSATORY** DAMAGES IN THE FOLLOWING AMOUNTS FOR THE PHYSICAL INJURY SUSTAINED AND PAIN SUFFERED BY THE PLAINTIFFS' AND CLASSMEMBERS DUE TO THE CONSTITUTIONAL RIGHTS VIOLATIONS THAT WERE INTENTIONALLY INFLICTED UPON THEM:

        1.    $100 PER HOUR FOR EACH DENIED HOUR OF OUTSIDE EXERCISE NOT PENOLOGICALLY JUSTIFIED, JOINTLY AND SEVERALLY AGAINST **ALL** DEFENDANTS NAMED HEREIN TO THE CLASSMEMBERS.

        2.    TO REIMBURSE THE PLAINTIFFS' AND CLASSMEMBERS UNASSIGNED STATE PAY CONFISCATED DURING LOCKDOWNS AND/OR SEGREGATION WITHOUT DUE PROCESS.

44

Case 3:17-cv-01260-DRH   Document 3   Filed 11/20/17   Page 98 of 105   Page ID
#122
Case 3:17-cv-00315-MJR   Document 99   Filed 04/10/17   Page 45 of 51   Page ID #853

B.   ISSUE AN **INJUNCTION** ORDERING THE ILLINOIS DEPARTMENT OF CORRECTIONS
AND/OR MENARD CORRECTIONAL CENTER TO:

1.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO REDUCE
THE OVERCROWDING AND DOUBLE BUNKING OF TWO INMATES WITHIN A SINGLE MAN
CELL.(SIZE 50 sq. ft. OR LESS).

2.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO REFRAIN
FROM UTILIZING THE LEVEL SYSTEM LOCKDOWN POLICY EXCEPT IN CASES OF AN
ESCAPE, RIOT, NATURAL DISASTER, OR SERIOUS INJURY TO STAFF OR INMATE
ASSAULT; THAT ONLY THE UNIT/GALLERY WHERE A SERIOUS SECURITY RELATED
INCIDENT TAKES PLACE WILL BE KEPT ON LOCKDOWN BEYOND 72 HOURS IF NECESSARY,
AND NO LONGER THAN SEVEN (7) DAYS WITHOUT DUE PROCESS BEING AFFORDED;
AND THAT A "WRITTEN NOTICE" BE ISSUED FOR ANY LOCKDOWN EXCEEDING SEVEN
(7) DAYS, WHEREIN A REASONABLE EXPLANATION **SHALL** BE GIVEN FOR THE EXTENDED
PERIOD OF LOCKDOWN, TO ALL PLAINTIFFS' AND CLASSMEMBERS (INMATES).

3.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO PROVIDE
ADEQUATE LIGHTING WITHIN THE PLAINTIFFS' AND CLASSMEMBERS' CELL'S AND
WITHIN THE NORTH ONE (N-1) HOUSING UNIT OF MENARD.

4.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO INSTALL
ADEQUATE SHELVING WITHIN MENARDS NORTH TWO (N-2) HOUSING UNIT CELL'S.

5.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS TO INSTALL "G.F.I."
OUTLETS WITHIN ALL CELLS WITHIN I.D.O.C. AND/OR MENARD TO SECURE THE
SAFETY AND SECURITY OF THE CURRENT POTENTIAL DEATH TRAP CAUSED BY THE
CURRENT OUTLETS AND THE LACK OF THE SAFETY "G.F.I." OUTLETS.

6.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO FIX
ALL OF MENARDS CELL HOUSE PLUMBING ISSUES.

7.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO SUPPLY
ADEQUATE EXERCISE EQUIPMENT WITHIN MENARD'S HOUSING UNIT NORTH TWO (N-2)
GYM LIKE THE REST OF THE GENERAL POPULATION INSTITUTION HAS ACCESS TO,
BY NOT DEPLEATING THE **EQUIPMENT** WITHIN THE OTHER GYM AND/OR YARDS.

8.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR **MENARD** TO REPACE
**ALL OLD**, SOILED, CLOTH MATTERESSES WITH NEW MATTRESSES WITHIN MENARD
CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

9.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO REPLACE
ALL OLD, SOILED CLOTH PILLOWS WITH NEW PILLOWS WITHIN MENARD CORRECTIONAL
CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

10.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO SCHEDULE
INMATE CALL PASSES, COMMISARY, LAW LIBRARY, BARBER SHOP, YARD, RECREATION,
HEALTH CARE, AND OTHERS TO NOT CONFLICT WITH ONE ANOTHER MAKING THE INMATE
HAVE TO CHOOSE BETWEEN ONE OR THE OTHER.

11. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO SUPPLY INMATES WITH ADEQUATE CLEANING SUPPLIES (ie'' BROOM, MOP, TOILET BOUL BRUSH, RAGS/SCRUB PADS, AND OTHER) ONCE A WEEK TO CLEAN THEIR CELL'S WITH.

12. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP TAKING INMATES UNASSIGNED STATE PAY OF $10.00 PER. MONTH DURING LOCKDOWNS AND/OR DURING SEGREGATION TIME WITHOUT DUE PROCESS.

13. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD INMATES OF THEIR ONE HOUR OUT OF CELL TIME PER DAY AS REQUIRED BY THE LAW OF ILLINOIS.

14. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD INMATES OF THEIR BARS OF SOAP ONCE PER WEEK AS REQUIRED BY THE LAW OF ILLINOIS.

15. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP USING SECURITY MEASURES TO HARASS INMATE BY BANGING ON THEIR CELL BARS WHILE INMATES ARE WITHIN THEIR CELLS.

16. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD ALL INMATES EQUAL OPPORTUNITIES FOR JOB ASSIGNMENTS (ie'' INDUSTRY JOBS FOR INMATES WITH LIFE SENTANCE) AND OTHER.

17. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD ALL INMATES EQUAL OPPORTUNITIES TO PARTAKE IN THE EXTRA RECREATIONAL ACTIVITIES (ie'' BASKET BALL TERMINANTS, CHEST TERMINANTS, AND OTHER).

18. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMPLEMENT PROGRAMS THAT ARE EDUCATIONAL, RE-ABILITATING, AND PRE-PAIR INMATES FOR RETURN BACK INTO THE COMMUNITIES, AND/OR PROGRAMS THAT INMATES PARTICIPATE IN THAT EDUCATE, RE-ABILITATE, AND GIVE BACK TO THE COMMUNITIES AND INMATES FOR GOOD BEHAVIOR.

19. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO PROVIDE ADEQUATE PORTIONS OF FOOD WHILE ON ISTITUTIONAL LOCKDOWNS.

20. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO NOT ENTER INTO ANOTHER CONTRACT WITH ANY UNION THAT INVOLVES CORRECTIONAL OFFICERS AND/OR THE ILLINOIS DEPARTMENT OC CORRECTIONS STAFF MEMBERS, TO EXCLUDE OTHER CONTRACTS (ie'' MEDICAL AND OTHER).

21. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO HOLD THEIR *STAFF*, CORRECTIONAL OFFICERS PERSONALY ACCOUNTABLE FOR THEIR PERSONAL INDIVIDUAL ACTIONS (i.e. USE OF EXCESSIVE FORCE, RETALIATION, HARASSMENT, AND OTHERS).

22.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP FEEDING INMATES BREAKFAST TRAYS AT/DURING THE VERY EARLY MORNING HOURS AND/OR TO START USING STYROFOAM TRAYS INSTEAD OF HARD TRAYS WKING INMATES UP SEVERAL TIMES THROUGHOUT THE NIGHT.

23.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP THE UNCONSTITUTIONAL CONDITIONS WITH THE LAW LIBRARY/ACCESS TO COURTS AS DESCRIBED WITHIN CLAIM #9 OF THIS COMPLAINT

47

C.   ISSUE AN **PRELIMINARY INJUNCTION** ORDERING THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD CORRECTIONAL CENTER TO:

1.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY REFRAIN FROM UTILIZING THE LEVEL SYSTEM LOCKDOWN POLICY EXCEPT IN CASES OF AN ESCAPE, RIOT, NATURAL DISASTER, OR SERIOUS INJURY TO STAFF OR INMATE ASSAULT; THAT ONLY THE UNIT/GALLORY WHERE A SERIOUS SECURITY RELATED INCIDENT TAKES PLACE WILL BE KEPT ON LOCKDOWN BEYOND 72 HOURS IF NECESSARY, AND NO LONGER THAN SEVEN (7) DAYS WITHOUT DUE PROCESS BEING AFFORDED; AND THAT A "WRITTEN NOTICE" BE ISSUED FOR ANY LOCKDOWN EXCEEDING SEVEN (7) DAYS, WHEREIN A REASONABLE EXPLANATION SHALL BE GIVEN FOR THE EXTENDED PERIOD OF LOCKDOWN. TO ALL PLAINTIFFS' AND CLASSMEMBERS' (INMATES).

2.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY PROVIDE ADEQUATE LIGHTING WITHIN THE PLAINTIFFS' AND CLASSMEMBERS' (INMATES) CELL'S SPECIFICALY WITHIN THE NORTH ONE (N-1) HOUSING UNIT OF MENARD.

3.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY INSTALL ADEQUATE SHELVING WITHIN THE NORTH TWO (N-2) HOUSING UNIT OF MENARD.

4.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY INSTALL "G.F.I." OUTLETS WITHIN ALL CELLS WITHIN MENARD TO SECURE THE SAFETY AND SECURITY OF THE CURRENT POTENTIAL DEATH TRAP CAUSED BY THE CURRENT OUTLETS AND THE LACK OF THE SAFETY "G.F.I." OUTLETS.

5.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY FIX ALL OF MENARDS CELL HOUSE PLUMBING ISSUES.

6.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY REPLACE ALL **OLD**, SOILED, CLOTH MATTERESSES WITH NEW MATTRESSES WITHIN MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

7.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY REPLACE ALL OLD, SOILED, CLOTH PILLOWS WITH NEW PILLOWS WITHIN MENARD CORRECTIONAL CENTER AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS.

8.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY SCHEDULE INMATE CALL PASSES, COMMISARY, LAW LIBRARY, BARBER SHOP, YARD, RECREATION, HEALTH CARE, AND OTHERS, TO NOT CONFLICT WITH ONE ANOTHER MAKING INMATES HAVE TO CHOOSE BETWEEN ONE OR THE OTHER.

9.   ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMMEDIATELY SUPPLY INMATES WITH ADEQUATE CLEANING SUPPLIES (ie. BROOM, MOP, TOILET BOUL BRUSH, RAGS/SCRUB PADS, AND OTHER) ONCE A WEEK TO CLEAN THEIR CELLS WITH.

10. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO SCHEDULE INMATE CALL PASSES, COMMISSARY, LAW LIBRARY, BARBER SHOP, YARD, RECREATION, HEALTHCARE, AND OTHER TO NOT CONFLICT WITH ONE ANOTHER MAKING INMATES HAVE TO CHOOSE BETWEEN ONE OR THE OTHER.

11. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO SUPPLY INMATES WITH ADEQUATE CLEANING SUPPLIES (i.e. BROOM, MOP, TOILET BOWL BRUSH, RAGS/SCRUB PADS, AND OTHER) ONCE A WEEK TO CLEAN THEIR CELL'S WITH.

12. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP TAKING INMATES UNASSIGNED STATE PAY OF $10.00 PER MONTH DURING LOCKDOWNS AND/OR DURING SEGREGATION TIME WITHOUT DUE PROCESS.

13. ORDER THE DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD INMATES OF THEIR ONE HOUR OUT OF CELL TIME PER DAY AS REQUIRED BY THE LAW OF ILLINOIS.

14. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD INMATES OF THEIR BARS OF SOAP ONCE PER WEEK AS REQUIRED BY THE LAW OF ILLINOIS.

15. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP USING SECURITY MEASURES TO HARASS INMATES BY BANGING ON THEIR CELL BARS WHILE INMATES ARE WITHIN THEIR CELLS.

16. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD ALL INMATES EQUAL OPPORTUNITIES FOR JOB ASSIGNMENTS (i.e. INDUSTRIES JOBS FOR INMATES WITH A LIFE SENTANCE) AND OTHER.

17. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO AFFORD ALL INMATES EQUAL OPPORTUNITIES TO PARTAKE IN THE EXTRA RECREATIONAL ACTIVITIES (i.e. BASKET BALL TERMINANTS, CHEST TERMINANTS, AND OTHER).

18. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO IMPLEMENT PROGRAMS THAT ARE EDUCATIONAL, RE-ABILITATING, AND PRE-PAIR INMATES FOR RETURN BACK INTO THE COMMUNITIES, AND/OR PROGRAMS THAT INMATES PARTICIPATE IN THAT EDUCATE, RE-ABILITATE, AND GIVE BACK TO THE COMMUNITIES AND INMATES FOR GOOD BEHAVIOR.

19. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO PROVIDE ADEQUATE PORTIONS OF FOOD WHILE ON ISTITUTIONAL LOCKDOWNS.

20. ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO NOT ENTER INTO ANOTHER CONTRACT WITH ANY UNION THAT INVOLVES CORRECTIONAL OFFICERS AND/OR THE ILLINOIS DEPARTMENT OF CORRECTIONS STAFF MEMBERS, TO EXCLUDE OTHER CONTRACTS (i.e. MEDICAL AND OTHER).

21.  ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO HOLD THEIR STAFF, CORRECTIONAL OFFICERS PERSONALY ACCOUNTABLE FOR THEIR PERSONAL,AND INDIVIDUAL ACTIONS (i.e. USE OF EXCESSIVE FORCE, RETALIATION, HARASSMENT, AND OTHER).

22.  ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO STOP FEEDING INMATES BREAKFAST TRAYS AT/DURING THE VERY EARLY MORNING HOURS AND/OR TO START USING STYROFOAM TRAYS ISTEAD OF HARD TRAYS WAKING INMATES UP SEVERAL TIMES THROUGHOUT THE NIGHT.

23.  ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS AND/OR MENARD TO ADDRESS THE LAW LIBRARY ISSUES DESCRIBED IN CLAIM #9 OF THIS COMPLAINT.

3.    GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THAT THE PLAINTIFFS' AND/OR CLASS MEMBERS ARE ENTITLED.

50

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE II

I, THE UNDERSIGNED, CERTIFY TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, THAT THIS COMPLAINT IS IN FULL COMPLIANCE WITH RULE 11(A) AND (B) OF THE FEDERAL RULE OF CIVIL PROCEDURE. THE UNDERSIGNED ALSO RECOGNIZES, THAT FAILURE TO COMPLY WITH RULE 11(A) AND (B) MAY RESULT IN SANCTIONS, MONETARY OR NON-MONETARY, PURSUANT TO F.R.C.P. RULE 11(C)

(A) /s/ _____
DAVID BENTZ (#S-03210)

(B) /s/ John Anthony Reed
JOHN A. REED (#B-63116)

(C) /s/ Markus A. Barry
MARKUS A. BARRY (K83296)

(D) /s/ Keith Nelson
KEITH NELSON (M15347)

(E) /s/ Muhammad Abdullah
MUHAMMAD ABDULLAH (B-77435)

(F) /s/ Jesse R. Perez
JESSE R. Perez (R44289)

(G) /s/ Daniel V. Diaz R74875
DANIEL DIAZ (#R-74875)

(H) /s/ Juan C. Fields Sr.
Juan C. Fields Sr. #R16729

(I) /s/ Robert Hunt
ROBERT HUNT R92642

(J) /s/ Terry Morgan B88836
TERRY MORGAN BF8836

(K) /s/ Cevin Stawford #R20946
CEVIN STAWFORD (#R-20946)

(L) /s/ Brett L. Shays N38007
BRETT L. SHAMP (N-38007)

(M) /s/ J. Barnwell
J. BARNWELL (#A-15031)

(N) /s/ Jeffrey S. Blaney
Jeffrey S. Blaney B80790

(O) /s/ Antelcto Jones
ANTELCTO JONES, R-20273

(P) /s/ Michael P. Crenshaw R06537
Michael P. Crenshaw B06537

(50-A)

Michael Crenshaw
R-06537
P.O. Box 1000
Menard, IL 62259

SU
8-46

Correspondence From IDOC Inmate
-LEGAL MAIL-

U.S. POSTAGE ⟩⟩ PITNEY BOWES
ZIP 62259 $ 002.03°
02 1W
0001389078 AUG 10 2017

"Legal mail"

CLERK of the Court
United States District Court
P.O. Box 249
East St. Louis,
Illinois 62202

RECEIVED
AUG 14 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE